UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 18-51277 |
| | * | |
| MR. STEVEN, L.L.C. | * | CHAPTER 11 |
| | * | |
| DEBTOR | * | JUDGE JOHN W. KOLWE |

\* \* \* \* \* \* \* \*

**<u>OBJECTION TO INTERIM EMPLOYMENT OF ADAMS AND REESE LLP</u>**

SBN V FNBC LLC ("SBN"), the secured creditor in this case, hereby objects to the Application of Debtor for Entry of an Order Authorizing the Employment of Robin B. Cheatham and the Law Firm of Adams and Reese LLP as Debtor's Counsel and An Interim Basis and Setting Final Hearing ("Application")(Dk. 13) as follows:

1. On October 4, 2018, Mr. Steven, L.L.C. ("Debtor") filed the Application seeking to employ Robin B. Cheatham and the Law Firm of Adams and Reese LLP ("Proposed Counsel") as Debtor's counsel. The Application seeks entry of an order authorizing the employment on an interim basis without a hearing. SBN submits that Proposed Counsel holds serious disqualifying conflicts which should be considered before an interim order is entered. SBN will supplement this objection with applicable law and a full discussion of the issues prior to any hearing on the Application.

*Adverse Interests Arising From Representation of Nondebtors With Respect to Estate Funds*

2. SBN submits that Proposed Counsel's most serious conflict is its prepetition representation of Mr. Miguez and his nondebtor parties which prevented the Debtor from receiving the benefit of proceeds from its own property. In fact, these nondebtor parties' actions were directly adverse to the Debtor and actually caused this bankruptcy filing as explained herein.

3. By letter dated April 2, 2018, SBN issued notice to Guice Offshore, LLC ("Guice") to enforce SBN's security interest with respect to the amounts owed by Guice for its charter of the Debtor's sole asset, a vessel named the Mr. Steven ("Vessel"). A copy of this letter is attached

hereto as Exhibit A. In response, Proposed Counsel issued a letter dated April 9, 2018 to SBN advising that it represents the interest of "Mr. Steve Miguez and various other entities" and advised that SBN's notice was not proper because there is "no privity of contract by and between Guice Offshore, LLC and MS [Mr. Stevens]." A copy of this letter is attached hereto as Exhibit B. Although SBN's security interest clearly attaches to the charter payments and other proceeds from the Vessel regardless of what entities Mr. Miguez may choose to place between the owner of the Vessel (the Debtor) and the charterer (Guice), Proposed Counsel's letter caused Guice to refuse to turn over the collateral proceeds absent an agreement of the parties or a court order. Since April 2018, Guice has been holding the Vessel charter payments which accrue each month in its counsel's trust account. A copy of the letter from Guice's counsel confirming this status is attached hereto as Exhibit C. Proposed Counsel effectively cutoff the Debtor's payments to its secured lender by taking the position that the charter payments were not owed to the Vessel or to the Debtor but to another entity owned by Mr. Miguez.

4. Although Proposed Counsel's April 9, 2018 letter did not disclose exactly what entity Proposed Counsel represented (only "Mr. Steve Miguez and various other entities"), SBN learned that the Guice charter was purportedly made through a Miguez entity named "Seatran Marine, LLC" despite that the Debtor owned the Vessel and that all proceeds from the Vessel were subject to SBN's security interest. A copy of the Guice charter is attached hereto as Exhibit D. By letter dated April 11, 2018, SBN issued a letter directing that Seatran Marine, LLC ("Seatran") remit any amounts associated with the Vessel or any of the other Obligors' Vessels to SBN. A copy of this letter is attached hereto as Exhibit E. Seatran did not respond to this letter.

5. By letter dated September 26, 2018, SBN counsel advised Proposed Counsel (i) that its position set forth in its April 9, 2018 was not supported by law or contract and contrary to the Mortgage and La. R.S. 10:9-406; (ii) that despite the impropriety of channeling payments through Seatran that Seatran had been noticed for the Vessel payments by letter dated April 11, 2018 without response, and (iii) that Proposed Counsel's position caused Guice to hold the

2

SBN's collateral which caused the Debtor to incur additional interest and other charges as a result of nonpayment. SBN advised that it was prepared to foreclose on the Vessel unless the Debtor directed Guice by September 28, 2018 to deliver the payments to SBN as required by the Mortgage and applicable law. A copy of SBN's September 26, 2018 letter is attached hereto as <u>Exhibit F</u>.

