

# CARVER DARDEN

DAVID F. WAGUESPACK

(504) 585-3814
waguespack@carverdarden.com

September 26, 2018

**Via Facsimile and U.S. Mail**

Robin Cheatham
Adams and Reese LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139
Facsimile: (504) 566-0210

Blake Miguez
107 Highway 90 W
New Iberia, LA 70560
Facsimile: (985) 631-0404

> **Re: Indebtedness of Steve J. Miguez, Iberia Marine Service, L.L.C, Mr. Blake, L.L.C., Mr. Ridge, L.L.C., Lady Glenda, L.L.C., Mr. Mason, L.L.C., Mr. Row, L.L.C., Lady Brandi, L.L.C., Lady Eve, L.L.C., and Mr. Steven, L.L.C. to SBN V FNBC LLC**

Dear Robin and Blake:

As you know we represent SBN V FNBC LLC ("SBN") in connection with the indebtedness ("Indebtedness") owed by Steve J. Miguez, Iberia Marine Service, L.L.C, Mr. Blake, L.L.C., Mr. Ridge, L.L.C., Lady Glenda, L.L.C., Mr. Mason, L.L.C., Mr. Row, L.L.C., Lady Brandi, L.L.C., Lady Eve, L.L.C., and Mr. Steven, L.L.C. (collectively "Obligors") as well as its rights and remedies under the mortgages and other security interests granted by the Obligors to secure the Indebtedness.

Despite demand issued on January 16, 2018, the Obligors have failed to pay the Indebtedness. In fact, the Debtors have failed to make any payment on the Indebtedness since July 31, 2017.

Further, the Obligors have improperly interfered with SBN's enforcement of its rights and remedies. On April 2, 2018, SBN directed Guice Offshore, LLC ("Guice") to remit to SBN the amounts owed by Guice for the charter of the Mr. Steven. Despite the clear terms of the Mortgage on the Mr. Stevens and La. R.S. 10:9-406, you disputed SBN's rights to directly receive and collect the charter payments owed by Guice for the use of the Mr. Steven. My understanding from your

**EXHIBIT F**

correspondence dated April 9, 2018 is that your legal position is based on the fact that a related entity Seatran Marine, LLC ("Seatran") is the party with the agreement with Guice rather than Mr. Stevens, LLC. Your position is not supported by any reference to any law or provision in any contract. Indeed, your legal position would render security devices meaningless. The Mortgage and La. R.S. 10:9-406 very clearly provide SBN the right to directly collect the revenue from its collateral regardless of what entities your client may interject between the charter party and the mortgagor. Putting aside the impropriety of channeling payments due on an account receivable through an intermediary such as Seatran, out of an abundance of caution, on April 11, 2018, SBN also made demand upon Seatran Marine, LLC pursuant to UCC Section 9-406. Seatran has provided no basis for any objection to SBN's demand or arranged for the charter payments to be made to SBN.

As a result of your position, Guice is holding the charter payments in its counsel's trust account. According to the letter dated September 7, 2018 from William L. Guice, III, Guice had deposited a total of $597,300.00 into the trust account of Rushing & Guice, PLLC and requested further direction concerning these payments. Had your clients complied with their contractual obligations and the law, their Indebtedness and interest charges would have been reduced by the payments that are currently sitting in Guice's counsel's trust account earning no interest. I do not understand how interfering with SBN's enforcement of its rights benefits your client.

In light of the foregoing, SBN has retained counsel in California to foreclose on the Mr. Steven. A draft of the foreclosure complaint is attached hereto. If by September 28, 2018 your client directs Guice to release to SBN the charter payments currently being held and those that will become due, SBN is willing to forbear from foreclosing on the Mr. Steven until and through December 31, 2018 to provide your client time to sell the vessel. Otherwise, SBN intends to exercise its rights and remedies shortly.

SBN reserves any and all rights and remedies against all Obligors and other parties and to foreclose on any and all collateral securing the Indebtedness.

Very truly yours,

David F. Waguespack

DFW/cp

cc: Peter J. Segrist (via e-mail)(w/enc.)

4835-5845-8740, v. 1



Thomas E. Shuck SBN 116228
PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN
A Professional Corporation
555 S. Flower St., 30th Floor
Los Angeles, California 90071-2440
Telephone: (213) 683-6500
Facsimile: (213) 683-6669
tshuck@pmcos.com

Attorneys for Plaintiff
SBN V FNBC LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SBN V FNBC LLC, successor to FDIC as Receiver for First NBC Bank<br><br>Plaintiff,<br><br>v.<br><br>THE VESSEL, "MR. STEVEN"; MR. STEVEN, LLC, a Louisiana limited liability company,<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT IN REM AND IN PERSONAM FOR FORECLOSURE OF PREFERRED SHIP MORTGAGE AND DEFICIENCY BALANCE** |

Plaintiff SBN V FNBC LLC, successor to FDIC, as Receiver for First NBC Bank ("Plaintiff") alleges the following against defendants The Vessel, "Mr. Steven" ("Mr. Steven") and Mr. Steven, LLC, a Louisiana limited liability company ("Steven, LLC") (sometimes collectively, "Defendants").

