

*0000001000138770%0000000%0955%09282015%861098285*

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $22,500,000.00 | 09-28-2015 | 09-28-2020 | REDACTED | 4A / 055 | | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** IBERIA MARINE SERVICE, L.L.C.; MR. BLAKE LLC; MR. RIDGE LLC; LADY GLENDA LLC; MR. MASON LLC; MR. ROW LLC; LADY BRANDI L.L.C.; LADY EVE, L.L.C.; and MR. STEVEN, LLC
P.O. BOX 1820
AMELIA, LA 70340

**Lender:** FIRST NBC BANK
KENNER OFFICE
3535 CHATEAU BLVD SUITE 19
KENNER, LA 70065

**Principal Amount: $22,500,000.00** **Date of Note: September 28, 2015**

**PROMISE TO PAY. IBERIA MARINE SERVICE, L.L.C.; MR. BLAKE LLC; MR. RIDGE LLC; LADY GLENDA LLC; MR. MASON LLC; MR. ROW LLC; LADY BRANDI L.L.C.; LADY EVE, L.L.C.; and MR. STEVEN, LLC ("Borrower") promise to pay to the order of FIRST NBC BANK ("Lender"), in lawful money of the United States of America the sum of Twenty-two Million Five Hundred Thousand & 00/100 Dollars (U.S. $22,500,000.00) or such other or lesser amounts as may be reflected from time to time on Lender's books and records as evidencing the aggregate unpaid principal balance of loan advances made to Borrower on a multiple advance basis as provided herein, together with simple interest at the rate or rates provided herein in the "PAYMENT" paragraph, with interest being assessed on the unpaid principal balance of this Note as outstanding from time to time, commencing on September 28, 2015, and continuing until this Note is paid in full.**

**MULTIPLE ADVANCE LOAN.** This Note contemplates multiple loan advances. Once the total amount of principal has been advanced under this Note, Borrower will not be entitled to further loan advances. Advances under this Note may be requested either orally or in writing by Borrower or as provided in this paragraph. Lender may, but need not, require that all oral requests be confirmed in writing. All communications, instructions, or directions by telephone or otherwise to Lender are to be directed to Lender's office shown above. The following person or persons are authorized to request advances and authorize payments during the construction loan phase under this Note until Lender receives from Borrower, at Lender's address shown above, written notice of revocation of such authority: **STEVE J. MIGUEZ, Manager of IBERIA MARINE SERVICE, L.L.C.; STEVE J. MIGUEZ, Manager of MR. BLAKE LLC; STEVE J. MIGUEZ, Manager of MR. RIDGE LLC; STEVE J. MIGUEZ, Manager of LADY GLENDA LLC; STEVE J. MIGUEZ, Manager of MR. MASON LLC; STEVE J. MIGUEZ, Manager of MR. ROW LLC; STEVE J. MIGUEZ, Manager of LADY BRANDI L.L.C.; STEVE J. MIGUEZ, Manager of LADY EVE, L.L.C.; and STEVE J. MIGUEZ, Manager of MR. STEVEN, LLC.** Borrower agrees to be liable for all sums either: (A) advanced in accordance with the instructions of an authorized person or (B) credited to any of Borrower's deposit accounts with Lender. The unpaid principal balance owing on this Note at any time may be evidenced by endorsements on this Note or by Lender's internal records, including daily computer print-outs.

**PAYMENT. Borrower will pay this loan in full immediately upon Lender's demand. If no demand is made, subject to any payment changes resulting from changes in the Index, Borrower will pay this loan in accordance with the following payment schedule, which calculates interest on the unpaid principal balances as described in the "INTEREST CALCULATION METHOD" paragraph using the interest rates described in this paragraph: 12 monthly consecutive interest payments, beginning October 28, 2015, with interest calculated on the unpaid principal balances using an interest rate based on the WALL STREET JOURNAL PRIME (currently 3.250%), adjusted if necessary for the minimum and maximum rate limitations for this loan, resulting in an initial interest rate of 5.000% per annum based on a year of 360 days; 47 monthly consecutive principal and interest payments in the initial amount of $149,396.47 each, beginning October 28, 2016, with interest calculated on the unpaid principal balances using an interest rate based on the WALL STREET JOURNAL PRIME (currently 3.250%), adjusted if necessary for the minimum and maximum rate limitations for this loan, resulting in an initial interest rate of 5.000% per annum based on a year of 360 days; and one principal and interest payment of $19,766,650.41 on September 28, 2020, with interest calculated on the unpaid principal balances using an interest rate based on the WALL STREET JOURNAL PRIME (currently 3.250%), adjusted if necessary for the minimum and maximum rate limitations for this loan, resulting in an initial interest rate of 5.000% per annum based on a year of 360 days. This estimated final payment is based on the assumption that all payments will be made exactly as scheduled and that the Index does not change; the actual final payment will be for all principal and accrued interest not yet paid, together with any other unpaid amounts under this Note. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any late charges; and then to any unpaid collection costs. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing. All payments must be made in U.S. dollars and must be received by Lender consistent with any written payment instructions provided by Lender. If a payment is made consistent with Lender's payment instructions but received after 5:00 PM CENTRAL TIME, Lender will credit Borrower's payment on the next business day.**

