IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE - OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MR. STEVEN, L.L.C. | § | CASE NO. 18-51277 |
| | § | |
| Debtor | § | CHAPTER 11 |
| | § | |

**APPLICATION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROBIN B. CHEATHAM AND THE LAW FIRM OF ADAMS AND REESE LLP AS DEBTOR'S COUNSEL ON AN INTERIM BASIS AND SETTING FINAL HEARING**

*NOW INTO COURT,* comes, Mr. Steven, L.L,.C. ("Mr. Steven"), a debtor and debtor-in-possession (referred to herein as a "Debtor"), who hereby submit this Application (the "Application") for entry of an order authorizing the Debtor's retention and employment of Robin B. Cheatham and the law firm of Adams and Reese LLP ("Adams and Reese"), as Debtor's counsel *nunc pro tunc* as of the Petition Date pursuant to Section 327(a) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014(a), and for entry of an Interim Order granting relief pending the final hearing on this request. In support of this Application, the Debtor rely upon the Affidavit of Scott R. Cheatham (the "Cheatham Affidavit"), which is attached hereto as Exhibit "A", and the Supplemental Schedule filed pursuant to Local Rule 2014-1, which is attached hereto as Exhibit "B" and respectfully state as follows:

**JURISDICTION**

1. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

## CORE PROCEEDING

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

## PROCEDURE

3. Procedurally, this matter is governed by Bankruptcy Code Sections 327(a), 328 and 1107 and Federal Rules of Bankruptcy Procedure 2014(a), 2016, and 5002.

## BACKGROUND

4. On October 3, 2018 (the "Petition Date"), the Debtor commenced its case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor-in-possession, pursuant to Bankruptcy Code §§ 1107 and 1108. No Trustees have been appointed herein and no Official Committees of Unsecured Creditors have, at this time, been appointed or designated in the Debtor's case.

5. The Debtor refer the Court to Declaration of Steven J. Miguez in support of Debtor's Bankruptcy Petition [Doc. No. 3], for a discussion of the factual background and circumstances surrounding the Debtor's commencement of this Chapter 11 case, which is incorporated herein by reference.

## RELIEF REQUESTED

6. By this Application, the Debtor, as debtor-in-possession, request authority from this Court to employ and retain Robin B. Cheatham, and the law firm of Adams and Reese LLP, as its bankruptcy counsel on an interim basis and then confirm the order with regard to the filing and prosecution of its Chapter 11 case and all related matters *nunc pro tunc* as of the Petition Date. Specifically, the Debtor request entry of an Order pursuant to Bankruptcy Code Sections 327(a), 328 and 1107 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, authorizing Adams and Reese to perform the services that will be required during these Chapter 11 cases, as more fully described below.

7. Robin B. Cheatham is a partner with the law firm of Adams and Reese LLP and is duly qualified and licensed attorney and a member of the bar of this Court. The Debtor has selected Robin B. Cheatham, and the law firm of Adams and Reese LLP as said attorneys are familiar with the affairs of the Debtor and have experience, knowledge and expertise in the area of bankruptcy law and business reorganizations under Chapter 11 of the Bankruptcy Code, as well as oil and gas business bankruptcies. The Debtor believes that Adams and Reese is well qualified to represent the Debtor, as debtor-in-possession, in this proceeding. The Debtor seeks to retain Adams and Reese, subject to the oversight of this Court, with respect to bankruptcy matters and matters related thereto. Such retention is sought pursuant to Bankruptcy Code Section 327(a).

8. Under Bankruptcy Code Section 327(a), a debtor-in-possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons[1], to represent or assist the [debtor-in-possession] in carrying out [its] duties under this title." 11 U.S.C. § 327. Bankruptcy Code Section 1107(b) provides that "[n]otwithstanding section 327(a), of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case. 11 U.S.C. § 1107. "The performance of standard prepetition services, i.e. preliminary work routinely undertaken to

---

[1] Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that –

    **(A)** is not a creditor, an equity security holder, or an insider;

    **(B)** is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

    **(C)** does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

facilitate an upcoming chapter 11 filing will not serve to disqualify an otherwise eligible attorney." *In re Martin*, 817 F.2d 175, 180, n. 5 (1st Cir. 1987).

9. As required by Bankruptcy Rule 2014(a), this Application and the Cheatham Affidavit set forth (a) the specific facts showing the necessity for the employment of Adams and Reese; (b) the reasons for the Debtor's selection of Adams and Reese as its counsel in connection with their Chapter 11 case; (c) the professional services to be provided by Adams and Reese; (d) the agreement between the Debtor and Adams and Reese as to Adams and Reese's compensation and the reasonableness thereof; and (e) to the best of the Debtor's knowledge, the extent of Adams and Reese's connections, if any, to certain creditors and/or parties in interest in these matters.

