IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE - OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MR. STEVEN, L.L.C. | § § | CASE NO. 18-51277 |
| Debtors | § § § | CHAPTER 11 |

## AFFIDAVIT OF SCOTT R. CHEATHAM, ON BEHALF OF ADAMS AND REESE LLP, COUNSEL FOR DEBTORS-IN-POSSESSION

STATE OF LOUISIANA )
)
PARISH OF ORLEANS )

I, Scott R. Cheatham, being duly sworn, deposes and says:

1. I am an attorney and Partner of the law firm of Adams and Reese LLP ("Adams and Reese"). One of the locations where Adams and Reese maintains offices for the practice of law is 701 Poydras Street, Suite 4500, New Orleans, LA 70139. Affiant resides in that office. I am familiar with the matters set forth herein and make this Affidavit in support of the Application of Mr. Steven, L.L.C. ("Mr. Steven" and/or "Debtor"), for Entry of an Order Authorizing the Employment and Retention of Robin B. Cheatham, and the law firm of Adams and Reese, LLP as Counsel for Debtor, on an Interim Basis and Setting Final Hearing (the "Application"). I am authorized to make this affidavit (the "Affidavit") on behalf of Adams and Reese. This Affidavit is submitted pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure.

2. In support of the Application, I disclose the following:

Exhibit "A"

a. Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

b. In preparing this Affidavit, I have reviewed the list of all creditors and equity security holders of the Debtor provided to us by the Debtor. Adams and Reese maintains a computerized conflicts check system. Adams and Reese has compared the information obtained thereby with the information contained in its client and adverse party conflict check system. The facts stated in this Affidavit as to the relationship between Adams and Reese and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my review of Adams and Reese's conflict check system. Based upon such search, Adams and Reese does not represent any entity in any matter involving or adverse to the Debtor or which would impair the disinterestedness of Adams and Reese in respect of its representation of the Debtor herein. Adams and Reese represents a creditor, Iberia Marine Service, LLC, in an unrelated matter and has obtained waivers from all parties.

c. Adams and Reese's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by Adams and Reese, and it is the regular practice of Adams and Reese to make and maintain these records. The system reflects entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with Adams and Reese and in my practice of law.

d. In compliance with the disclosure requirements under Rule 2014 of the Federal Rules of Bankruptcy Procedure, the following is a list of the categories of entities that Adams and Reese has searched to check and clear potential conflicts of interest in these cases:

(a) The Debtor;

(b) All creditors of all entities as provided by the Debtor;

(c) Twenty (20) largest unsecured creditors of each of the Debtor;

(d) The Debtor's officers and directors; and

(e) Other professionals retained by the Debtor in this chapter 11 case.

3. A search of Adams and Reese's conflicts check system revealed no connections with this case which, in my view, subject to the relationship described in Paragraph 2b hereinabove (of which a waiver was obtained), which would impair my or Adams and Reese's disinterestedness or constitutes any conflict of interest.

**DISINTERESTEDNESS**

4. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, Adams and Reese, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, (a) has any connection with the captioned Debtor, creditors of the Debtor (except for representation of certain creditors in unrelated matters set forth herein), the United States Trustee for the Western District of Louisiana (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in this Chapter 11 case or its respective attorneys or accountants; (b) Adams and Reese is not a creditor, equity security holder or insider of the Debtor; (c) none of Adams and Reese's partners or associates is, or was within two years of the Petition Date, a director, officer or employee of the Debtor; and (d) Adams and Reese neither holds nor represents an interest adverse to the Debtor, its respective estate or any class of creditors or equity security holders, by

reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason. Adams and Reese is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

5. Neither I nor Adams and Reese has or will represent any entity other than the Debtor in connection with this case, and neither I nor Adams and Reese will accept any fee from any other party or parties in this case, except the Debtor-In-Possession, unless otherwise authorized by the Court[1].

**ADAMS AND REESE'S PREPETITION RELATIONSHIP WITH THE DEBTOR**

6. Pursuant to 11 U.S.C. § 329(a), Adams and Reese discloses that all services rendered by Adams and Reese and compensation received from the Debtor has been in contemplation of and in connection with the filing of the voluntary Chapter 11 case and administration of this Chapter 11 cases. The Debtor does not owe Adams and Reese for any bankruptcy services and costs rendered prepetition. The Debtor has agreed, subject to Court approval, to pay Adams and Reese 80% of the prior month's bills with quarterly applications for the 20% balance then due, plus the reimbursement of all costs on a monthly basis[2]. Miguez Fuel, L.L.C., Steve Miguez, Seatran Marine, L.L.C., and Blake Miguez, have guaranteed full and prompt payment of any and all fees and costs incurred in connection with Adams and Reese LLP's representation of the Debtor in its bankruptcy proceedings and all matters related thereto, to the extent that such fees are not paid when due by the Debtor.

---

[1] Counsel for the Debtor may be filing bankruptcy proceedings for other entities managed by Mr. Steve Miguez, at which time counsel will also request for the cases to be consolidated and/or jointly administered.

## ADAMS AND REESE'S RATES AND BILLING PRACTICES

7. The professionals' fees and costs to be incurred by Adams and Reese in the course of its representation of the Debtor in this case shall be subject in all respects to the application and notice requirement of 11 U.S.C. §§ 330 and 331 and Fed. R. Bank. P. 2014 and 2016.

8. Adams and Reese's hourly rates are set at a level designed to fairly compensate Adams and Reese for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. Adams and Reese's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to these chapter 11 cases and are reasonable.

