UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 18-51277 |
| | * | |
| MR. STEVEN, L.L.C. | * | CHAPTER 11 |
| | * | |
| DEBTOR | * | JUDGE JOHN W. KOLWE |

* * * * * * * *

**SBN V FNBC LLC'S MOTION FOR RULE 2004 EXAMINATION OF DEBTOR AND RELATED PARTIES AND INCORPORATED MEMORANDUM IN SUPPORT**

SBN V FNBC LLC ("SBN") respectfully moves this Court to order the examination of Mr. Steven, L.L.C. ("Debtor") as well as its principal Steve J. Miguez ("Mr. Miguez") and related entities Iberia Marine Service, L.L.C, Mr. Blake, L.L.C., Mr. Ridge, L.L.C., Lady Glenda, L.L.C., Mr. Mason, L.L.C., Mr. Row, L.L.C., Lady Brandi, L.L.C., Lady Eve, L.L.C, and Seatran Marine, LLC ("Related Parties") pursuant to Federal Rule of Bankruptcy Procedure 2004, and avers as follows:

1.

On October 3, 2018, Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2.

SBN wishes to examine the Debtor, Mr. Miguez and the Related Parties and obtain all records relating to the matters described in the attached Schedule A to this Motion. SBN seeks an order from this Court directing the Debtor, Mr. Miguez and the Related Parties to answer questions, and to produce documents, concerning the matters set forth on *Schedule A*.

3.

A motion for a Rule 2004 examination may be considered ex parte. *In re Hickman*, 151 B.R. 125 (Bankr. N. D. Ohio 1993); *see also* Local Rule 2004-1(1).

4.

Pursuant to Local Rule 2004-1, counsel for SBN has contacted counsel for the Debtor, Robin B. Cheatham ("Counsel"), who has agreed to make the Debtor available on the 19th day of November, 2018. Counsel also represents Mr. Miguez and the Related Parties.

5.

SBN respectfully requests that this Court order that the Debtor, Mr. Miguez and Related Parties be examined on the 19th day of November, 2018, 2018, at 9:00 a.m., and that the Debtor, Mr. Miguez and Related Parties produce the requested documents set forth on *Schedule A* by the 7th day of November, 2018.

**WHEREFORE**, SBN V FNBC LLC moves this Honorable Court to order that Debtor Mr. Steven, L.L.C., Steve J. Miguez, Iberia Marine Service, L.L.C, Mr. Blake, L.L.C., Mr. Ridge, L.L.C., Lady Glenda, L.L.C., Mr. Mason, L.L.C., Mr. Row, L.L.C., Lady Brandi, L.L.C., Lady Eve, L.L.C, and Seatran Marine, LLC be examined by SBN V FNBC LLC, through undersigned counsel, pursuant to Bankruptcy Rule 2004, on the 19th day of November, 2018, 2018, at 9:00 a.m., at the law offices of Robin B. Cheatham, Adams and Reese LLP, 701 Poydras Street, Suite 701, New Orleans, LA 70139, and that Debtor Mr. Steven, L.L.C., Steve J. Miguez, Iberia Marine Service, L.L.C, Mr. Blake, L.L.C., Mr. Ridge, L.L.C., Lady Glenda, L.L.C., Mr. Mason, L.L.C., Mr. Row, L.L.C., Lady Brandi, L.L.C., Lady Eve, L.L.C, and Seatran Marine, LLC produce any and all documents related to the matters set forth on the attached *Schedule A* by the 7th day of November, 2018, at the law offices of Carver Darden Koretzky Tessier Finn Blossman

& Areaux, LLC, Energy Centre, 1100 Poydras Street, Suite 3100, New Orleans, Louisiana 70163.

        Respectfully submitted,

        CARVER, DARDEN, KORETZKY, TESSIER
        FINN, BLOSSMAN & AREAUX, L.L.C.

        /s/ Peter J. Segrist
        DAVID F. WAGUESPACK (#21121)
        PETER J. SEGRIST (#35314)
        1100 Poydras Street, Suite 3100
        New Orleans, Louisiana 70163
        Telephone: (504) 585-3814
        Fax: (504) 585-3801

        Counsel for SBN V FNBC LLC

## **CERTIFICATE PURSUANT TO LOCAL RULE 2004-1**

        I hereby certify pursuant to Local Rule 2004-1 that counsel for the Debtor and counsel for SBN have conferred, and that all parties have agreed to the date, time and place for the examination. Counsel for the Debtor has reserved rights to object to the production of documents.

