| | |
|---|---|
| **From:** | Robin Cheatham |
| **Sent:** | Monday, October 29, 2018 1:16 PM |
| **To:** | 'David F. Waguespack' |
| **Cc:** | Peter J. Segrist |
| **Subject:** | RE: November 7 hearing |

David: May I suggest that I delete or redact everything except where we are talking about continuance. I think the Court should not be in receipt of that discussion prior to any motions or memorandum on those issues? I can redact an send you what it would look like? Thanks Robin.

---

**From:** David F. Waguespack [mailto:waguespack@carverdarden.com]
**Sent:** Monday, October 29, 2018 1:09 PM
**To:** Robin Cheatham
**Cc:** Peter J. Segrist
**Subject:** Re: November 7 hearing

Robin the part we still do not understand (after issuing prepetition notice letters and follow up letters and emails to you) is why/how the Debtor was not entitled to and is not receiving the revenue from its vessel. By stating that you are continuing the prepetition arrangement you are not answering this key question and it is very concerning to my client. Also I am not clear on why you have not been able to complete the conflict assessment by now. Can you attach our emails back and forth to your motion and advise the Court that "we have no objection to moving the hearing date to an earlier date or a date within a week of November 7th but are concerned about a longer continuance for the reasons stated in the attached emails." Feel free to call me if not ok with you. Good luck to your grandson. Thanks David

Sent from my iPhone

On Oct 29, 2018, at 12:43 PM, Robin Cheatham <Robin.Cheatham@arlaw.com> wrote:

> David: Thank you for your email response. I don't think someone else should be there as it involves me if a decision is made to continue. I would think Judge would want to see me. I asked the law clerk that today. As it stands right now he was not aware of a special setting available as Judge Kolwe is at NCBJ. I am open to after the 7th and can ask about that in any motion to continue. I am discussing the conflict issue internally with counsel for their advise including their reviewing the information you sent me on the 15th. I also do not want to let it linger but this issue popped up late Friday evening. As to your latest questions, we are preparing and filing a motion for turnover of funds. I am waiting on completion of a budget for discussion of those funds for inclusion in use of cash collateral and adequate protection. The charter continued post-petition as existed pre-petition. I think that is ordinary course and does not require court approval. I appreciate your willingness to accommodate me with a hearing date and my schedule. We have to leave on the 5th to be there so something after the 7th is what I am trying to achieve. With all that in mind what can, I represent to court on your position? Robin
>
> ---
>
> **From:** David F. Waguespack [mailto:waguespack@carverdarden.com]
> **Sent:** Monday, October 29, 2018 11:31 AM
> **To:** Robin Cheatham
> **Cc:** Peter J. Segrist
> **Subject:** Re: November 7 hearing
>
> Robin sorry to hear about this. Would the court have time before November 6th or 7th to hear this or some date in the next few days after November 7th? Given the circumstances I suspect the court will

1

Exhibit "1"

accommodate you? Is there someone else from your office who can handle the hearing? When we spoke a few weeks ago I understood that you were looking at the conflict issue and would make a decision soon. I don't think it is in the debtor's interest for this issue to linger any longer. We are particularly concerned because you have not responded to my latest questions about why the debtor and my client is not getting the money for the vessel and has not filed a motion with the court regarding the use of the vessel after the charter expired on October 15th. We will try to accommodate you with an earlier hearing date or one soon after. Also at this point I think you should know if you have a conflict or not. Have you made a decision on continuing? We think continuing the conflict issues could be detrimental to the debtor and would like to avoid that. Let me know on these items and let's see if we can work this out. Happy to discuss options. Call me on my cell 504.909.3814. David

Sent from my iPhone

On Oct 29, 2018, at 9:35 AM, Robin Cheatham <Robin.Cheatham@arlaw.com> wrote:

> David: Late Friday evening I received a phone call from my son in Houston informing me that my grandson is having surgery on his ears at Children's Hospital. It is scheduled for 11/6. He has asked us to be there. He also asked if we could take care of him the next day as both parents must be at work. I wanted to see what your position was on continuing the 11/7 hearing to allow me to be there. An alternative date for the hearing is 11/27. Please let me know. Thanks Robin
>
>
>
> Robin B. Cheatham
> Partner
> Adams and Reese LLP
> 4500 One Shell Square
> New Orleans, Louisiana 70139
> Main Telephone: (504) 581-3234
> Direct Telephone: (504) 585-0411
> Facsimile: (504) 566-0210
> E-Facsimile: (504) 584-9504
> robin.cheatham@arlaw.com



**Robin Cheatham**
Partner
ADAMS AND REESE LLP

701 Poydras Street, Suite 4500 | New Orleans, LA 70139
**main** 504.581.3234 | **direct** 504.585.0411 | **mobile** 504.621.4047
**efax** 504.584.9505 | **fax** 504.566.0210

**robin.cheatham@arlaw.com**

website bio vCard map