UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-51277 |
| | ) | |
| MR. STEVEN, L.L.C. | ) | CHAPTER 11 |
| | ) | |
| DEBTOR | ) | JUDGE JOHN W. KOLWE |
| | ) | |

**MR. STEVEN, LLC'S LIMITED OPPOSITION AND MEMORANDUM IN SUPPORT THEREOF TO SBN V FNBC LLC'S MOTION FOR RULE 2004 EXAMINATION OF <u>DEBTOR AND RELATED PARTIES</u>**

Debtor, Mr. Steven, L.L.C., respectfully submits this limited opposition and memorandum in support to the *Motion for Rule 2004 Examination,* filed by SBN V FNBC LLC ("SBN"), because the examination would reveal confidential business information, whose secrecy is integral to Debtor's ability to operate competitively. SBN and the public at large should not have unrestricted access to Debtor's confidential business information, and the release of that information would result in substantial prejudice to Debtor.

**I.   SBN's categories of "Documents to be Produced" include Debtor's proprietary information.**

Debtor takes issue with three particular categories of documents requested by SBN that would necessarily reveal Debtor's confidential business information:

4.   Any and all agreements, including without limitation charter agreements, broker agreements, servicing agreements, and management agreements, [r]elating in any way to any one or more of the Vessels.

8.   Any and all documents relating to any ownership interests of Debtor, whether direct or indirect, in any one or more of the Related Parties, including, without limitation, any and all agreements between Debtor and any other party relating to any such interests, the value of such interests, amounts payable on account of such interests, amounts paid to Debtor on

> account of such interests, compensation arrangements involving Debtor and/or any entity owned in whole or in part by Debtor.

10. Any and all financial statements, including income statements, balance sheets, and statements of cash flows, of any corporation, limited liability company, partnership, joint venture, and/or other entity in which Debtor has any interest whatsoever covering any portion of the period from January 1, 2014 to date.

Debtor's rates for its charter, broker, servicing, and management agreements are the basis of its competitive edge. Those rates are closely-guarded business secrets. Furthermore, any agreements Debtor may have with an entity in which it has an ownership interest would be similarly proprietary. And finally, Debtor's financial statements, which reflect its charter rates, cost basis, and other practices would present a competitor with a complete picture of how Debtor conducts its ship-leasing operations. In a highly competitive leasing market, the information requested by SBN is the lifeblood of a ship-leasing company. Debtor must not be required to produce that information without adequate protection.

**II.    The Court can and should protect Debtor's confidential business information.**

"Rule 2004 affords both debtors and creditors the broad rights of examination of a third-party's records. Nevertheless, its scope is not limitless."[1] "The examination of an entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."[2] "Rule 2004 by its terms gives the Court discretion to limit examination as justice requires . . . . Courts have used this permissive conditional

---

[1] *In re Cousins Barricades & Metal Prods.*, CIVIL ACTION NO. 99-2035 SECTION "N", 2000 U.S. Dist. LEXIS 2591, at *8 (E.D. La. Mar. 2, 2000) (internal citations omitted) (*citing Snyder v. Society Bank*, 181 B.R. 40, 41 (S.D. Tex.), *aff'd* 52 F.3d 1067 (5th Cir. 1995)).
[2] *Id.*

2

language…to restrict discovery that appears unduly intrusive or burdensome."[3] Courts are also empowered to restrict Rule 2004 examinations pursuant to Federal Rule of Bankruptcy 9018:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information...[4]

Courts have recognized that this power can be used to restrict discovery and protect a company's confidential business information. A court may grant relief if the examination would require "the disclosure of a trade secret or other confidential information."[5]

Rule 9018 is the procedural manifestation of 11 U.S.C. § 107(b), which dictates that "[o]n request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may protect an entity with respect to a trade secret or confidential research, development, or commercial information."[6] The United States Court of Appeals for the Second Circuit has recently explained that "if the information fits any of the specified categories, the court is *required* to protect a requesting interested party and has no discretion to deny the application."[7] If the information is "confidential commercial information," then "the Code mandates that a bankruptcy court grant the requested relief."[8]

The Rule 2004 examination requested by SNB presents a scenario ripe for Rule 9018 limitation. Some of the documents requested by SNB contain confidential commercial information. Rule 9018 specifically empowers the Court to issue orders protecting such information.

