UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE- OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-51277 |
| | § | |
| MR. STEVEN, L.L.C. | § | CHAPTER 11 |
| | § | |
| | § | JUDGE JOHN W. KOLWE |

## MOTION TO DETERMINE PROPERTY OF THE ESTATE AND FOR TURNOVER OF PROPERTY

NOW INTO COURT, through undersigned counsel comes Mr. Steven, L.L.C. ("Mr. Steven or "Debtor"), who, files this Motion to Determine Property of the Estate and for Turnover of Property ("Motion") and in support thereof would respectfully show the Court as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this proceeding is provided pursuant to 28 U.S.C. §1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### CORE PROCEEDING

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

### PROCEDURE

3. Procedurally, this matter is governed by 11 U.S.C. §§ 541, 543, Federal Rules of Bankruptcy Procedure, 6002, 6004, 9014, LBR 9013-1 and 9013-2.

### FACTUAL BACKGROUND

4. On October 3, 2018, the Debtor filed its petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

5. The Debtor continues to operate its business as a debtor-in-possession pursuant to 11 U.S.C. §1108.

1

6. The Debtor is a limited liability company organized under the laws of the state of Louisiana.

7. Prior to filing its voluntary petition, the Debtor was under a bareboat charter with Guice Offshore, LLC ("Guice Offshore") beginning October 15, 2017.

8. On April 2, 2018, former counsel for SBN V FNBC LLC issued a notice of Direct Collection of Accounts Receivable seeking to direct collection of payments under the Guice Offshore charter.

9. On April 9, 2018, proposed counsel for the Debtor issued correspondence to then former counsel for SBN V FNBC LLC with a copy to Guice Offshore counsel, requesting documentation of the assignment claimed and his then understanding regarding last conversations with then counsel for SBN V FNBC LLC as to what was to proceed with regard to the then immediate next steps.

10. As a result of the receipt of the aforementioned correspondence, counsel for Guice Offshore notified counsel for SBN V FNBC LLC and proposed counsel for the Debtor that payments under the charter would continue to be made but payments would be remitted to the trust account of Rushing & Guice, P.L.L.C.

11. Upon information and belief, the amount presently in the Rushing & Guice, P.L.L.C. trust account is $702,709.00.

12. Counsel for SBN V FNBC LLC issued correspondence to proposed counsel for the Debtor formally demanding that the Debtor demand, and take all necessary recourse to obtain the funds and to ensure that the funds are paid to SBN V FNBC LLC as its collateral.

13. Some or all of these funds are property of the estate pursuant to 11 U.S.C. §541 and some or all of these funds are also cash collateral which may not be used absent an agreement or court order pursuant to 11 U.S.C. 363 (c)(2).

## LAW AND ARGUMENT

14. Federal bankruptcy law determines the extent of a debtor's bankruptcy estate.[1] Such an estate comprises all "legal or equitable interests [of the debtor] in property as of the commencement of the [bankruptcy] case."[2] A debtor's pre-petition rights in property are determined according to state law.[3]

15. Guice Offshore holds the funds in the trust account of Rushing & Guice, P.L.L.C. as a custodian pursuant to the notice referred to hereinabove.

16. The Debtor maintains an interest in those funds pursuant to 11 U.S.C. §541 subject to the SBN V FNBC LLC asserted claims thereon.

17. Debtor contemplates use of some or all of those funds in the administration of the reorganization subject to compliance with 11 U.S.C. §§ 361, 362 and/or 363.

18. That as a result of same, Debtor seeks a turnover of the funds in the Rushing & Guice, P.L.L.C. trust account and to provide an accounting of same to be deposited in the registry of the Court prior to any determination of whether all or some portion thereof constitutes property of the estate pending further orders of the Court.

19. That Guice Offshore be also directed to remit any and all future charter payments pending further order of the Court.

---

[1] *Stanley v. Trinchard*, 500 F.3d 411, 418 (5th Cir. 2007) citing *In re Segerstrom,* 247 F.3d 218, 223 (5th Cir. 2001) (citing *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 204-05, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983)).

[2] *Id.* (citing 11 U.S.C. § 541(a)(1) and *La. World Exposition v. Fed. Ins. Co.,* 858 F.2d 233, 245 (5th Cir. 1988)).

[3] *Stanley v. Trinchard*, 500 F.3d at 418 citing *In re Segerstrom,* 247 F.3d at 224.

WHEREFORE, Mr. Steven, L.L.C. requests that this Honorable Court issue an Order determining that some or all of the funds described, *supra* is property of the Debtor's estate; that Guice Offshore, LLC turnover the funds on deposit in the Rushing & Guice, P.L.L.C. trust account that same be deposited into the registry of the Court prior to any determination of whether all or some portion thereof constitutes property of the estate as some or all of same may constitute cash collateral requiring compliance with 11 U.S.C. §§361, 362 and/or 363; that the Court order that Guice Offshore, LLC be ordered that any and all payments arising in the future under the charter be deposited into the registry of the Court pending further order of the Court and for such other and further relief to which it may be entitled in law or equity.

        Respectfully submitted,

        **ADAMS AND REESE LLP**

BY: *Robin B. Cheatham*
     Robin B. Cheatham (#4004)
     701 Poydras Street, Suite 4500
     New Orleans, Louisiana 70139
     Phone: (504) 581-3234
     Fax: (504 566-0210
     ***Proposed Attorneys for Mr. Steven, L.L.C.***

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion to Determine Property of the Estate and for Turnover of Property has been served upon all parties listed below via the court's CM/ECF electronic filing system and/or and on the attached mailing matrix by placing same in the United States mail, first class postage prepaid and properly addressed, this 31st day of October, 2018.

- Robin B. Cheatham    cheathamrb@arlaw.com, vicki.owens@arlaw.com
- Gail Bowen McCulloch    gail.mcculloch@usdoj.gov
- Peter James Segrist    segrist@carverdarden.com, clary@carverdarden.com
- Office of U. S. Trustee    USTPRegion05.SH.ECF@usdoj.gov
- David F. Waguespack    waguespack@carverdarden.com, plaisance@carverdarden.com
- Randall Scott Wells    swells@rushing-guice.com

*/s/Robin B. Cheatham*
ROBIN B. CHEATHAM

Label Matrix for local noticing
0536-4
Case 18-51277
Western District of Louisiana
Lafayette
Wed Oct 31 10:03:21 CDT 2018

Mr. Steven, L.L.C.
107 Hwy 90 West
New Iberia, LA 70560-9485

U. S. Bankruptcy Court
214 Jefferson Street, Suite 100
Lafayette, LA 70501-7050

Iberia Crewboat & Marine
Services, L.L.C.
C/o Mr. Steve Miguez
107 Hwy 90 West
New Iberia, LA 70560-9485

Iberia Marine Service, LLC
107 Hwy 90 West
New Iberia, LA 70560-9485

SBN V FNBC LLC
c/o The Corporation Trust Co.
Corporation Trust Center
1209 Organge St.
Wilmington, DE 19801-1196

SBN V FNBC, LLC
1700 Lincoln Street, Suite 2150
Denver, CO 80203-4500

Sheriff, Iberia Parish
300 Iberia St.
Suite 120
New Iberia LA 70560-4543

Thomas E. Shuck
Parker, Milliken, Clark, O'Hara
& Samuelian
555 S. Flower St., 30th Floor
Los Angeles, CA 90071-2440

Office of U. S. Trustee
300 Fannin St., Suite 3196
Shreveport, LA 71101-3122