UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 18-51277 |
| | * | |
| MR. STEVEN, L.L.C. | * | CHAPTER 11 |
| | * | |
| DEBTOR | * | JUDGE JOHN W. KOLWE |

* * * * * * * *

## SUPPLEMENTAL OBJECTION TO EMPLOYMENT OF ADAMS AND REESE LLP

SBN V FNBC LLC ("SBN"), the secured creditor in this case, hereby submits this *Supplemental Objection* to the *Application of Debtor for Entry of an Order Authorizing the Employment and Retention of Robin B. Cheatham and the Law Firm of Adams and Reese LLP as Debtor's Counsel on an Interim Basis and Setting Final Hearing* ("Application") [Docs. 13, 18] as follows:

1. On October 4, 2018, Mr. Steven, L.L.C. ("Debtor") filed the Application[1] seeking to employ Robin B. Cheatham and the Law Firm of Adams and Reese LLP ("Proposed Counsel") as Debtor's counsel.

2. On October 5, 2018, SBN filed an *Objection to the Interim Employment of Adams and Reese, LLP* [Doc. 16] (the "Objection"), advising the Court of the factual background and bases for SBN's Objection to the appointment of Proposed Counsel, and further advising the Court that SBN would supplement this Objection with applicable law prior to any hearing on the Application. SBN hereby adopts and incorporates by reference its previously filed Objection in its entirety.

3. The hearing on the Application is currently set for November 7, 2018 pursuant to a Notice of Hearing [Doc. 19] filed by Proposed Counsel on October 4, 2018.

---

[1] The Application was originally filed on October 4, 2018 at Doc. 13, and re-filed at Doc. 18 on October 5, 2018.

4. On October 29, 2018, twenty-five days after noticing Proposed Counsel's Application for hearing, Proposed Counsel filed a Motion to Continue the Hearing [Doc. 27], which motion has not yet been ruled upon.

5. Steve Miguez ("Mr. Miguez") is Debtor's principal and guarantor of Debtor's indebtedness to SBN.

6. As set forth in SBN's previously filed Objection, Proposed Counsel represented Mr. Miguez prior to the filing of Debtor's bankruptcy petition.

7. Indeed, Proposed Counsel is still representing Mr. Miguez in ongoing state court litigation between SBN and Mr. Miguez for the amounts due on Mr. Miguez's guaranty of the Debtor's debt.

8. Proposed Counsel also represents various debtor-related entities, which entities are not in bankruptcy and are operated and/or controlled by Mr. Miguez ("Debtor's Related Entities"). *See generally* Objection, at ¶ 3; *see also* Ltr. from Proposed Counsel to prior counsel for SBN, Apr. 9, 2018, attached as Exhibit B [Doc. 16-2] to SBN's Objection (stating "We represent the interests of Mr. Steve Miguez and various other entities in connection with the obligations acquired by SBN").

9. Like Mr. Miguez, some or all of Debtor's Related Entities are solidarily liable for the full amount of Debtor's indebtedness to SBN under that certain promissory note dated September 28, 2015 in the original principal amount of $22,500,000 by Iberia Marine Service, LLC, Mr. Blake, LLC, Mr. Ridge, LLC, Lady Glenda LLC, Mr. Mason, LLC, Mr. Row, LLC, Lady Brandi, LLC, Lady Even, LLC and Mr. Steven, LLC, a copy of which note was previously filed into the record as Exhibit G to SBN's Objection.

10. Proposed Counsel has already taken positions on behalf of Debtor's Related Entities directly adverse to the interests of the Debtor; Proposed Counsel's conflict is thus actual and ongoing, not merely theoretical. *See generally* Objection, at ¶¶ 2-7.

11. Under these circumstances, pursuant to the law of both the Fifth Circuit and elsewhere, as described herein, Proposed Counsel may not permissibly represent Debtor in these proceedings under Bankruptcy Code § 327.

