UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 18-51277 |
| | * | |
| MR. STEVEN, L.L.C. | * | CHAPTER 11 |
| | * | |
| DEBTOR | * | JUDGE JOHN W. KOLWE |
| | * | |

* * * * * * * * * * * * * * * * * *

**SBN V FNBC LLC'S OMNIBUS MEMORANDUM IN OPPOSITION TO (1) STEVEN J. MIGUEZ AND SEATRAN MARINE, LLC'S MOTION TO CONTINUE HEARING DATE AND ASSOCIATED DEADLINES AND (2) EX PARTE/CONSENT MOTION TO CONTINUE HEARING DATE AND ASSOCIATED DEADLINES**

SBN V FNBC LLC ("SBN"), the secured creditor in this case, hereby submits this *Omnibus Memorandum in Opposition to (1) Steven J. Miguez and Seatran Marine, LLC's Motion to Continue Hearing Date and Associated Deadlines* [Doc. 49]*, and (2) Ex Parte/Consent Motion to Continue Hearing Date and Associated Deadlines* [Doc. 48] (collectively "Motions to Continue) and represents as follows:

### Introduction

This case was filed on October 3, 2018. As reflected by the Schedules, the Debtor owns a single vessel, the M/V Stevens, and has a single noninsider creditor, SBN. The Debtor has not posted a single payment on its indebtedness to SBN since July 31, 2017. The Debtor filed bankruptcy to stop the seizure and sale of the M/V Mr. Stevens. According to its schedules, the Debtor transferred $2,772,100.54 to its affiliate Iberia Marine Service, LLC on the day it filed bankruptcy, October 3, 2018 and on September 7, 2018.

Both before filing bankruptcy and after filing bankruptcy, the Debtor has refused to explain the relationships between the Debtor and Guice Offshore, LLC ("Guice"), the charter party of the M/V Stevens. In response to a subpoena issued prior to the Debtor's bankruptcy filing, Guice

produced a charter agreement for the Mr. Stevens which expired on October 15, 2018. Upon information and belief, Guice is continuing to use the Mr. Stevens but SBN has no information as to the basis for the continued use as no motion has been filed in the record of the case. Despite many requests, the Debtor is unwilling to answer the most basic questions about why it is not receiving the revenue from its sole asset. SBN is not able to obtain information about its collateral to which it is clearly entitled. SBN's interests in its collateral are not being adequately protected.

Debtor's retention of conflicted counsel and opposition to Rule 2004 discovery has served to delay this case. However, these actions are only the latest in a series of dilatory tactics that have been taken by the Debtor, its principal Mr. Miguez and his related entities as detailed herein. SBN respectfully requests that this Court fully consider the totality of these circumstances in assessing these latest requests to continue and any further requests for continuances and delays. SBN also requests that this Court consider the nature of the Debtor's only asset and SBN's collateral, a vessel which can be easily moved and damaged.

The Motions to Continue were filed by Steven J. Miguez ("Miguez"), the Debtor's principal and guarantor of SBN's indebtedness who is also the principal of co-mover Seatran Marine, LLC ("Seatran"). SBN respectfully submits that Miguez has failed to show good cause for the further delay of these proceedings, and respectfully requests that both of his Motions to Continue [Docs. 48 and 49] be denied.

## I. Dilatory Conduct in the Recently Removed State Court Suit

Miguez personally guaranteed those debts owed to SBN by Iberia Marine Service, LLC, and its associated entities, including Debtor, Mr. Blake, LLC, Mr. Ridge, LLC, Lady Glenda, LLC, Mr. Mason, LLC, Mr. Row, LLC, Lady Brandi, LLC, and Lady Eve, LLC, (collectively, "IMS") which debts remain unpaid, past due and owing.

Nearly one year ago, on January 16, 2018, SBN made demand upon IMS and Miguez notifying them that the full amount of the indebtedness was immediately due. No payment was made, and on February 6, 2018, SBN filed suit on Miguez's guaranty in Louisiana State Court, seeking judgment against Miguez for unpaid principal, interest, fees, costs and attorneys' fees.

