UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SBN V FNBC LLC** | * | CIVIL ACTION NO. 18-11016 |
| | * | |
| **VERSUS** | * | SECTION "F" |
| | * | |
| **STEVE J. MIGUEZ** | * | DIVISION "1" |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO TRANSFER VENUE
## TO THE WESTERN DISTRICT OF LOUISIANA

Pursuant to 28 U.S.C. § 1412 and/or 28 U.S.C. § 1404, Defendant Steve J. Miguez, through undersigned counsel, files this *Motion to Transfer Venue to the Western District of Louisiana*. Defendant respectfully requests that this Court transfer this action to the United States District Court for the Western District of Louisiana, where the case will then be referred to the Bankruptcy Court as a case related to the pending chapter 11 bankruptcy proceeding captioned *In re Mr. Steven, L.L.C.*, No. 18-51277. As more fully set forth in Defendant's Memorandum in Support, a transfer of venue to the Western District of Louisiana is both in the interest of justice and more convenient for all parties and therefore is appropriate under 28 U.S.C. § 1412 and/or 28 U.S.C. § 1404.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD

 /s/ Stewart F. Peck
Stewart F. Peck (LA #10403),
Benjamin W. Kadden (LA #29927)
Meredith S. Grabill (LA #35484)
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
E-mail: speck@lawla.com; bkadden@lawla.com; mgrabill@lawla.com

*Attorneys for Steve J. Miguez*



## CERTIFICATE OF SERVICE

     I hereby certify that on November 15, 2018, a copy of the foregoing pleading was filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  A copy of the foregoing pleading was also served upon the following attorneys of record for Plaintiff by United States mail and/or by e-mail:

    David F. Waguespack
    Peter J. Segrist
    **CARVER DARDEN**
    1100 Poydras Street, Ste. 3100
    New Orleans, LA  70163
    waguespack@carverdarden.com;
    segrist@carverdarden.com

                                                  _/s/ Stewart F. Peck_____

2

18-51277 - #50-8  File 11/19/18  Enter 11/19/18 14:52:04  Exhibit H- 2018-11-15 [03] Mtn to Transfer Venue to the Western District of LA Pg 2 of 14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SBN V FNBC LLC** | * | **CIVIL ACTION NO. 18-11016** |
| | * | |
| **VERSUS** | * | **SECTION "F"** |
| | * | |
| **STEVE J. MIGUEZ** | * | **DIVISION "1"** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF LOUISIANA

Pursuant to 28 U.S.C. § 1412 and/or 28 U.S.C. § 1404, Defendant Steve J. Miguez ("Miguez"), through undersigned counsel, files this *Motion to Transfer Venue to the Western District of Louisiana* and respectfully shows as follows:

### BACKGROUND

1. On February 6, 2018, SBN V FNBC LLC filed an action in the Twenty-Fourth Judicial District Court in the Parish of Jefferson against Defendant Miguez, asserting a collection action on a guaranty for debts allegedly owed by Iberia Marine Services, L.L.C. and associated entities including Mr. Steven L.L.C. *See SBN V FNBC LLC v. Steve J. Miguez*, No. 780-357 (24th J.D.C. filed Feb. 6, 2018) (the "State Court Action").

2. On October 1, 2018, Mr. Steven L.L.C. filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Louisiana which is pending as *In re Steven L.L.C.*, Case No. 18-51277. On its Schedules, the Debtor lists only one secured creditor: SBN V FNBC LLC. The Debtor lists SBN V FNBC LLC as having a disputed claim of $23,438,218.32, allegedly secured by a First Preferred Ship Mortgage. [Bankr. No. 18-51277, ECF Doc. 32].

3. On October 23, 2018, SBN V FNBC LLC filed in the *Mr. Steven L.L.C.* bankruptcy proceeding a motion pursuant to Rule 2004 of the Bankruptcy Code (the "Rule 2004 Motion"), requesting the Bankruptcy Court "to order the examination of the Mr. Steven, L.L.C. ("Debtor") as well as its principal Steve J. Miguez . . . and related entities Iberia Marine Service, L.L.C., Mr. Blake, L.L.C., Mr. Ridge, L.L.C., Lady Glenda, L.L.C., Mr. Mason, L.L.C., Mr. Row, L.L.C., Lady Brandi, L.L.C., Lady Eve, L.L.C., and Seatran Marine, LLC . . . ." [Bankr. No. 18-51277, ECF Doc. 26]. Among the documents requested and topics for examination, SBN V FNBC LLC seeks "[a]ny and all Documents evidencing or Relating to any transfers of assets by the Debtor since October 1, 2015," and "[a]ny and all Documents evidencing transfer(s) of funds between or among the Examinees since October 1, 2015," as well as tax returns for any of the entities and other financials of the Debtor. *Id.*

