UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE- OPELOUSAS DIVISION

IN RE: § CASE NO. 18-51277
§
MR. STEVEN, L.L.C. § CHAPTER 11
§
§ JUDGE JOHN W. KOLWE
§

## MOTION TO WITHDRAW AS PROPOSED COUNSEL OF RECORD

NOW INTO COURT, comes Robin B. Cheatham of the law firm of Adams and Reese LLP ("Adams and Reese"), proposed counsel for the Mr. Steven, L.L.C. ("Mr. Steven" and/or "Debtor"). In support thereof, would show as follows:

1.      Adams and Reese was originally contacted and retained in May, 2017.

2.      That retention was regarding a loan by First NBC ("FNBC"). FNBC was subsequently closed and the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver.

3.      At the time of the retention, undersigned requested a conflict check to be conducted by the designated conflict resolution personnel through Adams and Reese's central conflict records with First NBC and FDIC as adverse.

4.      That conflict check indicated that there were no conflicts.

5.      FDIC then placed this loan in a loan pool for sale which loan was acquired by SBN V FNBC, LLC ("SBN").

6.      Once the loan was acquired by SBN, pursuant to Adams and Reese's policy, undersigned requested a supplemental conflict check to be performed again by the designated conflict resolution personnel through Adams and Reese's central conflict records with SBN as adverse.

7.      Once again the conflict check indicated that there were no conflicts with SBN.

8.	During the time period of the initial retention, opening the matter and the sale of the loan to SBN, Adams and Reese established an office in Atlanta, Georgia ("Atlanta Office") with attorneys from another law firm.

9.	In the Atlanta Office, an attorney had opened a file under the name of SummitBridge National Investments V, LLC ("SummitBridge").

10.	Undersigned received independent information that SBN V had an affiliation with Summit Investment Management, 1700 N. Lincoln Street, Suite 2150, Denver, CO.

11.	Upon receipt of that information, undersigned personally contacted that attorney in our Atlanta Office requesting a copy of the engagement letter for that matter.

12.	That engagement letter provided that the retention was solely on behalf of SummitBridge and did not include any affiliates and/or subsidiaries and/or any parent entities.  It further provided that the only client would be SummitBridge and no attorney/client relationship with any related persons or entities such as parent entities, subsidiaries, affiliates, employees, officers, Directors, shareholders or partners would be established as a result of the retention by SummitBridge.

13.	In addition to running supplemental conflict check, undersigned personally consulted with two separate attorneys, members of Adams and Reese's ethics committee, one of which is also a bankruptcy attorney.

14.	Undersigned discussed with each of them, provided them the information and documentation and requested their opinion if the factual situation presented a conflict.

15.	The information received indicated that there was no conflict.

16.	SBN filed a lawsuit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana bearing Case No. 780-357 on February 6, 2018 against Mr. Steve Miguez ("State Court Litigation").  Sher Garner Cahill Richter Klein & Hilbert ("Sher Garner") filed the lawsuit on behalf SBN.

17.     Sher Garner verbally raised the question of a conflict of interest regarding SBN. Undersigned provided the information regarding the procedures undertaken to determine if there was a conflict.  No further action was taken by Sher Garner regarding the claimed conflict.

18.     On September 18, 2018, a Motion to Substitute Counsel was filed in the State Court Litigation, substituting Mr. David Waguespack and the law firm of Carver Darden Koretsky Tessier Finn Blossman & Areaux LLC instead and in place of Sher Garner.  The Order granting same was signed on September 19, 2018.

19.     Mr. Waguespack contacted me on September 21, 2018 raising the same claimed conflict, to which was provided to him the same information as previously provided to Sher Garner.

20.     A further inquiry was conducted regarding Mr. Waguespack's email which determined that there was no conflict.

21.     On October 3, 2018, Mr. Steven filed this Chapter 11 proceeding.  The original Application to Employ Robin B. Cheatham and Adams and Reese LLP as Counsel for the Debtor ("Application") was filed on October 4, 2018 [Dkt. No. 13].  Counsel for the Debtor was advised on October 5, 2018 that the Application was required to be refiled.  The Application was refiled on October 5, 2018 [Dkt. No. 18].  The reason for the filing has been stated in the Supplemental Schedule filed by the undersigned.

22.     Along with the Application was an affidavit executed by Mr. Scott R. Cheatham, due to undersigned being out of the country on a pre-scheduled trip with his wife.  The affidavit also provided a factual recitation as to the procedure employed and undertaken regarding the retention and obtaining of a check of conflicts.  A copy of the Application and the accompanying affidavit are attached hereto as Exhibit "A".

22.     On October 5, 2018, counsel for SBN filed an opposition to the Application [Dkt. No 16].

23.     On October 22, 2018, Mr. Waguespack sent an email, a copy of which is attached here to as Exhibit "B".  A further inquiry was conducted regarding Mr. Waguespack's email which determined that there was no conflict.

24.     Again undersigned undertook a subsequent evaluation regarding opposition including discussions with internal ethics committee counsel, initiation of the preparation of a reply to the opposition and retention of outside counsel to represent the interests of Adams and Reese in connection with the Application and SBN's opposition.

25.     On October 31, 2018, SBN filed a Supplemental Opposition [Dkt. No. 31].

26.     The Application, Opposition and Supplemental Opposition were originally set for hearing on November 7, 2017, but continued to November 27, 2017, at 10:00 a.m. due to undersigned's grandson having surgery in Houston.

27.     Upon receipt of that Supplemental Opposition, additional review and inquiry was conducted regarding the allegations and information contained therein.

