IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE - OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MR. STEVEN, L.L.C. | § § | CASE NO. 18-51277 |
| Debtor | § § § | CHAPTER 11 |

### APPLICATION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROBIN B. CHEATHAM AND THE LAW FIRM OF ADAMS AND REESE LLP AS DEBTOR'S COUNSEL ON AN INTERIM BASIS AND SETTING FINAL HEARING

*NOW INTO COURT,* comes, Mr. Steven, L.L,.C. ("Mr. Steven"), a debtor and debtor-in-possession (referred to herein as a "Debtor"), who hereby submit this Application (the "Application") for entry of an order authorizing the Debtor's retention and employment of Robin B. Cheatham and the law firm of Adams and Reese LLP ("Adams and Reese"), as Debtor's counsel *nunc pro tunc* as of the Petition Date pursuant to Section 327(a) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014(a), and for entry of an Interim Order granting relief pending the final hearing on this request. In support of this Application, the Debtor rely upon the Affidavit of Scott R. Cheatham (the "Cheatham Affidavit"), which is attached hereto as Exhibit "A", and the Supplemental Schedule filed pursuant to Local Rule 2014-1, which is attached hereto as Exhibit "B" and respectfully state as follows:

#### JURISDICTION

1. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

Exhibit "A"

## CORE PROCEEDING

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

## PROCEDURE

3. Procedurally, this matter is governed by Bankruptcy Code Sections 327(a), 328 and 1107 and Federal Rules of Bankruptcy Procedure 2014(a), 2016, and 5002.

## BACKGROUND

4. On October 3, 2018 (the "Petition Date"), the Debtor commenced its case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor-in-possession, pursuant to Bankruptcy Code §§ 1107 and 1108. No Trustees have been appointed herein and no Official Committees of Unsecured Creditors have, at this time, been appointed or designated in the Debtor's case.

5. The Debtor refer the Court to Declaration of Steven J. Miguez in support of Debtor's Bankruptcy Petition [Doc. No. 3], for a discussion of the factual background and circumstances surrounding the Debtor's commencement of this Chapter 11 case, which is incorporated herein by reference.

## RELIEF REQUESTED

6. By this Application, the Debtor, as debtor-in-possession, request authority from this Court to employ and retain Robin B. Cheatham, and the law firm of Adams and Reese LLP, as its bankruptcy counsel on an interim basis and then confirm the order with regard to the filing and prosecution of its Chapter 11 case and all related matters *nunc pro tunc* as of the Petition Date. Specifically, the Debtor request entry of an Order pursuant to Bankruptcy Code Sections 327(a), 328 and 1107 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, authorizing Adams and Reese to perform the services that will be required during these Chapter 11 cases, as more fully described below.

2

18-51277 #18-54-1 Filed 10/05/18 Entered 10/05/18 17:19:27 Exhibit A Pg 2 of 19
18-51277 #18-54-1 Filed 10/05/18 Entered 10/05/18 18:01:24 Main Document Pg 2 of 10

7.      Robin B. Cheatham is a partner with the law firm of Adams and Reese LLP and is duly qualified and licensed attorney and a member of the bar of this Court.  The Debtor has selected Robin B. Cheatham, and the law firm of Adams and Reese LLP as said attorneys are familiar with the affairs of the Debtor and have experience, knowledge and expertise in the area of bankruptcy law and business reorganizations under Chapter 11 of the Bankruptcy Code, as well as oil and gas business bankruptcies.  The Debtor believes that Adams and Reese is well qualified to represent the Debtor, as debtor-in-possession, in this proceeding.  The Debtor seeks to retain Adams and Reese, subject to the oversight of this Court, with respect to bankruptcy matters and matters related thereto.  Such retention is sought pursuant to Bankruptcy Code Section 327(a).

8.      Under Bankruptcy Code Section 327(a), a debtor-in-possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons[1], to represent or assist the [debtor-in-possession] in carrying out [its] duties under this title."  11 U.S.C. § 327.  Bankruptcy Code Section 1107(b) provides that "[n]otwithstanding section 327(a), of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case. 11 U.S.C. § 1107. "The performance of standard prepetition services, i.e. preliminary work routinely undertaken to

---

[1] Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that –

  **(A)** is not a creditor, an equity security holder, or an insider;

  **(B)** is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

  **(C)** does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

facilitate an upcoming chapter 11 filing will not serve to disqualify an otherwise eligible attorney." *In re Martin*, 817 F.2d 175, 180, n. 5 (1st Cir. 1987).

