UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE – OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| MR. STEVEN, LLC | § | CASE NO. 18-51277 |
| | § | |
| DEBTOR. | § | |
| | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OBJECTION TO SBN V FNBC'S MOTION FOR RULE 2004 EXAMINATION OF DEBTOR AND RELATED PARTIES AS AMENDED AND, ALTERNATIVELY, MOTION FOR PROTECTIVE ORDER**

COME NOW Steve J. Miguez ("Miguez") and SeaTran Marine, L.L.C. ("SeaTran"), through undersigned counsel, and submit this Limited Response to *SBN V FNBC's Motion for Rule 2004 of Debtor and Related Parties* (the "Rule 2004 Motion"), as amended, [ECF Docs. 26 & 36]. The Rule 2004 Motion should be denied to the extent it (i) seeks information which is the subject of a state court action against Miguez that has been removed and is the subject of a pending transfer motion for ultimate referral to this Court as an adversary proceeding; (ii) seeks to use the examination as a means to aid in its own collection of debts; and/or (ii) seeks confidential commercial information belonging to non-debtors Miguez and SeaTran which should remain confidential and should only be produced, if at all, in conjunction with a protective order requiring that all such information not be disclosed.

In support of their Opposition, Miguez and SeaTran state as follows:

**BACKGROUND**

1. On February 6, 2018, SBN V FNBC LLC ("SBN") filed an action in the Twenty-Fourth Judicial District Court in the Parish of Jefferson against Miguez, asserting a collection action on a guaranty for debts allegedly owed by Iberia Marine Services, L.L.C. and associated

1

entities including Mr. Steven L.L.C.  *See SBN V FNBC LLC v. Steve J. Miguez*, No. 780-357 (24th J.D.C. filed Feb. 6, 2018) (the "State Court Action").

2. On October 1, 2018, Mr. Steven L.L.C. filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in this Court.  On its Schedules, the Debtor lists only one secured creditor:  SBN.  The Debtor lists SBN as having a disputed claim of $23,438,218.32, allegedly secured by a First Preferred Ship Mortgage.  [ECF Doc. 32].

3. On October 23, 2018, SBN filed the Rules 2004 Motion, requesting this Court to order the examination of the Debtor as well as non-debtors Miguez and SeaTran Marine, LLC and eight other non-debtor entities (collectively, the "Examinees").  [ECF Doc. 26].  Among the documents requested and topics for examination, SBN seeks, among other things, "[a]ny and all Documents evidencing transfer(s) of funds between or among the Examinees since October 1, 2015," as well as "[a]ny and all agreements, including without limitation charter agreements, broker agreements, servicing agreements, and management agreements, Relating in any way to any one or more of the [non-debtor] Vessels" and "[a]ny and all agreements between and/or among the Examinees." *Id.*, Schedule A, at 7.

4. On October 31, 2018, the Debtor filed an opposition to the Rule 2004 Motion, stating in part that disclosure of certain documents requested by SBN would necessarily reveal confidential commercial information that would damage the Debtor's ability to remain competitive in the marketplace should the information be made public.  [ECF Doc. 28].

5. On November 5, 2018, SBN filed a Reply Brief in support of its Rule 2004 Motion, [ECF Doc. 35], and the matter is currently set for hearing before this Court on November 27, 2018.

2

6. Miguez removed the State Court Action on November 15, 2018, pursuant to 28 U.S.C. §§ 1334, 1441, and 1452, to the United States District Court for the Eastern District of Louisiana, as it is a civil matter over which the District Court has jurisdiction pursuant to 28 U.S.C. § 1334(a), as an action which arises under Title 11 or arises in or is related to a bankruptcy proceeding. [No. 18-11016, ECF Doc. 1]. Further, the State Court Action contains claims that are considered to be "core" pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) (matters concerning the administration of the estate and proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship). Miguez then filed a motion to transfer that Action to the Western District of Louisiana pursuant to 28 U.S.C. §§ 1404 or 1412, for ultimate referral to this Court. [No. 18, 11016, ECF Doc. 3]. That motion to transfer will be submitted to the District Court in the Eastern District on December 12, 2018, at 9:30 a.m.

