UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE – OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| MR. STEVEN, LLC | § | CASE NO. 18-51277 |
| | § | |
| DEBTOR. | § | |
| | § | |

**LIMITED OBJECTION OF SPACE EXPLORATION TECHNOLOGIES CORP. DBA SPACEX TO SBN V FNBC'S MOTION FOR RULE 2004 EXAMINATION OF DEBTOR AND RELATED PARTIES AS AMENDED AND MOTION FOR PROTECTIVE ORDER**

Space Exploration Technologies Corp ("SpaceX") files this Limited Objection to *SBN V FNBC's Motion for Rule 2004 of Debtor and Related Parties* (the "Rule 2004 Motion"), as amended, [ECF Docs. 26 & 36] and Motion for a Protective Order. Any order granting the Rule 2004 Motion should contain language which prohibits the disclosure or dissemination of any trade secret or other confidential research, development, or commercial information of SpaceX. All confidential commercial information belonging to non-debtor SpaceX should remain confidential and should only be produced, if at all, in conjunction with a protective order requiring that all such information not be disclosed.

In support of this Limited Objection and Motion for Protective Order, SpaceX states as follows:

### BACKGROUND

1. SpaceX designs, manufactures, and launches rockets to place customer payloads into orbit. The company was founded in 2002 with the ultimate objective of colonizing Mars.

(http://www.spacex.com/about.) In the fifteen years since, the company has made giant strides towards that goal while transforming the space launch industry in the process.

2. SpaceX's customers include NASA, the United States Department of Defense, foreign governments, and commercial satellite operators and telecommunications companies from around the world. Among other things, it has developed two of the world's most sophisticated launch vehicles—including the most powerful rocket to fly since Saturn V—and is currently designing a third, which will be the largest and most powerful rocket ever built.

3. SpaceX has dramatically reduced the cost of access to space by focusing on manufacturability and pioneering reusability. SpaceX Falcon 9 and Falcon Heavy are the first rockets capable of returning their first stages from orbit to land softly for rapid reuse. It was the first private company to dock a spacecraft with the International Space Station (ISS) and return it safely to Earth; indeed, SpaceX remains the only U.S. entity capable of bringing cargo back to Earth. It is under contract with NASA to restore the country's ability to fly astronauts to and from the ISS, something we have had to rely on Russia to do for us since 2011. In 2017, SpaceX executed 18 successful launches (as many as any country in the world). SpaceX is also currently developing the largest constellation of satellites ever conceived for the purpose of bringing broadband access to every part of the world.

4. When SpaceX launches satellites, it first encapsulates them inside of a fairing, which is a clamshell like structure made of composite materials that protects the satellite during ascent through the atmosphere. The fairing separates into two halves when the second stage of the rocket reaches space, and these two halves fall back to Earth. SpaceX is working to recover these fairings for reuse to further reduce the costs of launch.

5. In addition to being cutting edge, much of SpaceX's technology is confidential and proprietary as well as controlled under the International Traffic in Arms Regulations and the Export Administration Regulations.

6. On October 1, 2018, Mr. Steven L.L.C. filed a voluntary petition in this Court under Chapter 11 of Title 11 of the United States Code. On its Schedules, the Debtor lists only one secured creditor: SBN. The Debtor lists SBN as having a disputed claim of $23,438,218.32, allegedly secured by a First Preferred Ship Mortgage. [ECF Doc. 32].

7. On October 23, 2018, SBN filed the Rule 2004 Motion, requesting this Court to order the examination of the Debtor as well as certain non-debtors (collectively, the "Examinees"). [ECF Doc. 26].

8. On October 31, 2018, the Debtor filed an opposition to the Rule 2004 Motion, stating in part that disclosure of certain documents requested by SBN would necessarily reveal confidential commercial information that would damage the Debtor's ability to remain competitive in the marketplace should the information be made public. [ECF Doc. 28].

9. On November 5, 2018, SBN filed a Reply Brief in support of its Rule 2004 Motion, [ECF Doc. 35], and the matter is currently set for hearing before this Court on November 27, 2018.

10. The primary asset of the Debtor is a vessel named Mr. Steven ("Mr. Steven" or the "Vessel"). SpaceX has chartered Mr. Steven and invested substantial time, effort, and capital in designing and modifying the Vessel to recover rocket fairings as they descend to Earth following launch. The Vessel and documents relating to the Vessel contain trade secrets and other confidential research, development, and commercial information that belong to SpaceX. Such information may be found, for example and without limitation, in equipment installed on the vessel, design drawings, computer code, and data related to recovery efforts.

