UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE - OPELOUSAS DIVISION

IN RE:                    *        CASE NO. 18-51277

MR. STEVEN, L.L.C.[1]     *        CHAPTER 11

　Debtor                  *

### APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF HELLER, DRAPER, PATRICK, HORN & MANTHEY, L.L.C. AS COUNSEL FOR DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

**NOW INTO COURT**, through undersigned counsel, comes Mr. Steven, L.L.C.,[1] Lady Eve, L.L.C., Lady Brandi L.L.C., Lady Glenda LLC, Mr. Blake LLC, Mr. Mason LLC, Mr. Ridge LLC, and Mr. Row LLC, as debtors and debtors-in-possession (referred to herein as "Debtor" or collectively, the "Debtors"), and file the *Application for Order Authorizing Employment of Heller, Draper, Patrick, Horn & Manthey, L.L.C. as Counsel for Debtors Nunc Pro Tunc to the Petition Date* ("Application") seeking authority for the retention and employment of the law firm of Heller, Draper, Patrick, Horn & Manthey, L.L.C. ("Heller Draper") as bankruptcy counsel for the Debtors as debtors-in-possession *nunc pro tunc* to the Petition Date. The Application is made and based upon the authorities provided herein, and the *Affidavit of Douglas S. Draper, Esq. in Support of the Application for Order Authorizing Employment of Heller, Draper, Patrick, Horn & Manthey, L.L.C. as Counsel for Debtors Nunc Pro Tunc to the Petition Date* (the "Draper Affidavit"), attached hereto as Exhibit "1".

### I. JURISDICTION AND VENUE

---

[1] Lady Eve, L.L.C. (#18-51488), Lady Brandi L.L.C. (18-51517), Lady Glenda LLC (18-51518), Mr. Blake LLC (18-51519), Mr. Mason LLC (18-51521), Mr. Ridge LLC (18-51522), and Mr. Row LLC (18-51523) have moved for their bankruptcy cases to be jointly administered with Mr. Steven, L.L.C.

{00365568-2}

1

1. This Court has jurisdiction over these cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M) and (0).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief sought herein arises from Sections 327, 328, and 1107 of Title 11 of the United States Code 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") and Bankruptcy Rule 2014.

## II. BACKGROUND

4. On October 3, 2018 (the "Petition Date"), Mr. Steven, L.L.C. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On November 16, 2018, Lady Eve, L.L.C. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6. On November 21, 2018, Mr. Mason LLC, Mr. Ridge LLC, Mr. Row LLC, Mr. Blake LLC, Lady Glenda LLC, and Lady Brandi L.L.C. filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

7. The Debtors remain in possession of their properties and are managing their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

8. No trustee has been appointed and no official committee has been established in these cases.

## III. REQUESTED RELIEF AND BASIS FOR RELIEF

9. Debtors seek authority from this Court to employ and retain Heller Draper as bankruptcy counsel with regard to the filing and prosecution of the Chapter 11 Cases and all

related matters. Specifically, the Debtors respectfully request entry of an order pursuant to sections 327(a), 328(a), 330, 331, and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 authorizing Heller Draper to perform the services that will be necessary during the Chapter 11 Cases.

## IV. **RETENTION**

10.     The Debtors selected Heller Draper as their attorneys because of the firm's knowledge of the Debtors' business and financial affairs and Heller Draper's experience in the field of bankruptcy and business reorganizations under Chapter 11 of the Bankruptcy Code. Heller Draper has represented debtors, various committees, and other parties-in-interest in cases of national significance across the country, and is well qualified to act as attorneys for Debtors.

11.     The terms of Heller Draper's retention are set forth in the Engagement Letters dated November 16, 2018 and November 21, 2018 (collectively, the "Engagement Letter") attached hereto as Exhibit "2." The Engagement Letter permits Heller Draper to bill Debtors for services performed at current hourly rates and current charges for certain expenses. Douglas S. Draper is the attorney principally responsible for the representation and his rate in these cases is $375.00 per hour, subject to adjustment as provided in the Engagement Letter.

12.     During the course of this representation, Heller Draper has become familiar with Debtors' businesses, financial affairs, and capital structure. Accordingly, Heller Draper has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtors' Chapter 11 Cases. Heller Draper is both well-qualified and able to represent the Debtors in their Chapter 11 Cases in a most efficient and timely manner.

## V. **SCOPE OF SERVICES**

13. The Debtor anticipates that Heller Draper will render general legal services to the Debtor as needed throughout the course of these Chapter 11 Case, including bankruptcy, corporate, finance, litigation, mergers and acquisitions. The services of Heller Draper under a general retainer are appropriate and necessary to enable the Debtors to faithfully execute their duties as Debtors and debtors-in-possession and to implement their restructuring and reorganization. Subject to further order of this Court, it is proposed that Heller Draper be employed to render the following professional services:

    i. advising the Debtors with respect to their rights, powers and duties as Debtors and debtors-in-possession in the continued operation and management of the business and properties;

    ii. preparing and pursuing confirmation of a plan of reorganization and approval of a disclosure statement;

    iii. preparing, on behalf of the Debtors, all necessary applications, motions, answers, proposed orders, other pleadings, notices, schedules and other documents, and reviewing all financial and other reports to be filed;

    iv. advising the Debtors concerning, and preparing responses to, applications, motions, pleadings, notices and other documents which may be filed by other parties herein;

    v. appearing in Court to protect the interests of the Debtors;

    vi. representing the Debtors in connection with use of cash collateral and/or obtaining post-petition financing;

    vii. advising the Debtors concerning and assisting in the negotiation and documentation of financing agreements, cash collateral orders and related transactions;

    viii. investigating the nature and validity of liens asserted against the properties of the Debtors, and advising the Debtors concerning the enforceability of said liens;

    ix. investigating and advising the Debtors concerning and taking such action as may be necessary to collect income and assets in accordance with applicable law, and the recovery of property for the benefit of the Debtors' estates;

