EXHIBIT "1"

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE - OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 18-51277 |
| MR. STEVEN, L.L.C.[1] | * | CHAPTER 11 |
| Debtor | * | |

**AFFIDAVIT OF DOUGLAS S. DRAPER**

STATE OF LOUISIANA )
) ss:
PARISH OF ORLEANS )

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Douglas S. Draper, being duly sworn, depose and say as follows:

1. I am a member of the law firm of Heller, Draper, Patrick, Horn & Manthey, L.L.C. ("Heller Draper"), with offices at 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130. I am currently admitted and in good standing as a member of the bar of the United States District Court for the Western District of Louisiana. There are no disciplinary proceedings pending against me.

2. I am authorized to make this affidavit (the "Affidavit") on behalf of Heller Draper and the Affidavit is submitted pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure in support of the Application of Mr. Steven, L.L.C.[1], as debtors and debtors-in-possession (collectively, the "Debtors"), for an order pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy

---

[1] Lady Eve, L.L.C. (#18-51488), Lady Brandi L.L.C. (18-51517), Lady Glenda LLC (18-51518), Mr. Blake LLC (18-51519), Mr. Mason LLC (18-51521), Mr. Ridge LLC (18-51522), and Mr. Row LLC (18-51523) have moved for their bankruptcy cases to be jointly administered with Mr. Steven, L.L.C.

1

{00365569-2}

Code") authorizing and approving the employment of Heller Draper as counsel nunc pro tunc to the petition date (the "Application") filed in these chapter 11 proceedings (the "Chapter 11 Cases").

3. Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto. Capitalized terms and phrases not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

**Services to be Provided**

4. In connection with the Chapter 11 Cases, the Debtors have requested authorization to retain Heller Draper as attorneys for the Debtors. The Debtors anticipate that Heller Draper will render general bankruptcy legal services to the Debtors as needed throughout the course of these Chapter 11 Cases, including bankruptcy, corporate, finance, litigation, mergers and acquisitions..

5. Specifically, the Debtors anticipate that the professional services that Heller Draper will render to the Debtors are the following:

   i. advising the Debtors with respect to their rights, powers and duties as Debtors and debtors-in-possession in the continued operation and management of the business and properties;

   ii. preparing and pursuing confirmation of a plan of reorganization and approval of a disclosure statement;

   iii. preparing, on behalf of the Debtors, all necessary applications, motions, answers, proposed orders, other pleadings, notices, schedules and other documents, and reviewing all financial and other reports to be filed;

   iv. advising the Debtors concerning, and preparing responses to, applications, motions, pleadings, notices and other documents which may be filed by other parties herein;

   v. appearing in Court to protect the interests of the Debtors;

2

{00365569-2}

18-51277 - #78-1  File 11/30/18  Enter 11/30/18 17:15:56  Exhibit 1 Pg 2 of 9

vi. representing the Debtors in connection with use of cash collateral and/or obtaining post-petition financing;

vii. advising the Debtors concerning and assisting in the negotiation and documentation of financing agreements, cash collateral orders and related transactions;

viii. investigating the nature and validity of liens asserted against the properties of the Debtors, and advising the Debtors concerning the enforceability of said liens;

ix. investigating and advising the Debtors concerning and taking such action as may be necessary to collect income and assets in accordance with applicable law, and the recovery of property for the benefit of the Debtors' estates;

x. advising and assisting the Debtors in connection with any potential property dispositions;

xi. advising the Debtors concerning executory contract and unexpired lease assumptions, assignments and rejections and lease restructuring, and recharacterizations;

xii. assisting the Debtors in reviewing, estimating and resolving claims asserted against the Debtors' estates;

xiii. commencing and conducting litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates or otherwise further the goal of completing the Debtors' successful reorganization; and

xiv. performing all other legal services for the Debtors which may be necessary and proper in these cases.

## **Qualifications of Professionals**

6. In preparing for these cases, Heller Draper has become familiar with the Debtors' businesses and affairs and many of the potential legal issues which may arise in the context of these Chapter 11 Cases. Accordingly, the Debtors have selected Heller Draper as their bankruptcy counsel because Heller Draper is both well qualified and uniquely able to represent the Debtors as counsel in these Chapter 11 Cases in a most efficient and timely manner.

7. Heller Draper has diverse experience and extensive knowledge in the field of bankruptcy and restructuring.

**Disinterestedness of Professionals and Rule 2014(a) and 2016(b) Statements**

8. Based on the conflicts search, to the best of my present knowledge, information, and belief, no member, associate, or counsel practicing in my firm represents or holds any interest adverse to the Debtors or to their estates, and all members, associates, and counsel practicing in my firm are "disinterested persons" as that phrase is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, all within the meaning of Section 327(a) of the Bankruptcy Code.

9. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, Heller Draper, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, (a) has any connection with the captioned Debtors, creditors of the Debtors, the United States Trustee for the Western District of Louisiana (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these Chapter 11 Cases or their respective attorneys or accountants; (b) Heller Draper is not a creditor, equity security holder or insider of the Debtors; (c) none of Heller Draper's partners or associates is, or was within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) Heller Draper neither holds nor represents an interest adverse to the Debtors, their respective estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.

