UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 18-51277 |
| | * | |
| MR. STEVEN, L.L.C. | * | CHAPTER 11 |
| | * | |
| | * | JUDGE JOHN W. KOLWE |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## OPPOSITION TO MOTION TO DETERMINE PROPERTY OF THE ESTATE AND FOR TURNOVER OF PROPERTY

COMES NOW, through undersigned counsel, interested party SeaTran Marine, LLC ("SeaTran") and opposes the *Motion To Determine Property of the Estate and for Turnover of Property* (the "Motion"), [ECF Doc. 29], filed by the Debtor. In support of its Opposition, SeaTran states as follows:

### BACKGROUND

1. On October 1, 2018, Mr. Steven L.L.C. (the "Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Louisiana which is pending as *In re Steven L.L.C.*, Case No. 18-51277. [ECF Doc. 1].

2. On October 31, 2018, the Debtor filed the instant Motion, seeking a determination under 11 U.S.C. § 541 that certain proceeds emanating from a certain bareboat charter (the "Charter")—to which it incorrectly claims it is a counterparty with Guice Offshore, LLC ("Guice")—are property of the estate and requesting turnover of that property. [ECF Doc. 29].

3. On November 13, 2018, Guice filed a Response to the Motion, stating that SeaTran is the counterparty to the bareboat charter and that it, therefore, "has received competing demands regarding the payments which are owed for charter on the subject vessel and has

deposited said funds in the trust account of the law firm of Rushing & Guice, P.L.L.C., pending determination as to how the funds should be paid, for the protection of Guice Offshore, LLC as well as other parties involved." [ECF Doc. 43, ¶ 1].

4. On November 16, 2018, Lady Eve, LLC, an affiliated entity of the Debtor, filed for chapter 11 bankruptcy relief in the Western District. [Bankr. No. 18-51488]. On November 21, 2018, the following six affiliated entities also filed for chapter 11 bankruptcy relief: Mr. Row LLC, [Bankr. No. 18-51523]; Mr. Ridge, LLC, [Bankr. No. 18-51522]; Mr. Mason LLC, [Bankr. No. 18-51521]; Mr. Blake LLC, [Bankr. No. 18-51219]; Lady Glenda, LLC, [Bankr. No. 18-51518]; and Lady Brandi LLC, [Bankr. No. 18-51517] (collectively, with the Debtor and Lady Eve, LLC, the "Debtors").

5. The Debtors are owned by Iberia Crewboat & Marine Service, LLC ("Iberia Crewboat"). The vessels owned by each of the Debtors are operated by Iberia Marine Service, LLC ("IMS") via Vessel Operating Agreements with each Debtor. IMS, in turn, contracts SeaTran to operate all of the vessels via a Vessel Operating Agreement. *See* Affidavit of Charles E. Tizzard, sworn to on December 11, 2018, ("Tizzard Aff.") (attached hereto as **Exhibit A**), Exhibit 1. That agreement appoints SeaTran to "manage, maintain books and records, operate, maintain, oversee and supervise the chartering, crewing, provisioning, maintenance and repair of" eight vessels, including the U.S.-flagged vessel Mr. Steven (collectively, the "Vessel"). *See* Tizzard Aff., Ex. 1, art. 1. The agreement also provides that "[a]ny and all charters or other contractual relationships entered into with respect to the use of the Vessel shall be in the name of SeaTran and shall be the sole property of SeaTran and the Owner shall not have any rights, title, or interest in and to any such charters or other contractual relationship or funds or charter-hire derived from same . . . ." Tizzard Aff., Ex. 1, art. 4(a). Further, the Vessel Operating Agreement

between SeaTran and IMS states that "[a]ll invoices issued by SeaTran to the charterers of the Vessel shall be owned by SeaTran," and "[p]ayment of all such invoices shall be made directly to SeaTran or to any location directed by SeaTran." Tizzard Aff., Ex. 1, art. 4(g).

6. SeaTran entered into a Brokerage Agreement with GOL, LLC, an affiliate of Guice, to solicit charters for each of the vessels. *See* Tizzard Aff., Ex. 2.

