UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE - OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 18-51277 |
| MR. STEVEN, L.L.C.[1] | * | CHAPTER 11 |
| Debtor | * | |

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO**
**MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

Now into Court, through undersigned counsel, comes Mr. Steven, L.L.C. ("Debtor" or "Mr. Steven"), who submits this Supplemental Memorandum in Opposition to the *Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d)* ("Motion") [Dkt. #60] filed by SBN V FNBC LLC ("SBN"). This Supplemental Memorandum will address the following points:

a) The 5th Circuit Decision in *Matter of Little Creek Dev. Co.*, 779 F.2d 1068 (5th Cir. 1986) and its applicability to this case;

b) The discrepancy between the evidence introduced at the trial of the Motion and the arguments made by counsel for SBN; and

c) The Debtor's ability to confirm a plan.

The 5th Circuit decision in *Matter of Little Creek Dev. Co.*, 779 F.2d 1068 (5th Cir. 1986) has been cited on behalf of every secured creditor in the 5th Circuit when counsel for a secured creditor files a motion to lift the automatic stay. The universal outcry by secured creditors in a stay lift motion is that the debtor filed the bankruptcy in bad faith. The lift stay motions then go

---

[1] Lady Eve, L.L.C. (#18-51488), Lady Brandi L.L.C. (18-51517), Lady Glenda LLC (18-51518), Mr. Blake LLC (18-51519), Mr. Mason LLC (18-51521), Mr. Ridge LLC (18-51522), and Mr. Row LLC (18-51523) have moved for their bankruptcy cases to be jointly administered with Mr. Steven, L.L.C.

{00366174-7}

1

on to articulate the Little Creek factors as if they are the only factors a Court should consider in deciding whether a debtor's filing was a bad faith filing.

The rote application of the Little Creek factors is not warranted due to the facts of this case and the real meaning of the Court's decision. In Little Creek, the debtor had litigated with the secured creditor in state court with defenses such as unfair trade practices and breach of an understanding. When the stay lift motion was tried, the debtor merely attempted to re-urge its state law defenses. The Court in its opinion commented that the debtor merely wanted to "transfer the litigation in state court to the bankruptcy court." *Id.* at 1071. The debtor in Little Creek did not introduce any evidence that it could reorganize through an infusion of capital or through its business operations.

The Court in Little Creek described the proper inquiry in determining whether a filing was in good or bad faith to be the following:

> "Determining whether the debtor's filing for relief is in good faith depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's making a spot evaluation of the debtor's financial condition, motives and the local financial realities"
>
> *Matter of Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986).
>
> "The predominant purpose in filing the petition was to prevent foreclosure upon the heavily encumbered property. It must be noted that there was no plan contemplated for the infusion of capital, no gain in managerial expertise, no history of past business conduct, no employees and indeed, no current business activity on the date of the commencement of the case nor are there any reasonable prospects for the conduct of future business."
>
> *Matter of Little Creek Dev. Co.,* 779 F.2d 1068, 1074 (5th Cir. 1986) (internal citations omitted.)

The Debtor in this case does not fall within the Little Creek definition of "bad faith" inasmuch as it has presented uncontroverted evidence that it has the capital available through the CCF funds, the Sea Tran/Steve Miguez Plan term sheet and the Charlie Tizzard pro forma, that it can reorganize and that it has the ability to pay SBN in full over time.

In looking at the Little Creek factors the Debtor would note:

a) Although the Debtor does not have any employees, the practice in the industry is to have single asset boat entities that band together in a separate service company whose function it is to staff and operate the fleet of vessels. The testimony of Charlie Tizzard explained the business justification for the practice in the industry;

b) The fact that Mr. Steven has few unsecured creditors is also not dispositive as to its ability to confirm a plan. The 5th Circuit in *In re Village at Camp Bowie I, LP,* 710 F.3d 239, 246 (5th Cir. 2013) (a case decided after Little Creek) held that section 1129 did not have a creditor materiality test with respect to number of creditors needed in an accepting impaired class;

c) The Debtor has violated the terms of the mortgage in leasing the vessel without the consent of the lender. The practice was known to the FNBC. While this knowledge does not alter the terms of the Preferred Ship Mortgage it does go to the good faith of the Debtor in its actions and business operations prior to filing; and

d) The filing on the eve of foreclosure factor is minimized in the Little Creek opinion.

