UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 18-51277 |
| | * | |
| MR. STEVEN, L.L.C. | * | CHAPTER 11 |
| | * | |
| DEBTOR | * | JUDGE JOHN W. KOLWE |
| | * | |

* * * * * * * * * * * * * * * * * *

**LIMITED OBJECTION TO APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF HELLER, DRAPER, PATRICK, HORN & MATHEY, L.L.C. AS COUNSEL FOR DEBTORS NUNC PRO TUNC TO THE PETITION DATE**

SBN V FNBC LLC ("SBN") respectfully submits this Limited Objection to Application for Order Authorizing Employment of Heller, Draper, Patrick, Horn & Mathey, L.L.C. as Counsel for Debtors Nunc Pro Tunc to the Petition Date ("Application") and represents as follows:

1. In the Application, Heller, Draper, Patrick, Horn & Mathey, L.L.C. ("Heller Draper") seeks to be employed as counsel for Mr. Steven, L.L.C., Lady Eve, LLC, Lady Brandi, LLC, Lady Glenda, LLC, Mr. Blake, LLC, Mr. Mason, LLC, Mr. Ridge, LLC and Mr. Row, LLC (collectively "Debtors"). SBN submits that under the facts of this case Heller Draper's representation of each and all of Debtors may pose a conflict of interest.

2. SBN incorporates by reference its Motion for Relief From Automatic Stay Pursuant to 11 U.S.C. § 362(d) ("Stay Motion") [D. 60], its Limited Objection to Motion to Determine Property of the Estate and for Turnover of Property [D.94], its Reply and Supplemental Memorandum in Support of the Stay Motion [D. 101], and its Post-trial Memorandum in Support of the Stay Motion [D. 116], and its Objection to Motion for Order Authorizing Approval and Authorization of Debtors to Obtain and Execute Postpetition Financing Term Sheet Pursuant to Sections 105 and

1

364(C) of the Bankruptcy Code and Bankruptcy Rules 2003, 4001 and 9014 and Local Rule 4001-1(B)(1) [D. 119](collectively "SBN Pleadings").

3. As set forth in the SBN Pleadings, SeaTran has purported to take ownership of Debtors' cash (which constitutes SBN's cash collateral) and other rights relating to its vessels pursuant to a Vessel Operating Agreement ("VOA") executed by Debtors the day before Mr. Steven, LLC filed bankruptcy. Pursuant to the VOA, Debtors have purported to yield complete control of their vessels and rights relating to those assets (including rights which were mortgaged to SBN) to SeaTran. SeaTran is improperly operating the Debtors' vessels and using their cash outside of the supervision of this Court and the requisites of the Bankruptcy Code.

4. At the December 18, 2018 hearing, SeaTran's Mr. Tizzard, who is not an officer or employee of any of Debtors, testified that the revenue from the Mr. Steven would being utilized to fund shortfalls of the other entities in any plan. SBN is not clear as to whether SeaTran is currently using certain Debtors' cash to pay other Debtors' expenses or otherwise commingling Debtors' affairs.

5. Certain of Debtors may be producing operating income while other Debtors are incurring net operating losses. Those Debtors who are incurring operating losses may benefit from the VOA or a similar plan[1] to the detriment of those Debtors who are producing operating income. While this Court's rulings on the pending motion to lift and turnover motion will hopefully address SBN's concerns, SBN submits that at this time Debtors' business arrangement creates a conflict for one counsel to represent all Debtors.

---

[1] Debtors have outlined a plan that would effectively consolidated Debtors' operations. While this is impermissible as a matter of law, profitable Debtors proposing a plan should have the benefit of independent counsel who does not also owe a duty to unprofitable Debtors.

6.  SBN requests that this Court delay approval of the Application until ruling on the pending motions as the Court's rulings may address SBN's concerns or deny the Application for the reasons stated herein absent additional information that would address the conflict discussed herein.

Respectfully submitted,
CARVER, DARDEN, KORETZKY, TESSIER
FINN, BLOSSMAN & AREAUX, L.L.C.
  /s/ David F. Waguespack
DAVID F. WAGUESPACK (#21121)
PETER J. SEGRIST (#35314)
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163-1102
Telephone: (504) 585-3814
Facsimile:  (504) 585-3801

***Counsel for SBN V FNBC LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Limited Objection to Application for Order Authorizing Employment of Heller, Draper, Patrick, Horn & Mathey, L.L.C. as Counsel for Debtors Nunc Pro Tunc to the Petition Date has been served by ELECTRONIC FILING through the Courts' Notice of Electronic Filing to the parties listed on the attached Exhibit "1" on December 31st, 2018.

  /s/ David F. Waguespack
DAVID F. WAGUESPACK

3

18-51277 - #120  File 12/31/18  Enter 12/31/18 11:12:36  Main Document  Pg 3 of 4

# Exhibit 1

Benjamin W. Kadden on behalf of Interested Party Seatran Marine, LLC
bkadden@lawla.com, mnguyen@lawla.com

William Kaufman on behalf of Interested Party Guice Offshore, LLC
whkaufman@ohllc.com, egnormand@ohllc.com

Gail Bowen McCulloch on behalf of U.S. Trustee Office of U. S. Trustee
gail.mcculloch@usdoj.gov

Stewart F. Peck on behalf of Interested Party Seatran Marine, LLC
speck@lawla.com, erosenberg@lawla.com;ymaranto@lawla.com

Peter James Segrist on behalf of Creditor SBN V FNBC LLC
segrist@carverdarden.com, clary@carverdarden.com

Office of U. S. Trustee
USTPRegion05.SH.ECF@usdoj.gov

David F. Waguespack on behalf of Creditor SBN V FNBC LLC
waguespack@carverdarden.com, plaisance@carverdarden.com

Randall Scott Wells on behalf of Interested Party Guice Offshore, LLC
swells@rushing-guice.com

Greta M. Brouphy on behalf of Debtor Mr. Steven, L.L.C.
gbrouphy@hellerdraper.com

Douglas S. Draper on behalf of Debtor Mr. Steven, L.L.C.
ddraper@hellerdraper.com, kfritscher@hellerdraper.com;lcollins@hellerdraper.com

4812-8705-3700, v. 1

4

18-51277 - #120  File 12/31/18  Enter 12/31/18 11:12:36  Main Document  Pg 4 of 4