## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE - OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 18-51277 |
| MR. STEVEN, L.L.C. | * | CHAPTER 11 |
| Debtor | * | |

## MEMORANDUM IN SUPPORT OF MAINTAINING AUTOMATIC STAY

**NOW INTO COURT**, through undersigned counsel, comes Mr. Steven, L.L.C. ("Mr. Steven"), Debtor in the above matter, who files this Memorandum in Support of Maintaining Automatic Stay to address the argument raised for the first time by SBN V FNBC, LLC ("SBN") in its Post-Trial Memorandum in Support of Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d) And Entitlement to Funds Subject to Turnover Motion [Dkt. No. 116] that the automatic stay terminated by operation of law. Such an argument flies in the face of common sense and is completely contrary to SBN's actions and representations to this Court. For the reasons set forth below, it is abundantly clear that SBN has waived the 30-day requirement provided in 11 U.S.C. § 362(e).

### I.  BACKGROUND

Mr. Steven filed for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code on October 3, 2018. On November 26, 2018, SBN filed its Motion for Relief From Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Dkt. No. 60] (the "Stay Motion"). On December 13, 2018, Mr. Steven filed an Opposition to SBN's Stay Motion [Dkt. No. 98]. A hearing on SBN's Stay Motion was held on December 18, 2018. At the conclusion of the evidence the Court discussed with counsel for SBN, Steve Miquez and the Debtor post trial procedure. Counsel for SBN actively participated in a discussion of the time frame for post trial briefs and page limits for post trial briefs. At the conclusion of the discussion all parties

{00366196-4}

including SBN agreed to a December 28, 2018 post trial brief submission date with a ten page limitation. The Court then advised that at the conclusion of the briefing schedule it would render a ruling in Court on January 8th, 2019. At no point during the post trial discussion or in these proceedings did SBN even intimate, let alone state that it would treat the 30-day deadline provided in section 362(e) as the hard and fast date at which point the stay would terminate. It was not until SBN filed its Post-Trial Memorandum [Dkt. No. 116] on December 28, 2018, ten days after consenting to the extended briefing schedule and three days after the 30-day period had expired, that it argued that the automatic stay terminated automatically. Had SBN indicated that it intended to take advantage of the 30-day requirement in section 362(e), this extended briefing schedule with additional costs and resources could have been avoided entirely. Instead, SBN sat quietly and allowed all parties and this Court to operate as if the stay had been extended.

All substantive issues relating to SBN's Stay Motion and Mr. Steven's arguments against lifting the stay have previously been briefed. Therefore, this memorandum will limit itself solely to address the new argument presented by SBN for the first time that the stay terminated automatically under section 362(e).

## II.     SBN WAIVED THE 30-DAY TERMINATION DATE

Numerous courts in numerous jurisdictions have recognized that creditors, by acting inconsistently with the stay terminating 30 days after filing a motion for relief from the stay, impliedly waive the 30-day requirement. SBN by participating in the post trial discussion, consenting to the extended briefing schedule and then complying with that schedule acted inconsistently with the stay terminating on December 25, 2018, and thereby waived its right to assert automatic termination of the stay.

Section 362(e)(1) provides in full:

> Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under

{00366196-4}

subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

11 U.S.C. § 362(e)(1). In short, this means that unless the court, after notice and hearing, orders that the automatic stay continue in effect, the automatic stay terminates with respect to a motion to lift the stay 30 days after such a motion is filed.

**A.      SBN has acted inconsistent with an intent to enforce the 30-day requirement.**

Courts have recognized that a creditor seeking to have the stay lifted will implicitly waive the benefit of the 30-day requirement granted to him by the Bankruptcy Code if the creditor takes action inconsistent with enforcing the 30-day time period. "Implied waiver may be found where a creditor's actions are clearly inconsistent with an intention to insist on its rights." *In re SeSide Co., Ltd.*, 155 B.R. 112, 116 (E.D. Pa. 1993).

The first such statement was made by the Eleventh Circuit in *Borg-Warner Acceptance Corp. v. Hall*, wherein the court made a comment that a creditor had apparently waived its objection to the failure to have a preliminary hearing within 30 days of filing its motion to lift the stay by continuing to trial six days after the 30-day period had expired. 685 F.2d 1306, 1308 (11th Cir. 1982) ("[T]he failure to hold such a preliminary hearing would have the effect of terminating the stay-effective November 29, 1980. However, [the creditor] continued to a trial on December 5, 1980 (thereby waiving any objection to the failure to have a preliminary hearing

