U.S. Department of
Homeland Security

United States
Coast Guard

Director
National Vessel Documentation Center

792 T. J. Jackson Drive
Falling Waters, WV 25419
Phone: (800) 799-8362
Fax: 304-271-2405

**October 7, 2015**

AMERITITLE INC
ATTN: STEVEN A WATTS
4200 S I-10 SERVICE ROAD W  SUITE 110
METAIRIE LA 70002

**Regarding your recent submission to the National Vessel Documentation Center**

This cover letter with enclosure(s) is sent in response to a submission made to this office. If you
have any questions, please contact the National Vessel Documentation Center at the number
shown above.

**Enclosures:**

(1) <Certified Copy> Preferred Mortgage       O/N: 1092471       15 PAGE(S)

**TOTAL:**                               16 PAGE(S) (including cover page)

EXHIBIT C

18-51277 - #128-3  File 01/17/19  Enter 01/17/19 15:40:01  Exhibit C Pg 1 of 16

**"NOTICE OF MORTGAGE"**

This Vessel is owned by LADY BRANDI L.L.C., and is covered by a Preferred Ship Mortgage in favor of FIRST NBC BANK, as Mortgagee. Under the terms of said Mortgage, no owner, operator, charterer, cargo owner, subcharterer of this Vessel, or any person, has the right, power or authority to create, incur or permit to exist on this Vessel any lien whatsoever other than liens for crew's wages or salvage.

National Vessel Documentation Center USCG
I hereby certify this to be a true copy
of the records of this office.

10/06/2015

Director, National Vessel Documentation Center

## PREFERRED SHIP MORTGAGE

### ON 100.000% OF THE LADY BRANDI

### OFFICIAL NO. 1092471

EXECUTED BY

LADY BRANDI L.L.C.

IN FAVOR OF

FIRST NBC BANK

ON THE 28TH DAY OF SEPTEMBER, 2015

OBLIGATIONS SECURED DIRECT OR CONTINGENT, EXCLUSIVE OF INTEREST,
EXPENSES AND FEES, PURSUANT TO 46 U.S.C.A SECTION 31321 (B)(3)
AND 46 CFR SECTION 67.235: $50,000,000.00

### NAME OF VESSEL

LADY BRANDI

HAILING PORT: NEW IBERIA

GROSS TONNAGE: 98.00

NET TONNAGE: 66.00

YEAR BUILT: 2000

DATE CERTIFICATE OF DOCUMENTATION ISSUED: 04-03-2015

LOCATION OF MORTGAGED VESSEL: NEW IBERIA, LA
GRANTOR'S INTEREST: 100.000%, 100.00
LENDER'S INTEREST: 100.000%, 100.00

| GRANTOR: | LENDER: |
|---|---|
| LADY BRANDI L.L.C.<br>P.O. BOX 1820<br>AMELIA, LA 70340 | FIRST NBC BANK<br>KENNER OFFICE<br>3535 CHATEAU BLVD SUITE 19<br>KENNER, LA 70065 |



*0000001000138770%0000000%0945%09282015%861098285*

# PREFERRED SHIP MORTGAGE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $22,500,000.00 | 09-28-2015 | 09-28-2020 | REDACTED | 4A / 055 | | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item
Any item above containing "****" has been omitted due to text length limitations.

| | | | | |
|---|---|---|---|---|
| Borrower: | IBERIA MARINE SERVICE, L.L.C.; MR. BLAKE LLC; MR. RIDGE LLC; LADY GLENDA LLC; MR. MASON LLC; MR. ROW LLC; LADY BRANDI L.L.C.; LADY EVE, L.L.C.; and MR. STEVEN, LLC P.O. BOX 1820 AMELIA, LA 70340 | Lender: | FIRST NBC BANK KENNER OFFICE 3535 CHATEAU BLVD SUITE 19 KENNER, LA 70065 | |
| Grantor: | LADY BRANDI L.L.C. P.O. BOX 1820 AMELIA, LA 70340 | | | |

---

PREFERRED SHIP MORTGAGE

BY: LADY BRANDI L.L.C.

IN FAVOR OF:

FIRST NBC BANK

And Any Future Holder or Holders

UNITED STATES OF AMERICA

STATE OF LOUISIANA

PARISH OF JEFFERSON

BE IT KNOWN, that on September 28, 2015;

IN THE PRESENCE OF the undersigned competent witnesses;

PERSONALLY CAME AND APPEARED:

LADY BRANDI L.L.C., a limited liability company duly organized, validly existing and in good standing under the laws of the State of Louisiana and has its registered offices at 3820 LAKE PALOURDE, MORGAN CITY, LA, 70380, appearing herein through its duly authorized member(s);

WHO DECLARED THAT:

### TERMS AND CONDITIONS:

COLLATERAL DESCRIPTION. The word "Collateral" means the Vessel and Grantor's Rights.

CROSS-COLLATERALIZATION. In addition to the Note, this Ship Mortgage secures all obligations, debts and liabilities, plus interest thereon, of either Grantor or Borrower to Lender, or any one or more of them, as well as all claims by Lender against Borrower and Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated, all up to a maximum principal amount outstanding at any one or more times, or from time to time not to exceed U.S. $50,000,000.00, plus all interest, costs, expenses, reasonable attorneys' fees and other fees and charges, whether Borrower or Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

GRANTOR'S WAIVERS. Grantor waives all requirements of presentment, protest, demand, and notice of dishonor or non-payment to Borrower or Grantor, or any other party to the Indebtedness or the Collateral. Lender may do any of the following with respect to any obligation of any Borrower, without first obtaining the consent of Grantor: (A) grant any extension of time for any payment, (B) grant any renewal, (C) permit any modification of payment terms or other terms, or (D) exchange or release any Collateral or other security. No such act or failure to act shall affect Lender's rights against Grantor or the Collateral.

GRANTING OF MORTGAGE. And now, in order to secure the prompt and punctual payment and satisfaction of the Indebtedness, in principal, interest, costs, expenses, attorneys' fees and other fees and charges, Grantor does by these presents specifically mortgage, affect and hypothecate unto and in favor of Lender, and does hereby grant a continuing security interest in and to any and all of Grantor's present and future rights, title and interest in and to the whole of the above described Vessel.

MORTGAGE SECURING FUTURE INDEBTEDNESS. This Preferred Ship Mortgage has been executed by Grantor for the purpose of securing the Indebtedness that may now be existing and that may arise in the future as provided herein, with the preferences and priorities provided under applicable law.

DEPOSIT ACCOUNTS. As collateral security for repayment of the Indebtedness and all renewals and extensions, as well as to secure any and all other loans, notes, indebtedness and obligations that Borrower or Grantor may now and in the future owe to Lender or incur in Lender's favor, whether direct or indirect, absolute or contingent, due or to become due, of any nature and kind whatsoever (with the exception of any indebtedness under a consumer credit card account), and to the extent permitted by law, Grantor is granting Lender a continuing security interest in

any and all funds that Grantor may now and in the future have on deposit with Lender or in certificates of deposit or other deposit accounts as to which Grantor is an account holder (with the exception of IRA, pension, and other tax-deferred deposits). Grantor further agrees that, to the extent permitted by law, Lender may at any time apply any funds that Grantor may have on deposit with Lender or in certificates of deposit or other deposit accounts as to which Grantor is an account holder against the unpaid balance of the Indebtedness and any and all other present and future indebtedness and obligations that Borrower or Grantor may then owe to Lender, in principal, interest, fees, costs, expenses, and reasonable attorneys' fees.

**DURATION OF SHIP MORTGAGE.** This Ship Mortgage shall remain in full force and effect until such time as all of the Indebtedness shall have been paid in full, in principal, interest, costs, expenses, reasonable attorneys' fees and other fees and charges.

