**DEPARTMENT OF HOMELAND SECURITY**
**U.S. Coast Guard**
**OPTIONAL APPLICATION FOR FILING**
*(PRIVACY ACT ON REVERSE)*

OMB No: 1625-0027
Expires: 07/31/2019

**1. VESSEL NAME** (ATTACH SCHEDULE IF MORE THAN ONE VESSEL)
Lady Brandi

**2. OFFICIAL NUMBER OR OTHER UNIQUE IDENTIFIER**
1092471

**3. INSTRUMENT TYPE** (CHECK ALL THAT APPLY)
- [x] PREFERRED MORTGAGE
- [ ] ASSUMPTION
- [x] ASSIGNMENT
- [ ] CHATTEL MORTGAGE
- [ ] SUPPLEMENT
- [ ] OTHER (DESCRIBE)
- [ ] AMENDMENT
- [ ] SUBORDINATION

**4. NAME(S) AND ADDRESS(ES) OF GRANTOR(S)** (MORTGAGOR(S), ASSIGNOR(S), ASSUMING PARTY(IES), OR OTHER(S) - SEE INSTRUCTIONS)
Federal Deposit Insurance Corporation as Receiver for First NBC Bank, New Orleans, Louisiana
1601 Bryan Street
Dallas, TX 75201

INTEREST OWNED IN VESSEL OR HELD IN MORTGAGE AFFECTED BY ATTACHED INSTRUMENT _____ % (100% UNLESS OTHERWISE STATED)

**5. NAME(S) AND ADDRESS(ES) OF GRANTEE(S)** (MORTGAGEE(S), ASSIGNEE(S), OR OTHER(S) – SEE INSTRUCTIONS)
SBN V FNBC LLC
c/o Summit Investment Management LLC
1700 Lincoln Street, Suite 2150
Denver, CO 80203

PERCENTAGE OF VESSEL MORTGAGED OR MORTGAGE ASSIGNED _____ %. (100% UNLESS OTHERWISE STATED)

**6. AMOUNT**
$23,500,000.00

**7. IDENTIFICATION ON INSTRUMENT ASSUMED, ASSIGNED, AMENDED, SUPPLEMENTED, SUBORDINATED, OR OTHERWISE MODIFIED:**

| RECORDED BOOK: | PAGE: | FILE/RECORDED DATE: | TIME: |
|---|---|---|---|
|  |  |  |  |

OTHER IDENTIFYING DATA:
Batch No. 30994200, Document ID 11, File/Recorded Date 09/30/2015

**8. CERTIFICATION AND ATTESTATION:** I (WE) HEREBY CERTIFY THAT THE FACTS RECITED HEREIN ARE TRUE AND CORRECT. I (WE) UNDERSTAND THAT THE U.S. COAST GUARD WILL RELY ON THOSE RECITATIONS IN INDEXING THE ATTACHED INSTRUMENT

SIGNATURE(S): (SEE INSTRUCTIONS)

FOR THE GRANTOR(S)
FDIC as Receiver for First NBC Bank
*[signature]*

FOR THE GRANTEE(S)

STATE: CO
COUNTY: Denver

SUBSCRIBED AND SWORN BEFORE ME ON: 02/09/2018

NOTARY PUBLIC: *[signature]*
MY COMMISSION EXPIRES: 4-27-2019
(DATE)

WILLA MINSER
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20154016751
MY COMMISSION EXPIRES APRIL 27, 2019

WARNING: FALSE STATEMENT MAY RESULT IN FINE OR IMPRISONMENT PURSUANT TO TITLE 18 USC.

CG-5542 (08/16)  Previous Edition Obsolete  Page 1 of 2


18-51277
m. Steven LLC
EXHIBIT
SBNA # K
2-12-19

## ASSIGNMENT OF PREFERRED SHIP MORTGAGE

**THIS ASSIGNMENT OF PREFERRED SHIP MORTGAGE** (this "Assignment") is being executed on the date or dates set forth below, but effective as of October 18, 2017 (the "Effective Date"), and is given by **FEDERAL DEPOSIT INSURANCE CORPORATION** ("**FDIC**") as Receiver for First NBC Bank, New Orleans, Louisiana (the "Assignor"), to and in favor of SBN V FNBC LLC, a Delaware limited liability company, (the "Assignee"), with offices at c/o Summit Investment Management LLC, Wells Fargo Center, Suite 2150, Denver, Colorado 80203.

### RECITALS:

A. The Lady Brandi, Official No. 1092471, (as defined in the Mortgage) is subject to and more particularly described in that certain Preferred Ship Mortgage (the "Mortgage") dated September 28, 2015, given by Lady Brandi, a limited liability company organized under the laws of the State of Louisiana (the "Shipowner") in favor of the Assignor and filed for record with the United States Coast Guard National Vessel Documentation Center (the "NVDC") on September 30, 2015 under Batch No. 30994200, Document ID 11, reference to which is hereby made for all purposes; and

B. Pursuant to that certain Loan Sale Agreement (the "LSA"), dated as of October 18, 2017, the Assignor assigned to the Assignee, among other obligations, the indebtedness of the Shipowner to the Assignor secured by the Mortgage and evidenced in part by that certain promissory note dated September 28, 2015, made by Iberia Marine Service, L.L.C.; Mr. Blake LLC; Mr. Ridge LLC; Lady Glenda LLC; Mr. Mason LLC; Mr. Row LLC; Lady Brandi L.L.C.; Lady Eve, L.L.C.; and Mr. Steven, LLC payable to the order of the Assignor in the original principal amount of $22,500,000.00 together with certain additional rights of Assignor, including all of its rights under the Mortgage, to the Assignee, and has endorsed over to and delivered said promissory note to the Assignee; and

C. The Assignor wishes to further assign to the Assignee, in form recordable in the records of the NVDC, all of the Assignor's right, title, interest and obligations in, to, and under the Mortgage.

