UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-51277 |
| | § | |
| MR. STEVEN, L.L.C., et al[1] | § | CHAPTER 11 |
| | § | |
| Debtor. | § | JUDGE JOHN W. KOLWE |
| | § | |

**MOTION OF DEBTORS PURSUANT TO SECTIONS 105 AND 363 AND
FED. R. BANKR. P. 2002 AND 6004 FOR (A) AN ORDER AUTHORIZNG
THE SALE OF SUBJECT ASSETS OF DEBTORS FREE AND CLEAR
OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES TO
SEACOR MARINE AND APPROVING BID PROCEDURES**

**NOW INTO COURT**, through undersigned counsel, come Mr. Steven, L.L.C., Lady Eve, L.L.C., Lady Brandi L.L.C., Lady Glenda LLC, Mr. Blake LLC, Mr. Mason LLC, Mr. Ridge LLC, and Mr. Row LLC, as debtors and debtors-in-possession (referred to herein as "Debtor" or collectively, the "Debtors") ("Seller"), who respectfully move this Court for an order on this Motion of Debtors Pursuant to Sections 105 and 363 and Fed. R. Bankr. P. 2002 and 6004 for (A) an Order ("Sale Order") Authorizing the sale of the certain assets of the one of the Debtors Mr. Steven LLC free and clear of liens, claims, interests and encumbrances (the "Sale") and the payment of the proceeds of such sale to SBN V FNBC LLC ("SBN") and approving the bid procedures set forth herein.

---

[1] Pursuant to this Court's December 21, 2018 Order, the Debtor's case has been procedurally consolidated and is being jointly administered with the following affiliated Debtors: Lady Eve, L.L.C. (18-51488), Lady Brandi, L.L.C. (18-51517), Lady Glenda, L.L.C. (18-51518), Mr. Blake, L.L.C. (18-51519), Mr. Mason, L.L.C. (18-51521), Mr. Ridge, L.L.C. (18-51522), and Mr. Row, L.L.C. (18-51523) (collectively, the "Debtors"). [ECF Doc. 109].

{00367294-3}

1

**Jurisdiction**

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. This venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought in this Motion include sections 105, 363, 1107, 1108, and 1142 of Title 11 of the United States Code, 11 U.S.C. §101, *et seq.* (the "Bankruptcy Code"), and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)").

**Background**

3. On October 3, 2018, Mr. Steven, L.L.C. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On November 16, 2018, Lady Eve, L.L.C. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On November 21, 2018, Mr. Mason LLC, Mr. Ridge LLC, Mr. Row LLC, Mr. Blake LLC, Lady Glenda LLC, and Lady Brandi L.L.C. filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6. The Debtors continue to operate their businesses and manage their properties as debtors in possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established.

7. A detailed discussion of the factual background and circumstances surrounding the Debtors' commencement of these chapter 11 cases can be found in the Debtors' *Motion for Order Under Fed. R. Bankruptcy Rule 1015(b) Directing Joint Administration of Chapter 11*

{00367294-3}

2

*Cases* ("Joint Administration Motion") (Dkt. #76) and is incorporated herein by reference. Each capitalized term used, but not otherwise defined herein, shall have the meaning ascribed thereto in the Joint Administration Motion.

8. On December 21, 2018, the Court entered an Order granting the Joint Administration Motion (Dkt. #109).

9. SBN holds a perfected security interest in the ABS-Classed DP 2 Crew/Fast Supply M/V Mr. Steven IMO#9744465 along with its tackle, engines and all equipment and capital improvements ("Vessel").

10. This Court, on March 7, 2019, entered an order lifting the automatic stay on the Vessel. The Debtor has requested that SBN consent to the sale contemplated by this motion, but SBN has not yet consented to the proposed sale or this motion. If the Debtor and SBN are unable to reach a resolution of the SBN claim the Debtor will withdraw this motion.

11. The Debtor has received a Letter of Intent from SEACOR Marine ("SEA") for the purchase of the Vessel free and clear of liens and claims for the sum of $8,500,000.00. The Debtor desires to accept the offer and, upon closing of the sale, pay the all of the proceeds of such sale to SBN at closing.

12. The Debtors will solicit other bids for the Vessel and SBN shall have the right to credit bid its claim as set forth herein.

