UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 18-51277 |
| MR. STEVEN, L.L.C.[1] | * | CHAPTER 11 |
| DEBTOR | * | |

* * * * * * *

**MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AND COMPROMISE CONCERNING PAYMENTS DUE INCIDENT TO THE CHARTER OF THE MR. STEVEN PURSUANT TO BANKRUPTCY RULE 9019**

Mr. Steven, L.L.C. ("Debtor") and SeaTran Marine LLC ("SEA"), with the consent of SBN V FNBC LLC ("SBN") and Guice Offshore, LLC ("Guice"), file this Motion seeking approval to remit the funds presently held by counsel for Guice ("Charter Funds") and the future payments due incident to the bareboat charter of the Mr. Steven to Guice ("Future Funds") which is being required by SBN as part of a proposed global settlement. Debtor and SEA seek to settle the dispute over who is entitled to the Charter Funds and Future Funds by having the Court enter an order requiring the Charter Funds and all Future Funds be paid directly to SBN by Guice and the funds applied to the SBN Claim.

**Jurisdiction and Venue**

1.  This Court has jurisdiction to consider this proceeding under 28 U.S.C. §§ 157 and 1334(b), (e)(1), and 1335. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] Pursuant to this Court's December 21, 2018 Order, the Debtor's case has been procedurally consolidated and is being jointly administered with the following affiliated Debtors: Lady Eve, L.L.C. (18-51488), Lady Brandi, L.L.C. (18-51517), Lady Glenda, L.L.C. (18-51518), Mr. Blake, L.L.C. (18-51519), Mr. Mason, L.L.C. (18-51521), Mr. Ridge, L.L.C. (18-51522), and Mr. Row, L.L.C. (18-51523) (collectively, the "Debtors"). [ECF Doc. 109].

{00367406-5}

1

2. The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a), 363, and 541, 546 and Bankruptcy Rule 9019

**Factual Background**

3. The Debtors and Iberia Marine Service LLC ("Iberia") in 2015 granted to FNBC a mortgage and security interest in the vessel Mr. Steven and other vessels owned by the Debtors and their accounts receivable incident to a $23,000,000.00 plus loan by the FNBC to Debtors and Iberia.

4. Prior to the granting of the security interests in its assets, the Debtor asserts it was a party to an oral agreement with SEA and Iberia for SEA to operate, maintain and charter the Mr. Steven. Under the terms of the oral agreement, SEA has asserted that all charters in connection with the Mr. Steven and other vessels would be in the name of SEA who would collect all revenues derived from the charters and remit the funds to the vessel owners. The vessel owners in turn would pay all expenses in connection with the vessels owned by them that were incurred by SEA along with a management fee.

5. On October 15, 2017, SEA and Guice entered into the bareboat charter of the Mr. Steven for a period of one (1) year. In October of 2018, the charter was extended by email agreement on a month-to-month basis pursuant to the same terms and conditions as were contained in the October 2017 charter.

6. In late October of 2017, the loan by the FNBC to Mr. Steven and others including Iberia was acquired by SBN.

7. On April 2, 2018, former consul for SBN issued a Notice of Direct Collection of Accounts Receivable ("Notice of Direct Collection"). The Notice of Direct Collection was sent to Guice and Mr. Steven. By letter dated April 9, 2018, counsel for Miguez and SEA issued a

2

written response to the Notice of Direct Collection to Guice asserting that SBN was not entitled to the funds because of SEA's alleged interest therein.

8. As a result of the April 2, 2018 and April 9, 2018 correspondence, Guice notified SBN and SEA and the Debtor that payments under the charter would be paid by Guice to the trust account of Rushing and Guice P.L.L.C. ("Rushing") pending joint direction or court order. At present, Rushing is holding the Charter Funds in the amount of approximately $1,200,000.00 and Future Funds will be owed incident to the use of the Mr. Steven by Guice.

9. On October 3, 2018, the Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code.

10. The Debtor, on October 31, 2018 (Dkt. #29), filed a *Motion to Determine Property of the Estate and for Turnover of Property* ("Motion for Turnover"). The Court, as a result of the Motion for Turnover, has ordered that Guice and the Debtor deposit into the Registry of this Court the funds held by Guice and Future Funds owed by Guice incident to the charter of the Mr. Steven and name all parties who may assert an interest in the funds to be named as a defendants. SBN and SEA have already asserted an interest in such funds.

11. SBN filed a *Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d)* on November 26, 2018 ("SBN Motion") (Dkt. #60).

12. This Court by Order dated March 8, 2019 (Dkt. #155) granted the SBN Motion.

13. The Debtor filed a *Notice of Appeal and Statement of Election* (Dkt. #162) appealing the Court's granting of the SBN Motion.

14. Debtor asserts that it has an interest in the funds and the funds are "property of the estate" however, the Debtor submits that the Charter Funds and the Future Funds are subject to a security interest in favor of SBN and are "cash collateral" as defined under the Bankruptcy Code.