6. Neither the Debtor nor Proposed Counsel directed Guice to remit the payments to SBN as required by the Mortgage and law. As a result, SBN commenced a foreclosure proceeding in California Federal District Court to seize and sell the Vessel. Rather than simply exercising its fiduciary duty to confirm its interest in the funds held by Guice, the Debtor filed bankruptcy.

7. Proposed Counsel did not disclose this information in its Application. The ownership and entitlement to the funds in the Guice account, which constitute SBN's collateral, is critical to this estate. Proposed Counsel has already taken a position on behalf of a nondebtor entity prior to the filing of this case that is directly against the interests of the Debtor. Proposed Counsel's conflict is not potential or theoretical—it is actual, ongoing and critical.

*Failure to Provide Information Regarding Prepetition Representations*

8. The Affidavit accompanying the Application advises in paragraph 15 that Proposed Counsel represents Steve Miguez and Iberia Marine Service, LLC. However, Proposed Counsel does not identify the nature, extent or timing of its prepetition representations. Proposed counsel must fully disclose and describe the nature of its prior and existing representations of all parties and entities related to the Debtor and how those representations do not create an adverse interest to the estate.

9. Proposed Counsel's representation of Mr. Miguez in SBN's suit against Mr. Miguez for the amounts due on his guaranty of the Debtor's debt is clearly a conflict and adverse to the Debtor's interest. The Debtor and Mr. Miguez are both liable for the same debt and so have adverse and competing interests. Likewise, Proposed Counsel's representation of Seatran Marine, LLC and/or the undisclosed entities it represented in connection with the April 9, 2018 letter is adverse to the estate as explained above.

10. The Debtor did not provide the requisite information so that conflicts can be fully assessed. For example, in the Supplemental Schedule required by Local Rule 2014-1, question 3 inquires as to any affiliate guarantees "outstanding within 18 months before the petition is filed." Rather than answer the question asked, the Debtor instead advises that it has not "guaranteed any debts of any affiliate within 18 months before Mr. Steven's petition was filed." By answering a different question, the Debtor avoided disclosing that it and other related entities are jointly and solidarily liable for the full amount of the indebtedness to SBN under that certain promissory note dated September 28, 2015 in the original principal amount of $22,500,000 by Iberia Marine Service, LLC, Mr. Blake, LLC, Mr. Ridge, LLC, Lady Glenda LLC, Mr. Mason, LLC, Mr. Row, LLC, Lady Brandi, LLC, Lady Even, LLC and Mr. Steven, LLC. A copy of this note is attached hereto <u>Exhibit G</u>. SBN submits that Proposed Counsel should revise other answers to the questions in the Supplemental Schedule so as to provide full and accurate information necessary to access conflicts.

*Nondebtor Guaranty and Indirect Payment of Fees*

11. Further, paragraph 6 of the Affidavit filed with the Application discloses that "Miguez Fuel, LLC, Steve Miguez, Seatran Marine, LLC and Blake Miguez have guaranteed full and prompt payment of any and all fees and costs incurred in connection with Adams and Reese LLP's representation of the Debtor in its bankruptcy proceedings and all matters related thereto, to the extent that such fees are not paid when due by the Debtor." The Application does not cite any authority that would support a nondebtor related entity or person guarantying payment of a bankrupt debtor's fees. Such an arrangement would appear to itself create a conflict. These are the same parties against whom the Debtor may be called to investigate or bring avoidance actions and claims. Likewise, paragraph 18 of the Application indicates that Mr. Miguez made the payment of Debtor's retainer by routing such amount through his entities as a capital contribution.

*Representation of SBN Affiliates*

12. SBN understands that Proposed Counsel also represents entities affiliated with SBN. SBN is obtaining further information regarding this matter and will supplement this Objection prior to any hearing on the Application.

13. SBN has not had an opportunity to fully research and brief these conflict issues. SBN submits that the conflicts are facially apparent and significant and that it is appropriate for this Court to be aware of these matters at the outset of this case and prior to entering an interim order

14  SBN requests that this Court not approve the Application on an interim basis but rather fully consider these conflict issues at a hearing. SBN reserves this right to supplement this opposition.

Respectfully submitted,

CARVER, DARDEN, KORETZKY, TESSIER
FINN, BLOSSMAN & AREAUX, L.L.C.

/s/ David F. Waguespack
DAVID F. WAGUESPACK (#21121)
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: (504) 585-3814
Fax: (504) 585-3801

Counsel for SBN V FNBC LLC

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the foregoing opposition to employment application has been duly served upon those parties receiving electronic notification via the Court's CM/ECF System on this 5th day of October, 2018.

                               <u>/s/ David F. Waguespack</u>
                               DAVID F. WAGUESPACK

4836-3124-5431, v. 1