## JURISDICTION AND VENUE

1. This is an action under admiralty and maritime jurisdiction and is an action in rem as well as in personam, and as such, pursuant to 46 U.S.C. 31325(c) this court has exclusive jurisdiction to hear this action. This action is a maritime and admiralty claim within the provisions of Fed. R. Civ. P. 9(h) and within the Supplemental Rules for Certain Admiralty and Maritime Claims and of this honorable court.

COMPLAINT

4844-9772-8627.2

2. The claim asserted against the vessel Mr. Steven is within the jurisdiction of this Court because the vessel is or will during the pendency of this action be present within the Central District of California and subject to arrest within the District to enforce Plaintiff's preferred maritime lien in accordance with the provisions of 46 U.S.C. section 31325 and 31326 and Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, as set forth in Section III below. Venue is proper because the vessel is in this district and the Promissory Note and mortgage to which defendant Steven, LLC is a party provide that "Should the vessel, for any reason whatsoever, be located outside of the State of Louisiana at the time of default hereunder, or at any time thereafter, Lender shall have the right, at its sole and exclusive option and discretion, to take any one or more of the following actions to the full extent permitted by applicable law: (1) Exercise all the rights and remedies in foreclosure and/or as otherwise given to mortgagees generally by laws of the United States of America or other applicable provisions of law, including without limitation the laws of any jurisdiction in which the Vessel and other Collateral may then be found."

## PARTIES

3. Plaintiff is, and at all times herein mentioned was, a limited liability company, organized and existing under and by virtue of the laws of the State of Delaware, with offices in Adams County, State of Colorado. Plaintiff is successor to the FDIC as Receiver for First NBC Bank, the mortgagee and lender identified in the Promissory Note, Preferred Ship Mortgage being foreclosed on in this action, and in other instruments hereinbelow referenced.

4. Plaintiff is informed and believes and upon such information and belief alleges that defendant Steven, LLC was at all times mentioned herein a limited liability company organized and existing under the laws of the State of Louisiana, located within New Iberia, Louisiana, and currently is the owner of the

- 2 -
COMPLAINT

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

4844-9772-8627.2



defendant vessel "Mr. Steven."

5. The defendant vessel "Mr. Steven" has an official number of 1249191, is of approximately 96 gross tons and 66 net tons and is now, and during the pendency of this action will be, located in this district.

## FIRST CLAIM FOR RELIEF

6. On or about September 28, 2015, defendant Steven, LLC executed and delivered to Plaintiff, for consideration, a Promissory Note in the sum of $22,500,000.00, a copy of which is attached hereto as Exhibit 1 and incorporated herein by reference.

7. On or about September 28, 2015, defendant Steven, LLC, executed and delivered to Plaintiff, to secure the Promissory Note, Exhibit 1 hereof, a Preferred Ship Mortgage, a copy of which is attached as Exhibit 2 and incorporated herein by reference.

8. Pursuant to the Promissory Note and Preferred Ship Mortgage, Exhibits 1 and 2 herein, Plaintiff was granted a security interest in the collateral described as a 2015 vessel, official number 1249191, of approximate 96 gross tons and 66 nets tons, together with any and all present and future engines, boilers, machinery, components, masts, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, capstans, outfit, tools, pumps, gear, furnishings, appliances, fittings, spare and replacement parts, trailers, and any and all other appurtenances thereto, appertaining or belonging to the mortgaged vessel, whether now or hereafter acquired, whether on board or not on board, together with any and all present and future additions, improvements and replacements therefor, made in or to the vessel, or any part or parts thereof.

9. At the time of the execution of the Promissory Note and Preferred Ship Mortgage, Exhibits 1 and 2 hereof, and at all times thereafter, the defendant vessel Mr. Steven was and is a vessel of the United States, duly documented under the laws of the United States.

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

4844-9772-8627.2

18-51277 - #16-6  File 10/05/18  Enter 10/05/18 13:15:53  Exhibit F  Pg 5 of 10

DRAFT

10. On September 30, 2015, the Preferred Ship Mortgage was duly recorded and registered in the Office of the U.S. Coast Guard, National Vessel Documentation Center. The Preferred Mortgage was recorded as Batch No. 30994200, Document No. 9, at 10:56:00 a.m. on that date, which recording was duly indexed to show all information required to be shown under the provisions of 46 U.S.C. section 31321. The Preferred Ship Mortgage, Exhibit 2 hereof, in all ways complies with the requirements of 46 U.S.C. section 31321 and 31322 and accordingly is entitled to the status of a Preferred Mortgage under the provisions of said statutes.