**VARIABLE INTEREST RATE.** The interest rate on this Note is subject to change from time to time based on changes in an independent index which is the WALL STREET JOURNAL PRIME (the "Index"). The Index is not necessarily the lowest rate charged by Lender on its loans. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notifying Borrower. Lender will tell Borrower the current Index rate upon Borrower's request. The interest rate change will not occur more often than each DAY. Borrower understands that Lender may make loans based on other rates as well. **The Index currently is 3.250% per annum.** The interest rate or rates to be applied to the unpaid principal balance during this Note will be the rate or rates set forth herein in the "Payment" section. Notwithstanding any other provision of this Note, after the first payment stream, the interest rate for each subsequent payment stream will be effective as of the due date of the last payment in the just-ending payment stream. Under no circumstances will the interest rate on this Note be less than 5.000% per annum or more than the maximum rate allowed by applicable law. Whenever increases occur in the interest rate, Lender, at its option, may do one or more of the following: (A) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date, (B) increase Borrower's payments to cover accruing interest, (C) increase the number of Borrower's payments, and (D) continue Borrower's payments at the same amount and increase Borrower's final payment.

**INTEREST CALCULATION METHOD. Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method. This calculation method results in a higher effective interest rate than the numeric interest rates stated in this Note.**

**PREPAYMENT.** Other than Borrower's obligation to pay any prepayment penalty, Borrower may prepay this Note in full at any time by paying the then unpaid principal balance of this Note, plus accrued simple interest and any unpaid late charges through date of prepayment. If Borrower prepays this Note in full, or if Lender accelerates payment, Borrower understands that, unless otherwise required by law, any prepaid fees or charges will not be subject to rebate and will be earned by Lender at the time this Note is signed. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. **All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: FIRST NBC BANK, KENNER OFFICE, 3535 CHATEAU BLVD SUITE 19, KENNER, LA 70065.**

**LATE CHARGE.** If Borrower fails to pay any payment under this Note in full within 10 days of when due, Borrower agrees to pay Lender a late payment fee in an amount equal to 10.000% of the unpaid portion of the regularly scheduled payment with a maximum of $250.00. Late charges will not be assessed following declaration of default and acceleration of the maturity of this Note.

**INTEREST AFTER DEFAULT.** If Lender declares this Note to be in default, Lender has the right prospectively to adjust and fix the simple interest rate under this Note until this Note is paid in full, as follows: (A) If the original principal amount of this Note is $250,000 or less, the fixed default interest rate shall be equal to eighteen (18%) percent per annum based on a year of 360 days, or three (3%) percent per annum in excess of the interest rate under this Note, whichever is greater. (B) If the original principal amount of this Note is more than $250,000, the fixed default interest rate shall be equal to twenty-one (21%) percent per annum based on a year of 360 days, or three (3%) percent per annum in excess of the interest rate under this Note at the time of default, whichever is greater.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Default Under Loan Agreement.** If an event of default occurs or exists under the terms of Borrower's Loan Agreement in favor of Lender.

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Default Under Security Agreements.** Should Borrower or any guarantor violate, or fail to comply fully with any of the terms and conditions of, or default under any security right, instrument, document, or agreement directly or indirectly securing repayment of this Note.

**Other Defaults in Favor of Lender.** Should Borrower or any guarantor of this Note default under any other loan, extension of credit, security right, instrument, document, or agreement, or obligation in favor of Lender.

**Default in Favor of Third Parties.** Should Borrower or any guarantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may affect any property or other collateral directly or indirectly securing repayment of this Note.