**SERVICES TO BE PROVIDED**

10. The professional services rendered by Adams and Reese LLP will include, but are not limited to:

(a) Advising the Debtor with respect to its powers and duties as debtor-in-possession in the continued operation of its business and management of its property and affairs;

(b) Representing the Debtor on all legal matters which require the advice, counsel and assistance of an attorney at law in connection with the Debtor's bankruptcy proceedings;

(c) Assisting and preparing on behalf of the Debtors necessary applications, motions, answers, orders, reports, notices, pleadings and other legal documents, and reviewing all financial and other reports to be filed;

(d) Advising the Debtor regarding and preparing any necessary responses to applications, motions, notices, orders, and other legal documents, which may be filed by other parties;

(e) Assisting the Debtor in the preparation, filing and approval of a Disclosure Statement and preparation, filing and confirmation of a Plan of Reorganization and/or Liquidation;

(f) Appearing in Court to protect the interests of the Debtor;

4

(g) Representing and advising the Debtor in connection with the use of cash collateral and/or obtaining debtor-in-possession financing;

(h) Advising the Debtor concerning and assisting with the negotiation and documentation of debtor-in-possession financing agreements, cash collateral orders, and any related transactions or documents;

(i) Investigating the nature and validity of liens asserted against the Debtor's properties, and advising the Debtor regarding the enforceability of said liens;

(j) Investigating and advising the Debtor regarding, and taking such actions as may be necessary to collect the Debtor's income and assets in accordance with applicable law and to recover property for the benefit of the estates;

(k) Assisting the Debtor in the disposition of its assets, through this proceeding, which they no longer need in the operation of its business, if any;

(l) Advising and assisting the Debtor regarding executory contract and unexpired lease assumptions, assignments and/or rejections, restructuring and/or recharacterizations;

(m) Assisting the Debtor in reviewing, estimating and resolving claims asserted against the estates;

(n) Representing, advising, counseling and assisting the Debtor in all litigation, whether brought by the Debtor or against the Debtor;

(o) Performing all legal services for the Debtor which may be necessary and appropriate in this cases.

11. Subject to the Court's approval of the Application, Adams and Reese is willing to serve as the Debtor's bankruptcy counsel and to perform the services described above.

**DISINTERESTEDNESS OF PROFESSIONALS**

12. To the best of the Debtor's knowledge and based upon the Cheatham Affidavit, Adams and Reese is a disinterested person as defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code. To the best of the Debtor's and Adams and Reese's knowledge, Adams and Reese does not hold or represent an interest adverse to the Debtor or its estate, in accordance with Bankruptcy Code Section 327(a).

13. To the best of the Debtor's and Adams and Reese's knowledge, information and belief, and based upon the Cheatham Affidavit, Adams and Reese, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, (a) has any connection with the captioned Debtor, creditors of the Debtor (except for representation of certain entities of the Debtor in other matters set forth herein as set forth in the Cheatham Affidavit), the United States Trustee for the Western District of Louisiana (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these Chapter 11 cases or their respective attorneys or accountants; (b) Adams and Reese is not a creditor, equity security holder, or insider of the Debtor; (c) none of Adams and Reese's partners or associates is or was, within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) Adams and Reese neither holds nor represents an interest adverse to the Debtor, its respective estates or any classes of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason, except for the representation of certain creditors in unrelated matters as detailed in the Cheatham Affidavit.

14. The Debtor submits that its employment of Adams and Reese would be in the best interest of the Debtor and its estate.

**TERMS OF RETENTION**

15. The Debtor desires to employ Adams and Reese under a general post-petition retainer of $30,000.00, which has been paid to Adams and Reese and is presently held in Trust. The terms of the employment of the law firm of Adams and Reese agreed to by the Debtors, subject to the approval of the Court, are that the attorneys within the firm and other personnel thereof undertake this representation at their standard hourly rates. The individuals presently designated to represent the Debtors and their hourly rates are:

**Rates**

| | |
|---|---|
| Robin B. Cheatham | $550.00 |
| Lisa M. Hedrick | $485.00 |
| Scott R. Cheatham | $450.00 |
| Robert Parrott | $315.00 |
| Angela Grewal | $305.00 |
| Paralegals and Law Clerks | $110.00 to $210.00 per hour |

Adams and Reese LLP's rates will increase January 1, 2019 and yearly thereafter.