9. The hourly rates for 2018 of Robin B. Cheatham, Lisa M. Hedrick, Scott R. Cheatham, Robert Parrott, and Angela Grewal, the attorneys who will be principally working on this case, are $550, $485, $450, $315 and $305, respectively. The hourly rates of Adams and Reese for 2018 for law clerks and paralegals range from $110 to $210, with paralegals being $110 per hour.

10. Adams and Reese reserves the right to increase its hourly rates in accordance with its normal and customary business practices. Adams and Reese rates will increase again January 1, 2019 and yearly thereafter. Adams and Reese will also seek reimbursement for actual and necessary expenses incurred in connection with its engagement by the Debtor in this chapter 11 case, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, mileage, overtime expenses, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging.

---

[2] The Debtor will be filing a Motion for Administrative Order Under Sections 105(a) and 331 of the Bankruptcy

11. There is no agreement of any nature as to the sharing of any compensation to be paid to Adams and Reese, except between the attorneys of Adams and Reese. No promises have been received by Adams and Reese, nor any member or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

**SERVICES TO BE PROVIDED**

12. In connection with the captioned Chapter 11 case, the Debtor has requested authorization to retain Adams and Reese as attorneys for the Debtor. The professional services rendered by Adams and Reese will include, but are not limited to:

(a) Advising the Debtor with respect to their powers and duties as debtor-in-possession in the continued operation of its business and management of its property and affairs;

(b) Representing the Debtor on all legal matters which require the advice, counsel and assistance of an attorney at law in connection with the Debtor's bankruptcy proceedings;

(c) Assisting and preparing on behalf of the Debtor necessary applications, motions, answers, orders, reports, notices, pleadings and other legal documents, and reviewing all financial and other reports to be filed;

(d) Advising the Debtor regarding and preparing any necessary responses to applications, motions, notices, orders, and other legal documents, which may be filed by other parties;

(e) Assisting the Debtor in the preparation, filing and approval of a Disclosure Statement and preparation, filing and confirmation of a Plan of Reorganization and/or Liquidation;

(f) Appearing in Court to protect the interests of the Debtor;

(g) Representing and advising the Debtor in connection with the use of cash collateral and/or obtaining debtor-in-possession financing;

---

Code Establishing Procedures for Interim Compensation and Reimbursement of Expense for Professionals.

(h) Advising the Debtor concerning and assisting with the negotiation and documentation of debtor-in-possession financing agreements, cash collateral orders, and any related transactions or documents;

(i) Investigating the nature and validity of liens asserted against the Debtor's properties, and advising the Debtor regarding the enforceability of said liens;

(j) Investigating and advising the Debtor regarding, and taking such actions as may be necessary to collect the Debtor's income and assets in accordance with applicable law and to recover property for the benefit of the estate;

(k) Assisting the Debtor in the disposition of its assets, through this proceeding, which they no longer need in the operation of its business, if any;

(l) Advising and assisting the Debtor regarding executory contract and unexpired lease assumptions, assignments and/or rejections, restructuring and/or recharacterizations;

(m) Assisting the Debtor in reviewing, estimating and resolving claims asserted against the estate;

(n) Representing, advising, counseling and assisting the Debtor in all litigation, whether brought by the Debtor or against the Debtor;

(o) Performing all legal services for the Debtor which may be necessary and appropriate in this case.

### ADAMS AND REESE'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THE CHAPTER 11 CASE

13. Adams and Reese has identified the client connections disclosed below. The connections are categorized as follows: (i) Potential Parties in Interest, or affiliates thereof, for which Adams and Reese currently performs services ("Current Clients") and (ii) Potential Parties in Interest, or affiliates thereof, for which Adams and Reese has performed services and with respect to which Adams and Reese's engagement was formally closed ("Former Clients").

14. All client connections were diligently reviewed by an attorney working under my supervision. From such review, I determined that, with respect to each connection between

7

Adams and Reese and such parties, Adams and Reese does not hold or represent an interest that is adverse to the Debtor.

**CURRENT CLIENTS**

15. Adams and Reese has performed services to the Current Clients described below, or their affiliates, in matters unrelated to this case:

| Matched Entity | Relationship to Debtor | Relationship to A&R |
|---|---|---|
| Steve Miguez | An Affiliate | Current Client |
| Iberia Marine Service, LLC | Unsecured Creditor | Current Client (Obtained Waivers) |

16. Adams and Reese has not, does not, and will not represent any of the Current Clients or their respective affiliates or subsidiaries in the Debtor' chapter 11 case or in any other matters adverse to the Debtor during the pendency of this case.

**FORMER CLIENTS**

17. After diligent effort, Adams and Reese has determined that, at this time, the following Parties in Interest or their affiliates are Former Clients:

| Matched Entity | Relationship to Debtor | Relationship to A&R |
|---|---|---|
| N/A | N/A | N/A |

18. To the extent any Current Client becomes a Former Client during the pendency of the Debtor's chapter 11 case, Adams and Reese will make the appropriate supplemental disclosures to the Court.

19. Adams and Reese has not, does not, and will not represent any of the aforementioned entities or their respective affiliates or subsidiaries, except as specifically stated above, in matters related to the Debtor's chapter 11 cases.

8

20. Adams and Reese will supplement this Affidavit as additional information is provided by the Debtor with respect to any other parties in interest.

FURTHER, AFFIANT SAYETH NOT.

_____
SCOTT R. CHEATHAM

SWORN TO AND SUBSCRIBED
before me this 4TH day of October, 2018.

_____
NOTARY PUBLIC,
STATE OF LOUISIANA
Print Name: Graham Williams
Notary No.: 144116
Commission Expires: at death

**Graham H. Williams
Notary Public, ID No. 144116
Parish of Orleans
My Commission is for Life**