        /s/ Peter J. Segrist
        PETER J. SEGRIST (#35314)

# SCHEDULE A
# TO
# SBN V FNBC LLC'S MOTION FOR RULE 2004 EXAMINATION

**Definitions:**

1. "You," "Your," and "Yours" shall mean the natural or juridical Person to whom these Requests are addressed, including its principals, beneficiaries, trustees, agents, attorneys, subsidiaries, affiliates and anyone else who has acted, or is acting, on its behalf.

2. "Communication" or "Correspondence" shall mean any Document exchanged or given in any fashion by or between any Person(s), including, but not limited to, agents, attorneys, accountants, appraisers, consultants, bankers, secretaries, partners, fiduciaries, partnerships, corporations, associates, members, managers, trustees, or employees.

3. The terms "Document" and "Documents" include all written, printed, typed, recorded or graphic matter of every kind, source, authorship, and description, however produced or reproduced, both originals and copies and all attachments and appendices thereto in Your actual or constructive possession, custody, or control. Without limiting the foregoing, the terms "Document" and "Documents" also include all originals, copies, final versions, and drafts of all agreements, contracts, communications, correspondence, letters, e-mails, telegrams, telexes, facsimiles, facsimile confirmations, messages, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of Personal conversations, minutes, or summaries or other records of negotiations, other summaries, agendas, diaries, diary entries, calendars, logs, appointment books, time records, instructions, work assignments, forecasts, statistical data, statistical statements, financial statements, drawings, engineering data of all kinds, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, notes, notices, marginal notations, notebooks, records of obligations and expenditure lists, journals, recommendations, files, printouts, compilations, tabulations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, tape or disc recordings, sound recordings, video recordings, film tape, photographs, phone records, punch cards, programs, data compilation from which information can be obtained or translated into reasonably usable form, including matter used in data processing and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronic-stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made, electric or videotape recordings, any other evidence of oral or written communications, and any other tangible thing that constitutes or contains matters relevant to the subject matter in this action that are within Your possession, custody or control, or known by You to exist, irrespective of whether the Document is one intended for or transmitted internally by You, or intended for or transmitted to any other Person or entity. The terms "Document" and "Documents" include all copies of Documents by whatever means made, except that where a Document is identified or produced, identical copies thereof that do not contain any markings, additions, or deletions different from the original need not be separately identified or produced.

4. "Person," as used herein, means both the plural as well as the singular, and includes, without limitation, any individual, partnership, limited partnership, limited liability company, corporation, joint venture, association, trust, succession, or other entity, and further includes their respective attorneys, consultants, officers, directors, agents, members, managers or employees.

5. When referring to a Person, "Identify" means to give, to the extent known, the Person's full name, present or last known address, telephone number, and, when referring to a natural Person, the present or last known place of employment. Once a Person has been identified in compliance with this paragraph, only the name of that Person needs to be listed in response to later discovery requesting the identification of that Person. When referring to a Document, "Identify" means to give, to the extent known, the following information:

    (a) the type of Document;
    (b) the general subject matter of the Document;
    (c) the date of the Document;
    (d) the authors, addressees, and recipients of the Document;
    (e) the location of the Document;
    (f) the identity of the Person who has custody of the Document; and
    (g) whether the Document has been destroyed, and if so,
        i. the date of its destruction,
        ii. the reason for its destruction, and
        iii. the identity of the Person who destroyed it.

6. The term "Relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly and includes the verb "related."

7. The connectives "and/or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. The use of the singular form of any word includes the plural and vice versa.

9. As used herein, the phrase "possession, custody, or control" shall refer to Documents actually within Your possession, custody or control (including without limitation Documents within the possession, custody, or control of Your attorneys, accountants, agents or employees); Documents that You have a legal right to obtain; Documents that You have a legal right to copy or have access to; Documents that You have placed in the temporary custody, possession or control of any third-party and Documents that You have a right to access which is superior to that of any other natural or juridical Person.