---

[3] *In re Spoto,* No. 14-21357, 2015 Bankr. LEXIS 1711, at *8-9 (Bankr. W.D.N.Y. May 21, 2015) (*quoting In re Roman Catholic Church of the Diocese of Gallup*, 513 B.R. 761, 764 (Bankr. D.N.M. 2014)).
[4] USCS Bankruptcy R 9018
[5] *In re Merrill,* No. 09-54616-C, 2010 Bankr. LEXIS 770, at *3-4 (Bankr. W.D. Tex. Mar. 15, 2010)
[6] 11 U.S.C. § 107 (emphasis supplied).
[7] *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)
[8] *Togut v. Deutsche Bank AG (In re Anthracite Capital, Inc.)*, 492 B.R. 162, 177-78 (Bankr. S.D.N.Y. 2013)

### III. Some of the documents requested by SNB contain confidential commercial information.

Information involving Debtor's third-party agreements constitutes confidential commercial information. Commercial information is "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'"[9] The statutory protection of commercial information is intended to "protect[] parties from the release of information that could cause them harm or give competitors an unfair advantage."[10] Information should be sealed if it "is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors."[11] For example, in the case of retailers, the United States District Court for the Southern District of New York has noted that "pricing formulae, short and long term marketing strategies and the terms of agreements with suppliers" could constitute confidential commercial information in need of protection.[12]

In the ship-leasing industry, information regarding leasing rates and expenses is the type of information that "is so critical…that its disclosure will unfairly benefit…competitors." Competitors in this industry differentiate based on day and hourly rates; that information, if improperly made available to Debtor's competitors, would necessarily provide them with an unfair competitive advantage.

### IV. The Court should follow the example set by courts faced with similar factual scenarios.

Courts faced with similar circumstances have issued appropriate protective orders. For example, the United States District Court for the Southern District of New York entered a

---

[9] *Togut v. Deutsche Bank AG (In re Anthracite Capital, Inc.),* 492 B.R. 162, 178 (Bankr. S.D.N.Y. 2013) (*quoting Gowan v. Westford Asset Mgmt LLC (In re Dreier, LLP)*, 485 B.R. 821, 822-23 (Bankr. S.D.N.Y. 2013)).
[10] *Id.*
[11] *Id* (quoting *In re Barney's, Inc.*, 201 B.R. 703, 709 (Bankr. S.D.N.Y. 1996)).
[12] *In re BARNEY'S, INC.,* 201 B.R. 703, 709 (Bankr. S.D.N.Y. 1996)

4

protective order pursuant to Rule 9018 in order to protect confidential business information that would be revealed during a Rule 2004 examination.[13] The protective order dictated that the documents produced "shall be kept confidential by the undersigned parties and may be used only in these reorganization cases."[14] It further provided that such documents be destroyed upon the conclusion of the litigation.[15]

Similarly, the United States District Court for the Eastern District of Louisiana recently took several steps to protect confidential information that would be revealed during the course of a Rule 2004 examination. The court modified the examination order to exclude competitors from the exam and it directed the parties to submit a protective order, governing the documents.[16] In so ordering, the court noted that "[t]he drafters of the Bankruptcy Rules recognized that a party's secret or confidential information might be exposed as a result of bankruptcy proceedings and therefore included Rule 9018."[17]

In the case at hand, Debtor's confidential business information should not be the subject of public scrutiny. Before ordering that Debtor be subjected to this Rule 2004 examination, the Court should enter appropriate orders protecting the Debtor's confidential information.

V.  **Conclusion**

Debtor opposes the motion for Rule 2004 examination only to the extent that it would leave Debtor's confidential business information available to prying eyes and competitors. The court should employ its Rule 9018 powers as they were designed to be used and issue an order protecting Debtor's confidential business information.

---

[13] *In re Ionosphere Clubs*, 156 B.R. 414, 422 (S.D.N.Y. 1993)
[14] *Id.*
[15] *Id.*
[16] *In re Cousins Barricades & Metal Prods.*, CIVIL ACTION NO. 99-2035 SECTION "N", 2000 U.S. Dist. LEXIS 2591, at *8 (E.D. La. Mar. 2, 2000)
[17] *Id.*

Respectfully submitted:

**ADAMS AND REESE LLP**

*/s/ Robin B. Cheatham*
ROBIN B. CHEATHAM (#4004)
GRAHAM H. WILLIAMS (#36731)
4500 One Shell Square
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
E-Mail: Robin.Cheatham@arlaw.com
E-Mail: graham.williams@arlaw.com
***Proposed Attorneys for Debtor, Mr. Steven, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's electronic system.

*/s/ Robin B. Cheatham*
Robin B. Cheatham