12. Section 327 provides that the estate may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons."

13. An attorney is not disinterested if he possesses a materially adverse interest to the estate. *See* 11 U.S.C. § 101(14)(c) (a "disinterested person" does not "have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.").

14. As a preliminary matter, the dual representation of a debtor and its principal is disfavored in the law. *See In re Straughn*, 428 B.R. 618, 623-24 (Bankr. W.D. Pa. 2010) (citing *In re Cunzolo,* 423 B.R. 735, 737 (Bankr.W.D. Pa. 2010) (*citing In re BH & P, Inc.,* 949 F.2d 1300 (3d Cir. 1991); *In re Bohack Corp.,* 607 F.2d 258 (2d Cir. 1979); *In re Frascella Enters., Inc.,* 2006 WL 1530256 (Bankr. E.D. Pa. April 12, 2006)) ("[A]s a general proposition, 'the dual representation of a closely held corporation and its principal has been disfavored by various bankruptcy courts.").

15. Moreover, in *In re Humble Place Joint Venture*, 936 F.2d 814 (5th Cir. 1991), the Fifth Circuit held that dual representation of a debtor and its guarantor was improper under § 327. There, the Fifth Circuit affirmed the bankruptcy court and the district court's rulings requiring counsel to

disgorge previously paid retainers based upon counsel's impermissible contemporaneous representation of both a debtor and debtor's principals, who were also guarantors of the debtor's indebtedness. *Id.* at 816, 819. The court held that this constituted a "classic case for disqualification of a debtor's counsel." *Id.* at 819. The court further stated:

> Although the Code does not prevent counsel from representing a debtor solely because counsel may represent a creditor of the debtor, 11 U.S.C. § 327(c), here, the counsel's loyalty to reorganizing the debtor's estate would be tested at every turn by the very real, continuing interest of his client Conner [the guarantor] in avoiding exposure on a guarantee.

*Id.*

16. Similarly, in *In re Ridgeway*, 16-10643, 2018 WL 1116531 (Bankr. E.D. La. Feb. 27, 2018), Adams and Reese, LLP, Proposed Counsel herein, argued that it should be permitted to simultaneously represent the debtor and a nondebtor entity that was obligated on the same indebtedness, and the Court soundly rejected Proposed Counsel's arguments in this regard. *Id.* at *3. The Court further found that the nondebtor, as a pre-bankruptcy guarantor of the debtor's indebtedness, was a surety and thus a "creditor and 'party in interest' in the debtor's case." *Id.* at *6.[2]

17. "The resulting conflict for an attorney representing both a corporation and a majority shareholder, who controls the corporation, is the risk that the shareholder in control will instruct counsel in ways that favor [his] interest as guarantor at the expense of her fiduciary duty to the corporation." *Straughn*, 428 B.R. at 626 (citing *In re Plaza Hotel Corp.,* 111 B.R. 882, 890 (Bankr.E.D.Cal.1990) (interests of owner guarantors and interests of debtor corporation are not identical and there is a persistent risk for an attorney who represents both a corporation and the

---

[2] *See also Ridgeway*, 2018 WL 1116531, at *7 (noting that Proposed Counsel "is not a novice to these issues: it has suffered judicial reproach and reduction in compensation in at least one other case" for a failure of disclosure in connection with an application under § 327) (citing *In re Am. Intern. Refinery, Inc.*, 676 F.3d 455, 465-66 (5th Cir. 2012)).

individuals who control it that the attorney will be instructed to act in ways that favor their interests *qua* guarantors at the expense of their interests *qua* owners). *In re Angelika Films 57th, Inc.,* 246 B.R. 176, 180 (S.D.N.Y.2000) (commenting on the difficulties inherent in a situation where the principal of a debtor and the debtor are represented by the same counsel) (additional citations omitted).