Miguez thereafter embarked on a prolonged campaign for the apparent purpose of delaying the state court proceedings. On March 8, 2018, Miguez filed a Motion for Extension of Time, in which he represented that he had just retained counsel—the law firm of Adams and Reese, LLP— and that he required an additional thirty (30) days in order to prepare a "proper response" to SBN's Petition.[1] That same day, the Court granted Miguez's request for an extension, and Miguez filed a Motion to Enroll Blake J. Miguez as additional counsel.[2] One month later, on April 9, 2018, Miguez filed a Second Motion for Extension of Time, asserting that Miguez's new counsel, Blake Miguez, a member of the Louisiana House of Representatives, required additional time to prepare responsive pleadings, because Blake Miguez was in legislative session through June 4, 2017.[3] Miguez requested this second extension through June 19, 2018. The Court granted Miguez's second motion for an extension over SBN's written objection.

Miguez then filed a *Third Motion for Extension of Time*, again asserting that Miguez required *additional* time to file responsive pleadings due to Blake Miguez's legislative responsibilities.[4] Notably, Adams and Reese, *not* Blake Miguez, was the signatory on each of

---

[1]  *See* **Exhibit A**, *Motion for Extension of Time*, Mar. 8, 2018.

[2]  *See* **Exhibit B**, *Motion to Enroll Additional Counsel of Record*, Mar. 8, 2018. Blake Miguez is a principal of several of the IMS entities; for instance, the Louisiana Secretary of State's website identifies Blake Miguez as the manager of Seatran Marine, LLC, and the registered agent for Iberia Marine Service, LLC.

[3]  **Exhibit C**, *Second Motion for Extension of Time*, Apr. 9, 2018.

[4]  **Exhibit D**, *Third Motion for Extension of Time*, June 19, 2018.

Miguez's motions for extensions of time, none of which motions explained why the considerable resources of Adams and Reese, LLP were incapable of preparing responsive pleadings while Blake Miguez was in legislative session, nor acknowledged that Blake Miguez was already in legislative session at the time he enrolled in the first place. On July 27, 2018, after numerous extensions, Miguez finally filed an Answer to SBN's Petition.[5]

On October 16, 2018, SBN moved for summary judgment against Miguez, which was set for hearing on December 5, 2018.[6] On November 15, 2018, nearly a year after filing suit, and less than three weeks before the hearing on SBN's motion for summary judgment, Miguez removed the state court suit to the United States District Court for the Eastern District of Louisiana based upon the bankruptcy jurisdiction created by this case and its connection to SBN's suit against guarantor Miguez. Miguez thereby upset the hearing on SBN's motion for summary judgment.[7] Miguez also filed a Motion to Transfer this case to the United States Western District of Louisiana along with a lengthy memorandum in support which is currently pending.[8]

## II. Dilatory Conduct With Respect to Charter Payments Owed by Guice

On October 4, 2018, Debtor filed an Application[9] seeking to employ Robin B. Cheatham and the Law Firm of Adams and Reese LLP ("Proposed Counsel") as Debtor's counsel. On October 5, 2018, SBN filed an *Objection to the Interim Employment of Adams and Reese, LLP*

---

[5] ***Exhibit E***, *Answer and Affirmative Defenses to Verified Petition for Collection on Note and Guaranty*, July 27, 2018.

[6] ***Exhibit F***, SBN's Motion for Summary Judgment, Oct. 16, 2018.

[7] ***Exhibit G***, Notice of Removal [Doc. 1], No. 2:18-cv-11016. Miguez simultaneously filed a Motion to Transfer Venue. SBN reserves all rights with respect to Miguez's pending Motion to Transfer Venue.

[8] ***Exhibit H***, Motion to Transfer [Doc. 3], No. 2:18-cv-11016.

[9] The Application was originally filed on October 4, 2018 at Doc. 13, and re-filed at Doc. 18 on October 5, 2018.

4

[Doc. 16], and subsequently filed a *Supplemental Objection to Employment of Adams and Reese, LLP* [Doc. 31], both of which objections SBN adopts and incorporates herein, by reference (Docs. 16 and 31, collectively, SBN's "Objection").

The hearing on the Application was originally set for November 7, 2018 pursuant to a Notice of Hearing [Doc. 19] filed by Proposed Counsel on October 4, 2018. On October 29, 2018, twenty-five days after noticing Proposed Counsel's own Application for hearing, Proposed Counsel filed a Motion to Continue the Hearing [Doc. 27]. On November 5, 2018, the Court granted Debtor's Motion, continuing the hearing on Debtor's Application to November 27, 2018. *See* order [Doc. 33].