4. Defendant removed the State Court Action on November 15, 2018, pursuant to 28 U.S.C. §§ 1334, 1441, and 1452, as it is a civil matter over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334(a), as an action which arises under Title 11 or arises in or is related to a bankruptcy proceeding. Further, the State Court Action contains claims that are considered to be "core" pursuant to 28 U.S.C. 157(b)(2)(A) and (O) (matters concerning the administration of the estate and proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship).

**RELIEF REQUESTED**

5. Miguez respectfully requests that this Court transfer this action to the United States District Court for the Western District of Louisiana, where the case will then be referred to the Bankruptcy Court as a case related to the pending chapter 11 bankruptcy proceeding captioned *In re Mr. Steven, L.L.C.*, No. 18-51277. A transfer of venue to the Western District of

2

18-51277 - #50-8  File 11/19/18  Enter 11/19/18 14:52:04  Exhibit H- 2018-11-15 [03] Mtn to Transfer Venue to the Western District of LA Pg 4 of 14

Louisiana is both in the interest of justice and more convenient for all parties and therefore is appropriate under 28 U.S.C. § 1412 and/or 28 U.S.C. § 1404.

## LAW AND ARGUMENT

6. Section 1412 of Title 28 of the United States Code authorizes a transfer of a case or proceeding under Title 11 of the United States Code from one District to another when such transfer is either "in the interest of justice" or "for the convenience of the parties." Section 1404 of Title 28 of the United States Code allows a district court to transfer any civil action to any other district or division where it might have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. §1404(a).

7. "While it is uncontroverted that 28 U.S.C. § 1412 applies to the main bankruptcy case and core adversary proceedings, there is a split in authority regarding whether to transfer an action that is 'related to' a bankruptcy action in another forum [] should be analyzed under section 1404(a) rather than section 1412." *Woodland Dev., LLC v. Regions Bank*, No. 13-514, 2013 WL 3233472, at * 4 (E.D. La. 2013) (citation omitted); *see also Sys. v. Ltd.*, No. 13-373-SDD-EWD, 2016 WL 4059705, at *3 n.26 (M.D. La. July 6, 2016) ("The Fifth Circuit has not yet determined whether § 1412 applies only to core proceedings."). But in enacting section 1412, Congress "did not intend to otherwise hamper the well settled principle that the court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation." *Baker v. Musclettech Research & Dev., Inc.*, No. 06-C-492, 2006 WL 1663748, at *2 (E.D. Wis. June 9, 2006).[1]

---

[1] Miguez asserts that the State Court Action contains claims that are considered to be "core" pursuant to 28 U.S.C. 157(b)(2)(A) and (O), as it is a "matter[] concerning the administration of the estate" and a "proceeding[] affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship," and, therefore, transfer should be analyzed under § 1412.

3

8. "The only difference between § 1404 and § 1412 is that § 1404(a) adds and additional restriction, providing that an action may only be transferred to a court in which venue would have been valid in the first instance. *See Saber Techs., L.P. v. TSM Skyline Exhibits, Inc.*, 2008 WL 4330897, at *8 (S.D. Tex. Sept. 18, 2008). Both grant courts the discretion to transfer an action "for the convenience of the parties and witnesses" and "in the interest of justice." 28 U.S.C. §§ 1404(a) and 1412; *see also* FED. R. BANKR. P. 1014. Considering the nearly identical language in §1404(a) and § 1412, courts have generally applied the same analysis to both. *See, e.g.*, *Saber Techs, L.P.*, 2008 WL 4330897, at *8; *Bayou Steel Corp. v. Boltex Mfg. Co.*, No. 03-

---

But even if the matter is not "core," the Fifth Circuit "ha[s] read [the "related-to"] jurisdictional grant [in § 1334(b)] broadly, stating that the test for whether a proceeding properly invokes federal "related to" jurisdiction is whether the outcome of the proceeding could conceivably affect the estate being administered in bankruptcy." *In re TXNB Internal Case*, 483 F. 3d 292, 298 (5th Cir. 2007) (citing *Arnold v. Garlock, Inc*., 278 F. 3d 426, 434 (5th Cir. 2001)). Importantly, a "related to" proceeding need not necessarily be against the debtor or its property; in *Celotex Corp. v. Edwards*., the Supreme Court offered "suits between third parties which have an effect on the bankruptcy estate" as an example of a civil proceeding related to a bankruptcy case. 514 U.S. 300, 307 n.5 (citing 1 COLLIER ON BANKRUPTCY ¶ 3.01[1][c][iv], at 3–28 (15th ed. 1994)).