28.     Pretermitting a response to all of the allegations set forth in the Supplemental Opposition, an additional review and inquiry was conducted which revealed that the information upon which undersigned relied, reviewed and determination made regarding the existence of conflict was not as set forth in the Adams and Reese central conflict records.

29.     The attorney in our Atlanta Office had executed an engagement letter with SummitBridge that included the language as set forth hereinabove that excluded any attorney client relationship with any entity other than SummitBridge.

30.     However, despite the execution of the engagement with SummitBridge, the further inquiry indicated that the Atlanta attorney had prepared a complaint to be filed on behalf of SBN.

31.     Undersigned discussed same with the Atlanta attorney and was informed that while the complaint had been prepared it was never filed as SBN retained another law firm in New Orleans to institute litigation on their behalf in that matter.

32.     Since the engagement letter was executed in the name of SummitBridge it was listed as the client instead of SBN.

33.     As a result of SBN not being listed as a client, when the undersigned obtained the conflict report it indicated that there were no conflicts.

34.     Adams and Reese received an initial retainer of $30,000.00 in connection with its proposed Application.

35.     Adams and Reese as a result of it withdrawal, seeks to transfer the $30,000.00 retainer received from the Debtor in connection with the Application to new counsel hired by Debtor, once the final order approving employment of new counsel is entered.

WHEREFORE, Robin B. Cheatham and the law firm of Adams and Reese LLP pray that this Court enter an order permitting Robin B. Cheatham and the law firm of Adams and Reese LLP to withdraw as counsel of record and be relieved of further responsibility in this case and that the retainer received from the Debtor in the amount of $30,000.00 be transferred to the new counsel for the debtor once the final order to employ new counsel is entered.

Respectfully submitted,

**ADAMS AND REESE LLP**


*/s/Robin B. Cheatham*
Robin B. Cheatham, Bar No. 4004
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Phone: (504) 581-3234
Fax:  (504) 566-0210
robin.cheatham@arlaw.com
*Proposed Counsel for the Debtor*


CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the above and foregoing Motion To Withdraw As Proposed Counsel Of Record has been served upon the parties listed below via the court's CM/ECF electronic filing system and on the attached mailing matrix by first class mail, properly addressed and postage prepaid, this 20th day of November, 2018.

- Benjamin W. Kadden    bkadden@lawla.com, mnguyen@lawla.com
  *Attorney for Seatran Marine, LLC*
- William Kaufman    whkaufman@ohllc.com, egnormand@ohllc.com
  *Attorney for Guice Offshore, LLC*
- Gail Bowen McCulloch    gail.mcculloch@usdoj.gov
  *Attorney for U.S. Trustee*
- Stewart F. Peck    speck@lawla.com, erosenberg@lawla.com;ymaranto@lawla.com
  *Attorney for Seatran Marine, LLC*
- Peter James Segrist    segrist@carverdarden.com, clary@carverdarden.com
  *Attorney for SBN V FNBC, LLC*
- Office of U. S. Trustee    USTPRegion05.SH.ECF@usdoj.gov

- David F. Waguespack    waguespack@carverdarden.com, plaisance@carverdarden.com
  *Attorney for SBN V FNBC, LLC*
- Randall Scott Wells    swells@rushing-guice.com
  *Attorney for Guice Offshore, LLC*


*/s/Robin B. Cheatham*
Robin B. Cheatham

Label Matrix for local noticing
0536-4
Case 18-51277
Western District of Louisiana
Lafayette
Tue Nov 20 16:34:45 CST 2018

Guice Offshore, LLC
R. Scott Wells, Esq.
Rushing & Guice, P.L.L.C.
P.O. Box 1925
Biloxi, MS 39533-1925

Mr. Steven, L.L.C.
107 Hwy 90 West
New Iberia, LA 70560-9485

SBN V FNBC LLC
c/o David F. Waguespack
1100 Poydras Street
Suite 3100
New Orleans, LA 70163-1102

U. S. Bankruptcy Court
214 Jefferson Street, Suite 100
Lafayette, LA 70501-7050

Benjamin W Kadden
601 Poydras Street, Suite 2775
New Orleans, LA 70130-6041

Guice Offshore, LLC
William Kaufman
PO Drawer 52606
Lafayette LA 70505-2606

Iberia Crewboat & Marine
Services, L.L.C.
C/o Mr. Steve Miguez
107 Hwy 90 West
New Iberia, LA 70560-9485

Iberia Marine Service, LLC
107 Hwy 90 West
New Iberia, LA 70560-9485

Meredith S. Grabill
Lugenbuhl Wheaton Peck Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130-6041

SBN V FNBC LLC
c/o Peter J. Segrist
1100 Poydras Street
Suite 3100
New Orleans, LA 70163-1102

SBN V FNBC LLC
c/o The Corporation Trust Co.
Corporation Trust Center
1209 Organge St.
Wilmington, DE 19801-1196

SBN V FNBC, LLC
1700 Lincoln Street, Suite 2150
Denver, CO 80203-4500

Sheriff, Iberia Parish
300 Iberia St.
Suite 120
New Iberia LA 70560-4543

Stewart F. Peck
Lugenbuhl Wheaton Peck Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130-6041

Thomas E. Shuck
Parker, Milliken, Clark, O'Hara
& Samuelian
555 S. Flower St., 30th Floor
Los Angeles, CA 90071-2440

Office of U. S. Trustee
300 Fannin St., Suite 3196
Shreveport, LA 71101-3122