9. As required by Bankruptcy Rule 2014(a), this Application and the Cheatham Affidavit set forth (a) the specific facts showing the necessity for the employment of Adams and Reese; (b) the reasons for the Debtor's selection of Adams and Reese as its counsel in connection with their Chapter 11 case; (c) the professional services to be provided by Adams and Reese; (d) the agreement between the Debtor and Adams and Reese as to Adams and Reese's compensation and the reasonableness thereof; and (e) to the best of the Debtor's knowledge, the extent of Adams and Reese's connections, if any, to certain creditors and/or parties in interest in these matters.

## SERVICES TO BE PROVIDED

10. The professional services rendered by Adams and Reese LLP will include, but are not limited to:

(a) Advising the Debtor with respect to its powers and duties as debtor-in-possession in the continued operation of its business and management of its property and affairs;

(b) Representing the Debtor on all legal matters which require the advice, counsel and assistance of an attorney at law in connection with the Debtor's bankruptcy proceedings;

(c) Assisting and preparing on behalf of the Debtors necessary applications, motions, answers, orders, reports, notices, pleadings and other legal documents, and reviewing all financial and other reports to be filed;

(d) Advising the Debtor regarding and preparing any necessary responses to applications, motions, notices, orders, and other legal documents, which may be filed by other parties;

(e) Assisting the Debtor in the preparation, filing and approval of a Disclosure Statement and preparation, filing and confirmation of a Plan of Reorganization and/or Liquidation;

(f) Appearing in Court to protect the interests of the Debtor;

(g) Representing and advising the Debtor in connection with the use of cash collateral and/or obtaining debtor-in-possession financing;

(h) Advising the Debtor concerning and assisting with the negotiation and documentation of debtor-in-possession financing agreements, cash collateral orders, and any related transactions or documents;

(i) Investigating the nature and validity of liens asserted against the Debtor's properties, and advising the Debtor regarding the enforceability of said liens;

(j) Investigating and advising the Debtor regarding, and taking such actions as may be necessary to collect the Debtor's income and assets in accordance with applicable law and to recover property for the benefit of the estates;

(k) Assisting the Debtor in the disposition of its assets, through this proceeding, which they no longer need in the operation of its business, if any;

(l) Advising and assisting the Debtor regarding executory contract and unexpired lease assumptions, assignments and/or rejections, restructuring and/or recharacterizations;

(m) Assisting the Debtor in reviewing, estimating and resolving claims asserted against the estates;

(n) Representing, advising, counseling and assisting the Debtor in all litigation, whether brought by the Debtor or against the Debtor;

(o) Performing all legal services for the Debtor which may be necessary and appropriate in this cases.

11. Subject to the Court's approval of the Application, Adams and Reese is willing to serve as the Debtor's bankruptcy counsel and to perform the services described above.

**DISINTERESTEDNESS OF PROFESSIONALS**

12. To the best of the Debtor's knowledge and based upon the Cheatham Affidavit, Adams and Reese is a disinterested person as defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code. To the best of the Debtor's and Adams and Reese's knowledge, Adams and Reese does not hold or represent an interest adverse to the Debtor or its estate, in accordance with Bankruptcy Code Section 327(a).

5

18-51277 #18-1 Filed 10/05/18 Entered 10/05/18 17:19:27 Exhibit A Pg 5 of 19
18-51277 #18 Filed 10/05/18 Entered 10/05/18 16:01:24 Main Document Pg 5 of 10

13. To the best of the Debtor's and Adams and Reese's knowledge, information and belief, and based upon the Cheatham Affidavit, Adams and Reese, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, (a) has any connection with the captioned Debtor, creditors of the Debtor (except for representation of certain entities of the Debtor in other matters set forth herein as set forth in the Cheatham Affidavit), the United States Trustee for the Western District of Louisiana (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these Chapter 11 cases or their respective attorneys or accountants; (b) Adams and Reese is not a creditor, equity security holder, or insider of the Debtor; (c) none of Adams and Reese's partners or associates is or was, within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) Adams and Reese neither holds nor represents an interest adverse to the Debtor, its respective estates or any classes of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason, except for the representation of certain creditors in unrelated matters as detailed in the Cheatham Affidavit.