## LAW & ARGUMENT

7. The 2004 Motion should be denied to the extent it (i) seeks information which is the subject of the State Court Action that has been removed and is the subject of a pending transfer motion for ultimate referral to this Court as an adversary proceeding; (ii) seeks to use the examination as a means to aid in its own collection of debts; and/or (ii) seeks confidential commercial information belonging to non-debtors Miguez and SeaTran which should remain confidential and should only be produced, if at all, in conjunction with a protective order requiring that all such information not be disclosed.

**A. The 2004 Motion Should Be Denied to the Extent It Seeks Information That Is the Subject of the State Court Action and/or Seeks To Use the Examination As a Means To Aid in Its Own Collection of Debts**

8. Bankruptcy Rule 2004 allows the court to authorize the examination of any entity as to "the acts, conduct, or property, or to the liabilities and financial condition of the debtor, or

to any matter which may affect the administration of the debtor's estate or to the debtor's right to a discharge." FED. R. BANKR. P. 2004 (b). But "the availability of Rule 2004 as a discovery tool is not unlimited." *Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co.)*, 127 B.R. 267, 274 (D. Colo. 1991); *see also In re Enron Corp.*, 281 B.R. 836, 840 (Bank. S.D.N.Y. 2002); *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984).

9. First, an examination cannot be used for purposes of abuse or harassment. *See In re Mittco*, 44 B.R. at 36. If a party files an objection, the party seeking Rule 2004 discovery "must establish 'good cause,' taking into consideration the totality of the circumstances, including the importance of the information to the [party seeking discovery] and the costs and burdens on the [party to be examined]." *In re DeShetler*, 435 B.R. 295, 302 (Bankr. S.D. Ohio 2011); *see also Official Comm. of Unsecured Creditors v. Eagle-Picher Indus., Inc. (In re EaglePicher Indus., Inc.)*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994) (finding that examination should not be so broad as to be more disruptive and costly to the party to be examined than beneficial to the party seeking discovery); *In re Sunedison, Inc.*, 572 B.R. 482, 489 (Bankr. S.D.N.Y. 2017) (same).

10. Court have also been reluctant to allow Rule 2004 examinations where it appears that a creditor is merely using the examination as a means to aid in its own collection of debts. *See In re J&R Trucking, Inc.*, 431 B.R. 818, 820–21 (Bankr. N.D. Ind. 2010) (citing NORTON BANKRUPTCY RULES 136–37 (2009-10 ed.) (stating that creditors do not have an absolute right to conduct examinations under Rule 2004, "which provides that the court 'may order' an examination. One can readily visualize a situation where creditors may want to use this section to deal with their special problems and use the section as a substitute for discovery.")).

11. "Third parties are also subject to examination under [Rule 2004] if they possess knowledge of the debtor's acts, conduct or financial affairs which relate to the bankruptcy proceeding." *In re Bennett Funding Grp., Inc*., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (citations omitted). But under the "pending proceeding rule," discovery that is related to a contested matter cannot be done through Rule 2004 and must be governed by the discovery provisions of the Federal Rules of Civil Procedure. *See In re Sunedison*, 572 B.R. at 490; In *re Silverman* 36 B.R. 254 (Bank. S.D.N.Y. 1984). "The pending proceeding rule is based on the different safeguards that attend Rule 2004 and civil litigation discovery to obtain documents or information relevant to the lawsuit." *In re Sunedison*, 572 B.R. at 490 (citations omitted).