11. Additionally, on information and belief, SeaTran Marine, L.L.C. ("SeaTran") operates the Debtor pursuant to a Vessel Operating Agreement with Iberia Marine Service, LLC. SeaTran in turn, via a brokerage agreement with GOL, LLC, and or a GOL, LLC affiliate, time charters the Mr. Steven to SpaceX as the end-user. The vessel operating agreements that SpaceX has with non-debtor vessel-owning companies and Iberia Marine Service, LLC, as well as the time charter of the Mr. Steven to SpaceX through GOL, LLC and/or a GOL, LLC affiliate contain sensitive market data.

12. The production of any proprietary and confidential commercial information belonging to non-debtor SpaceX, including information related to the design or use of the Vessel for fairing recovery or SpaceX's commercial charter agreements, could damage SpaceX in the marketplace. The production of confidential proprietary commercial information belonging to non-debtor SpaceX will not serve any legitimate purpose for any party in this case.

**ARGUMENT**

13. Rule 26 of the Federal Rules of Civil Procedure states:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
> (E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

14. Bankruptcy Rule 9018 provides:

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

15. Although the Bankruptcy Code prefers full financial disclosure of the debtor's affairs to encourage creditor participation, *see* 11 U.S.C. § 107(a), "the Bankruptcy Code also recognizes that the public right to access is not absolute," *In re Georgetown Steel Co., LLC*, 306 B.R. 542, 546 (Bankr. D.S.C. 2004) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In fact, § 107(b) of the Bankruptcy Code mandates the protection of certain types of information, including "confidential commercial information." 11 U.S.C. § 107(b). "Such commercial information is defined as that 'information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Northstar Energy, Inc.*, 315 B.R. 425, 428–29 (Bankr. E.D. Tex. 2004) (citing *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F. 3d 24, 27 (2d Cir. 1994)). "A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'" *Id.* (quoting *In re Barney's Inc.*, 201 B.R. 703, 708–09 (Bankr. S.D.N.Y. 1996)).

16. Given the harm that disclosure of its proprietary and confidential information would cause to non-debtor SpaceX, the Court should deny the 2004 Motion to the extent it would require the production of any proprietary and confidential information belonging to SpaceX. Alternatively, to the extent the Court grants the 2004 Motion, it should ensure that SpaceX's propriety and confidential information remains confidential by entering a protective order that:

    a. restricts access to such information to counsel who have appeared on behalf of SBN in the above-captioned matter;

    b. prohibits the use of such information in any manner that would publicly disclose it; and

    c. requires any submissions that contain such information to be filed under seal.

## PRAYER

WHEREFORE, SpaceX prays that the Rule 2004 Motion be denied to the extent it would require production of any trade secret or other confidential research, development, or commercial information of SpaceX or, alternatively, that the Court issue a protective order that protects such information by (i) restricting access to such information to counsel who have appeared on behalf of SBN in the above-captioned matter; prohibiting the use of such information in any manner that would publicly disclose it; and requiring any submissions that contain such information to be filed under seal. SpaceX further prays that any such 2004 Exam Order should provide for a document production protocol to protect any commercially sensitive proprietary information of SpaceX, including but not limited to any trade secret or other confidential research, development, or commercial information of SpaceX.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY: /s/ Amanda W. Messa
     Amanda W. Messa, Bar Roll No. 30108
     Post Office Box 4412
     Baton Rouge, Louisiana 70821-4412
     Telephone: 225-346-0285
     Facsimile: 225-381-9197
     Email: amanda.messa@phelps.com

     Richard Montague (Mississippi Bar #3411)
     Pro hac vice application pending
     Post Office Box 16114
     Jackson, Mississippi 39236-6114
     Telephone: 601-352-2300
     Facsimile: 601-360-9777
     Email: richard.montague@phelps.com

**ATTORNEYS FOR SPACEX**

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that on the 26th day of November, 2018, a copy of the foregoing pleading has been served upon all parties listed below via the Court's CM/ECF electronic filing system.

| | |
|---|---|
| Robin B. Cheatham | cheathamrb@arlaw.com, vicki.owens@arlaw.com |
| Benjamin W. Kadden | bkadden@lawla.com, mnguyen@lawla.com |
| William Kaufman | whkaufman@ohllc.com, egnormand@ohllc.com |
| Gail Bowen McCulloch | gail.mcculloch@usdoj.gov |
| Peter James Segrist | segrist@carverdarden.com, clary@carverdarden.com |
| Office of U.S. Trustee | USTPRegion05.SH.ECF@usdoj.gov |
| David F. Waguespack | waguespack@carverdarden.com; plaisance@carverdarden.com |
| Randall Scott Wells | swells@rushingguice.com |
| Stewart F. Peck | speck@lawla.com |
| Meredith S. Grabill | mgrabill@lawla.com |

SO CERTIFIED, this the 26th day of November, 2018.

/s/ Amanda W. Messa
AMANDA W. MESSA