4

{00365568-2}

18-51277 - #78  File 11/30/18  Enter 11/30/18 17:15:56  Main Document  Pg 4 of 8

x. advising and assisting the Debtors in connection with any potential property dispositions;

xi. advising the Debtors concerning executory contract and unexpired lease assumptions, assignments and rejections and lease restructuring, and recharacterizations;

xii. assisting the Debtors in reviewing, estimating and resolving claims asserted against the Debtors' estates;

xiii. commencing and conducting litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates or otherwise further the goal of completing the Debtors' successful reorganization; and

xiv. performing all other legal services for the Debtors which may be necessary and proper in these cases.

14. It is necessary for the Debtors to employ attorneys under a general retainer to render the foregoing professional services. Subject to this Court's approval of the Application, Heller Draper is willing to serve as Debtors' general bankruptcy counsel to perform the services described herein.

## VI. DISINTERESTEDNESS

15. To the best of the Debtors' and Heller Draper's knowledge and based upon the Draper Affidavit, Heller Draper is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

16. To the best of the Debtors' and Heller Draper's knowledge and based upon the Draper Affidavit, Heller Draper does not hold or represent an interest adverse to the Debtors or the estates, in accordance with section 327 of the Bankruptcy Code.

17. To the best of the Debtors' and Heller Draper's knowledge, information and belief and based upon the Draper Affidavit and as described below (a) Heller Draper has no connection with the captioned Debtors (other than as set forth herein or in the Draper Affidavit),

creditors of the Debtors, the United States Trustee for the Western District of Louisiana (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these Chapter 11 Cases or their respective attorneys or accountants; (b) Heller Draper is not a creditor, equity security holder or insider of the Debtors; (c) none of Heller Draper's partners or associates is, or was within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) Heller Draper neither holds nor represents an interest adverse to the Debtors, their estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.

18. To the extent that Heller Draper becomes aware of a conflict, Heller Draper will advise the Court and take appropriate action.

19. The Debtors submit that the employment of Heller Draper would be in the best interest of the Debtors and their estates.

## VII. TERMS OF RETENTION

20. Subject to the Court's approval of this Application, Heller Draper intends to (a) charge for its legal services on an hourly basis in accordance with ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary expenses and other charges that Heller Draper incurs.

21. Heller Draper's hourly rates are set at a level designed to fairly compensate Heller Draper for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. Heller Draper's proposed hourly fees in these cases

are less than or comparable to those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to these Chapter 11 Cases and are, accordingly, reasonable.

22. The compensation of Heller Draper's attorneys and paraprofessionals are proposed at varying rates currently ranging from $275.00 to $475.00 for attorneys and $100.00 for paralegals, subject to change from time to time as provided for in the Engagement Letter and are subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. The fees are based upon the complexity of the case and the issues involved in the matter. Heller Draper respectfully submits that such rates are reasonable in light of the quality and specialized nature of the services being provided. Additionally, Heller Draper's rates are consistent with the market.

23. Heller Draper will also seek reimbursement for actual and necessary expenses incurred in connection with its engagement by the Debtors in these Chapter 11 Cases, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging.

24. Heller Draper intends to maintain detailed, contemporaneous time records and to apply to the Court for the allowance of compensation for professional services and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any additional procedures that may be established by the Court in these Chapter 11 Cases. Heller Draper has agreed to accept as compensation such sums as may be allowed by the Court. Heller Draper understands that interim and final fee awards are subject to approval by this Court.

25. Heller Draper has received $5,000.00 from Lady Eve, L.L.C., $3,550.00 from each of the other Debtors (other than Mr. Steven, L.L.C.) through multiple wires, and is scheduled to receive $30,000.00 from the former counsel for Mr. Steven, L.L.C. in connection with these Chapter 11 Cases. The work Heller Draper performed prior to filing was minimal and consisted of preparation of the petitions.

**WHEREFORE,** Debtors respectfully request entry of order authorizing the employment of Heller, Draper, Patrick, Horn & Manthey, L.L.C. as Debtors' counsel to render the legal services described herein *nunc pro tunc* to the Petition Date, with compensation and reimbursement of expenses to be paid in such amounts as may be allowed by the Court, pursuant to the provisions of Sections 330 and 331 of the Bankruptcy Code. Debtors additionally request such other and further relief as is just and equitable.

Dated: November 30, 2018

        **Mr. Steven, L.L.C.**

        **By:** */s/ Steven J. Miguez*
        **Its:** **Managing Member**