10. To the extent Heller Draper becomes aware of a conflict or a claim between the Debtors and any personnel or client of Heller Draper, Heller Draper will advise the Court and take appropriate action.

11. I am not related, and to the best of my knowledge, no attorney at Heller Draper is related, to any United States Bankruptcy Judge in this district or to the U.S. Trustee for such district or any employee thereof.

12. Heller Draper and certain of its partners, counsel and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest of the Debtors in connection with matters unrelated to the Debtors and these cases. Heller Draper has searched its electronic database for any connections to the parties related to the Debtors as set forth below, all of which were provided to Heller Draper by the Debtors. The information listed may change without our knowledge during the pendency of these cases. Heller Draper will update this Affidavit when necessary and when Heller Draper becomes aware of material information.

13. In compliance with the disclosure requirements under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the following is a list of the categories of entities that Heller Draper has searched to check and clear potential conflicts of interest in these cases:

    (a)    The Debtors;
    (b)    Parties currently involved in litigation with the Debtors;
    (c)    The equity holders of the Debtors;
    (d)    The Debtors' officers and directors; and
    (e)    The Debtors' creditors.

14. Heller Draper over the years has worked with many of the professionals who are or may become involved in these Chapter 11 Cases, representing either the same parties, parties

with similar interests, or parties with adverse interests. None of these connections are materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders.

15. To the best of my knowledge, no Heller Draper attorney is a member, manager, shareholder or bondholder of the Debtors.

16. Despite the efforts described above to identify and disclose connections with parties in interest in these cases, because the Debtors are enterprises with numerous creditors and other relationships, Heller Draper is unable to state with certainty that every client representation or other connection of Heller Draper has been disclosed. In this regard, Heller Draper will periodically review its files during the pendency of these Chapter 11 Cases to ensure that no disabling conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Heller Draper will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit as Bankruptcy Rule 2014(a) requires..

17. Heller Draper further states pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of Heller Draper, or (b) any compensation another person or party has received or may receive.

**Compensation Received by Heller Draper from the Debtor**

18. Heller Draper has received $5,000.00 from Lady Eve, L.L.C., $3,550.00 from each of the other Debtors (other than Mr. Steven, L.L.C.) through multiple wires, and is scheduled to receive $30,000.00 from the former counsel for Mr. Steven, L.L.C. in connection

with these Chapter 11 Cases. The work Heller Draper performed prior to filing was minimal and consisted of preparation of the petitions.

## Terms of Retention

19. Pursuant to the terms of the Engagement Letter, and subject to this Court's approval of this Application, Heller Draper intends to (a) charge for its legal services on an hourly basis in accordance with ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary expenses and other charges that Heller Draper incurs.

20. Heller Draper's hourly rates are set at a level designed to fairly compensate Heller Draper for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. Heller Draper's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to these Chapter 11 Cases and are reasonable.

21. Heller Draper's hourly billing rates for bankruptcy work range from $275.00 to $475.00 for attorneys and $100.00 for paralegals. The fees are based upon the complexity of these cases and the issues involved in the matter. The following professionals are presently expected to have primary responsibility for providing services to the Debtors with current applicable rates as follows:

| | | |
|---|---|---|
| 1. | Douglas S. Draper | $375.00 |
| 2. | Constant G. Marquer, III and Leslie A. Collins | $350.00 |
| 3. | Other Associates | $325.00 |
| 4. | Paralegals | $100.00 |

22. Heller Draper will also seek reimbursement for actual and necessary expenses incurred in connection with its engagement by the Debtors in these Chapter 11 Cases, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, overtime expenses, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging.

23. Heller Draper intends to maintain detailed, contemporaneous time records and to apply to the Court for the allowance of compensation for professional services and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any additional procedures that may be established by the Court in these Chapter 11 Cases. Heller Draper has agreed to accept as compensation such sums as may be allowed by the Court. Heller Draper understands that interim and final fee awards are subject to approval by this Court. Heller Draper bills expenses at actual cost and there are no additional charges added to the actual cost.

24. I understand there is a continuing duty to disclose any adverse interest and change of disinterestedness.

25. I agree to immediately disclose any actual conflict of which I become aware during the course of Heller Draper's representation of the Debtors.

26. I understand that the court's approval of the Application is not approval of any proposed terms of compensation and under § 328(a) the court may allow compensation on terms difference from those proposed.

27. No promises have been received by Heller Draper or by any partner, counsel or associate thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code. Heller Draper has no agreement with

any other entity to share with such entity any compensation received by Heller Draper in connection with these Chapter 11 Cases.

28. I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstance relating thereto.

29. Heller Draper is not aware of anyone who objects to its employment.

30. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

/s/ Douglas S. Draper  
DOUGLAS S. DRAPER

**Sworn to and subscribed before me this 30th day of November, 2018.**

/s/ Greta M. Brouphy  
**NOTARY PUBLIC**