7. On or about October 15, 2017, SeaTran and Guice executed the Charter, providing for the chartering of the Mr. Steven vessel for one year. *See* Tizzard Aff., Ex. 3. The Charter continues at this time on a month-to-month basis.

**LAW AND ARGUMENT**

**I. The Debtors Failed To Utilize the Proper Legal Method for Seeking Turnover of Property of the Estate**

8. Pursuant to Rule 7001(1) of the Federal Rule of Bankruptcy Procedure, a request for turnover of property of the estate must be made by a formal adversary proceeding, initiated by a complaint filed in accordance with the rules applicable to adversary proceedings. Therefore, the Motion must be denied and the matter cannot be determined until the Debtor utilizes the proper legal procedure to seek turnover of property of the estate. *See* FED. R. BANKR. P. 7001(1); *The Terrill Mfg. Co. v. First Fin. Bank of San Angelo (In re The Terrill Mfg. Co.)*, Adv. No. 16-06002, 2016 WL 6068817, at *1 (Bankr. S.D. Tex. Oct. 14, 2006).

**II. The Debtor Has No Legal Interest In the Charter; Therefore, Neither the Charter Nor the Proceeds of the Charter Are Property of the Estate**

**A. The Debtor Has No Legal Interests in the Charter**

9. Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a); *see also In re*

*Schimmelpenninck*, 183 F. 3d 347 (5th Cir. 1999). Property of the estate is also limited to interests of the debtor:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d). Although federal bankruptcy law determines the effect of legal or equitable interests of property, this Court looks to non-bankruptcy law to determine the nature and extent of the interest. *See In re Am. Int'l Refinery*, 402 B.R. 728, 742 (Bankr. W.D. La. 2008) (citing *Butner v. United States*, 440 U.S. 48, 54 (1979); *In re Supreme Beef Processors, Inc.*, 468 F. 3d 248, 255 (5th Cir. 2006)). Because the Debtor is not a party to the Charter, *see* Tizzard Aff., Ex. 3, Louisiana contract law determines the nature and extent of the Debtor's interest in the proceeds of the Charter. *See In re Morse Tool, Inc.*, 108 B.R. 384, 386 (Bankr. D. Mass. 1989) (stating that a choice-of-law provision only binds the parties to the contract).

10. The Debtor, Mr. Steven, LLC, is not a counterparty to the Charter. Under Louisiana law, "an action can be brought only by a person having a real and actual interest which he asserts." LA. CODE CIV. P. art 681. Because the Debtor here is not a party to the Charter, it can only avail itself of the benefit of the Charter if it is a third-party beneficiary. *See, e.g., Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 939 So. 2d 1206, 1211 (La. 2006).

11. "A contracting party may stipulate a benefit for a third person called a third party beneficiary." LA. CIV. CODE. art 1978. "[S]uch a contract for the benefit of a third party is commonly referred to as a 'stipulation *pour autrui*." *See Joseph*, 939 So. 2d at 1211 (citing *Paul v. La. State Employees' Grp. Benefit Program*, 99-0897, p.5 (La. App. 1 Cir. 5/12/00), 762 So. 2d 136, 140. Three criteria exist for determining whether contracting parties have provided a

4

benefit for a third party: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promissee." *Id*. at 1212. "In applying these criteria, [courts] ultimately rely on the words of Article 1978 that the contract must 'stipulate a benefit for a third person.'" *Id*.

12. "The most basis requirement of a stipulation *pour autrui* is that the contract manifests a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof." *Id*. (citing *Paul*, 762 So. 2d at 141; *Doucet v. Nat'l Maintenance Corp*., 01-1100, pp.6–7 (La. App. 1 Cir. 6/21/02); 822 So. 2d 60, 66). "A stipulation *pour autrui* is never presumed." *Id*.