The Court in *In re Sylmar Plaza, L.P., 314 F.3d 1070, 1074–75 (9th Cir. 2002)* addressed the issue of good faith and held that it was not bad faith for a Debtor to avail itself of the provisions of the Bankruptcy Code to alter the creditor debtor relationship.

> "Platinum contends that a plan lacks good faith when it does not serve the purposes of the Bankruptcy Code. Here, it argues, the plan leaves the Hornwoods solvent while permitting them to avoid paying post-petition interest at the default interest rate. However, insolvency is not a prerequisite to a finding of good faith under § 1129(a). *See id.* at 171. Moreover, that a creditor's contractual rights are adversely affected does not by itself warrant a bad faith finding. 'In enacting the Bankruptcy Code, Congress made a determination that an eligible debtor should have the opportunity to avail itself of a number of Code provisions which adversely alter creditors' contractual and nonbankruptcy rights.' *In re PPI Enters, Inc., 228 B.R. 339, 344-45* (Bankr.D.Del.1998) (citation omitted)"

*In re Sylmar Plaza, L.P.,* 314 F.3d 1070, 1074–75 (9th Cir. 2002).

The Debtor's motive in this case is to avail itself of 11 U.S.C. § 1129 (b)(2)(a) to restructure the indebtedness due FNBC that was acquired by SBN. The evidence at trial revealed that SBN was solely interested in being paid in full as opposed to restructuring its debt within the confines of 11 U.S.C. § 1129 (b)(2)(a). The Bankruptcy Code and specifically 1129 (b)(2)(a) was designed to give debtors an ability to restructure their debt with a secured creditor who demands immediate payment and cram down a modified payment schedule if the secured creditor did not accept the Plan treatment.

In its arguments before the Court, SBN in support of its bad faith claim pointed to its concerns about the use of the vessel, the additions to the vessel and the insurance on the vessel. For each of these so-called concerns either no evidence was introduced or the concern was addressed as non existent by a witness.

For example, counsel for SBN in his opening claimed that the insurance coverage on the vessel was inadequate. In support of this statement he pointed to a discussion with an insurance

partner in his law firm. The partner was never called as a witness and no testimony exists that the Debtor's insurance coverage is inadequate.

The assertion that the use of the vessel in the hands of Space X was dangerous was also mentioned by counsel for SBN in his opening. Again, no evidence was introduced that the vessel's use endangered the vessel. The Debtor's surveyor addressed this issue when he testified that the vessel was probably safer in the Port of Los Angeles tied up and periodically catching falling debris than running around the Gulf of Mexico in the dark at 30 knots. The Debtor's surveyor also testified that specially rigging a vessel is not a problem and is done every day in the industry. Under cross examination he went on to state that the rigging is easily removable.

The complaint about the vessel's use is also undercut by the actions of SBN in not moving against the boat once it knew about the vessel's use. The April 2018 letter to Guice seeking the bareboat rentals affirmatively shows knowledge on the part of SBN in April 2018 as to the use of the Mr. Steven. However, it was not until October 2018 that SBN moved against the vessel due to the fact that it had not received the rentals for the Mr. Steven.

The Debtor has introduced a pro forma cash flow, two bank accounts containing approximately $4,000,000.00 and a term sheet from Steve Miguez and Sea Tran to show that it has the backing to confirm a plan that will pay SBN over time in full for the loan it acquired from the FNBC. A better prospect for a successful reorganization is hard to find.