{00366196-4}

within the thirty days prescribed by s 362(e) ).").   This interpretation has been followed by numerous courts since.   *Iseberg v. Exchange Nat'l Bank and Trust Co. of Chicago (In re Wilmette Partners)*, 34 B.R. 958, 961 (Bankr. N.D. Ill. 1983) ("The court concurs with the rule that suggests a party can waive the provisions of Section 362(e)."); *Barclay Properties v. Small (In re Small)*, 38 B.R. 143, 147 (Bankr. D. Md. 1984) (Creditor implicitly waived the 30-day requirement by filing detailed discovery requests with a response deadline after the 30-day period.); *In re Seville Partners*, 43 B.R. 537, 539 (Bankr. W.D. Wis. 1984) (Creditor waived the 30-day requirement by not granting the debtor sufficient time to request a hearing prior to the 30-day deadline.); *J.H. Streiker & Co., Inc. v. SeSide Co., Ltd. (In re Seside Co., Ltd.)*, 155 B.R. 112, 117 (E.D. Penn. 1993) ("By agreeing to the briefing schedule, which prevented the court from ruling within the thirty day period provided by statute, Streiker waived the timeliness provisions of Section 362(e) and cannot now assert that the stay has lapsed."). *In re Ramos*, 357 B.R. 669, 671 n. 2 (Bankr. S.D. Fla. 2006) (Lender consented to extending the 362(e) deadline by agreeing to hold a final hearing past the deadline.); *In re Aulicino*, 400 B.R. 175, 179–80 (Bankr. E.D. Pa. 2008) ("What would have been the point of ordering a 30 day briefing schedule if the stay was to expire almost immediately."); *In re 2300 Xtra Wholesalers, Inc.*, 445 B.R. 113, 121 (S.D.N.Y. 2011) ("By failing to raise the potential application of section 362(e) until its fourth submission on the motion, and past the expiration of the statute's 30–day period, Condal impliedly waived protection under the statute."); *First Data Services, LLC v. Kartzman (In re Arts Des Provinces de France, Inc.)*, 2013 WL 2933359, at *4 (D. N.J. June 12, 2013) (Creditor waived the 30-day requirement by agreeing to an adjournment of a meeting with the debtor past the 30-day period and implicitly waived its rights thereunder.); *In re Altman*, 2018 WL 3133164, at *8 (B.A.P. 9th Cir. June 26, 2018) ("An implicit waiver is generally found when the creditor takes some action which is inherently inconsistent with adherence to the time constraints of § 362(e).").

In *Wilmette Partners*, the creditor filed its motion to lift the stay alleging, as SBN does here, that the debtor had no equity in the property and that it was not necessary for reorganization. 34 B.R. at 960. An initial hearing was set within 30 days from the filing of the stay motion. *Id.* The opposing party's counsel inadvertently failed to appear at the hearing and the creditor agreed to continue the matter for another month. *Id.* Prior to the rescheduled hearing, the creditor sold its beneficial interest in the debtor's property without court approval and arguing that the stay automatically terminated after 30 days under section 362(e). *Id.* The court disagreed and found that by consenting to the continuance, the creditor had waived its right to object to a violation of the 30-day requirement. *Id.* at 961. The court also noted that even if the stay had terminated after 30 days, section 105(a) of the Code granted it the equitable right to reimpose the automatic stay. *Id.*[1]

There are similar circumstances here. The parties agreed to a post trial submission date at the request of the Debtor. The Court, in turn, set a briefing deadline of December 28, 2018 with a ruling date of January 8, 2019. Again, SBN never raised issue with the fact that the briefing

---

[1] Mr. Steven notes that the injunctive relief will only be required should the Court determine that the stay lapsed under 362(e). In such an event, Mr. Steven is prepared to file for injunctive relief, but only if necessary. See *Matter of Martin Expl. Co.*, 731 F.2d 1210, 1214 (5th Cir. 1984) ("Although we have determined that the automatic stay in fact terminated with respect to Explorer, we find that the court's attempted continuation of the automatic stay amounted to the issuance of a new stay, which is within the bankruptcy court's authority under 11 U.S.C. § 105(a)."); *In re Wedgewood Realty Grp., Ltd.*, 878 F.2d 693, 701–02 (3d Cir. 1989)

> This interplay between section 362 and section 105 advances rather than undermines congressional objectives by protecting the interests of both the creditor and debtor. The secured creditor's interests are protected (1) by automatic termination of the stay where the time constraints of section 362(e) are violated, and (2) by limiting reimposition of a stay under section 105(a) to those instances which meet the standards for injunctive relief. The debtor's interests are likewise protected by effectively permitting reimposition of the stay under section 105(a) when the equities support such action and by meeting the standards for injunctive relief. We envision, however, that equitable relief may be unavailable when the debtor's own actions engender the failure of the court to adhere to the time constraints of section 362(e) or when the equities are neither manifest nor no longer present. ***Therefore, notwithstanding the time constraints of section 362(e), the debtor may apply for an injunction under section 105(a) where the automatic stay has lapsed due to the lack of a timely order continuing such stay***.

(emphasis added)

{00366196-4}

deadline was past the 30-day deadline. As such, it, like the creditor in *Wilmette Partners*, implicitly waived its right to so object.