**REPRESENTATIONS, WARRANTIES, AND OBLIGATIONS CONCERNING THE VESSEL.** Grantor represents, warrants, and covenants to Lender as follows with respect to the Vessel:

**Hailing Port.** The hailing port of the Vessel is and shall at all times be NEW IBERIA, LA. As long as this Ship Mortgage remains in effect, Grantor shall advise Lender, upon request, of any change in the hailing port of the Vessel.

**Location of Vessel.** When not in use elsewhere, the Vessel shall be berthed at: NEW IBERIA, LA.

**Notice of Mortgage.** Grantor shall exhibit and cause a certified copy of this Ship Mortgage and any and all amendments or supplements hereto or assignments hereof, to be exhibited, on demand, to any person having business with the Vessel or with Grantor or with any of Grantor's representatives. Grantor shall further cause the following notice, printed in plain type of such size that each paragraph of reading matter shall cover a space not less than six inches (6") wide by nine inches (9") high, and framed under glass, to be placed and kept prominently displayed on the Vessel:

**"NOTICE OF MORTGAGE"**

**This Vessel is owned by LADY BRANDI L.L.C., and is covered by a Preferred Ship Mortgage in favor of FIRST NBC BANK, as Mortgagee. Under the terms of said Mortgage, no owner, operator, charterer, cargo owner, subcharterer of this Vessel, or any person, has the right, power or authority to create, incur or permit to exist on this Vessel any lien whatsoever other than liens for crew's wages or salvage.**

Grantor agrees that such notice shall be changed whenever necessary to reflect the identity of any successor to Grantor or Lender.

**Use of Vessel.** Grantor shall use, and shall cause others to use, the Vessel at all times in accordance with the laws, treaties, conventions, rules, regulations and ordinances of the United States of America, the several states and municipalities thereof, and any other sovereign jurisdiction in which the Vessel may be located. The Vessel shall further be used only for any purpose and in the manner set forth in the application for insurance executed in connection therewith, as from time to time in effect, and furthermore, may not be used for any illegal purpose. Grantor shall not, without the prior written consent of Lender, do any act, or voluntarily suffer or permit any act to be done, whereby any insurance required under this Ship Mortgage shall or may be cancelled, suspended, impaired or defeated, or suffer or permit the Vessel to engage in any voyage or to carry any cargo not permitted under the policies of insurance then in effect, without procuring insurance satisfactory to Lender covering the Vessel in all respects for such voyage.

**Hazardous Substances.** Grantor represents and warrants that the Vessel never has been, and never will be so long as this Ship Mortgage remains a lien on the Vessel, used in violation of any Environmental Laws or for the generation, manufacture, storage, transportation, treatment, disposal, release or threatened release of any Hazardous Substance. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Vessel for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any Environmental Laws, and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims and losses resulting from a breach of this provision of this Ship Mortgage. This obligation to indemnify and defend shall survive the payment of the Indebtedness and the satisfaction of this Ship Mortgage.

**Alterations.** Grantor shall not, without the prior written consent of Lender, make or permit others to make, any alterations to the Vessel or any part or component of the Vessel, that may reduce or impair the Vessel's value or utility.

**Abandonment of Vessel.** Grantor shall not, nor shall Grantor permit others, to abandon, commit waste, or destroy the Vessel, or any part or component of the Vessel.

**Repairs and Maintenance.** Grantor shall keep and maintain, and cause others to keep and maintain, the Vessel in good order, repair and seaworthy condition to Lender's satisfaction and to the satisfaction of the Vessel's salvage association, classification society and the United States Coast Guard, as applicable. Grantor shall further make and cause all necessary repairs to be made to the Vessel, including the repair and restoration of any portion of the Vessel, or its parts or components, that may have been lost, damaged or impaired.

**Inspections; Audits.** Lender and Lender's agents may periodically inspect or survey the Vessel to ascertain its condition and to satisfy Lender that the Vessel is being properly repaired and maintained. Lender and Lender's agents may further periodically enter upon Grantor's premises at reasonable hours and conduct audits of Grantor's books and records that in any way pertain to the Vessel, any part or parts thereof, or Grantor's Rights. Lender shall have the further right to periodically inspect the log of the Vessel.

**Prohibitions Regarding the Vessel.** So long as this Ship Mortgage remains in effect, Grantor shall not, without Lender's prior written consent, (1) sell, assign, transfer, convey, option, mortgage, lease or charter the Vessel; (2) permit any Encumbrances to be placed on or attached to the Vessel; (3) change the hailing port

of the Vessel; or (4) register the Vessel under the laws of any foreign nation.

**Preferred Ship Mortgage.** Grantor shall comply with and satisfy all of the provisions of applicable law and regulations of the United States of America, as the same may at any time be amended, including without limitation all laws and regulations relating to citizenship of Grantor, in order to establish and maintain this Ship Mortgage as a first priority "preferred mortgage" upon the Vessel for the full amount secured hereby. Grantor shall also execute and record from time to time, at its expense and at reasonable advance intervals, such additional instruments as may be necessary or appropriate within Lender's sole discretion, so that this Ship Mortgage may be established and preserved as a valid lien on the Vessel until this Ship Mortgage shall be cancelled in the manner provided in this Ship Mortgage.

**VESSEL OWNERSHIP AND TITLE.** Grantor represents, warrants, and covenants to Lender as follows:

**General Representations and Warranties.** Grantor is and shall continue to be a citizen of the United States entitled to own and operate the Vessel under her marine document, which Grantor shall maintain in full force and effect. Grantor will at all times continue to keep the Vessel properly documented with the Documentation Office of the U.S. Coast Guard (the "Documentation Office") and properly and timely pay to the Documentation Office all documentation renewal fees and make any filings with the Documentation Office required thereby to properly maintain the current status of the Certificate of Documentation for the Vessel. Except as previously disclosed to and accepted by Lender in writing: (a) Grantor is and will continue at all times to be the sole lawful owner of the Vessel; (b) Grantor has the right to mortgage the Vessel to Lender; (c) as of the time this Ship Mortgage is recorded, there are no prior Encumbrances affecting the Vessel, or any part or parts thereof; (d) the security interests granted under this Ship Mortgage shall at no time become subordinate or junior to any security interest, lien or claim of any person, firm, corporation or other entity, except for statutory liens for crew's wages, salvage and similar charges; (e) this Ship Mortgage is binding upon Grantor as well as Grantor's heirs, successors, representatives and assigns, and is legally enforceable in accordance with its terms; and (f) the Vessel is and will continue to be properly documented under the laws of the United States of America. The foregoing representations and warranties, and all other representations and warranties contained in this Ship Mortgage, shall be continuing in nature and shall remain in full force and effect until such time as this Ship Mortgage is cancelled in the manner provided herein.

**Prior Encumbrances.** To the extent applicable, Grantor shall fully and timely perform any and all of Grantor's obligations under any prior Encumbrances affecting the Vessel. Without limiting the foregoing, Grantor shall not commit or permit to exist any breach of or default under any such prior Encumbrances. Grantor shall further promptly notify Lender in writing upon the occurrence of any event or circumstances that would, or that might, result in a breach of or default under any such prior Encumbrance. Grantor shall further not modify or extend any of the terms of any prior Encumbrance or any indebtedness secured thereby, or request or obtain any additional loans or other extensions of credit from any third party creditor or creditors whenever such additional loan advances or other extensions of credit may be directly or indirectly secured, whether by cross-collateralization or otherwise, by the Vessel, or any part or parts thereof, with possible preference and priority over the lien of this Ship Mortgage.