NOW, THEREFORE, in consideration of the premises herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

Section 1. Assignment. The Assignor does hereby grant, bargain, sell, transfer, assign and convey unto the Assignee all of Assignor's right, title, interest and obligations in, to, and under the Mortgage and all rights, power and benefits incident thereto.

Section 2. Assumption.

(a) The Assignee hereby accepts the assignment granted, bargained, sold, transferred, assigned and conveyed by this Assignment, and assumes and agrees to perform all of Assignor's duties and obligations under the Mortgage from and after the date hereof.

(b) The Assignee hereby acknowledges receipt of a copy of the Mortgage.

Section 3. Amount of Interest Assigned. For purposes of 46 U.S.C. Chapter 313 and 46 C.F.R. Subpart 67.237, this Assignment transfers one hundred percent (100%) of the interest of the Assignor, who is no longer the Mortgagee, to the Assignee who has become the Mortgagee.

Section 4. Successors and Assigns. All the covenants, promises, stipulations and agreements of the parties in this Assignment contained shall (a) bind Assignor and its successors and assigns (b) inure to the benefit of Assignee and its successors and assigns.

Section 5. LSA Terms. This Assignment is subject to such other additional limitations, disclaimers, waivers and qualifications as may be further set forth in the LSA.

Section 6. Invalidity. If any one or more of the provisions of this Assignment should at any time for any reason be declared invalid, void or otherwise inoperative by a court of competent jurisdiction, such declaration or decision shall not affect the validity of any other provision or provisions of this Assignment or the validity of this Assignment as a whole.

Section 7. CHOICE OF LAW. THIS ASSIGNMENT SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE FEDERAL MARITIME LAWS OF THE UNITED STATES OF AMERICA, TO THE EXTENT SUCH LAWS ARE APPLICABLE TO THIS ASSIGNMENT AND, TO THE EVENT SUCH LAWS ARE INAPPLICABLE, THE LAWS OF THE STATE OF LOUISIANA EXCEPT THE RULES GOVERNING CONFLICTS OF LAW.

Section 8. Counterparts: Fax. This Assignment may be executed in one or more counterparts, each of which when so executed shall be deemed to be an original, but all of which when taken together shall constitute one and the same instrument. For purposes of negotiating and finalizing this document, if this document is transmitted by facsimile machine or a PDF document or similar format sent electronically, it shall be treated for all purposes as an original document. Additionally, the signature of any party to this document transmitted by way of a facsimile machine or electronically shall be considered for all purposes as an original signature. Any such document sent via facsimile machine or electronically shall be considered to have the same binding legal effect as an original document. At the request of any party, any such document sent by facsimile machine or electronically shall be re-executed by each signatory party in an original form. The parties agree that none of them shall raise the use of a facsimile machine or electronic submission as a defense to this document and forever waive such defense.

Section 9. Headings. The headings, captions, and arrangements used in this Assignment are for convenience only and shall not affect the interpretation of this Assignment.

Section 10. NO ORAL AGREEMENTS. THIS ASSIGNMENT EMBODIES THE FINAL, ENTIRE AGREEMENT AMONG THE PARTIES HERETO AND SUPERSEDES ANY AND ALL PRIOR COMMITMENTS, AGREEMENTS, REPRESENTATIONS AND UNDERSTANDINGS, WHETHER WRITTEN OR ORAL, RELATING TO THIS ASSIGNMENT, AND MAY NOT BE CONTRADICTED OR VARIED BY EVIDENCE OF

PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OR DISCUSSIONS OF THE PARTIES HERETO.

THERE ARE NO UNWRITTEN ORAL AGREEMENTS AMONG THE PARTIES HERETO.

THIS ASSIGNMENT IS MADE WITHOUT RECOURSE, REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, BY FEDERAL DEPOSIT INSURANCE CORPORATION IN ITS CORPORATE CAPACITY OR AS RECEIVER.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE PAGES FOLLOW]*

IN WITNESS WHEREOF, the Assignor has executed this Assignment on this 8th day of February, 2018, effective as of the date first above written.

ASSIGNOR:

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for FIRST NBC BANK, New Orleans, Louisiana

By: _____
Name: Melissa J. Hunting
Title: Attorney-in-Fact


THE STATE OF COLORADO

COUNTY OF DENVER

This instrument was acknowledged before me on February 8th, 2018, by Melissa J. Hunting, Attorney-in-Fact for Federal Deposit Insurance Corporation as Receiver for First NBC Bank, New Orleans, Louisiana.

_____
Notary Public, State of Colorado

My Commission Expires: 4-27-2019

[S E A L]

```
WILLA MINSER
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20154016751
MY COMMISSION EXPIRES APRIL 27, 2019
```

Signature Page to Assignment of Preferred Ship Mortgage

1/2440955.2

IN WITNESS WHEREOF, the Assignee has executed this Assignment on this 8th day of February, 2018, effective as of the date first above written.

**ASSIGNEE:**

**SBN V FNBC LLC**

By: _____
Name: Steven C. Petrie
Title: Authorized Signer


THE STATE OF COLORADO

COUNTY OF DENVER

This instrument was acknowledged before me on February 8th, 2018, by Steven C. Petrie, Authorized Signer of SBN V FNBC LLC, a Delaware limited liability company.

_____
Notary Public, State of Colorado

```
WILLA MINSER
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20154018761
MY COMMISSION EXPIRES APRIL 27, 2019
```

Signature Page to Assignment of Preferred Ship Mortgage

1/2440955.2