13. The Vessel is currently subject to a month to month charter to Iberia Marine LLC and SeaTran Marine LLC ("SeaTran") and then to Guice Offshore, LLC ("Guice"). Notice will be provided to Guice that the charter will be cancelled effective upon the sale of the Vessel. The Vessel will be sold free of any charter claims belonging to any party including but not limited to Sea Tran, Iberia Marine and Management LLC and Guice with any party. In addition, the Vessel

will be sold free and clear of any vessel management agreement and any other agreement with SeaTran or any other party.

14. The Seller further proposes that, in order to qualify as a qualified bidder, any interested bidder must submit a bid within three (3) business days prior to the hearing on the Sale Motion. To qualify as a "qualified bidder" an offer to acquire the Vessel "as is" "where is" shall be submitted to Douglas S. Draper, Heller, Draper, Patrick, Horn & Manthey, L.L.C., 650 Poydras Street, Suite 2500, New Orleans Louisiana 70130 with a copy to SBN c/o David F. Waguespack, Carver Darden Koretzky Tessier Finn Blossman & Areaux LLC, Energy Centre - 1100 Poydras Street - Suite 3100, New Orleans, Louisiana 70163. The offer must not be subject to any financing contingency, must have a closing date within fourteen (14) days of the entry of the sale order and shall not be subject to any further due diligence. The offer shall be no less than $8,6000,000.00 (except as to a credit bid by SBN which, if applicable, shall be no less than $8,600,000) and shall be accompanied by a deposit of $100,000.00 (deposit) and evidence that the prospective bidder has the funds to close the sale. The deposit shall be refunded within seventy two hours of the order approving the sale if the qualified bidder is not the winning bidder. If the qualified bidder is the winning bidder and does not close the sale the deposit shall be forfeited. If a qualified bid is submitted, the Court will conduct an auction at the hearing on this Motion. SBN shall not be required to furnish the deposit or show financial capability, however, SBN, to be a qualified bidder, must notify counsel for the Debtors that it may make a credit bid forty-eight (48) hours prior to the hearing on this Motion.

15. To date, Debtors have not received any higher or better offers for Vessel and Debtors will submit a sale order to the Court selling the Vessel to SEACOR Marine free and clear of liens and claims for the sum of $8,500,000.00 if no higher and better offer is received by

{00367294-3}

4

a "qualified bidder." The sale proposed herein or approved by the Court shall close within fourteen (14) days of the entry of the Court order approving the sale. The Debtors believe that the proposed sale, subject to higher and better offers, is in the best interests of the creditors.

16. The sale of the Vessel will constitute a sale of substantially all of the assets owned by one of the Debtors.

## Basis for Relief

17. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor, "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Although section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, a sale of a debtor's assets should be authorized when there is an articulated business justification for doing so. *See Licensing by Paolo v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997); *see also In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983).

18. Whether a transaction has a sufficient articulated business justification depends on the facts of the case. *See In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986). A bankruptcy court should consider "all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders alike." *Continental*, 780 F.2d at 1226; *Lionel*, 722 F.2d at 1071. Relevant factors may include: "the proportionate value of the asset to the estate as a whole; the amount of elapsed time since the filing; the likelihood that a plan of reorganization will be proposed and confirmed in the near future; the effect of the proposed disposition on the future plan of reorganization; the amount of

proceeds to be obtained from the sale versus appraised values of the property; and whether the asset is decreasing or increasing in value." *See Continental*, 780 F.2d at 1226; *Lionel*, 722 F.2d at 1071; *In re Delaware & Hudson R.R.. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Condere Corporation*, 228 B.R. 615, 628 (Bankr. S.D. Miss. 1998).

19. Once a debtor has articulated a valid business justification, "a presumption [arises] that the officers and directors of a corporation, in making a business decision for that corporation, act only after they have been appropriately informed and after they have honestly determined that the action to be taken is in the best interest of the corporation." *In re Performance Nutrition, Inc*., 239 B.R. 93, 111 (Bankr. N.D. Tex. 1999). When applying the "business judgment" standard, courts show deference to a debtor's business decisions. *See, e.g.*, *Atkins v. Hibernia Corp.*, 182 F.3d 320, 324 (5th Cir. 1999); *GBL Holding Co. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Group, Ltd.)*, No. Civ. A. 3:04-CV-2411-M, 2005 WL 440379, *2 (N.D. Tex. Feb. 23, 2005) ("great judicial deference is given to [the debtor in possession's] exercise of business judgment").