The Debtor cannot use the funds without either the consent of SBN or Court Order. The Debtor and SEA do not believe that any other person or entity has a security interest or other interest or claim in the Charter Funds or the Future Funds. Upon the approval of this Motion, SEA will release any claim it has to the Charter Funds and the Future Funds and the Debtor does not believe any other person, firm or entity can assert an ownership interest in the Charter Funds or the Future Funds.

15. SEA, who has previously asserted an ownership interest or set-off or recoupment rights in the Charter Funds and the Future Funds but, as a result of the proposed settlement between the Debtors and SBN, releases any claim it may assert by way of set-off, recoupment or ownership to the Charter Funds and the Future Funds.

16. The Debtors, Iberia Marine Services, LLC and Iberia Crewboat & Marine Service, LLC, Steve Miguez and SBN are preparing pleadings and documents to effectuate their proposed settlement that will provide for: 1) a confirmation of a Plan of Reorganization for the Debtors; and 2) significant payments to the creditors of the Debtors in excess of that which the creditors would receive in a liquidation. The settlement also reduces the litigation costs for the Debtors and SBN and preserves the going concern value of the Debtors.

17. Counsel for the Debtors has contacted counsel for SBN and SBN has consented to the relief sought in this Motion.

18. The Debtor requests that this Court enter an order to Guice requiring that, prior to April 20, 2019, Guice pay to SBN the Charter Funds and that Guice pay to SBN the Future Funds.

19. The payment of the Charter Funds and the Future Funds shall be sent to SBN per the following instructions:

SBN V FNBC LLC
BOK Financial
Denver, CO
ABA 102000607
Account No. 4439430
Account Name Summit Investment Management LLC fbo SummitBridge National Investments V LLC
Ref: Iberia / Miguez

## RELIEF REQUESTED AND LAW

20. By this Motion, the Debtor and SEA, with the consent of SBN and Guice, request that the Court enter an order approving the direction of the Charter Funds and the Future Funds to SBN.

21. Rule 9019 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that "[o]n motion by the trustee [or debtors in possession] and after notice and hearing the court may approve a compromise and settlement." Fed. Bank. R. 9019(a).

22. Under this rule, "[a]pproval should only be given if the settlement is 'fair and equitable and in the best interest of the estate.'" *In re Cajun Electric Power Cooperative, Inc.*, 119 F.3d 349, 355 (5th Cir. 1997) (citations omitted).

23. "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision, '[c]omparing the terms of the compromise with the likely rewards of litigation.'" *In re Cajun Electric*, 119 F.3d at 355 (citations omitted). In particular, the Court should evaluate the following factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and (3) all other factors bearing on the wisdom of the compromise. *Id.* (citations omitted).

24. The settlement between the Debtor and SEA with respect to the Charter Funds and the Future Funds will enable to Debtor to pursue the proposed settlement with SBN which

5

Debtors expect will lead to a consensual plan in what has been to date a hotly contested and expensive case for the parties.

25. The parties submit that it is in the best interests of the creditors to allow the parties to settle and compromise their differences as set forth above. The settlement results in the Debtor being able to pursue confirmation of a plan and the creditors of the Debtor being paid an amount in excess of that which they could receive in a liquidation.

## CONCLUSION

For the foregoing reasons, Debtor and SEA, with the consent of Guice and SBN, request that the Charter Funds and the Future Funds be paid and directed to SBN for application on its claim.

**WHEREFORE**, Mr. Steven, L.L.C., SeaTran Marine LLC and SBN V FNBC LLC request that this Court approve the settlement of the dispute concerning the Charter Funds and the Future Funds and enter an Order requiring Guice Offshore, LLC to pay to SBN V FNBC LLC the Charter Funds and the Future Funds and that the payments to the SBN V FNBC LLC claim.

March 29, 2019

*/s/ Douglas S. Draper*
Douglas S. Draper, LA Bar No. 5073
Leslie A. Collins, LA Bar No. 14891
Greta M. Brouphy, LA Bar No. 26216
HELLER, DRAPER, PATRICK, HORN
 & MANTHEY, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103
Office: 504 299-3300/Fax: 504 299-3399
E-mail: ddraper@hellerdraper.com
E-mail: lcollins@hellerdraper.com
E-mail: gbrouphy@hellerdraper.com
*Counsel for Debtor*

/s/*Stewart F. Peck*
Stewart F. Peck (LA #10403)
Benjamin W. Kadden (LA #29927)
Meredith S. Grabill (LA #35484)
LUGENBUHL, WHEATON, PECK, RANKIN
 & HUBBARD, A LAW CORPORATION
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990/Fax: (504) 310-9195
Email:  speck@lawla.com
Email:  bkadden@lawla.com
Email: mgrabill@lawla.com
*Counsel for SeaTran Marine, LLC*