11. Under the terms and conditions of the Promissory Note and Preferred Ship Mortgage, Exhibits 1 and 2 hereof, any failure to make any payment, either as to the principal indebtedness or the interest thereon when due, constitutes a default, which entitles Plaintiff to declare all of the principal indebtedness and all accrued interest thereon immediately due and payable.

12. On or about October 18, 2017, the FDIC, as Receiver for First NBC bank, for consideration, executed an Assignment of Preferred Ship Mortgage (the "Assignment") and an Endorsement and Allonge to Promissory Note (the "Allonge") assigning all of its rights, title, and interest in and to the Note, and any and all other documents or instruments evidencing or securing the Note, and its obligations thereunder, to Plaintiff. True and correct copies of the Assignment and the Allonge are attached hereto as Exhibits 3 and 4, respectively, and are incorporated herein by reference.

13. On June 28, 2017, Mr. Steven, LLC failed to make the monthly payment called for under the Promissory Note and Preferred Ship Mortgage and since that time failed to make that payment or any of the monthly payments subsequently due and required to be made. As a result of said default and pursuant to the provisions of the Promissory Note and Preferred Ship Mortgage, Plaintiff has elected to declare the entire remaining balance of said indebtedness immediately due and payable and there is now due and owing to Plaintiff the principal sum of

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

$22,018,031.52 together with accrued interest of $1,410,186.73 as of October 1, 2018, with interest accruing thereafter at a variable rate equal to the Wall Street Journal plus 5.0% per annum, plus recovery of Plaintiff's attorneys' fees and costs.

14. By virtue of the Preferred Ship Mortgage and pursuant to the provisions of 46 U.S.C. section 31321 et seq., Plaintiff has a lien upon the defendant vessel Mr. Steven.

15. As a result of the afore-described default, Plaintiff is entitled to enforce its lien on the defendant vessel Mr. Steven by foreclosure of its mortgage and said defendant. Plaintiff is therefore entitled to a judgment of foreclosure of said mortgage and the sale of the defendant vessel Mr. Steven in satisfaction of Plaintiff's lien.

16. As a further result of the afore-described default, Plaintiff is entitled to a judgment in the amount now due and owing pursuant to the provisions of the Promissory Note, Exhibit 1 hereof, in the $22,018,031.52 together with accrued interest of $1,410,186.73 as of October 1, 2018, with interest accruing thereafter at a variable rate equal to the Wall Street Journal plus 5.0% per annum, plus recovery of Plaintiff's attorneys' fees and costs.

**WHEREFORE,** Plaintiff demands judgment as follows:

1. As against Defendants Mr. Steven, LLC and the vessel "Mr. Steven":

   a. For a judgment of foreclosure of the Preferred Ship Mortgage and for sale of the defendant vessel "Mr. Steven" as provided by law;

   b. That defendant Mr. Steven, LLC and all other persons claiming a lien or interest in the defendant vessel "Mr. Steven" be barred and foreclosed of all right, title, claim, lien or interest in and to said defendant vessel "Mr. Steven" except the right to redeem the same before sale, as provided by law; and

   c. That defendant vessel Mr. Steven be adjudged to be sold unless redeemed within the time and in the manner provided by law.

2. As against defendant Mr. Steven, LLC:

DRAFT

      a. For the principal sum of $22,018,031.52 together with accrued interest of $1,410,186.73 as of October 1, 2018, with interest accruing thereafter at a variable rate equal to the Wall Street Journal plus 5.0% per annum, plus recovery of Plaintiff's attorneys' fees and costs.pursuant to the provisions of Exhibit 1 hereof, or such lesser sum as shall be found to be owing after application of the proceeds of sale of the defendant vessel "Mr. Steven."

      b. For recovery of Plaintiff's reasonable attorneys' fees incurred herein;

      c. For Plaintiff's costs of suit incurred herein;

3. As against all defendants:

      a. For such other and further relief as the court may deem just and proper.

DATED: September ___, 2018      PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
A Professional Corporation

By:_____
THOMAS E. SHUCK
Attorneys for Plaintiff
SBN V FNBC LLC

- 6 -
COMPLAINT

4844-9772-8627.2



# VERIFICATION

STATE OF _____, COUNTY OF _____

I, Mark A. Kilcoin, am Asset Manager for Summit Investment Management, LLC, contractual asset manager and custodian of records for SBN V FNBC LLC, which is a party to this action, and have authority to execute the verification on behalf of SBN V FNBC LLC.

I have read the foregoing **COMPLAINT IN REM AND IN PERSONAM FOR FORECLOSURE OF PREFERRED SHIP MORTGAGE AND DEFICIENCY BALANCE,** and know its contents.

The matters in the foregoing document are true of my own personal knowledge except as to those matters that are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____ 2018, at _____, _____.

_____
Mark A. Kilcoin

- 7 -
COMPLAINT

4844-9772-8627.2

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

DRAFT