**Insolvency.** Should the suspension, failure or insolvency, however evidenced, of Borrower or any Guarantor of this Note occur or exist.

**Death or Interdiction.** Should any guarantor of this Note die or be interdicted.

**Readjustment of Indebtedness.** Should proceedings for readjustment of indebtedness, reorganization, bankruptcy, composition or extension under any insolvency law be brought by or against Borrower or any guarantor.

**Assignment for Benefit of Creditors.** Should Borrower or any guarantor file proceedings for a respite or make a general assignment for the benefit of creditors.

**Receivership.** Should a receiver of all or any part of Borrower's property, or the property of any guarantor, be applied for or appointed.

**Dissolution Proceedings.** Proceedings for the dissolution or appointment of a liquidator of Borrower or any guarantor are commenced.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Material Adverse Change.** Should any material adverse change occur in the financial condition of Borrower or any guarantor of this Note or should any material discrepancy exist between the financial statements submitted by Borrower or any guarantor and the actual financial condition of Borrower or such guarantor.

**Insecurity.** Lender in good faith believes itself insecure with regard to repayment of this Note.

**LENDER'S RIGHTS UPON DEFAULT.** Should any one or more default events occur or exist under this Note as provided above, Lender shall have the right, at Lender's sole option, to declare formally this Note to be in default and to accelerate the maturity and insist upon immediate payment in full of the unpaid principal balance then outstanding under this Note, plus accrued interest, together with reasonable attorneys' fees, costs, expenses and other fees and charges as provided herein. Lender shall have the further right, again at Lender's sole option, to declare formal default and to accelerate the maturity and to insist upon immediate payment in full of each and every other loan, extension of credit, debt, liability and/or obligation of every nature and kind that Borrower may then owe to Lender, whether direct or indirect or by way of assignment, and whether absolute or contingent, liquidated or unliquidated, voluntary or involuntary, determined or undetermined, secured or unsecured, whether Borrower is obligated alone or with others on a "solidary" or "joint and several" basis, as a principal obligor or otherwise, all without further notice or demand, unless Lender shall otherwise elect.

**ATTORNEYS' FEES; EXPENSES.** If Lender refers this Note to an attorney for collection, or files suit against Borrower to collect this Note, or if Borrower files for bankruptcy or other relief from creditors, Borrower agrees to pay Lender's reasonable attorneys' fees in an amount not exceeding 25.000% of the principal balance due on the loan.

**GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Louisiana without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Louisiana.**

**RETURNED ITEM CHARGE.** In the event that Borrower makes any payment under this Note by check or electronic payment and Borrower's check or electronic payment is returned to Lender unpaid for any reason, Borrower agrees to pay Lender a returned item charge in an amount of $25.00 or 5.000% of the dishonored item (whether check or electronic payment), whichever is greater.

**DEPOSIT ACCOUNTS.** As collateral security for repayment of this Note and all renewals and extensions, as well as to secure any and all other loans, notes, indebtedness and obligations that Borrower may now and in the future owe to Lender or incur in Lender's favor, whether direct or indirect, absolute or contingent, due or to become due, of any nature and kind whatsoever (with the exception of any indebtedness under a consumer credit card account), and to the extent permitted by law, Borrower is granting Lender a continuing security interest in any and all funds that Borrower may now and in the future have on deposit with Lender or in certificates of deposit or other deposit accounts as to which Borrower is an account holder (with the exception of IRA, pension, and other tax-deferred deposits). Borrower further agrees that, to the extent permitted by law, Lender may at any time apply any funds that Borrower may have on deposit with Lender or in certificates of deposit or other deposit accounts as to which Borrower is an account holder against the unpaid balance of this Note and any and all other present and future indebtedness and obligations that Borrower may then owe to Lender, in principal, interest, fees, costs, expenses, and reasonable attorneys' fees.

**COLLATERAL.** This Note is secured by Titled Collateral. Collateral securing other loans with Lender may also secure this Note as the result of cross-collateralization.

**FINANCIAL STATEMENTS.** Borrower agrees to provide Lender with such financial statements and other related information at such frequencies and in such detail as Lender may reasonably request.