16. Adams and Reese will also seek reimbursement for actual and necessary expenses incurred in connection with its engagement by the Debtor in this Chapter 11 case, which may include, but are not limited to, photocopying, postage, outgoing facsimile transmissions, overnight mail, courier delivery, computer assisted legal research, transportation, mileage, airfare, meals and lodging

17. Adams and Reese will make periodic applications to the Court for interim compensation for the allowance of fees and costs in accordance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and as may be allowed by the Court.

18. Adams and Reese received a retainer in the sum of $30,000.00 from Mr. Steven, L.L.C. which received a capital contribution from Iberia Crewboat and Marine Service, LLC, which received a capital contribution from Mr. Steven Miguez on behalf of the Debtor. There are not any pre-petition fees or costs associated with the filing of the bankruptcy proceeding of the Mr. Steven, L.L.C. The Debtor agrees that this retainer of $30,000.00 will serve as security and a general retainer for bankruptcy services to be rendered postpetition. This retainer was placed in Adams and Reese's Trust Account.

19. As of the Petition Date, Adams and Reese believes that the Debtor does not owe Adams and Reese for services rendered in preparing this case for filing.

20. The Debtor requests that Adams and Reese be employed *nunc pro tunc* to the Petition Date.

## NOTICE

21. Notice of the Application has been provided to the twenty largest unsecured creditors for the Debtor, the Office of the United States Trustee, all parties who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, and given the fact that no official committees have been established in this case, the Debtor submits that no further notice is required prior to entry of the Interim Order. Notice of the Application, entry of the Interim Order and of the Final Hearing should be given in accordance with Bankruptcy Rule 2002.

## NO PRIOR REQUEST

22. No prior Application for the relief requested herein has been made to this or any other Court.

*WHEREFORE*, Debtor-in-possession herein, Mr. Steven, L.L.C., pray:

1. That the Court enter an Interim Order, substantially in the form attached hereto and after notice and hearing enter a Final Order, granting the relief requested herein and such other and further relief as the Court deems just and proper;

2. That, after notice and a final hearing, they be authorized to employ and appoint the law firm of Adams and Reese to represent them as debtor-in-possession in this case under Chapter 11 of the United States Bankruptcy Code *nunc pro tunc* to the Petition Date; and

3. For such other and further relief to which it may be entitled in law and equity.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: /s/ Robin B. Cheatham
Robin B. Cheatham (#4004)
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
***Attorneys for the Debtor***

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the Application of Debtor for Entry of an Order Authorizing the Employment and Retention of Robin B. Cheatham and the Law firm of Adams and Reese LLP as Debtor's Counsel on an Interim Basis and Setting Final Hearing has been served upon all parties on the listed before via the court's CM/ECF electronic filing system and/or email transmission and/or by placing a copy in the United States mail, first class, postage prepaid and properly addressed on this 4th day of October, 2018.

- Robin B. Cheatham    cheathamrb@arlaw.com, vicki.owens@arlaw.com
- Peter James Segrist    segrist@carverdarden.com, peter.segrist@gmial.com
- Office of U. S. Trustee    USTPRegion05.SH.ECF@usdoj.gov
- David F. Waguespack    waguespack@carverdarden.com, plaisance@carverdarden.com
- R. Scott Wells – swells@rushingguice.com

Iberia Crewboat & Marine Services, L.L.C.
c/o Mr. Steve Miguez
107 Hwy 90 West
New Iberia, LA 70560-9485

Iberia Marine Services L.L.C.
c/o Mr. Steve Miguez
107 Hwy 90 West
New Iberia, LA 70560-9485

Louisiana Department of Revenue and Taxation
Attn: Bankruptcy Division
P. O. Box 66658
Baton Rouge, LA 70094-6658

SBN V FNBC LLC
c/o The Corporation Trust Co.
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19901-4543

SBN V FNBC, LLC
1700 Lincoln Street, Suite 2150
Denver, CO 80203-4500

Sheriff, Iberia Parish
300 Iberia Street
Suite 120
New Iberia, LA 70540-4543

State of Louisiana, Department of Labor
Delinquent Accounts Unit, UI Tech Support
1001 North 23rd Street, Room 322
Baton Rouge, LA 70802-3338

Mr. Thomas E. Suck
Parker, Milliken, Clark, O'Hara & Samuelian
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071-2440

Office of the U.S. Trustee
300 Fannin Street, Suite 3134
Shreveport, LA 71101-3132

                                                       */s/Robin B. Cheatham*
                                                      Robin B. Cheatham