10. The term "Describe" means:

    (a) When used in reference to an individual, shall mean to state his or her full name, present or last known residence, and business affiliation and business address;

(b) When used in reference to a corporation, shall mean to state its full name, its state of incorporation, and its principal place of business;

(c) When used in reference to a person other than an individual or corporation, shall mean to state its official name, its organizational form and its address;

(d) When used in reference to a document, shall mean to state the type of document, date, author, addressee, title, its present location, the name and address of its custodian, and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be furnished;

(e) When used in reference to an agreement or contract, shall mean to state the names of each party to the agreement or contract, the date on which it was entered into, the place it was confected, its term, and/or conditions, its present location, the name and address of its custodian, and the substance and contents thereof. If the agreement and contents have been amended or supplemented that fact must be stated and the foregoing information furnished on each such amendment or supplement. In lieu of identifying any such agreement or contract, copies thereof may be furnished; and

(f) When used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, the term shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto; when used in reference to any discussion, conversation, communication or statement, the term shall mean, in addition to the foregoing, to set forth the substance of the discussion, conversation, communication, or statement.

11. The term "Vessels" shall mean, collectively, the Mr. Steven, a marine vessel hailing out of New Iberia, Louisiana, as described in that certain Preferred Ship Mortgage dated September 28, 2015, executed by Mr. Steven, LLC; the Mr. Blake, a marine vessel hailing out of New Iberia, Louisiana, as described in that certain Preferred Ship Mortgage dated September 28, 2015, executed by Mr. Blake, LLC; the Mr. Ridge, a marine vessel hailing out of New Iberia, Louisiana, as described in that certain Preferred Ship Mortgage dated September 28, 2015, executed by Mr. Ridge, LLC; the Lady Glenda, a marine vessel hailing out of New Iberia, Louisiana, as described in that certain Preferred Ship Mortgage dated September 28, 2015, executed by Lady Glenda, LLC; the Mr. Mason, a marine vessel hailing out of New Iberia, Louisiana, as described in that certain Preferred Ship Mortgage dated September 28, 2015, executed by Mr. Mason, LLC; the Mr. Row, a marine vessel hailing out of New Iberia, Louisiana, as described in that certain Preferred Ship Mortgage dated September 28, 2015, executed by Mr. Row, LLC; and the Lady Brandi , a marine vessel hailing out of New Iberia, Louisiana, as described in that certain Preferred Ship Mortgage dated September 28, 2015, executed by Lady Brandi, LLC; and the Lady Eve, a marine vessel hailing out of New Iberia, Louisiana, as described in that certain Preferred Ship Mortgage dated September 28, 2015, executed by Lady Eve, LLC.

12. The term "Related Parties" shall mean Iberia Marine Service, L.L.C, Mr. Blake, L.L.C., Mr. Ridge, L.L.C., Lady Glenda, L.L.C., Mr. Mason, L.L.C., Mr. Row, L.L.C., Lady Brandi, L.L.C., Lady Eve, L.L.C, and Seatran Marine, LLC.

13. The term "Examinees" shall mean collectively the Debtor, the Related Parties and Mr. Miguez.

**Documents to be Produced**:

Please produce the following documents:

1. Any and all Documents evidencing or Relating to any transfers of assets by the Debtor since October 1, 2015;

2. Any and all appraisals, inspections, surveys, and/or other reports relating to the Vessels;

3. Any and all Documents evidencing transfer(s) of funds between or among the Examinees since October 1, 2015.

4. Any and all agreements, including without limitation charter agreements, broker agreements, servicing agreements, and management agreements, Relating in any way to any one or more of the Vessels;

5. Any and all state and/or federal tax returns filed by Debtor since January 1, 2014;

6. Any and all state and/or federal tax returns filed by any entity owned in whole or in part by Debtor since January 1, 2014;

7. Any and all agreements between and/or among the Examinees;

8. Any and all documents relating to any ownership interests of Debtor, whether direct or indirect, in any one or more of the Related Parties, including, without limitation, any and all agreements between Debtor and any other party relating to any such interests, the value of such interests, the transfers of such interests, amounts payable on account of such interests, amounts paid to Debtor on account of such interests, compensation arrangements involving Debtor and/or any entity owned in whole or in part by Debtor;

9. Any and all financial statements of the Debtor, including income statements, balance sheets, and statements of cash flows, for any portion of the period from January 1, 2014 to date; and

10. Any and all financial statements, including income statements, balance sheets, and statements of cash flows, of any corporation, limited liability company, partnership, joint venture, and/or other entity in which Debtor has any interest whatsoever covering any portion of the period from January 1, 2014 to date.

Please be prepared to testify as to the foregoing documents and matters contained therein.

4842-9428-9273, v. 1