18. Proposed Counsel's Application states that "Adams and Reese does not hold *or represent* an interest adverse to the Debtor or its estate[.]" Application [Doc. 18], at ¶ 12 (emphasis added). This is demonstrably incorrect.

   a. Proposed Counsel represents Mr. Miguez, who is a pre-bankruptcy guarantor of the Debtor's indebtedness, and thus a creditor of the estate and party in interest within the meaning of the Bankruptcy Code.

   b. Proposed Counsel represents Debtor's Related Entities, who are solidary obligors of Debtor's indebtedness to SBN, and thus creditors of the estate and parties in interest within the meaning of the Bankruptcy Code.

   c. Under *Ridgeway* and *Humble*, the Application must be denied as a matter of law.

19. Moreover, "[c]onsent by a Chapter 11 debtor to waive conflicts is insufficient to cure any actual or potential conflicts because the ultimate parties in interest are the bankruptcy estate's creditors." *Straughn*, 428 B.R. at 627 (citation omitted).

20. Thus, it is likewise irrelevant whether Debtor, Mr. Miguez, and/or any of the related entities have agreed to waive any conflicts of interest.

21. In addition to the incurable conflicts created by Proposed Counsel's multi-faceted representation of Debtor, Debtor's principal, Mr. Miguez, and Debtor's related entities, all of

5

whom are liable for the same indebtedness, the Application must also be denied due to Proposed Counsel's representation of SBN itself.

22. Proposed Counsel represents SBN in matters currently pending in Georgia, and represents SBN affiliates in three other matters.

23. SBN has not waived the conflict arising from Proposed Counsel's representation of SBN. *See* LA. R. PROF'L CONDUCT 1.7(a)(2); *see also* LA. R. PROF'L CONDUCT 1.8(b) ("A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.").

24. Having represented SBN in multiple other matters, Proposed Counsel possesses privileged and confidential information regarding SBN's operations, and permitting Proposed Counsel to persist in its representation of Debtor adverse to SBN would be extremely prejudicial to SBN.

25. The facts at issue herein are similar to those before the Court in *In re Briarwood Capital, LLC*, No. 10-2677, 2010 WL 2884944 (Bankr. S.D. Cal. 2010). There, the debtor applied to employ counsel (the "Firm") for Briarwood Capital, LLC ("Briarwood") as debtor-in possession. *Id.* at *1. The managing member and sole interest holder of Briarwood (the "Principal") simultaneously sought to employ the Firm, as did Colony Properties International, LLC (the "Related Entity"). *Id.* The Briarwood Principal was also a guarantor of the Briarwood's indebtedness. *Id.*

26. The U.S. Trustee in *Briarwood* objected to the Firm's appointment, "arguing that because there are multiple debts, guarantees, and potentially preferential payments between [Briarwood, the Principal, and the Related Entity], the Firm cannot represent one without having at least a potential conflict with the others." *Id.*

27. Similar to SBN in this case, a creditor (the "Creditor") also objected on the grounds that the Firm had previously represented the Creditor in earlier proceedings. *Id.*

28. In response to the objections, the Firm argued that the interrelated claims, debts and litigation made co-representation "sensible, economic, and more affordable[.]" *Id.*

29. The *Briarwood* court flatly rejected the Firm's arguments, pointing out that "many decisions the respective debtors-in-possession have to make include whether to settle, whether to pursue specific litigation, how to ensure the primary obligor satisfies the debt and spares a guarantor, or vice versa." *Id.* at *2. As a result, the Court found that these "issues [were] current actual conflicts[.]"

30. The *Briarwood* court continued: "As good a firm as [the Firm] is, and as skilled as [they] are, they cannot take on representation of multiple debtors-in-possession with the competing and conflicting interests of [Briarwood, the Principal, and the Related Entity] and still meet the requirements of 11 U.S.C. 327(a)." *Id.* at *3.

31. The *Briarwood* court ultimately denied the Firm's application for employment, holding that the Firm was ineligible to represent the estates of the Briarwood, the Principal and the Related Entity, or any two of them, reserving its ruling on the Creditor's separate objection predicated upon the Firm's prior representation of the Creditor. *Id.* at *3.

32. As in *Briarwood*, Proposed Counsel seeks to simultaneously represent a debtor, the debtor's principal/guarantor, and numerous other entities, all of which are co-obligors on the same indebtedness to SBN.