SBN advised in its Objection that Proposed Counsel's most serious conflict was its prepetition representation of Mr. Miguez and the IMS entities, which has prevented the Debtor from receiving the benefit of proceeds from its own property. These nondebtor parties' actions were directly adverse to the Debtor and actually caused this bankruptcy filing as explained herein.

Debtor owns the M/V Mr. Steven. In its pending *Motion to Determine Property of the Estate and Motion for Turnover of Property* [Doc. 29], Debtor specifically represents that, "[p]rior to filing its voluntary petition, the Debtor was under a bareboat charter with Guice Offshore, LLC ("Guice Offshore") beginning October 15, 2017."[10] Seatran, also controlled by Miguez and Blake Miguez, also apparently charters the Mr. Steven.[11]

---

[10] *See Mot. to Determine Property of the Estate and Mot. for Turnover of Property* [Doc. 29], at ¶ 7.

[11] *See Ex Parte Consent Motion to Continue Hearing Date and Associated Deadlines* [Doc. 48], at ¶ 3. SBN is unaware of any written charter agreement between Debtor and Seatran and/or Guice, and it was for this reason, among others, that SBN has been attempting to conduct the 2004 examination of Debtor. *See generally Motion for Rule 2004 Examination of Debtor and Related Parties* [Doc. 26], and *Reply Memorandum in Support of Motion for Rule 2004 Examination of Debtor and Related Parties* [Doc. 35], which filings SBN adopts and incorporates herein, by reference.

By letter dated April 2, 2018, SBN issued notice to Guice to enforce SBN's security interest in sums owed by Guice for its charter of the Debtor's sole asset, the M/V Mr. Steven. In response, Proposed Counsel issued a letter dated April 9, 2018 to SBN advising that it represents the interest of "Mr. Steve Miguez and various other entities" and inexplicably advised that SBN's notice was not proper because there is "no privity of contract by and between Guice Offshore, LLC and MS [Mr. Stevens]." First, the representations set forth in Proposed Counsel's April 9, 2018 letter cannot be reconciled with Proposed Counsel's representations in the *Motion to Determine Property of the Estate and Motion for Turnover of Property*. Second, although SBN's security interest clearly attaches to the charter payments and other proceeds from the Mr. Steven, Proposed Counsel's letter caused Guice to refuse to turn over the collateral proceeds absent an agreement of the parties or a court order.

Miguez and Seatran now somehow assert that Guice is "obligated to tender charter proceeds to SeaTran, which 'is believed to be an operator for Mr. Steven, LLC[.]"[12] Regardless of this shell game, the Debtor (and its secured creditor SBN) is clearly entitled to the proceeds from the charter of M/V Mr. Steven. Debtor has represented that it has a charter agreement with Guice,[13] but previously informed SBN that Debtor and Guice were not in contractual privity. SBN has been provided no evidence of a charter agreement between Debtor and Seatran, and Debtor has delayed SBN's reasonable attempts to conduct a Rule 2004 examination to investigate these very issues.

Since April 2018, Guice has been holding the charter payments on the M/V Mr. Steven which accrue each month in its counsel's trust account. Proposed Counsel has effectively cutoff

---

[12]  *Ex Parte Consent Motion to Continue Hearing Date and Associated Deadlines* [Doc. 48], at ¶ 3.

[13]  *See Mot. to Determine Property of the Estate and Mot. for Turnover of Property* [Doc. 29], at ¶ 7.

the Debtor's payments to its secured lender by taking the position that the charter payments were not owed to the Debtor, but to another entity owned by Mr. Miguez (Seatran).[14] The entitlement to these funds is the subject of the *Motion to Determine Property of the Estate and for Turnover of Property* [Doc. 29], the hearing on which Motion the Debtor is attempting to continue. *See* [Doc. 48].

The ownership and entitlement to the funds in the Guice account, which constitute SBN's collateral, is critical to this estate and should not be delayed any further. The only reason offered by Miguez/Seatran to continue the hearing on the Motion for Turnover [Doc. 29] is that Miguez/Seatran failed to retain counsel until November 12, 2018.[15] Miguez, however, is the primary decision-maker for both Seatran and Debtor, and Miguez has at all times possessed full and complete knowledge regarding which of his entities are purportedly entitled to which specific charter payments from Debtor's customers. There is no articulable basis for continuing the hearing on the Motion for Turnover, particularly since the entitlement to the disputed funds is so clear.