Based upon the broad standard recognized by the Fifth Circuit, the above-captioned case, at a minimum, "relates to" the *Mr. Steven, L.L.C.* bankruptcy case because the outcome of this litigation proceeding could conceivably have an impact on the bankruptcy case by, among other things, potentially decreasing the amount of claims against the bankruptcy estate and freeing potential assets to be paid to other creditors. *See, e.g*., *Burns v. First Citizens Bank & Tr. Co. (In re Rainbow Sec.)*, 173 B.R. 508 (M.D.N.C. 1994) (noting that "related to" jurisdiction existed in an action by a creditor against a guarantor of a debtor's obligations because it necessarily affected the creditor's status vis-à-vis other creditors and that the administration of the estate would be affected by the outcome of that litigation); *Meritage Homes Corp. v. JPMorgan Chase Bank, N.A.*, 474 B.R. 526. 560–61 (S.D. Ohio 2012) ("[I]t is well established that an action that could result in a reduction of claims against the estate gives rise to the type of conceivable effect on the estate required to support a finding of related-to jurisdiction.").

Some sections of this Court have considered first the factors required for transfer under section 1412 before the bankruptcy jurisdictional question. *See Marquette Transp. Co. v. Trinity Marine Prods., Inc*., Nos. 06-0826, 06-827, 06-1281, 06-1282, 2006 WL 2349461, at **2, 5 (E.D. La. Aug. 11, 2006) (observing that "[t]he considerations behind the presumption of transfer are heightened here because the determination under 28 U.S.C. § 157(b)(3) (*i.e.*, whether this proceeding is a 'core' proceeding or is merely 'related to' the bankruptcy case) is required to decide [any motion] for abstention and/or remand," and deciding that "because the jurisdictional question in this matter is necessarily intertwined with the pending bankruptcy proceedings, the Court finds that first considering defendants' transfer motions will serve the interest of judicial economy and that the bankruptcy court is best suited to resolve the issue of section 1334 jurisdiction.").

4

1045, 2003 WL 21276338, at *1 (E.D. La. June 2, 2003). "However, the *Bayou Steel* court noted that the analysis required by §§ 1412 and 1404 is the same only when '[t]he threshold step under section 1404 (i.e., determining that the transferee forum is one in which the action could have been commenced originally)' has been met." *Marquette Transp. Co. v. Trinity Marine Prods., Inc.*, Nos. 06-0826, 06-827, 06-1281, 06-1282, 2006 WL 2349461, at *2 (E.D. La. Aug. 11, 2006) (quoting *Bayou Steel Co.*, 2003 WL 21276338, at *1 n.2).

9. Here, the parties are diverse and the State Court Action could have been commenced originally in the Western District of Louisiana under 28 U.S.C. § 1391(b)(1), which allows civil actions to be filed in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." The only defendant in the State Court Action, Miguez, is domiciled in the Western District. Therefore, transfer is proper under § 1412 if it is in the interest of justice **or** for the convenience of the parties and under § 1404(a) "for the convenience of the parts and witnesses, in the interests of justice."

### A. Transfer to the Western District of Louisiana Is Warranted In the Interest of Justice

10. Pursuant to section 1412, "the party moving for the transfer must show by a preponderance of the evidence that the case should be transferred." *Id.* at *3 (quoting *Matter of Commonwealth Oil Refining Co.*, 596 F. 2d 1239, 1241 (5th Cir. 1979)). "It is well settled that the decision to transfer a case pursuant to 28 U.S.C. § 1404(a) is a matter within the trial court's discretion." *See Marquette Transp. Co.*, 2006 WL 2349461, at *2 (citing *Jarvis Christian Coll. v. Exxon Corp.*, 845 F. 2d 523, 528 (5th Cir. 1988)).

11. "The 'interest of justice' component of § 1412 is a broad and flexible standard which must be applied on a case-by-case basis. It contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial

5

economy, timeliness, and fairness." *Id*. (quoting *Zhang v. Rothrock*, No. H-05-3461, 2006 WL 213951, at *1 (S.D. Tex. Jan. 25, 2006)).