14. The Debtor submits that its employment of Adams and Reese would be in the best interest of the Debtor and its estate.

**TERMS OF RETENTION**

15. The Debtor desires to employ Adams and Reese under a general post-petition retainer of $30,000.00, which has been paid to Adams and Reese and is presently held in Trust. The terms of the employment of the law firm of Adams and Reese agreed to by the Debtors, subject to the approval of the Court, are that the attorneys within the firm and other personnel thereof undertake this representation at their standard hourly rates. The individuals presently designated to represent the Debtors and their hourly rates are:

|  | **Rates** |
|---|---|
| Robin B. Cheatham | $550.00 |
| Lisa M. Hedrick | $485.00 |
| Scott R. Cheatham | $450.00 |
| Robert Parrott | $315.00 |
| Angela Grewal | $305.00 |
| Paralegals and Law Clerks | $110.00 to $210.00 per hour |

Adams and Reese LLP's rates will increase January 1, 2019 and yearly thereafter.

16. Adams and Reese will also seek reimbursement for actual and necessary expenses incurred in connection with its engagement by the Debtor in this Chapter 11 case, which may include, but are not limited to, photocopying, postage, outgoing facsimile transmissions, overnight mail, courier delivery, computer assisted legal research, transportation, mileage, airfare, meals and lodging

17. Adams and Reese will make periodic applications to the Court for interim compensation for the allowance of fees and costs in accordance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and as may be allowed by the Court.

18. Adams and Reese received a retainer in the sum of $30,000.00 from Mr. Steven, L.L.C. which received a capital contribution from Iberia Crewboat and Marine Service, LLC, which received a capital contribution from Mr. Steven Miguez on behalf of the Debtor. There are not any pre-petition fees or costs associated with the filing of the bankruptcy proceeding of the Mr. Steven, L.L.C. The Debtor agrees that this retainer of $30,000.00 will serve as security and a general retainer for bankruptcy services to be rendered postpetition. This retainer was placed in Adams and Reese's Trust Account.

19. As of the Petition Date, Adams and Reese believes that the Debtor does not owe Adams and Reese for services rendered in preparing this case for filing.

20. The Debtor requests that Adams and Reese be employed *nunc pro tunc* to the Petition Date.

## NOTICE

21. Notice of the Application has been provided to the twenty largest unsecured creditors for the Debtor, the Office of the United States Trustee, all parties who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, and given the fact that no official committees have been established in this case, the Debtor submits that no further notice is required prior to entry of the Interim Order. Notice of the Application, entry of the Interim Order and of the Final Hearing should be given in accordance with Bankruptcy Rule 2002.

## NO PRIOR REQUEST

22. No prior Application for the relief requested herein has been made to this or any other Court.

*WHEREFORE*, Debtor-in-possession herein, Mr. Steven, L.L.C., pray:

1. That the Court enter an Interim Order, substantially in the form attached hereto and after notice and hearing enter a Final Order, granting the relief requested herein and such other and further relief as the Court deems just and proper;

2. That, after notice and a final hearing, they be authorized to employ and appoint the law firm of Adams and Reese to represent them as debtor-in-possession in this case under Chapter 11 of the United States Bankruptcy Code *nunc pro tunc* to the Petition Date; and

3. For such other and further relief to which it may be entitled in law and equity.

    Respectfully submitted,

    **ADAMS AND REESE LLP**

    By: */s/ Robin B. Cheatham*
    Robin B. Cheatham (#4004)
    701 Poydras Street, Suite 4500
    New Orleans, LA 70139
    Telephone: (504) 581-3234
    Facsimile: (504) 566-0210
    ***Attorneys for the Debtor***

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a copy of the Application of Debtor for Entry of an Order Authorizing the Employment and Retention of Robin B. Cheatham and the Law firm of Adams and Reese LLP as Debtor's Counsel on an Interim Basis and Setting Final Hearing has been served upon all parties on the listed before via the court's CM/ECF electronic filing system and/or email transmission and/or by placing a copy in the United States mail, first class, postage prepaid and properly addressed on this 4th day of October, 2018.