12. Although non-debtors Miguez or SeaTran are not *per se* opposed to producing documents or appearing for an oral examination in this forum, it appears that SBN is using the examination as a means to aid in its own collection of debts, rather than the examination being "designed to expedite the administration of the estate." *In re J&R Trucking, Inc*., 431 B.R. at 821. "Although a Rule 2004 examination is obviously an investigatory device and it is conducted under oath, it should not be confused with discovery or a discovery deposition." *Id*. Indeed, as to Miguez, the State Court Action that has been removed and is currently pending before the Eastern District of Louisiana (pending transfer to the Western District and referral to this Court, if granted) addresses the same debt allegedly owed by the Debtor and other related entities. There, SBN is able to continue to seek discovery either in the Eastern District or in this Court under Federal Rule of Civil Procedure 45 made applicable by Bankruptcy Rule 9016 (should transfer be granted and the case referred to this Court). Because Rule 2004 examination of Miguez would necessarily involve issues within the scope of the State Court Action already initiated by SBN, any discovery as to Miguez should be limited to discovery in accordance with

the Federal Rule of Civil Procedure. *See, e.g.*, *In re Bennett Funding Grp., Inc.*, 203 B.R. at 30 (denying Rule 2004 examination of non-debtor since such examination would necessarily involve issues within the scope of the adversary proceeding); *see also In re Sunedison, Inc.*, 572 B.R. at 492 ("[Plaintiff] could pursue that discovery in state court, and is therefore barred from seeking the same discovery through Rule 2004 under the pending proceeding rule.").

13. For those reasons, SBN's Rule 2004 Motion should be denied as to Miguez and SeaTran.

**B. This Court Should Issue a Protective Order To Limit the Scope of the Inquiry and Protect Non-Debtors' Confidential and Competitive Business Information**

14. Rule 26 of the Federal Rules of Civil Procedure states:

The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

15.     Although the Bankruptcy Code prefers full financial disclosure of the debtor's affairs to encourage creditor participation, *see* 11 U.S.C. § 107(a), "the Bankruptcy Code also recognizes that the public right to access is not absolute," *In re Georgetown Steel Co., LLC*, 306 B.R. 542, 546 (Bankr. D.S.C. 2004) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In fact, § 107(b) of the Bankruptcy Code mandates the protection of certain types of information, including "confidential commercial information." 11 U.S.C. § 107(b). "Such commercial information is defined as that 'information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Northstar Energy, Inc.*, 315 B.R. 425, 428–29 (Bankr. E.D. Tex. 2004) (citing *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F. 3d 24, 27 (2d Cir. 1994)). "A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'" *Id.* (quoting *In re Barney's Inc.*, 201 B.R. 703, 708–09 (Bankr. S.D.N.Y. 1996)).

16.     SBN's requests are overbroad and, therefore, burdensome to assemble, particularly as they are directed to non-debtors.[1] Moreover, SBN seeks to examine Miguez, SeaTran, and eight other non-debtor parties in addition to the Debtor, but does not specify if the

---

[1] To be clear, it is Miguez's and Seatran's position that only the following document requests pertain to Miguez and SeaTran, but the requests are nevertheless exceedingly broad:

    3.     Any and all Documents evidencing transfer(s) of funds between or among the Examinees since October 1, 2015.

    4.     Any and all agreements, including without limitation charter agreements, broker agreements, servicing agreements, and management agreements, Relating in any way to one or more of the Vessels;

    7.     Any and all agreements between and/or among the Examinees. . . .

Motion, Schedule A, at 7. Therefore, Miguez and SeaTran request that this Court, to the extent it grants the Rule 2004 Motion, tailor SBN's requests to limit the information only pertaining to the Debtor.

7

18-51277 - #57  File 11/26/18  Enter 11/26/18 11:14:12  Main Document  Pg 7 of 11

examination will take place in one sitting or over several and does not identify which of its requests and topics for examination pertain to which individual parties.

17. To be clear, SeaTran operates not only the Debtor and seven other vessels pursuant to a Vessel Operating Agreement with Iberia Marine Service, LLC, but also ten other non-debtor vessels pursuant to separate vessel operating agreements. SeaTran in turn, contracts with GOL, LLC via a brokerage agreement to time-charter each of the vessels with various end-user companies. The public disclosure of the vessel operating agreements with non-debtor vessel-owning companies and Iberia Marine Service, LLC, as well as the time-charters for any or all of the vessels through GOL, LLC would result in sensitive market data being disseminated to competitors.