13. "The second factor, certainty as to the benefit provided, is a corollary of the requirement of a manifestly clear stipulation." *Id*. "To create a legal obligation enforceable by the beneficiary there must be certainty as to the benefit to accrue to the beneficiary." *Berry v. Berry*, 371 So. 2d 1346, 1347 (La. App. 1 Cir. 1979). And as to the third requirement that the benefit cannot be a mere incident of the contract, "not every promise, performance of which may be advantageous to a third person, will create in him an actionable right." *Joseph*, 939 So. 2d at 1212 (citations omitted). "A person may derive a benefit from a contract to which he is not a party without being a third party beneficiary," but, according to the Louisiana Supreme Court, "[t]he problem is to separate the cases where an advantage has been stipulated from those where the advantage relied upon is merely an incident of the contract between the parties." *Id*. at 1212, 1214.

14. Here, SeaTran and Guice are the only parties to the Charter. *See* Tizzard Aff., Ex. 3. Even if Mr. Steven, LLC ultimately received a benefit by having its asset, a vessel, utilized

5

through the Charter, SeaTran and Guice did not manifest any clear intention to convey any benefit to Mr. Steven, L.L.C. in the Charter such that it could demand payment from either SeaTran or Guice. *Accord Joseph*, 939 So. 2d at 1214 (finding no stipulation *pour autrui* where no benefit provided directly to third party, including no right to demand payment or employment from parties). *Accord id.* Moreover, the Vessel Operating Agreement between SeaTran and IMS states that "[a]ll invoices issued by SeaTran to the charterers of the Vessel shall be owned by SeaTran," and "[p]ayment of all such invoices shall be made directly to SeaTran or to any location directed by SeaTran." Tizzard Aff., Ex. 1, art. 4(g).

15. Further, SeaTran was prohibited from conferring any rights, title, or interest in the Charter to Mr. Steven L.L.C. or any other party by the express terms of the Vessel Operating Agreement with IMS: "Any and all charters or other contractual relationships entered into with respect to the use of the Vessel shall be in the name of SeaTran and shall be the sole property of SeaTran and [IMS] shall not have any rights, title, or interest in and to any such charters or other contractual relationship or funds or charter-hire derived from same . . . ." Tizzard Aff., Ex. 1, art. 4(a).

16. For these reasons, no stipulation *pour autrui* exists that would give the Debtor any rights or interests in the Charter under Louisiana law and the Debtor is not a party to the Charter. Therefore, the Charter is not property of the Estate.

   **B. Charter Proceeds Are Not Property of the Estate Because the Charter Is Not Property of the Estate**

17. As is the general "estate" definition of Section 541(a)(1), "the scope of the 'proceeds, product, offspring, rents, or profits,' clause in Section 541(a)(6) is quite broad, not limited to the definition of 'proceeds' set forth in the Uniform Commercial Code, but encompassing any conversion in the form of property of the estate, *and anything of value*

6

*generated by property of the estate.*" *In re Hanley*, 305 B.R. 84, 86–87 (Bankr. M.D. Fla. 2003) (quoting *In re Taronji*, 174 B.R. 964, 967–69 (Bankr. N.D. Ill. 1994)). Because the Charter is not property of the estate, the proceeds generated by that Charter are also not property of the estate. Again, nothing in the Charter or in the Vessel Operating Agreement between SeaTran and IMS gives any rights to Mr. Steven, L.L.C. to demand payment from SeaTran. *See* Tizzard Aff., Exs. 1 & 3.

18. In fact, no party has a security agreement or filed a UCC-1 regarding any assets of SeaTran. All assets of SeaTran, including the Charter and its proceeds are unencumbered assets of SeaTran.

WHEREFORE, SeaTran respectfully requests that this Court DENY the Motion, finding that (i) the Motion is procedurally improper to the extent it requests turnover of alleged property of the estate; (ii) the Charter is not property of the estate; and (iii) any proceeds of the Charter are not property of the estate.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK,
 RANKIN & HUBBARD

 */s/ Stewart F. Peck*
Stewart F. Peck (LA #10403),
Benjamin W. Kadden (LA #29927)
Meredith S. Grabill (LA #35484)
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
E-mail: speck@lawla.com; bkadden@lawla.com; mgrabill@lawla.com

*Attorneys for SeaTran Marine, LLC*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2018, a copy of the foregoing pleading was filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

                                                        _/s/ Stewart F. Peck_____