SBN in its opening argument stated that the Debtor could not confirm a plan because it could not obtain an accepting impaired class due to the size of a potential SBN deficiency claim. The argument has no merit inasmuch as the Debtor's Plan will pay the SBN claim in full and thus SBN will have no claim to vote in the unsecured creditor classes in the Plan. In addition, the Debtor's Plan will be a joint plan with the other related entities and will thus have a number

{00366174-7}

5

18-51277 - #117  File 12/28/18  Enter 12/28/18 16:30:59  Main Document  Pg 5 of 7

of unsecured creditor classes. Substantive consolidation is not the sine qua non for the filing of a Joint Plan of Reorganization by a debtor. This court has routinely confirmed joint plans where separate cases were "jointly administered "but not substantively consolidated". Cases such as Knight, Harvest Oil and others are examples of confirmed joint plans where substantive consolidation was not ordered.

The Debtor has offered SBN as adequate protection a payment of $25,000.00 per month and to insure the vessel. No evidence was introduced to show that the offered payment did not compensate SBN for any potential diminution in the value of the vessel for its use.

Based upon the foregoing, the Court should deny the SBN Motion to Lift the Automatic Stay.

**New Orleans, Louisiana**, this 28th day of December 2018.

>  */s/ Douglas S. Draper*
> Douglas S. Draper, LA Bar No. 5073
> Leslie A. Collins, LA Bar No. 14891
> Greta M. Brouphy, LA Bar No. 26216
> **HELLER, DRAPER, PATRICK, HORN**
>   **& MANTHEY, L.L.C.**
> 650 Poydras Street, Suite 2500
> New Orleans, LA 70130-6103
> Office: 504 299-3300/Fax: 504 299-3399
> E-mail: ddraper@hellerdraper.com
> E-mail: lcollins@hellerdraper.com
> E-mail: gbrouphy@hellerdraper.com
>
> ***Proposed Counsel for the Debtors***

**CERTIFICATE OF SERVICE**

I, Douglas S. Draper, proposed counsel for Debtor, hereby certify that I caused the *Supplemental Memorandum in Opposition to the Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d)* to be served on December 28, 2018, via ECF Notification to the following:

- Greta M. Brouphy    gbrouphy@hellerdraper.com
- Douglas S. Draper    ddraper@hellerdraper.com, kfritscher@hellerdraper.com;lcollins@hellerdraper.com
- James M. Garner    jgarner@shergarner.com, mgarner@shergarner.com;jchocheles@shergarner.com;ethomas-ponce@shergarner.com
- Meredith S. Grabill    mgrabill@lawla.com
- Benjamin W. Kadden    bkadden@lawla.com, mnguyen@lawla.com
- William Kaufman    whkaufman@ohllc.com, egnormand@ohllc.com
- Gail Bowen McCulloch    gail.mcculloch@usdoj.gov
- Amanda W. Messa    amanda.messa@phelps.com
- Stewart F. Peck    speck@lawla.com, erosenberg@lawla.com;ymaranto@lawla.com
- Peter James Segrist    segrist@carverdarden.com, clary@carverdarden.com
- Office of U. S. Trustee    USTPRegion05.SH.ECF@usdoj.gov
- David F. Waguespack    waguespack@carverdarden.com, plaisance@carverdarden.com
- Randall Scott Wells    swells@rushing-guice.com

**New Orleans, Louisiana**, this 28th day of December, 2018.

*/s/ Douglas S. Draper*
Douglas S. Draper, LA Bar No. 5073
Leslie A. Collins, LA Bar No. 14891
Greta M. Brouphy, LA Bar No. 26216
**HELLER, DRAPER, PATRICK, HORN & MANTHEY, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103
Office: 504 299-3300/Fax: 504 299-3399
E-mail: ddraper@hellerdraper.com
E-mail: lcollins@hellerdraper.com
E-mail: gbrouphy@hellerdraper.com

***Proposed Counsel for the Debtors***

{00366174-7}

7

18-51277 - #117  File 12/28/18  Enter 12/28/18 16:30:59  Main Document  Pg 7 of 7