Even more similar to the present circumstances, in *SeSide*, the court held a hearing on the creditor's stay motion within 30 days from filing the motion. 155 B.R. at 115. The court did not issue an order at the conclusion of the hearing, but rather requested the parties to submit post-hearing briefs. *Id.* Neither party objected to the briefing schedule despite the fact that it was well past the 30-day period provided in section 362(e). *Id.* Because of the creditor's consent to the briefing schedule and the fact that it filed a brief in accordance with the schedule, the court found that it had acted inconsistent with an intent to insist on its rights and had waived the timeliness provisions of section 362(e). *Id.* at 117.

The same logic applies here. The Court set a briefing schedule. SBN did not object to the schedule and abided by it, submitting its brief by the December 28 deadline. Its actions are, thus, inconsistent with an intent to enforce the 30-day requirement.

**B.** *River Hills* **is inapposite.**

SBN is misguided in its reliance on *In re River Hills Apartments Fund*, 813 F.2d 702 (5th Cir. 1987). In *River Hills*, there were several distinguishing factors at play. First, unlike in the present case, the bankruptcy court in *River Hills* expressly refused a request to extend the automatic stay beyond the 30-day time period while the trial on the stay motion was heard by the district court. *Id.* at 705. Here, this Court never stated that the stay would not be extended. It was understood by all parties that, of course, it would be extended pending a ruling. As the court in *Aulicino* asked, what would have been the point of additional briefing on the matter if the stay was going to expire automatically prior to the briefing deadline? 400 B.R. at 179–80. Simple common sense and the fact that SBN did not raise any objection make clear that the stay would be extended, pending the Court's ruling.

The court in *River Hills* also noted that despite the fact that it refused to extend the stay, neither party moved for an expedited hearing in the district court or took any other action until the date of the previously scheduled foreclosure sale. The court focused on the debtor's own inaction and stated that if it were to allow a debtor to sit silently and prolong a stay motion proceeding through such inaction, "the debtor might thus obtain a delay tantamount to an extension of the automatic stay." 813 F.2d at 707. Thus, the focus was on holding the debtor accountable and not allowing it to purposefully extend the stay by dragging its feet. No such action on the part of Mr. Steven has occurred (or even been alleged) in the current proceedings. Mr. Steven has complied with all time restraints and has zealously argued its position, and it cannot be said that it has dragged its feet on any issue. Simply put, the court in *River Hills* was dealing with a different factual scenario and as such, its limited ruling is inapplicable to the present case.

### III. CONCLUSION

It is clear that SBN consented to the briefing schedule and in doing so acted inconsistently with an intent to enforce the 30-day limitation. Such actions amount to a waiver of the time limitation and it cannot be allowed to rely on the provision now. Such "gotcha" tactics have no place in the bankruptcy court and cannot be allowed to prevail. For these reasons and the reasons stated in Mr. Steven's Supplemental Memorandum [Dkt. No. 117], it respectfully requests that the Court deny SBN's Motion to Lift the Automatic Stay.

January 3, 2019

                                    */s/ Douglas S. Draper*
                                    Douglas S. Draper, LA Bar No. 5073
                                    Leslie A. Collins, LA Bar No. 14891
                                    Greta M. Brouphy, LA Bar No. 26216
                                    Heller, Draper, Patrick, Horn & Manthey, L.L.C.
                                    650 Poydras Street, Suite 2500
                                    New Orleans, LA 70130-6103
                                    Office: 504 299-3300/Fax: 504 299-3399
                                    E-mail: ddraper@hellerdraper.com
                                    E-mail: lcollins@hellerdraper.com
                                    E-mail: gbrouphy@hellerdraper.com

                                    **Counsel for the Debtor**

## CERTIFICATE OF SERVICE

I, Douglas S. Draper, counsel to the Debtor, hereby certify that on January 3, 2019, I

caused the above and foregoing Memorandum to be served on the parties listed below via the

Court's ECF Filing System as follows:

- Greta M. Brouphy    gbrouphy@hellerdraper.com
- Douglas S. Draper    ddraper@hellerdraper.com,
  kfritscher@hellerdraper.com;lcollins@hellerdraper.com
- James M. Garner    jgarner@shergarner.com,
  mgarner@shergarner.com;jchocheles@shergarner.com;ethomas-ponce@shergarner.com
- Meredith S. Grabill    mgrabill@lawla.com
- Benjamin W. Kadden    bkadden@lawla.com, mnguyen@lawla.com
- William Kaufman    whkaufman@ohllc.com, egnormand@ohllc.com
- Gail Bowen McCulloch    gail.mcculloch@usdoj.gov
- Amanda W. Messa    amanda.messa@phelps.com
- Stewart F. Peck    speck@lawla.com, erosenberg@lawla.com;ymaranto@lawla.com
- Peter James Segrist    segrist@carverdarden.com, clary@carverdarden.com
- Office of U. S. Trustee    USTPRegion05.SH.ECF@usdoj.gov
- David F. Waguespack    waguespack@carverdarden.com, plaisance@carverdarden.com
- Randall Scott Wells    swells@rushing-guice.com

                                    */s/ Douglas S. Draper*
                                    Douglas S. Draper

{00366196-4}