**Future Encumbrances.** Neither Grantor, nor any charterer, master or operator of the Vessel, shall, without the prior written consent of Lender, grant, or create any Encumbrance, or incur any obligation that may give rise to an Encumbrance (other than for crew's wages or salvage), that may affect the Vessel, or any part or parts thereof, nor shall Grantor, or any charterer, master or operator of the Vessel, permit or consent to any Encumbrance attaching to or being filed against the Vessel, or any part or parts thereof, in favor of anyone other than Lender. Grantor shall further promptly pay when due, or cause to be paid when due, all statements and charges of the master, crew, seamen, mechanics, materialmen, laborers and others incurred in connection with the alteration, improvement, operation, repair, maintenance and salvage of the Vessel, or any and all part or parts thereof, or otherwise furnish appropriate security or bond so that no Encumbrance may ever attach to or be filed against the Vessel or any of Grantor's Rights assigned and pledged under this Ship Mortgage.

**Notice of Encumbrances.** Grantor shall immediately notify Lender in writing upon the filing of any attachment, lien, judicial process, claim or other Encumbrance affecting the Vessel. Grantor additionally agrees to notify Lender immediately in writing, upon the occurrence of any default, or event that, with the passage of time, failure to cure, or giving of notice, might result in a default, under any of Grantor's obligations that may be secured by any presently existing or future Encumbrance, or that may result in an Encumbrance affecting the Vessel, or any part or parts thereof, or should the Vessel be seized or attached or levied upon, or threatened by seizure or attachment or levy, by any person other than Lender.

**VESSEL INSURANCE REQUIREMENTS AND PROVISIONS.** Grantor represents, warrants, and covenants to Lender as follows with respect to insurance and the Vessel:

**Required Insurance.** So long as this Ship Mortgage remains in effect, Grantor shall keep, at Grantor's sole cost, and/or cause others at their expense to keep, the Vessel constantly insured as specified below, as well as to keep the Vessel insured against such additional risks as may be commercially reasonable or reasonably specified by Lender from time to time:

(a) Insurance against loss or damage by fire, and against all marine risks and disasters, including marine (including without limitation navigation and port risks) hull and machinery insurance under the latest forms (determined at the time of issuance of the policies in question) of policies approved by Lender, insuring the Vessel against the usual risks covered by such forms (including, at the option of Grantor, such amounts of increased value and other forms of "total loss only" insurance that are permitted by said hull insurance policies), for an amount at least equal to the amount which shall from time to time remain unpaid under the Note and interest thereon.

(b) Liability insurance for bodily injury, death and property damage as shall be required by Lender.

(c) In addition, Lender's interest in the Vessel shall be noted by the Protection and Indemnity Club (where applicable) in which the Vessel may be enrolled.

(d) Insurance for such other risks and liabilities, and in such amounts, as Lender shall from time to time require.

Grantor shall further keep the Vessel insured against marine protection and indemnity risks and liabilities, and against pollution liability, by policies of insurance approved by Lender as to form and amount.

**Insurance Companies.** Grantor may purchase such insurance through one or more marine insurance brokers of its choice, with such insurance being placed and kept with such American, British or other insurance companies, underwriters' associations, clubs or underwriting funds reasonably acceptable to Lender. All such insurance policies, including renewals and replacements, must also be in form, amount and substance acceptable to Lender and must additionally contain a noncontributory lender's loss payable clause in favor of Lender, providing in part that: (a) all proceeds and returned premiums under such policies of insurance will be paid directly to Lender; (b) no act or omission on the part of Grantor or any of its officers, agents, employees or representatives, or the master or crew of the Vessel, or any charter or subcharter thereof, or breach of any warranties contained in such policies, shall affect the obligations of the insurer to pay the full amount of any loss to Lender; (c) such policies may not be cancelled or altered without thirty (30) days' prior written notice to Lender of such intended cancellation or alteration; (d) there shall be no recourse against Lender for the payment of premiums or commissions; and (e) if such policies provide for the payment of club calls, assessments or advances, there shall be no recourse against Lender for the payment thereof.

**Insurance Policies.** Grantor agrees to provide Lender with originals or certified copies of such policies of insurance. Grantor further agrees to promptly furnish Lender with copies of all renewal notices and, if requested by Lender, with copies of receipts for paid premiums. Grantor shall provide Lender with originals or certified copies of all renewals or replacement policies of insurance no later than ten (10) days before any such existing policy or policies should expire.

**Casualties and Accidents.** Grantor agrees to immediately notify Lender in writing of any material casualty to or accident involving the Vessel, whether or not such casualty or loss is covered by insurance. Grantor further agrees promptly to notify Grantor's insurers and to submit an appropriate claim and proof of claim to such insurers in the event that the Vessel, or any part or parts thereof, are lost, damaged, or impaired as a result of an insured hazard. Lender may submit such a claim and proof of claim to the insurer on Grantor's behalf, should Grantor fail to do so promptly for any reason. Grantor hereby irrevocably appoints Lender as its agent and attorney-in-fact, such agency being coupled with an interest, to make, settle and adjust any and all claims under such policy or policies of insurance and to endorse the name of Grantor on any check or other item of payment for the proceeds thereof; it being understood, however, that unless one or more Events of Default exist under this Ship Mortgage, Lender will not settle or adjust any such claims without the prior approval of Grantor (which approval shall not be unreasonably withheld).

**Insurance Certificates or Opinions.** Grantor will further furnish to Lender, and Lender may rely upon, a certificate or opinion of a firm of marine insurance brokers acting for Grantor with respect to the Vessel, as of the date of this Ship Mortgage, stating in effect, that such insurance complies in all respects to the applicable requirements of this Ship Mortgage. Annually hereafter, Grantor shall further furnish to Lender a detailed certificate or opinion signed by a qualified firm of marine insurance brokers as provided above, as to the insurance maintained by Grantor pursuant to this Ship Mortgage, specifying the respective policies of insurance covering the same, and stating, in effect, that such insurance complies in all respects with the applicable requirements of this Ship Mortgage.

**Insurance Proceeds.** Lender shall have the right to receive directly the proceeds of all insurance protecting the Vessel. In the event that Grantor should receive any such insurance proceeds, Grantor agrees immediately to turn over such proceeds and to pay the same directly to Lender. All insurance proceeds may be applied, at Lender's sole option and discretion, and in such a manner as Lender may determine (after payment of all reasonable costs, expenses and attorneys' fees necessarily paid or incurred by Lender in this connection), whether or not an Event of Default exists under this Ship Mortgage, for the purpose of (a) repairing or replacing any lost, damaged or impaired portions, parts or components of the Vessel, as well as payment of any liabilities, salvage or other charges and expenses (including labor charge due or paid by Grantor), that may be covered by such policies of insurance; or (b) reducing the then outstanding balance of the Indebtedness, with such payments to be applied in the manner provided in this Ship Mortgage. Lender's receipt of such insurance proceeds and the application of such proceeds as provided herein shall not, however, affect the lien of this Ship Mortgage. Nothing under this section shall be deemed to excuse Grantor from Grantor's obligations promptly to repair, replace or restore any lost, damaged or destroyed portion, part or component of the Vessel, whether or not the same may be covered by insurance, and whether or not such proceeds of insurance are available, and whether such proceeds are sufficient in amount to complete such repair, replacement or restoration to the satisfaction of Lender. Furthermore, unless otherwise confirmed by Lender in writing, the application or release of any insurance proceeds by Lender shall not be deemed to cure or waive any Event of Default under this Ship Mortgage. In the event of an accident or event resulting in a constructive total loss of the Vessel, Lender shall have the right to assert a claim on behalf of Grantor, and if (a) such claim is accepted by all underwriters under the policies then in force, and (b) payment in full thereof is made in cash, then Lender shall have the right to abandon the Vessel to the underwriters, free from the lien of this Ship Mortgage. Lender shall also have the right, in its sole discretion, to enter into any agreement or compromise with regard to the total loss or the constructive total loss of the Vessel.