20. Debtors have determined that immediate consummation of the sale of the Vessel to SEA or to a higher and better offer is the best way to maximize the value of Vessel and reduce the outstanding debt due to SBN in the hope of reaching a consensual Plan of Reorganization for the other Debtors. The Courts Order lifting the automatic stay renders impractical an internal reorganization or the ability of the Debtors to confirm the Plan they filed.

21. The Vessel has been offered to all known potential bidders and the SEA offer is the best bid that has been received to date. The SEA offer will be further tested as it will be subject to higher and better offers received on or before the hearing. Consequently, the fairness

and reasonableness of the consideration to be paid by the winning bidder ultimately will be demonstrated by more than adequate "market exposure" and an open and fair sale process.

22. Based on the foregoing, Debtors determined in its sound business judgment that the sale of the Vessel to SEA or to some other entity pursuant to a higher and better offer is fair and reasonable and in the best interest of Debtors' estate, creditors, and all parties in interest in this chapter 11 case.

### Sale Free and Clear of Liens, Claims, Encumbrances, and Interests

23. Under section 363(f) of the Bankruptcy Code, a debtor in possession may sell property free and clear of any lien, claim, or interest in such property if, among other things:

(i) applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(ii) such entity consents;

(iii) such interest is a lien and the price at which the property is sold is greater than all liens on such property;

(iv) such interest is in bona fide dispute; or

(v) such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

24. To facilitate the sale of the Vessel and as a step toward reaching a consensual plan, Debtors request authorization to sell them free and clear of any and all liens, claims, encumbrances, or interests, with the proceeds of such sale to be distributed to SBN at the closing of the sale of the Vessel. Because section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements is sufficient to permit the sale to be free and clear of all liens, claims, encumbrances, and interests (collectively, the "Interests").

Here, a "free and clear" sale is warranted because one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code will be satisfied.

25. Accordingly, Debtors request that the Vessel be sold to SEA (or a higher bidder) free and clear of all liens, claims, and encumbrances, with the proceeds of the sale to be distributed to SBN at the closing of the sale of the Vessel..

## **Good Faith and No Agreement Among Bidders**

26. Section 363(m) of the Bankruptcy Code provides that: "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal." 11 U.S.C. § 363(m).

27. Section 363(n) of the Bankruptcy Code further provides that: "[t]he trustee may avoid a sale under this section if the sale price was controlled by an agreement among potential bidders at such sale, or may recover from a party to such agreement any amount by which the value of the property sold exceeds the price at which such sale was consummated, and may recover any costs, attorneys' fees, or expenses incurred in avoiding such sale or recovering such amount. In addition to any recovery under the preceding sentence, the court may grant judgment for punitive damages in favor of the estate and against any such party that entered into such an agreement in willful disregard of this subsection." 11 U.S.C. § 363(n).

28. SEA has no relationship to, or agreement with, any of the Debtors, or any insiders of the Debtors, including without limitation SeaTran, Mr. Steven Miguez, Mr. Blake Miguez, or Iberia Marine LLC. SEA has not and shall not contact any other potential bidders, including

without limitation Guice which has also made a bid for the Vessel. The terms and conditions of the sale proposed were obtained at arm's length and in good faith. The Debtor is not aware of any agreements among SEA and potential bidders and will establish such facts at the hearing on this motion. Accordingly, Debtors request at the hearing on this motion that the Court determine that SEA to be acting in good faith and entitled to the protections of a good faith purchaser under section 363(m) of the Bankruptcy Code. The Debtors further request that the Court find that SEA has complied with and has not violated section 363(n) of the Bankruptcy Code.

### Approval Of The Bid Procedures Is Warranted

29. The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. To that end, courts uniformly recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and therefore are appropriate in the context of bankruptcy sales. *See, e.g.*, *Integrated Resources*, 147 B.R. at 659; *In re Financial News Network, Inc.*, 126 B.R. 152, 156 (Bankr. S.D.N.Y. 1991) ("court-imposed rules for the disposition of assets. . . [should] provide an adequate basis for comparison of offers, and [should] provide for a fair and efficient resolution of bankrupt estates").

30. The Debtors submit that the Bid Procedures set forth herein are in the best interests of the Seller, its estate, and creditors because they will enable the Seller to realize the maximum value from the sale of the Vessel. The Debtors will request the Court find that the procedures employed in this Motion were fair and reasonable.