**WAIVERS.** Borrower and each guarantor of this Note hereby waive demand, presentment for payment, protest, notice of protest and notice of nonpayment, and all pleas of division and discussion, and severally agree that their obligations and liabilities to Lender hereunder shall be on a "solidary" or "joint and several" basis. Borrower and each guarantor further severally agree that discharge or release of any party who is or may be liable to Lender for the indebtedness represented hereby, or the release of any collateral directly or indirectly securing repayment hereof, shall not have the effect of releasing any other party or parties, who shall remain liable to Lender, or of releasing any other collateral that is not expressly released by Lender. Borrower and each guarantor additionally agree that Lender's acceptance of payment other than in accordance with the terms of this Note, or Lender's subsequent agreement to extend or modify such repayment terms, or Lender's failure or delay in exercising any rights or remedies granted to Lender, shall likewise not have the effect of releasing Borrower or any other party or parties from their respective obligations to Lender, or of releasing any collateral that directly or indirectly secures repayment hereof. In addition, any failure or delay on the part of Lender to exercise any of the rights and remedies granted to Lender shall not have the effect of waiving any of Lender's rights and remedies. Any partial exercise of any rights and/or remedies granted to Lender shall furthermore not be construed as a waiver of any other rights and remedies; it being Borrower's intent and agreement that Lender's rights and remedies shall be cumulative in nature. Borrower and each guarantor further agree that, should any default event occur or exist under this Note, any waiver or forbearance on the part of Lender to pursue the rights and remedies available to Lender, shall be binding upon Lender only to the extent that Lender's specifically agrees to any such waiver or forbearance in writing. A waiver or forbearance on the part of Lender as to one default event shall not be construed as a waiver or forbearance as to any other default. Borrower and each guarantor of this Note further agree that any late charges provided for under this Note will not be charges for deferral of time for payment and will not and are not intended to compensate Lender's for a grace or cure period, and no such deferral, grace or cure period has or will be granted to Borrower in return for the imposition of any late charge. Borrower recognizes that Borrower's failure to make timely payment of amounts due under this Note will result in damages to Lender, including but not limited to Lender's loss of the use of amounts due, and Borrower agrees that any late charges imposed by Lender hereunder will represent reasonable compensation to Lender for such damages. Failure to pay in full any installment or payment timely when due under this Note, whether or not a late charge is assessed, will remain and shall constitute an Event of Default hereunder.

**SUCCESSORS AND ASSIGNS LIABLE.** Borrower's and each guarantor's obligations and agreements under this Note shall be binding upon Borrower's and each guarantor's respective successors, heirs, legatees, devisees, administrators, executors and assigns. The rights and remedies granted to Lender under this Note shall inure to the benefit of Lender's successors and assigns, as well as to any subsequent holder or holders of this Note.

**CAPTION HEADINGS.** Caption headings in this Note are for convenience purposes only and are not to be used to interpret or define the provisions of this Note.

**SEVERABILITY.** If any provision of this Note is held to be invalid, illegal or unenforceable by any court, that provision shall be deleted from this Note and the balance of this Note shall be interpreted as if the deleted provision never existed.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's successors, heirs, legatees, devisees, administrators, executors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**APPLICABLE LENDING LAW.** To the extent not preempted by federal law, this business or commercial loan is being made under the terms and provisions of La. R.S. 9:3509, et seq.

PRIOR TO SIGNING THIS NOTE, EACH BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS.

**BORROWER:**

IBERIA MARINE SERVICE, L.L.C.

By: _____
STEVE J. MIGUEZ, Manager of IBERIA MARINE SERVICE, L.L.C.

MR. BLAKE LLC

By: _____
STEVE J. MIGUEZ, Manager of MR. BLAKE LLC

MR. RIDGE LLC

By: _____
STEVE J. MIGUEZ, Manager of MR. RIDGE LLC

LADY GLENDA LLC

By: _____
STEVE J. MIGUEZ, Manager of LADY GLENDA LLC

MR. MASON LLC

By: _____
STEVE J. MIGUEZ, Manager of MR. MASON LLC

MR. ROW LLC

By: _____
STEVE J. MIGUEZ, Manager of MR. ROW LLC

LADY BRANDI L.L.C.

By: _____
STEVE J. MIGUEZ, Manager of LADY BRANDI L.L.C.

LADY EVE, L.L.C.

By: _____
STEVE J. MIGUEZ, Manager of LADY EVE, L.L.C.

MR. STEVEN, LLC

By: _____
STEVE J. MIGUEZ, Manager of MR. STEVEN, LLC

LaserPro, Ver. 16.4.11.007 Copr. D+H USA Corporation 1997, 2015. All Rights Reserved. - LA C:\HARLAND\CFI\LPL\D20.FC TR-16792 PR-1TOV