33. Without in any way assailing the ethics or professionalism of Proposed Counsel, it is simply not possible that Proposed Counsel, or anyone else, could fulfill its duties to Debtor and

7

18-51277 - #31  File 10/31/18  Enter 10/31/18 18:23:24  Main Document  Pg 7 of 10

the estate's creditors while simultaneously fulfilling its ethical duties to Mr. Miguez and the Related Entities.

34. Additionally, paragraph 6 of the Affidavit filed with the Application discloses that Mr. Miguez and various Related Entities "have guaranteed full and prompt payment of any and all fees and costs incurred in connection with Adams and Reese LLP's representation of the Debtor in its bankruptcy proceedings and all matters related thereto, to the extent that such fees are not paid when due by the Debtor." The Application does not, however, cite any authority that would support a nondebtor related entity or person guarantying payment of a bankrupt debtor's fees.

35. Such an arrangement itself creates a conflict. As the court correctly stated in *In re Metropolitan Environmental, Inc.*, 293 B.R. 871, 883 (Bankr. N.D. Ohio):

> An attorney who represents a debtor owes allegiance to the debtor, and not to its stockholders, officers or directors. *Hansen, Jones & Leta, P.C. v. Segal,* 220 B.R. 434, 469 (D.Utah 1998). However, given human nature, it is also clear that an attorney's loyalty to her client may be strained if the attorney's fees do not come from the client, but instead come from a third-party. As explained by the court in *In re Hathaway Ranch Partnership:*
>
>> Third parties do not transfer property or funds to an attorney to represent a debtor in possession unless that representation is in the best interest of the third party. It is often the case that the interests of the third party are not identical to the interests of the debtor in possession in its role as fiduciary of the bankruptcy estate. ***Thus by accepting payment from a third party, the proposed counsel for the debtor in possession necessarily has a conflict of interest in that counsel is serving two masters—the one who paid counsel and the one counsel is paid to represent***.
>
> 116 B.R. 208, 219 (Bankr.C.D.Cal.1990). Thus, it follows that when the insider(s) of any debtor-corporation guaranties the fees and expenses of the debtor-corporation's legal counsel, a significant potential exists in which counsel would be unable to represent the debtor-corporation pursuant to the "disinterestedness" and "adverse interest" standard of § 327(a).

293 B.R. at 883 (emphasis added). *See also Ridgeway*, 2018 WL 1116531 at *6 (finding that pre-bankruptcy guarantor of debtor's fees rendered guarantor a surety, and thus a creditor and a party in interest in the debtor's case).

8

18-51277 - #31  File 10/31/18  Enter 10/31/18 18:23:24  Main Document  Pg 8 of 10

36. These are the same parties against whom the Debtor may be called to investigate or bring avoidance actions and claims. Likewise, paragraph 18 of the Application indicates that Mr. Miguez made the payment of Debtor's retainer by routing such amount through his entities as a capital contribution. The guaranty of Debtor's attorneys' fees by nondebtor entities only compounds the already incurable and unwaivable conflicts created by Proposed Counsel's proposed representation of Debtor.

37. SBN respectfully requests that the Application be denied.

        Respectfully submitted,

        CARVER, DARDEN, KORETZKY, TESSIER
        FINN, BLOSSMAN & AREAUX, L.L.C.

        /s/ Peter J. Segrist
        DAVID F. WAGUESPACK (#21121)
        PETER J. SEGRIST (#35314)
        1100 Poydras Street, Suite 3100
        New Orleans, Louisiana 70163
        Telephone: (504) 585-3814
        Fax: (504) 585-3801

        *Counsel for SBN V FNBC LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Supplemental Objection to Employment Application of Adams and Reese, LLP* has been duly served upon those parties receiving electronic notification via the Court's CM/ECF System on this 31st day of October, 2018.

        /s/ Peter J. Segrist
        PETER J. SEGRIST

4835-6431-9609, v. 1