### III. Debtor's Delay of the Rule 2004 Examination.

On October 23, 2018, SBN filed a *Motion for Rule 2004 Examination of Debtor and Related Parties* [Doc. 26] ("SBN's Motion for 2004 Exam"), requesting that the Court order that the Debtor, Mr. Miguez, and Related Parties[16] be examined on the 19th day of November, 2018, and that the Debtor, Mr. Miguez and Related Parties produce the documents set forth on Schedule A to SBN's Motion by the 7th day of November, 2018. The proposed date for the examination of

---

[14] This despite Debtor's recently filed representations that "the Debtor was under a bareboat charter with *Guice Offshore*" prior to filing its petition for bankruptcy. *See Mot. to Determine Property of the Estate and Mot. for Turnover of Property* [Doc. 29], at ¶ 7 (emphasis added).

[15] *Ex Parte Consent Motion to Continue Hearing Date and Associated Deadlines* [Doc. 48], at ¶ 4.

[16] Capitalized terms shall have the meaning set forth in SBN's Motion unless otherwise defined herein.

November 19, 2018 was agreed to by the parties prior to the filing of SBN's Motion for 2004 Exam.

On October 31, 2018, Debtor filed a *Limited Opposition and Memorandum in Support Thereof to SBN V FNBC LLC's Motion for Rule 2004 Examination of Debtor and Related Parties* [Doc. 28] ("Debtor's Opposition"), requesting limited relief pursuant to 11 U.S.C. § 107(b). On November 5, 2018, SBN filed *SBN V FNBC LLC's Reply Memorandum in Support of Motion for 2004 Examination of Debtor and Related Parties* [Doc. 35] (the "Reply") to respond to Debtor's assertion that § 107(b) protection is necessary or appropriate with respect to SBN's Motion for 2004 Exam, which Motion [Doc. 26] and Reply [Doc. 35] SBN adopts and incorporates herein by reference. On November 15, 2018, Miguez and Seatran filed a *Motion to Continue Hearing Date and Associated Deadlines* [Doc. 49], again seeking to delay the examination of Debtor, Miguez, and the related companies.

SBN is entitled to examine Debtor regarding basic information such as

- transfers of assets between and among Debtor, Miguez, and Miguez's related entities;
- appraisals and inspections pertaining to the Mr. Steven;
- the existence, duration and terms of charter agreements involving the Mr. Steven;
- the financial relationship between Debtor and Debtor's related entities; and
- the financial health and viability of Debtor, including Debtor's financial statements, income statements, balance sheets, and statements of cash flows.

This information is particularly relevant given the fact that Debtor recently filed sworn schedules indicating that Debtor transferred in excess of $2.7 million to one of Debtor's related entities immediately prior to the filing of Debtor's bankruptcy petition. The Debtor has produced no documents to date.

SBN submits that a Rule 2004 examination is critically important to determine the status of the M/V Mr. Steven and to investigate the transfer of millions of dollars from the estate on the date of the bankruptcy filing so that the appropriate legal recourse may be pursed prior to the funds evaporating.

**IV.     Conclusion**

Debtor should not be permitted to further delay these proceedings; further conceal funds of the estate; nor further conceal the details regarding potentially voidable asset transfers between Debtor and its related entities. SBN respectfully submits that good cause does not exist for the continuance of either the *Motion to Determine Property of the Estate and Motion for Turnover of Property* [Doc. 29] or the *Motion for Rule 2004 Examination of Debtor and Related Parties* [Doc. 26], and respectfully requests that both *(1) Steven J. Miguez and Seatran Marine, LLC's Motion to Continue Hearing Date and Associate Deadlines* [Doc. 49]*, and (2) Ex Parte/Consent Motion to Continue Hearing Date and Associated Deadlines* [Doc. 48] be denied.

Respectfully submitted,

CARVER, DARDEN, KORETZKY, TESSIER
FINN, BLOSSMAN & AREAUX, L.L.C.

/s/ Peter J. Segrist
DAVID F. WAGUESPACK (#21121)
PETER J. SEGRIST (#35314)
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone:  (504) 585-3814
Facsimile:   (504) 585-3801

*Counsel for SBN V FNBC LLC*

4830-3568-7040, v. 2