12. "In considering the interest of justice, this Court recognizes the strong presumption that proceedings related to a bankruptcy case should be transferred to the district where the bankruptcy proceedings are pending." *Id*. at *4. "The most important factor is 'whether transfer would promote the economic and efficient administration of the bankruptcy estate.'" *Leal v. Bednar*, No. 3:16-CV-3424-G, 2017 WL 565176, at *4 (N.D. Tex. Feb. 3, 2017) (quoting *LSREF2 Baron, LLC v. Aguilar*, No. 3:12-CV-1242-M, 2013 WL 230381, at *4 (N.D. Tex. Jan. 18, 2013)). "Other factors [to be considered for purposes of transfer] include: (1) the location of the bankruptcy estate; (2) whether the interests of judicial economy would be served by the transfer; (3) the possibility of a fair trial; (4) either forum's interest in controversy; (5) the enforceability of any judgment obtained; and (6) the plaintiff's original choice of forum." *Id*. (citing *Norton v. Encompass Servs. Corp.*, 301 B.R. 836, 839 (S.D. Tex. 2003)).

13. Here, the outcome of this litigation proceeding could have an impact on the bankruptcy case by, among other things, potentially decreasing the amount of claims against the bankruptcy estate and freeing potential assets to be paid to other creditors. Further, the *Mr. Steven L.L.C.* bankruptcy proceeding will adjudicate claims similar to those in the above-captioned action. SBN V FNBC LLC will pursue in the bankruptcy proceeding its claim against the Debtor for the amount it claims it is owed, the same alleged debt owed to it by guarantor Miguez. Therefore, all actions related to the single alleged debt should be tried in one court, thereby promoting the economic and efficient administration of the bankruptcy estate and serving the interests of judicial economy. Indeed, SBN V FNBC LLC has already taken steps in

6

18-51277 - #50-8 File 11/19/18 Enter 11/19/18 14:52:04 Exhibit H- 2018-11-15 [03] Mtn to Transfer Venue to the Western District of LA Pg 8 of 14

the Bankruptcy Court to investigate the Debtors' financials presumably as it relates to the debt it is owed.

14. Here, like those facts considered in *Marquette*, "the paramount interest in economically and efficiently administering the estate in bankruptcy" primes any other legitimate, yet lessor, interests the plaintiff here may have in maintaining its choice of forum. *Id.*

### B. Transfer to the Western District of Louisiana Is Warranted for the Convenience of the Parties

15. Indeed, the convenience of the parties weighs in favor of a transfer as well. Under that path, courts have examined the following factors: (a) location and proximity of the parties; (b) ease of access to necessary proof; (c) convenience of witnesses, including their location and proximity; (d) location of the assets, including books and records; (e) availability of subpoena power for unwilling witnesses; and (f) expenses related to obtaining witnesses. *See In re Think3, Inc.*, 529 B.R. 147, 211 (Bankr. W.D. Tex. 2015).

16. The first factor weighs in favor of transfer. The Defendant, Miguez, resides in the Western District. SBN V FNBC LLC, a foreign limited liability company, already chose to litigate in Louisiana state court; therefore, this factor is neutral as to Plaintiff. As to the second factor, ease of access to necessary proof, this is a breach of contract case, where presumably all evidence will be in the form of financial documents and public records that are mostly accessible electronically; therefore, this factor is neutral as to transfer.

17. The third factor, convenience of witnesses, weighs in favor of transfer. As stated, Defendant Miguez lives in the Western District. The Debtor, who is an obligor on the alleged debt owed to SBN V FNBC LLC, also is located in the Western District. SBN V FNBC LLC had already chosen to litigate in Louisiana; therefore, this factor is neutral as to Plaintiff. Litigating in the Western District will prevent scheduling conflicts with the chapter 11 case and

7

will reduce substantial travel and associated expenses in defending this action in the Eastern District.

18. "The fourth factor—location of the witnesses—also considers the location of books and records." *Id*. Both Miguez and the Debtor, the primary obligor on the alleged debt to SBN V FNBC LLC, and the books and records of each, are located in the Western District. Therefore, this factor weighs in favor of transfer. The fifth factor—the availability of subpoena power for unwilling witnesses—allows a court to consider its power to compel certain witnesses to testify." *Id*. at 212. Most, if not all, parties who would be considered witnesses in this matter are located in the Western District; therefore, an advantage exists to that Court over the Eastern District, where some witnesses may be located outside the subpoena power of this Court. This factor, therefore, weighs in favor of transfer.