- Robin B. Cheatham    cheathamrb@arlaw.com, vicki.owens@arlaw.com
- Peter James Segrist    segrist@carverdarden.com, peter.segrist@gmial.com
- Office of U. S. Trustee    USTPRegion05.SH.ECF@usdoj.gov
- David F. Waguespack    waguespack@carverdarden.com, plaisance@carverdarden.com
- R. Scott Wells – swells@rushingguice.com

Iberia Crewboat & Marine Services, L.L.C.
c/o Mr. Steve Miguez
107 Hwy 90 West
New Iberia, LA 70560-9485

Iberia Marine Services L.L.C.
c/o Mr. Steve Miguez
107 Hwy 90 West
New Iberia, LA 70560-9485

Louisiana Department of Revenue and Taxation
Attn: Bankruptcy Division
P. O. Box 66658
Baton Rouge, LA 70094-6658

SBN V FNBC LLC
c/o The Corporation Trust Co.
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19901-4543

SBN V FNBC, LLC
1700 Lincoln Street, Suite 2150
Denver, CO 80203-4500

Sheriff, Iberia Parish
300 Iberia Street
Suite 120
New Iberia, LA 70540-4543

State of Louisiana, Department of Labor
Delinquent Accounts Unit, UI Tech Support
1001 North 23rd Street, Room 322
Baton Rouge, LA 70802-3338

Mr. Thomas E. Suck
Parker, Milliken, Clark, O'Hara & Samuelian
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071-2440

Office of the U.S. Trustee
300 Fannin Street, Suite 3134
Shreveport, LA 71101-3132

                                                           */s/Robin B. Cheatham*
                                                         Robin B. Cheatham

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE - OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MR. STEVEN, L.L.C. | § § | CASE NO. 18-51277 |
| Debtors | § § § | CHAPTER 11 |

## AFFIDAVIT OF SCOTT R. CHEATHAM, ON BEHALF OF ADAMS AND REESE LLP, COUNSEL FOR DEBTORS-IN-POSSESSION

STATE OF LOUISIANA )
)
PARISH OF ORLEANS )

I, Scott R. Cheatham, being duly sworn, deposes and says:

1. I am an attorney and Partner of the law firm of Adams and Reese LLP ("Adams and Reese"). One of the locations where Adams and Reese maintains offices for the practice of law is 701 Poydras Street, Suite 4500, New Orleans, LA 70139. Affiant resides in that office. I am familiar with the matters set forth herein and make this Affidavit in support of the Application of Mr. Steven, L.L.C. ("Mr. Steven" and/or "Debtor"), for Entry of an Order Authorizing the Employment and Retention of Robin B. Cheatham, and the law firm of Adams and Reese, LLP as Counsel for Debtor, on an Interim Basis and Setting Final Hearing (the "Application"). I am authorized to make this affidavit (the "Affidavit") on behalf of Adams and Reese. This Affidavit is submitted pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure.

2. In support of the Application, I disclose the following:

Exhibit "A"

a. Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

b. In preparing this Affidavit, I have reviewed the list of all creditors and equity security holders of the Debtor provided to us by the Debtor. Adams and Reese maintains a computerized conflicts check system. Adams and Reese has compared the information obtained thereby with the information contained in its client and adverse party conflict check system. The facts stated in this Affidavit as to the relationship between Adams and Reese and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my review of Adams and Reese's conflict check system. Based upon such search, Adams and Reese does not represent any entity in any matter involving or adverse to the Debtor or which would impair the disinterestedness of Adams and Reese in respect of its representation of the Debtor herein. Adams and Reese represents a creditor, Iberia Marine Service, LLC, in an unrelated matter and has obtained waivers from all parties.

c. Adams and Reese's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by Adams and Reese, and it is the regular practice of Adams and Reese to make and maintain these records. The system reflects entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with Adams and Reese and in my practice of law.

2

d. In compliance with the disclosure requirements under Rule 2014 of the Federal Rules of Bankruptcy Procedure, the following is a list of the categories of entities that Adams and Reese has searched to check and clear potential conflicts of interest in these cases:

(a) The Debtor;

(b) All creditors of all entities as provided by the Debtor;

(c) Twenty (20) largest unsecured creditors of each of the Debtor;

(d) The Debtor's officers and directors; and

(e) Other professionals retained by the Debtor in this chapter 11 case.