18. If this information must be disclosed (and Miguez and SeaTran assert that it should not), it should only be so disclosed with a protective order that it be produced for "attorney's eyes only" and specifically only to counsel who have appeared on behalf of SBN in the above-captioned matter, with such counsel for SBN being required to maintain a log of any third parties with which such information or documents are shared <u>and</u> being permitted only to use such information and documents in connection with the above-captioned matter.

19. Finally, SBN seeks to examine the Debtor and ten non-debtor entities, but does not disclose the details of the examination, i.e., whether all eleven entities be examined in the same exam in one day, nor has made any attempt to identify which requests for information pertain to which of the eleven entities. Miguez and SeaTran ask this Court to limit SBN's entire examination to one day and to tailor its requests only to that information pertaining "to the acts, conduct, or property or to the liabilities and financial condition of the debtor," pursuant to Bankruptcy Rule 2004(b).

## **CONCLUSION**

The Rule 2004 Motion as it applies to Miguez and SeaTran should be denied as it seeks (i) confidential commercial information that, if disclosed, will harm the Debtor and many other non-debtor entities in the marketplace, (ii) information which is the subject of a contested matter, adversary proceeding and/or separate litigation; and (iii) is overbroad and vague. To the extent this Court allows part of the Rule 2004 Motion, the motion should be granted only in conjunction with a protective order providing that any documents produced in response to the aforementioned requests shall be produced for attorney's eyes only and the other restrictions set forth above.

Respectfully submitted,

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD, A LAW CORPORATION**

 /s/ Stewart F. Peck
STEWART F. PECK (LA #10403)
BENJAMIN W. KADDEN (LA #29927)
MEREDITH S. GRABILL (LA #35484)
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
E-mail: speck@lawla.com; bkadden@lawla.com; mgrabill@lawla.com

*Counsel for Steve J. Miguez and SeaTran Marine, LLC*

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the above and foregoing was served upon the parties that receive electronic notice via the Court's ECF Filing System on this 26th day of November 2018 and by U.S. Mail to the parties listed on the attached mailing matrix, as well as by U.S. Mail and e-mail to:

SBN V FNBC LLC
Through its attorneys of record,
David F. Waguespack
**CARVER DARDEN**
1100 Poydras Street, Ste. 3100
New Orleans, LA 70163
waguespack@carverdarden.com


                                                    */s/ Stewart F. Peck*

| Guice Offshore, LLC<br>William Kaufman<br>P.O. Drawer 52606<br>Lafayette, LA 70505-2606 | Iberia Crewboat & Marine Services, L.L.C.<br>c/o Mr. Steven Miguez<br>107 Hwy 90 West<br>New Iberia, LA 70560 | Iberia Marine Service, LLC<br>107 Hwy 90 West<br>New Iberia, La 70560 |
|---|---|---|
| SBN V. FNBC LLC<br>c/o David F. Waguespack<br>1100 Poydras Street,<br>Ste. 3100<br>New Orleans, LA 70163 | SBN V. FNBC LLC<br>c/o The Corporation Trust Co.<br>1209 Organge St.<br>Wilmington, DE 19801 | SBN V FNBC LLC<br>c/o Peter J. Segrist<br>1100 Poydras Street, Ste 3100<br>New Orleans, LA 70163 |
| SBN V FNBC, LLC<br>1700 Lincoln Street,<br>Ste. 2150<br>Denver, CO 80203 | Sheriff, Iberia Parish<br>300 Iberia St.<br>Ste. 120<br>New Iberia, LA 70560 | Thomas E. Shuck<br>Parker, Milliken, Clark,<br> O'Hara & Samuelian<br>555 S. Flower St., 30th Fl.<br>Los Angeles, CA 90071 |
| | | |