**TAX REQUIREMENTS AND PROVISIONS.** Grantor represents, warrants, and covenants to Lender as follows with respect to taxes relating to the Vessel and this Ship Mortgage:

**Taxes.** Grantor shall promptly pay, or cause to be paid when due, all taxes, local and special assessments, and governmental and other charges, fines and penalties, of every nature and description, that may from time to time be imposed, assessed and levied against the Vessel or against Grantor. If requested by Lender, Grantor further agrees to furnish Lender with evidence that such taxes, assessments, and governmental and other charges, fines and penalties have been paid in full and in a timely manner.

**Tax Law Changes.** In the event that there should be any change in applicable law with regard to taxation of ship mortgages or the debts they secure, Grantor agrees to pay any taxes, assessments or charges that may be imposed upon Lender as a result of this Ship Mortgage.

**ADDITIONAL ADVANCES FOR SPECIFIC PURPOSES.** Lender shall have the right, within Lender's sole option and discretion, to make Additional Advances on Grantor's behalf for the following purposes:

**Insurance.** If Grantor should for any reason fail to maintain insurance on the Vessel as required under this Ship Mortgage, Lender may make Additional Advances on Grantor's behalf for the purpose of purchasing and maintaining, and Lender may purchase and maintain, such insurance coverage (including insurance protecting only Lender's interests in the Vessel).

**Taxes.** If Grantor should for any reason fail to pay promptly when due taxes, assessments, and governmental and other charges as required under this Ship Mortgage, Lender may make Additional Advances on Grantor's behalf for the purpose of paying such taxes, assessments, and governmental and other charges.

**Repairs.** If Grantor should for any reason fail to make all necessary repairs to the Vessel and to keep the Vessel in good working order and seaworthy condition as required under this Ship Mortgage, Grantor agrees that Lender may make Additional Advances on Grantor's behalf for the purpose of making, and Lender may make, such repairs and maintenance to the Vessel as Lender may deem to be necessary and proper within its sole discretion. Lender and Lender's agents may board the Vessel at any time, and from time to time, for the purpose of accomplishing such repairs and maintenance.

**Encumbrances.** If Grantor should permit or allow any Encumbrance to attach to or be recorded or filed against the Vessel, without having first obtained Lender's prior written consent, or if Grantor should for any reason default under any obligation secured by any presently existing or future Encumbrance, Lender may make Additional Advances on Grantor's behalf and take such other action or actions, as Lender may deem to be necessary and proper within it sole discretion, to pay and fully satisfy such obligation and/or Encumbrance, to cure or rectify any such default or defaults and to prevent future defaults on Grantor's part.

**Arrest and Seizure of Vessel.** Should the Vessel be arrested or detained by a marshal or other officer of any court of law, equity or admiralty jurisdiction or by any government or other authority, and the Vessel not be released within fifteen (15) days from the date of arrest or detention, Lender is hereby authorized and empowered to apply for and receive and take possession of the Vessel in the name of Grantor. Lender is further authorized and empowered to appear in any court where a suit is pending against Vessel and to take such action as Lender may deem, within it sole discretion, to be necessary and/or proper to defend any such suit and/or to obtain the release or discharge of any lien against the Vessel. All funds and expenses expended or incurred by Lender for such purposes shall be considered an Additional Advance as provided under this Ship Mortgage.

**Other Purposes.** Lender may further make Additional Advances on Grantor's behalf and take such other action or actions as Lender may deem to be necessary and proper within Lender's sole discretion, to cure and rectify any actions or inactions on Grantor's part, as are required under this Ship Mortgage, that are not listed immediately above.

**No Obligations.** Nothing under this Ship Mortgage shall obligate Lender to make any such Additional Advances or to take any of the above actions on Grantor's behalf, or as making Lender in any way responsible or liable for any loss, damage or injury to Grantor, or to any other person or persons, resulting from Lender's election not to advance such additional sums or to take such action or actions. In addition, Lender's election to make Additional Advances and/or to take the above actions on Grantor's behalf shall not constitute a waiver or forbearance by Lender of any Event of Default under this Ship Mortgage.

**OBLIGATION TO REPAY ADDITIONAL ADVANCES; INTEREST.** Grantor unconditionally agrees to repay any and all Additional Advances that Lender may elect to make on Grantor's behalf, together with interest as provided herein, immediately upon demand by Lender. Grantor agrees to pay Lender interest on Additional Advances at the rate or rates provided under the Note from the date of each such Additional Advance until all such Additional Advances are repaid in full. Grantor's obligations to repay Additional Advances to Lender, together with interest thereon, shall be secured by this Ship Mortgage.

**ADDITIONAL SECURITY IN RIGHTS.** Grantor further grants a continuing security interest in the following Rights in favor of Lender as additional collateral security for the prompt and punctual payment of the Indebtedness:

**Proceeds.** Any and all proceeds of or with regard to the Vessel and Grantor's Rights, including without limitation all proceeds derived or to be derived from the sale, transfer, conveyance, exchange, insurance loss, damage, destruction, condemnation, expropriation or other taking of the Vessel and any unearned insurance premiums relating thereto, as well as any salvage awards and/or recoveries in general average, and all other sums due or to become due with respect to the Vessel, and further including the rights of Grantor to receive such proceeds directly from the obligor or obligors therefor, and to further enforce any rights that Grantor may have to collect such proceeds, including without limitation Grantor's rights to commence an appropriate collection or enforcement action or actions incident thereto.

**Leases, Charters, Rents, and Profits.** Any and all present and future leases or charters affecting the Vessel, including without limitation any and all rents, income, profits, bonuses, revenues, royalties, cash or security deposits, advance rentals and other payments, and further including Grantor's rights to enforce such leases or charters and to receive and enforce any rights that Grantor might have to collect such payments.

**Earnings and Other Revenues.** Any and all freight, hire, earnings, issues, revenues, accounts, assets, payments, income and profits derived or to be derived from the use or operation of the Vessel, or any part or parts thereof, including the rights of Grantor to receive such payments directly from the obligor or obligors thereof, and to further enforce any rights that Grantor collect such payments, including, but not limited to, Grantor's rights to commence an appropriate collection or enforcement action or actions incident thereto.

**Deposits.** Any and all present and future deposits or other security or advance payments, including rental

payments made by or on behalf of Grantor to others, with respect to (1) moorage or dockage of the Vessel, (2) cleaning, maintenance, repair or similar services regarding the Vessel, and (3) rentals of equipment, if any, used in the operation by or on behalf of Grantor regarding the Vessel.

**Options.** Any and all present and future options to sell, lease or charter the Vessel or any interest in the Vessel.

**Other Rights.** Any and all of Grantor's present and future contract rights, general intangibles, instruments and documents necessary for use or useful in connection with the ownership and operation of the Vessel, whether now existing or hereafter created or otherwise acquired by Grantor, and all liens, security interests, guaranties, remedies, privileges and other rights pertaining thereto, and all rights and remedies of any kind forming the subject matter thereof, as well as all records and data relating to any of the foregoing or to the Vessel, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Grantor's right, title, and interest in and to all programming and software required to utilize, create, maintain, and process any such records or data on electronic media.

**REPRESENTATIONS AND WARRANTIES CONCERNING RIGHTS.** Grantor represents, warrants and covenants to Lender as follows with respect to the Rights:

**Specific Representations and Warranties.** (1) Grantor is (or with respect to future Rights, will be at the time of acquisition of the future Rights) the sole lawful owner of all the aforesaid Rights; (2) Grantor has the right to grant a security interest in such Rights in favor of Lender; (3) Grantor has not made any previous assignments or pledges or otherwise encumbered any of Grantor's Rights; (4) to the extent applicable, all of Grantor's Rights that consist of or give rise to obligations of third parties, represent and/or will at all times continue to represent bona fide obligations of the obligor thereunder, free of any offset, compensation, deduction or counterclaim; and (5) the security interest granted hereunder as affecting Grantor's Rights is binding upon Grantor, as well as Grantor's heirs, successors, representatives and assigns, and is legally enforceable in accordance with the foregoing terms and conditions.