### Bankruptcy Rule 6004(h) Waiver

31. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of

the order, unless the court orders otherwise." Fed. R. Bankr. Proc. 6004(h). Debtors request that any order approving the sale of the Vessel, in accordance with this Motion, be effective immediately upon entry of such order by providing for a waiver of such stay.

32. The waiver of the Bankruptcy Rule 6004(h) stay is appropriate under these circumstances. Awaiting the expiration of the 14 day stay period may significantly impact the sale, and create uncertainty and additional cost. Therefore, it is appropriate under these circumstances for the Bankruptcy Rule 6004(h) stay to be waived.

### Notice

33. Notice of this Motion has been given to: (a) the Office of the United States Trustee for the Western District of Louisiana; (b) the creditors of the Debtors; (c) Internal Revenue Service; (d) Office of United States Attorney; (e) Louisiana Department of Labor; (f) Louisiana Department of Revenue; (g) Space X; (h) Iberia Marine LLC; (i) SeaTran Marine LLC; (j) Guice Offshore, LLC; and (k) all parties who request notices pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order authorizing the sale of the Vessel free and clear of liens and claims with the proceeds of such sale distributed to SBN V FNBC LLC and granting such other relief as the Court deems just and proper.

Dated: March 21, 2019

                                       Respectfully submitted,

                                       */s/ Douglas S. Draper*
                                       Douglas S. Draper (La. Bar No. 5073)
                                       Leslie A. Collins (La Bar No. 14891)
                                       Greta M. Brouphy (La Bar No. 26216)
                                       **Heller, Draper, Patrick, Horn**

 **& Manthey, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6103
Tel: (504) 299-3300/Fax: (504) 299-3399
E-mail:  ddraper@hellerdraper.com

*Counsel for the Debtors*

# CERTIFICATE OF SERVICE

I, Douglas S. Draper, counsel for Debtors, hereby certify that I caused the *Motion of Debtors Pursuant to Sections 105 and 363 and Fed. R. Bankr. P. 2002 and 6004 for (A) an Order Authorizing the Sale of the Certain Assets of the Debtors Free and Clear of Liens, Claims, Interests and Encumbrances to Seacor Marine and Approving the Bid Procedures* to be served on March 21, 2019, via ECF Notification to the following:

- Greta M. Brouphy    gbrouphy@hellerdraper.com
- Douglas S. Draper    ddraper@hellerdraper.com, kfritscher@hellerdraper.com;lcollins@hellerdraper.com
- James M. Garner    jgarner@shergarner.com, mgarner@shergarner.com;jchocheles@shergarner.com;ethomas-ponce@shergarner.com
- Meredith S. Grabill    mgrabill@lawla.com
- Benjamin W. Kadden    bkadden@lawla.com, mnguyen@lawla.com
- William Kaufman    whkaufman@ohllc.com, egnormand@ohllc.com
- Gail Bowen McCulloch    gail.mcculloch@usdoj.gov
- Amanda W. Messa    amanda.messa@phelps.com
- Stewart F. Peck    speck@lawla.com, erosenberg@lawla.com;ymaranto@lawla.com
- Peter James Segrist    segrist@carverdarden.com, clary@carverdarden.com
- Office of U. S. Trustee    USTPRegion05.SH.ECF@usdoj.gov
- David F. Waguespack    waguespack@carverdarden.com, plaisance@carverdarden.com
- Randall Scott Wells    swells@rushing-guice.com

I also caused same to be served on March 21, 2019, via First Class U.S. Mail, postage pre-paid, by via Choice Professional Copy Service on the attached mailing matrix.

**New Orleans, Louisiana**, this 21st day of March 2019.

    */s/ Douglas S. Draper*
    Douglas S. Draper, LA Bar No. 5073
    Leslie A. Collins, LA Bar No. 14891
    Greta M. Brouphy, LA Bar No. 26216
    **HELLER, DRAPER, PATRICK, HORN & MANTHEY, L.L.C.**
    650 Poydras Street, Suite 2500
    New Orleans, LA  70130-6103

{00367294-3}

12

18-51277 - #172  File 03/21/19  Enter 03/21/19 15:34:55  Main Document  Pg 12 of 13

Office: 504 299-3300/Fax: 504 299-3399
E-mail: ddraper@hellerdraper.com
E-mail: lcollins@hellerdraper.com
E-mail: gbrouphy@hellerdraper.com

*Counsel for the Debtors*