19. "The sixth factor—the expenses related to obtaining witnesses—allows a court to consider the cost of having witnesses travel to testify for trial." *Id*. Again, because most of the witnesses in this matter are already located in the Western District, they should experience fewer costs to travel and testify for trial as compared with traveling for trial in the Eastern District. Further, the parties to this disputed transaction can litigate entirely in one court, the Bankruptcy Court. This factor, therefore, weighs in favor of transfer.

WHEREFORE, Defendant Steve J. Miguez respectfully requests that this Court transfer this Action pursuant to 28 U.S.C. §§ 1412 or 1404 to the United States District Court for the Western District of Louisiana, where the case will then be referred to the Bankruptcy Court as a case related to the pending chapter 11 bankruptcy proceeding captioned *In re Mr. Steven, L.L.C.*, No. 18-51277, and for such other and further relief as is just and proper.

8

18-51277 - #50-8  File 11/19/18  Enter 11/19/18 14:52:04  Exhibit H- 2018-11-15 [03] Mtn to Transfer Venue to the Western District of LA Pg 10 of 14

Respectfully submitted,

/s/ Stewart F. Peck

| | |
|---|---|
| LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD | Stewart F. Peck (LA #10403), Benjamin W. Kadden (LA #29927) Meredith S. Grabill (LA #35484) 601 Poydras Street, Suite 2775 New Orleans, LA 70130 Telephone: (504) 568-1990 Facsimile: (504) 310-9195 E-mail: speck@lawla.com; bkadden@lawla.com; mgrabill@lawla.com |

*Attorneys for Steve J. Miguez*

### CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2018, a copy of the foregoing pleading was filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record. A copy of the foregoing pleading was also served upon the following attorneys of record for Plaintiff by United States mail and/or by e-mail:

David F. Waguespack
Peter J. Segrist
**CARVER DARDEN**
1100 Poydras Street, Ste. 3100
New Orleans, LA  70163
waguespack@carverdarden.com;
segrist@carverdarden.com

/s/ Stewart F. Peck

9

18-51277 - #50-8  File 11/19/18  Enter 11/19/18 14:52:04  Exhibit H- 2018-11-15 [03] Mtn to Transfer Venue to the Western District of LA Pg 11 of 14

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SBN V FNBC LLC** | * | **CIVIL ACTION NO. 18-11016** |
| | * | |
| **VERSUS** | * | **SECTION "F"** |
| | * | |
| **STEVE J. MIGUEZ** | * | **DIVISION "1"** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF SUBMISSION

Please be advised that the Motion To Transfer Venue to the Western District of Louisiana filed by Defendant Steve J. Miguez is set for submission on the 12th day of December, 2018, at 9:30 a.m., or as soon thereafter as counsel may be heard, before The Honorable Martin L.C. Feldman.

        Respectfully submitted,

        */s/ Stewart F. Peck*

LUGENBUHL, WHEATON, PECK,    Stewart F. Peck (LA #10403),
  RANKIN & HUBBARD              Benjamin W. Kadden (LA #29927)
                                     Meredith S. Grabill (LA #35484)
                                     601 Poydras Street, Suite 2775
                                     New Orleans, LA 70130
                                     Telephone: (504) 568-1990
                                     Facsimile: (504) 310-9195
                                     E-mail:      speck@lawla.com;
                                     bkadden@lawla.com; mgrabill@lawla.com

                                     *Attorneys for Steve J. Miguez*

1

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2018, a copy of the foregoing pleading was filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.  A copy of the foregoing pleading was also served upon the following attorneys of record for Plaintiff by United States mail and/or by e-mail:

David F. Waguespack
Peter J. Segrist
**CARVER DARDEN**
1100 Poydras Street, Ste. 3100
New Orleans, LA  70163
waguespack@carverdarden.com;
segrist@carverdarden.com

_/s/ Stewart F. Peck_____

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SBN V FNBC LLC | * | CIVIL ACTION NO. 18-11016 |
| | * | |
| VERSUS | * | SECTION "F" |
| | * | |
| STEVE J. MIGUEZ | * | DIVISION "1" |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

CONSIDERING the *Motion To Transfer Venue to the Western District of Louisiana* (the "Motion") filed by Defendant Steve J. Miguez, and applicable law,

IT IS ORDERED that the Motion is GRANTED;

IT IS FURTHER ORDERED that the above-referenced case is hereby transferred pursuant to 28 U.S.C. §§ 1412 and 1404(a) to the United States District Court for the Western District of Louisiana.

This ___ day of _____, 2018.

New Orleans, Louisiana.

_____
UNITED STATES DISTRICT JUDGE