3. A search of Adams and Reese's conflicts check system revealed no connections with this case which, in my view, subject to the relationship described in Paragraph 2b hereinabove (of which a waiver was obtained), which would impair my or Adams and Reese's disinterestedness or constitutes any conflict of interest.

### **DISINTERESTEDNESS**

4. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, Adams and Reese, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, (a) has any connection with the captioned Debtor, creditors of the Debtor (except for representation of certain creditors in unrelated matters set forth herein), the United States Trustee for the Western District of Louisiana (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in this Chapter 11 case or its respective attorneys or accountants; (b) Adams and Reese is not a creditor, equity security holder or insider of the Debtor; (c) none of Adams and Reese's partners or associates is, or was within two years of the Petition Date, a director, officer or employee of the Debtor; and (d) Adams and Reese neither holds nor represents an interest adverse to the Debtor, its respective estate or any class of creditors or equity security holders, by

reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason. Adams and Reese is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

5. Neither I nor Adams and Reese has or will represent any entity other than the Debtor in connection with this case, and neither I nor Adams and Reese will accept any fee from any other party or parties in this case, except the Debtor-In-Possession, unless otherwise authorized by the Court[1].

### ADAMS AND REESE'S PREPETITION RELATIONSHIP WITH THE DEBTOR

6. Pursuant to 11 U.S.C. § 329(a), Adams and Reese discloses that all services rendered by Adams and Reese and compensation received from the Debtor has been in contemplation of and in connection with the filing of the voluntary Chapter 11 case and administration of this Chapter 11 cases. The Debtor does not owe Adams and Reese for any bankruptcy services and costs rendered prepetition. The Debtor has agreed, subject to Court approval, to pay Adams and Reese 80% of the prior month's bills with quarterly applications for the 20% balance then due, plus the reimbursement of all costs on a monthly basis[2]. Miguez Fuel, L.L.C., Steve Miguez, Seatran Marine, L.L.C., and Blake Miguez, have guaranteed full and prompt payment of any and all fees and costs incurred in connection with Adams and Reese LLP's representation of the Debtor in its bankruptcy proceedings and all matters related thereto, to the extent that such fees are not paid when due by the Debtor.

---

[1] Counsel for the Debtor may be filing bankruptcy proceedings for other entities managed by Mr. Steve Miguez, at which time counsel will also request for the cases to be consolidated and/or jointly administered.

4

## ADAMS AND REESE'S RATES AND BILLING PRACTICES

7. The professionals' fees and costs to be incurred by Adams and Reese in the course of its representation of the Debtor in this case shall be subject in all respects to the application and notice requirement of 11 U.S.C. §§ 330 and 331 and Fed. R. Bank. P. 2014 and 2016.

8. Adams and Reese's hourly rates are set at a level designed to fairly compensate Adams and Reese for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. Adams and Reese's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to these chapter 11 cases and are reasonable.

9. The hourly rates for 2018 of Robin B. Cheatham, Lisa M. Hedrick, Scott R. Cheatham, Robert Parrott, and Angela Grewal, the attorneys who will be principally working on this case, are $550, $485, $450, $315 and $305, respectively. The hourly rates of Adams and Reese for 2018 for law clerks and paralegals range from $110 to $210, with paralegals being $110 per hour.

10. Adams and Reese reserves the right to increase its hourly rates in accordance with its normal and customary business practices. Adams and Reese rates will increase again January 1, 2019 and yearly thereafter. Adams and Reese will also seek reimbursement for actual and necessary expenses incurred in connection with its engagement by the Debtor in this chapter 11 case, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, mileage, overtime expenses, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging.

---

[2] The Debtor will be filing a Motion for Administrative Order Under Sections 105(a) and 331 of the Bankruptcy

11. There is no agreement of any nature as to the sharing of any compensation to be paid to Adams and Reese, except between the attorneys of Adams and Reese. No promises have been received by Adams and Reese, nor any member or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

### SERVICES TO BE PROVIDED

12. In connection with the captioned Chapter 11 case, the Debtor has requested authorization to retain Adams and Reese as attorneys for the Debtor. The professional services rendered by Adams and Reese will include, but are not limited to:

(a) Advising the Debtor with respect to their powers and duties as debtor-in-possession in the continued operation of its business and management of its property and affairs;

(b) Representing the Debtor on all legal matters which require the advice, counsel and assistance of an attorney at law in connection with the Debtor's bankruptcy proceedings;