**Additional Obligations of Grantor with Regard to the Rights.** Grantor additionally agrees (1) so long as this Ship Mortgage remains in effect, Grantor will not, without the prior written consent of Lender, sell, transfer, assign, pledge, or grant, or create or permit to exist any lien or security interest in or against any of Grantor's Rights, in favor of any person other than Lender; (2) Grantor shall not, without the prior written consent of Lender, compromise, settle, adjust or extend payment under or with regard to any of Grantor's Rights; and (3) Grantor will keep proper books and records with regard to Grantor's business activities and Rights, in accordance with GAAP, applied on a consistent basis throughout, which books and records shall at all reasonable times be open to inspection and copying by Lender or its designated agents. Lender also shall have the right to inspect Grantor's books and records and to discuss Grantor's affairs and finances with Grantor's officers and representatives, at such reasonable times as Lender may designate.

**Notice to Obligors.** Upon request by Lender, Grantor immediately will notify individual obligors under Grantor's Rights, advising such obligors of the fact that their respective agreements and obligations have been assigned and pledged to Lender. In the event that Grantor should fail to provide such notices for any reason upon Lender's request, Grantor agrees that Lender may forward appropriate notices to such obligors either in Lender's name or in Grantor's name.

**Protection of Rights.** Grantor will at all times protect and preserve all of Grantor's Rights.

**Lender's Right to Collect Directly and Receive Proceeds and Payments Before or After Default.** Lender shall have the right, at its sole option and election, at any time, whether or not one or more Events of Default then exist under this Ship Mortgage, to collect directly and receive all proceeds and payments arising under or in any way accruing from Grantor's Rights, as such amounts become due and payable. In order to permit the foregoing, Grantor unconditionally agrees to deliver to Lender, immediately following demand, any and all of Grantor's records, ledger sheets and all other documents in the form requested by Lender, with regard to Grantor's Rights and any and all proceeds and payments applicable thereto. Lender shall have the further right, whether or not an Event of Default then exists under this Ship Mortgage, and where appropriate and within Lender's sole discretion, to file suit, either in Lender's own name or in the name of Grantor, to collect any and all proceeds and payments that may now and/or in the future be due and owing under and/or as a result of such Rights. Where it is necessary for Lender to attempt to collect any such proceeds or payments from the obligors or debtors therefor, Lender may compromise, settle, extend or renew for any period (whether or not longer than the original period) any indebtedness thereunder or evidenced thereby, or surrender, release or exchange all or any part of said indebtedness, without affecting the liability of Grantor under this Ship Mortgage or under the Indebtedness. To that end, Grantor hereby irrevocably constitutes and appoints Lender as Grantor's attorney-in-fact, coupled with an interest and with full power of substitution, to take any and all such actions and any and all other actions permitted hereby, either in the name of Grantor or Lender.

**DEFAULT.** Each of the following shall constitute an Event of Default under this Ship Mortgage:

**Default Under Loan Agreement.** If an Event of Default occurs or exists under the terms of Borrower's Loan Agreement in favor of Lender.

**Payment Default.** Borrower fails to make any payment when due under the Indebtedness.

**Default under Other Agreements.** Should Grantor violate or fail to comply fully with any of the terms and conditions of, or default under any loan or other agreement governing any of the Indebtedness.

**Default under this Ship Mortgage.** Should Grantor violate or fail to comply fully with any of the terms and conditions of, or default under this Ship Mortgage and/or any of the additional obligations incurred or assumed by Grantor hereunder.

**Other Defaults in Favor of Lender.** Should Grantor or any Guarantor default under any other extension of credit, or security agreement or obligation, in favor of Lender.

**Default in Favor of Third Parties.** Should Grantor or any Guarantor default under any loan, extension of credit,

security agreement, or purchase or sales agreement, in favor of any other creditor or person that may affect the Vessel or Grantor or any Guarantor's ability to perform its obligations hereunder and/or pertaining to any of the Indebtedness.

**Insolvency.** The dissolution of Grantor (regardless of whether election to continue is made), any member withdraws from the limited liability company, or any other termination of Borrower's or Grantor's existence as a going business or the death of any member, the insolvency of Borrower or Grantor, the appointment of a receiver for any part of Borrower's or Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower or Grantor.

**Failure to Pay Additional Advances.** Borrower or Grantor fails to pay any Additional Advance, together with interest thereon, as provided in this Ship Mortgage, upon Lender's demand.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or Grantor or on Borrower's or Grantor's behalf under this Ship Mortgage or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Insecurity.** Lender in good faith believes itself insecure with regard to repayment of the Indebtedness.

**LENDER'S RIGHTS UPON DEFAULT.** Should one or more Event of Default occur or exist under this Ship Mortgage, as provided above, Lender shall have the right, at its sole option, to accelerate payment in full of any and all of the Indebtedness and to declare the same to be immediately due and payable, without further notice to, or demand of Borrower or Grantor, and without formally placing Grantor in default hereof or hereunder. Lender shall then have the right to commence appropriate foreclosure proceedings against the Vessel and against the Rights without further notice to and/or demand of Borrower or Grantor, and without placing Grantor in default hereof or hereunder. In addition, Lender shall have the following rights and remedies:

**Other Remedies.** In the event that Lender elects to commence appropriate Louisiana foreclosure proceedings under this Ship Mortgage, Lender may cause the Vessel to be immediately seized, wherever found, and sold, whether in term of court or in vacation, under ordinary or executory process, in accordance with applicable Louisiana law, to the highest bidder for cash, with or without appraisement, and without the necessity of making demand upon or notifying Borrower or Grantor or placing Grantor in default, all of which are expressly waived.

**Executory Process.** For purposes of foreclosure under Louisiana executory process procedures, Grantor confesses judgment and acknowledges to be indebted to Lender, up to the full amount of the Indebtedness in principal, interest, costs, expenses, reasonable attorneys' fees and other fees and charges. To the extent permitted under applicable Louisiana law, Grantor additionally waives the following: (1) the benefit of appraisal as provided in Articles 2332, 2336, 2723, and 2724 of the Louisiana Code of Civil Procedure, and all other laws with regard to appraisal upon judicial sale; (2) the demand and three (3) days' delay as provided under Articles 2639 and 2721 of the Louisiana Code of Civil Procedure; (3) the notice of seizure as provided under Articles 2293 and 2721 of the Louisiana Code of Civil Procedure; (4) the three (3) days' delay provided under Articles 2331 and 2722 of the Louisiana Code of Civil Procedure; and (5) all other benefits provided under Articles 2331, 2722 and 2723 of the Louisiana Code of Civil Procedure and all other Articles not specifically mentioned above.

**Keeper.** Should any or all of the Vessel be seized as an incident to an action for the recognition or enforcement of this Ship Mortgage, by executory process, sequestration, attachment, writ of fieri facias or otherwise, Grantor hereby agrees that the court issuing any such order shall, if requested by Lender, appoint Lender, or any agent designated by Lender or any person or entity named by Lender at the time such seizure is requested, or any time thereafter, as Keeper of the Vessel as provided under La. R.S. 9:5136, et seq. Such a Keeper shall be entitled to reasonable compensation. Grantor agrees to pay the reasonable fees of such Keeper, which are hereby fixed at $50.00 per hour, which compensation to the Keeper shall also be secured by this Ship Mortgage in the form of an Additional Advance as provided in this Ship Mortgage.