(c) Assisting and preparing on behalf of the Debtor necessary applications, motions, answers, orders, reports, notices, pleadings and other legal documents, and reviewing all financial and other reports to be filed;

(d) Advising the Debtor regarding and preparing any necessary responses to applications, motions, notices, orders, and other legal documents, which may be filed by other parties;

(e) Assisting the Debtor in the preparation, filing and approval of a Disclosure Statement and preparation, filing and confirmation of a Plan of Reorganization and/or Liquidation;

(f) Appearing in Court to protect the interests of the Debtor;

(g) Representing and advising the Debtor in connection with the use of cash collateral and/or obtaining debtor-in-possession financing;

---

Code Establishing Procedures for Interim Compensation and Reimbursement of Expense for Professionals.

6

(h) Advising the Debtor concerning and assisting with the negotiation and documentation of debtor-in-possession financing agreements, cash collateral orders, and any related transactions or documents;

(i) Investigating the nature and validity of liens asserted against the Debtor's properties, and advising the Debtor regarding the enforceability of said liens;

(j) Investigating and advising the Debtor regarding, and taking such actions as may be necessary to collect the Debtor's income and assets in accordance with applicable law and to recover property for the benefit of the estate;

(k) Assisting the Debtor in the disposition of its assets, through this proceeding, which they no longer need in the operation of its business, if any;

(l) Advising and assisting the Debtor regarding executory contract and unexpired lease assumptions, assignments and/or rejections, restructuring and/or recharacterizations;

(m) Assisting the Debtor in reviewing, estimating and resolving claims asserted against the estate;

(n) Representing, advising, counseling and assisting the Debtor in all litigation, whether brought by the Debtor or against the Debtor;

(o) Performing all legal services for the Debtor which may be necessary and appropriate in this case.

### ADAMS AND REESE'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THE CHAPTER 11 CASE

13. Adams and Reese has identified the client connections disclosed below. The connections are categorized as follows: (i) Potential Parties in Interest, or affiliates thereof, for which Adams and Reese currently performs services ("Current Clients") and (ii) Potential Parties in Interest, or affiliates thereof, for which Adams and Reese has performed services and with respect to which Adams and Reese's engagement was formally closed ("Former Clients").

14. All client connections were diligently reviewed by an attorney working under my supervision. From such review, I determined that, with respect to each connection between

7

Adams and Reese and such parties, Adams and Reese does not hold or represent an interest that is adverse to the Debtor.

**CURRENT CLIENTS**

15. Adams and Reese has performed services to the Current Clients described below, or their affiliates, in matters unrelated to this case:

| Matched Entity | Relationship to Debtor | Relationship to A&R |
|---|---|---|
| Steve Miguez | An Affiliate | Current Client |
| Iberia Marine Service, LLC | Unsecured Creditor | Current Client (Obtained Waivers) |

16. Adams and Reese has not, does not, and will not represent any of the Current Clients or their respective affiliates or subsidiaries in the Debtor' chapter 11 case or in any other matters adverse to the Debtor during the pendency of this case.

**FORMER CLIENTS**

17. After diligent effort, Adams and Reese has determined that, at this time, the following Parties in Interest or their affiliates are Former Clients:

| Matched Entity | Relationship to Debtor | Relationship to A&R |
|---|---|---|
| N/A | N/A | N/A |

18. To the extent any Current Client becomes a Former Client during the pendency of the Debtor's chapter 11 case, Adams and Reese will make the appropriate supplemental disclosures to the Court.

19. Adams and Reese has not, does not, and will not represent any of the aforementioned entities or their respective affiliates or subsidiaries, except as specifically stated above, in matters related to the Debtor's chapter 11 cases.

8

20. Adams and Reese will supplement this Affidavit as additional information is provided by the Debtor with respect to any other parties in interest.

FURTHER, AFFIANT SAYETH NOT.

_____
SCOTT R. CHEATHAM

SWORN TO AND SUBSCRIBED
before me this 4TH day of October, 2018.

_____
NOTARY PUBLIC,
STATE OF LOUISIANA
Print Name: Graham Williams
Notary No.: 144116
Commission Expires: at death

**Graham H. Williams
Notary Public, ID No. 144116
Parish of Orleans
My Commission is for Life**