**Declaration of Fact.** Should it become necessary for Lender to foreclose under this Ship Mortgage, all declarations of fact, which are made under an authentic act before a Notary Public in the presence of two witnesses, by a person declaring such facts to lie within his or her knowledge, shall constitute authentic evidence for purposes of executory process and also for purposes of La. R.S. 9:3509.1, La. R.S. 9:3504(D)(6) and La. R.S. 10:9-629, as applicable.

**Foreclosure on Collateral Outside of Louisiana.** Should the Vessel, for any reason whatsoever, be located outside of the State of Louisiana at the time of default hereunder, or at any time thereafter, Lender shall have the right, at its sole and exclusive option and discretion, to take any one or more of the following actions to the full extent permitted by applicable law:

(1) Exercise all the rights and remedies in foreclosure and/or as otherwise given to mortgagees generally by laws of the United States of America or other applicable provisions of law, including without limitation the laws of any jurisdiction in which the Vessel and other Collateral may then be found;

(2) Take and enter into possession of the Vessel at any time wherever the same may be located, without legal process and without being responsible for any loss or damage to Grantor or any other third party. Grantor and all other persons then in possession of the Vessel, shall forthwith, upon demand by Lender, surrender possession of the Vessel and Lender may, without being responsible for any loss or damage to Grantor or any other third party, hold, lay up, lease, charter, operate or otherwise use the Vessel for such time and under such terms as Lender may deem to be in its best interest and advantage. Lender may further demand, collect and retain all proceeds, payments and other Rights and any and all other sums due or to become due with respect to the Vessel or with respect to any insurance thereon, from any person whatsoever, provided that the gross amount of all such proceeds or other amounts and sums referred to above (after deducting any costs or expenses of Lender therefrom), received by Lender, shall, promptly

upon receipt, be applied in accordance with the provisions of this Ship Mortgage;

(3) Take and enter into possession of the Vessel at any time, wherever the same may be located, without legal process, and if it seems desirable to Lender and without being responsible for any loss or damage to Grantor or any other third party, sell the Vessel, whether in whole or in component parts, at public or private sale, without survey, at any place and at any such time as Lender may specify, and in such manner as Lender may deem advisable, free from any claim by Grantor in admiralty, in equity, at law, or by statute, after first giving notice of the time and place of sale with a general description of the mortgaged Vessel. In exercising these rights, Lender may at Grantor's expense move the Vessel to any place within the United States and sell the Vessel as herein provided at private sale, or file an action to foreclose on its mortgage, and may include in such action an in personam claim against Grantor regardless of Grantor's domicile;

(4) Exercise any rights, privileges and remedies in foreclosure otherwise given to Lender by any other instrument securing the Indebtedness; and

(5) Any sale of the Vessel and/or its component parts made pursuant to this Ship Mortgage, whether under the power of sale hereby granted or in any judicial proceeding, shall operate to divest Grantor of all rights, title and interests of any nature whatsoever, and shall bar Grantor and Grantor's successors and assigns, and all other persons claiming by, through or under them, from any and all further rights, claims or interests in or to the Vessel and its components. The purchaser of the Vessel shall not be bound to inquire whether notice has been given, or whether any Event of Default has occurred, or as to the propriety of the sale, or as to the application of the proceeds of the sale. In any such sale, Lender may bid for and may purchase the Vessel in the form of compensation against the Indebtedness. Upon compliance with the terms of sale, Lender may hold, retain and dispose of the Vessel without further accountability therefor.

**Attorney-in-Fact.** Lender is hereby irrevocably appointed attorney-in-fact of Grantor, coupled with an interest and with full powers of substitution, to execute and deliver to any purchaser of the Vessel as provided above, and is hereby vested with full power and authority to make, in the name and on behalf of Lender, a good conveyance of the title to the Vessel and/or its component parts sold. In the event that the sale of the Vessel and/or component parts under any power of sale herein contained, Grantor will, if and when required by Lender, execute such form of conveyance of the Vessel and its component parts as Lender may direct or approve.

**Appointment of Receiver.** If any legal proceeding shall be taken to enforce any rights under this Ship Mortgage, Lender shall be entitled as a matter of right to the appointment of a receiver of the Vessel and of Grantor's proceeds, payments and other Rights. Such a receiver shall be entitled to reasonable compensation, which additional compensation shall be secured by this Ship Mortgage in the form of an Additional Advance as provided herein.

**Additional Expenses.** In the event that it should become necessary for Lender to conduct a search for the Vessel and/or to store such Vessel, Grantor agrees to reimburse Lender for the cost of conducting such a search and/or storing the Vessel, which additional expense shall also be secured by the lien of this Ship Mortgage in the form of an Additional Advance as provided herein.

**Separate Sale of Grantor's Rights Following Default.** Lender shall have the additional right, at its sole option, separately to sell Grantor's aforesaid Rights or any part or parts thereof, at private or public sale, at such price or prices as Lender may deem best, either for cash or for any other compensation, or on credit, or for future delivery, without the assumption of any credit risk. The sale of the Grantor's aforesaid Rights may be without appraisement, the benefit of which is also expressly waived by Grantor. Grantor expressly grants to Lender the full and irrevocable power, coupled with an interest, to sell the Grantor's aforesaid Rights, or any part or parts thereof, in the manner herein specified without the intervention of any court and without any formalities other than those provided herein. For purposes of selling the Grantor's aforesaid Rights, Lender is hereby made and constituted the agent of Grantor, such agency being coupled with an interest.

**Automatic Transfer of Rights.** In the event of foreclosure under this Ship Mortgage or other transfer of title or assignment of the Vessel, or any part or parts thereof, in lieu of payment of the Indebtedness, whether in whole or in part, all policies of insurance and other Rights applicable to the foreclosed upon or transferred Vessel shall automatically inure to the benefit of and shall pass to the purchasers or transferees thereof, subject to the rights of the purchasers or transferees to reject such insurance coverage or Rights at its or their sole option and election.

**Specific Performance.** Lender may, in addition to or in lieu of the foregoing remedies, in Lender's sole discretion, commence an appropriate action against Grantor seeking specific performance of any covenant contained in this Ship Mortgage or in aid of the execution or enforcement of any power in this Ship Mortgage granted.

**Election of Remedies.** Except as may be prohibited by applicable law, all of Lender's rights and remedies, whether evidenced by this Ship Mortgage or by any other writing, shall be cumulative and may be exercised singularly or concurrently. Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Ship Mortgage, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies. Nothing under this Ship Mortgage or otherwise shall be construed so as to limit or restrict the rights and remedies available to Lender following an Event of Default, or in any way to limit or restrict the rights and ability of Lender to proceed directly against Grantor and/or Borrower and/or against any other co-maker, guarantor, surety or endorser and/or to proceed against any other collateral directly or indirectly securing the Indebtedness.

**PROTECTION OF LENDER'S SECURITY RIGHTS.** Grantor will be fully responsible for any losses that Lender may suffer as a result of anyone other than Lender asserting any rights or interest in or to the Vessel and/or Grantor's Rights. Grantor agrees to appear in and to defend all actions or proceedings purporting to affect Lender's security interests in the Vessel and/or Rights subject to this Ship Mortgage and any of the rights and powers granted Lender hereunder. In the event that Grantor fails to do what is required of Grantor under this Ship Mortgage, or if any

action or proceeding is commenced naming Lender as a party or affecting Lender's security interests or the rights and powers granted to Lender under this Ship Mortgage, then Lender may, without releasing Grantor from any of Grantor's obligations under this Ship Mortgage, do whatever Lender believes to be necessary and appropriate within its sole discretion, including making Additional Advances on Grantor's behalf as provided herein, to protect the security of this Mortgage.

**INDEMNIFICATION OF LENDER.** Grantor agrees to indemnify, to defend, and to save Lender harmless from any and all claims, suits, obligations, damages, losses, costs, expenses (including without limitation Lender's attorneys' fees), demands, liabilities, penalties, fines and forfeitures of any nature whatsoever that may be asserted against or incurred by Lender arising out of or in any manner occasioned by this Ship Mortgage and the exercise of the rights and remedies granted Lender hereunder, and obligation to so indemnify, defend and hold Lender harmless shall be secured by this Ship Mortgage. The foregoing indemnity provision shall survive the cancellation of this Ship Mortgage as to all matters arising or accruing prior to such cancellation, and the foregoing indemnity provisions shall survive in the event that Lender elects to exercise any of its remedies as provided under this Ship Mortgage following any Event of Default hereunder.

**EXECUTION OF ADDITIONAL DOCUMENTS.** Grantor agrees to execute all additional documents, instruments, UCC Financing Statements and other agreements that Lender may deem to be necessary and appropriate, within its sole discretion, in form and substance satisfactory to Lender, to keep this Ship Mortgage in effect, to better reflect the true intent of this Ship Mortgage, and to consummate fully all of the transactions contemplated hereby and by any other Related Document heretofore, now or at any time or times hereafter executed by Grantor and delivered to Lender.

**APPLICATION OF PAYMENTS.** Grantor agrees that all payments and other sums and amounts received by Lender under the Indebtedness or under this Ship Mortgage, including, but not limited to, the net proceeds of any judicial or other sale, of any charter, management or other use of the Vessel by Lender, of any claim for damages to the Vessel and of any insurance proceeds received by Lender (except to the extent that such insurance proceeds are to be paid to Grantor pursuant to any other provisions of this Ship Mortgage) shall be held and applied by Lender from time to time in accordance with the terms of the Note.

**ADDITIONAL REPRESENTATIONS AND WARRANTIES.** Grantor further represents, warrants and covenants that:

**Authorization.** Grantor's execution, delivery, and performance of this Ship Mortgage and all the Related Documents have been duly authorized by all necessary action by Grantor and do not conflict with, result in a violation of, or constitute a default under (1) any provision of (a) Grantor's articles of organization or membership agreements, or (b) any agreement or other instrument binding upon Grantor or (2) any law, governmental regulation, court decree, or order applicable to Grantor or to Grantor's properties.

**Perfection of Security Interests.** Except for the recordation of this Ship Mortgage and the filing of UCC Financing Statements with regard to perfection of the security interest in Grantor's Rights, no other filing or recording is necessary or advisable in any jurisdiction or before or with any governmental or private regulatory body in order to establish and perfect Lender's security interest in the Vessel or Grantor's Rights with respect to Grantor or any of Grantor's present or future creditors or any other third party whatsoever. Lender may at any time, and without further authorization from Grantor, file a carbon, photographic facsimile, or other reproduction of a UCC Financing Statement or of this Ship Mortgage for use as a financing statement. Grantor will reimburse Lender for all expenses for the perfection, termination, and the continuation of the perfection of Lender's security interest in the Collateral

**Waiver of Certificates.** The parties to this Ship Mortgage hereby waive the production of certificates and relieve and release the Notary before whom this Ship Mortgage is acknowledged from all responsibilities and liabilities in connection therewith.

**Further Covenants.** Grantor further represents, warrants and agrees that: (1) Grantor has agreed and consented to grant the security interest provided herein to secure payment of Borrower's Indebtedness in favor of Lender at Borrower's request and not at the request of Lender; (2) Grantor will receive and/or has received a direct or indirect material benefit from the transactions contemplated herein and/or arising out of Borrower's Indebtedness; (3) Grantor has established adequate means of obtaining information from Borrower on a continuing basis with regard to Borrower's financial condition; and (4) Lender has made no representations to Grantor as to the creditworthiness of Borrower. Grantor agrees to keep adequately informed of any facts, events or circumstances which might in any way affect Grantor's risks with regard to Borrower's Indebtedness. Grantor further agrees that Lender shall have no obligation to disclose to Grantor any information or material relating to Borrower's Indebtedness.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Ship Mortgage:

**Amendments.** No amendment, modification, consent or waiver of any provision of this Ship Mortgage, and no consent to any departure by Grantor therefrom, shall be effective unless the same shall be in writing signed by a duly authorized officer of Lender, and then shall be effective only as to the specific instance and for the specific purpose for which given.

**Attorneys' Fees; Expenses.** Grantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's reasonable attorneys' fees in an amount not exceeding 25.000% of the principal balance due on the Indebtedness and Lender's legal expenses, incurred in connection with the enforcement of this Ship Mortgage. Lender may hire or pay someone else to help enforce this Ship Mortgage, and Grantor shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's reasonable attorneys' fees in an amount not exceeding 25.000% of the principal balance due on the Indebtedness and legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees in an amount not exceeding 25.000% of the principal balance due on the Indebtedness and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. Grantor also shall pay all court costs and such additional fees as may be directed by the court.

**Caption Headings.** Caption headings in this Ship Mortgage are for convenience purposes only and are not to be

used to interpret or define the provisions of this Ship Mortgage.

**Exemption Waiver.** In granting this Ship Mortgage, Grantor waives any and all homestead exemptions and other rights and all other exemptions from seizure or sale with regard to the Vessel to which Grantor may be entitled under the laws of the State of Louisiana.

**Governing Law.** This Ship Mortgage will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Louisiana without regard to its conflicts of law provisions. This Ship Mortgage has been accepted by Lender in the State of Louisiana.

**Notices.** To give Grantor any notice required under this Ship Mortgage, Lender may hand deliver or mail the notice to Grantor at Grantor's last address in Lender's records. If there is more than one Grantor under this Ship Mortgage, notice to a single Grantor shall be considered as notice to all Grantors. To give Lender any notice under this Ship Mortgage, Grantor (or any Grantor) shall mail the notice to Lender by registered or certified mail at the address specified in this Ship Mortgage, or at any other address that Lender may have given to Grantor (or any Grantor) by written notice as provided in this section. All notices required or permitted under this Ship Mortgage must be in writing and will be considered as given on the day it is delivered by hand or deposited in the U.S. Mail as provided herein.

**Effect of Waivers.** Any failure or delay on the part of the Lender to exercise any of the rights and remedies granted under this Ship Mortgage or under any other agreement or agreements by and between Borrower and Grantor and Lender, shall not have the effect of waiving any of Lender's rights and remedies. Any partial exercise of any rights and remedies granted to Lender shall furthermore not constitute a waiver of any of Lender's other rights and remedies, it being Borrower's and Grantor's intent and agreement that Lender's rights and remedies shall be cumulative in nature. Furthermore, any failure or delay on the part of Lender at any time or times hereafter to require strict performance by Borrower or Grantor of any of the provisions, warranties, terms and conditions contained herein or in any other agreement, document or instrument now or hereafter executed by Borrower or Grantor and delivered to Lender, shall not waive, affect or diminish the rights of Lender thereafter to demand strict compliance and performance therewith and with respect to all other provisions, warranties, terms and conditions contained herein or therein. None of the warranties, conditions, provisions and terms contained in this Ship Mortgage or any other agreement, document or instrument now or hereafter executed by Borrower or Grantor and delivered to Lender, shall be deemed to have been waived by any act or knowledge of Lender, its agents, officers or employees, but only by an instrument in writing specifying such waiver, signed by a duly authorized officer of Lender and delivered to Borrower or Grantor. A waiver or forbearance on the part of Lender as to one Event of Default shall not constitute a waiver or forbearance as to any other or subsequent default.

**Severability.** If any provision of this Ship Mortgage is held to be illegal, invalid or unenforceable under present or future laws effective during the term hereof, such provision shall be fully severable. This Ship Mortgage shall be construed and enforceable as if the illegal, invalid or unenforceable provision had never comprised a part of it, and the remaining provisions of this Ship Mortgage shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance herefrom. Furthermore, in lieu of such illegal, invalid or unenforceable provision, there shall be added automatically as a part of this Ship Mortgage, a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible and legal, valid and enforceable.

**Successors and Assigns Bound; Solidary Liability.** Subject to any limitations set forth herein on transfer of the Vessel, this Ship Mortgage shall be binding upon and inure to the benefit of the parties, and their successors and assigns. In the event that there is more than one Grantor under this Ship Mortgage, all of the agreements and obligations made and/or incurred by any Grantor under this Ship Mortgage shall be on a "solidary" or "joint and several" basis.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Ship Mortgage. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Ship Mortgage shall have the meanings attributed to such terms in the United States Code and Regulations thereunder dealing with or involving documented vessels, commercial instruments relating to such vessels, and maritime liens and in the Louisiana Commercial Laws (La. R.S. 10: 9-101, et seq.) when applicable:

**Additional Advance.** The words "Additional Advance" mean any and all additional sums that Lender may advance on Grantor's behalf as provided under this Ship Mortgage.

**Borrower.** The word "Borrower" means IBERIA MARINE SERVICE, L.L.C.; MR. BLAKE LLC; MR. RIDGE LLC; LADY GLENDA LLC; MR. MASON LLC; MR. ROW LLC; LADY BRANDI L.L.C.; LADY EVE, L.L.C.; and MR. STEVEN, LLC and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Collateral.** The word "Collateral" means all of Grantor's right, title and interest in and to all the Collateral as described in the Collateral Description section of this Ship Mortgage.

**Encumbrance.** The word "Encumbrance" means individually, collectively and interchangeably any and all presently existing and/or future mortgages, liens, privileges and other contractual and/or statutory security interests and rights, of every nature and kind, whether in admiralty, at law, or in equity, that now and/or in the future may affect the Vessel or any part or parts thereof.

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Ship Mortgage in the default section of this Ship Mortgage.

**GAAP.** The word "GAAP" means generally accepted accounting principles.

**Grantor.** The word "Grantor" means LADY BRANDI L.L.C..

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Indebtedness.** The word "Indebtedness" means the indebtedness evidenced by the Note or Related Documents, in principal, interest, costs, expenses and attorneys' fees and all other fees and charges together with all other indebtedness and costs and expenses for which Borrower is responsible under this Ship Mortgage or under any of the Related Documents.

**Lender.** The word "Lender" means FIRST NBC BANK, its successors and assigns, and any subsequent holder or holders of the Note or any interest therein.

**Note.** The word "Note" means the Note dated September 28, 2015 and executed by IBERIA MARINE SERVICE, L.L.C.; MR. BLAKE LLC; MR. RIDGE LLC; LADY GLENDA LLC; MR. MASON LLC; MR. ROW LLC; LADY BRANDI L.L.C.; LADY EVE, L.L.C.; and MR. STEVEN, LLC in the principal amount of $22,500,000.00, together with all renewals, extensions, modifications, refinancings, consolidations and substitutions of and for the note or credit agreement.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rights.** The word "Rights" means any and all of Grantor's additional rights granted and pledged to Lender as provided under this Ship Mortgage.

**Ship Mortgage.** The words "Ship Mortgage" mean this mortgage as the same may be amended or modified from time to time.

**Vessel.** The word "Vessel" means the following described vessel:

Name: LADY BRANDI; Official Number: 1092471; Gross Tonnage: 98; Net Tonnage: 66; Year Built: 2000; Date Certificate of Documentation Issued: 04-03-2015; Hailing Port: NEW IBERIA, LA; Grantor's Percentage of Interest: 100.000%; Grantor's Interest: 100.00; Lender's Percentage of Interest: 100.000%; Lender's Interest: 100.00;

together with any and all present and future engines, boilers, machinery, components, masts, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, capstans, outfit, tools, pumps, gear, furnishings, appliances, fittings, spare and replacement parts, trailers, and any and all other appurtenances thereto, appertaining or belonging to the mortgaged vessel, whether now or hereafter acquired, and whether on board or not on board, together with any and all present and future additions, improvements and replacements therefor, made in or to the vessel, or any part or parts thereof.

THUS DONE AND SIGNED, on the day, month and year first written above, in the presence of the undersigned competent witnesses, who hereunto sign their names with Grantor after reading of the whole.

WITNESSES:

X _____
Witness Eula Fleming

X _____
Witness Kim S. Rogers

GRANTOR:

LADY BRANDI L.L.C.

By: _____
STEVE U. MIGUEZ, Manager of LADY BRANDI L.L.C.

## ACKNOWLEDGMENT OF SUBSCRIBING WITNESS

STATE OF LOUISIANA

PARISH OF JEFFERSON

BEFORE ME, the undersigned Notary Public, personally came and appeared the undersigned party, who declared that he or she was a witness to the foregoing Act and that he or she personally witnessed the parties thereto execute the same.

_____
Subscribing Witness
Euk Jleming

SWORN TO AND SUBSCRIBED BEFORE ME

on the **28TH** day of **SEPTEMBER**, 20 **15**.

_____
STEVEN A. WATTS
NOTARY PUBLIC

LA Bar/Notary ID No. **13283**

## LIMITED LIABILITY COMPANY ACKNOWLEDGMENT

STATE OF **LOUISIANA**            )
                                  ) SS
PARISH OF **JEFFERSON**           )

BE IT KNOWN, that on this **28TH** day of **SEPTEMBER**, 20 **15**;

BEFORE ME, a Notary Public,

PERSONALLY CAME AND APPEARED:

STEVE J. MIGUEZ, Manager of LADY BRANDI L.L.C., a partner or designated agent of LADY BRANDI L.L.C., who, being duly sworn, did say and acknowledge that he or she executed the foregoing Ship Mortgage on behalf of said limited liability company as its free act and deed.

GRANTOR:

LADY BRANDI L.L.C.

By: _____
STEVE J. MIGUEZ, Manager of LADY
BRANDI L.L.C.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at my office in said Parish and State the date and year last above written.

Sworn to and subscribed before me this **28TH** day of **SEPTEMBER**, 20 **15**.

_____
STEVEN A. WATTS
Notary Public

LA Bar/Notary ID No. **13283**

# CERTIFICATE OF AUTHORITY

## OF

## LADY BRANDI LLC

At a meeting of all members of LADY BRANDI LLC, the undersigned being all of the officers and members of said limited liability company, do hereby take cognizance of and authorize, by unanimous consent, the following:

1.    Steve Miguez, a Manager of this limited liability company, namely, LADY BRANDI LLC, is hereby authorized and empowered, for and on behalf of this limited liability company, to enter into and execute a Settlement Statement, Promissory Note, Declaration of Citizenship, Preferred Ship Mortgage on Vessel "LADY BRANDI" in favor of First NBC Bank, and any other documents required by First NBC Bank to effectuate and secure the loan to Iberia Marine Service, L.L.C. et al in the total principal sum of $22,500,000.00.

The undersigned members of LADY BRANDI LLC, certify that Steve Miguez is the manager of LADY BRANDI LLC, and that the above and foregoing constitutes a true and correct copy of the Certificate of Authority duly adopted at a meeting of the members and officers of said limited liability company held on September 28, 2015, at which meeting all members were present and voted in favor of said Certificate of Authority, said Certificate of Authority; having never been modified or rescinded and remains in full force and effect.

Iberia Crewboat and Marine Services, LLC, Member

September 28, 2015

Date

Steve Miguez  Manager