UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 18-51277 |
| MR. STEVEN, L.L.C.[1] | * | CHAPTER 11 |
| Debtor | * | |

**APPLICATION BY DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ARSEMENT, REDD & MORELLA, LLC AS ACCOUNTANTS FOR THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE**

**NOW INTO COURT**, through undersigned counsel, come Mr. Steven, L.L.C.,[1] Lady Eve, L.L.C., Lady Brandi L.L.C., Lady Glenda LLC, Mr. Blake LLC, Mr. Mason LLC, Mr. Ridge LLC, and Mr. Row LLC, as debtors and debtors-in-possession (referred to herein as "Debtor" or collectively, the "Debtors"), who hereby submit this Application (the "Application") by Debtors for entry of an order authorizing the employment and retention of Arsement, Redd & Morella, LLC (the "Firm"), as accountants for the Debtors, *nunc pro tunc* to the petition date, pursuant to section 327(a) of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Bankruptcy Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, the Debtors rely upon the affidavit of Stephen Arsement (the "Arsement Affidavit"), which is attached hereto as Exhibit "A" and incorporated by reference herein and respectfully state as follows:

---

[1] Pursuant to this Court's December 21, 2018 Order, the Debtor's case has been procedurally consolidated and is being jointly administered with the following affiliated Debtors: Lady Eve, L.L.C. (18-51488), Lady Brandi, L.L.C. (18-51517), Lady Glenda, L.L.C. (18-51518), Mr. Blake, L.L.C. (18-51519), Mr. Mason, L.L.C. (18-51521), Mr. Ridge, L.L.C. (18-51522), and Mr. Row, L.L.C. (18-51523) (collectively, the "Debtors"). [ECF Doc. 109].

{00366955-1}

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief sought herein are sections 327(a), 328, and 1107(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) of the Bankruptcy Rules and Local Bankruptcy Rule 2014-1 for the United States Bankruptcy Court for the Western District of Louisiana.

## Background

3. On October 3, 2018 (the "Petition Date"), Mr. Steven, L.L.C. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On November 16, 2018, Lady Eve, L.L.C. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On November 21, 2018, Mr. Mason LLC, Mr. Ridge LLC, Mr. Row LLC, Mr. Blake LLC, Lady Glenda LLC, and Lady Brandi L.L.C. filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6. Since that time, the Debtors have continued to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## Relief Requested

7. By this Application, the Debtors seek authority from this Court to employ and retain the Firm as their accountants in order to assist the Debtors in all necessary accounting and tax matters during these chapter 11 cases as more fully described below and in the parties'

engagement letter dated January 15, 2019 attached hereto as Exhibit "B" (the "Engagement Letter").

8. The Debtors will make monthly payments based upon a monthly invoice to be submitted by Firm calculated upon the rates set forth in the Engagement Letter for the services rendered. Firm will hold twenty percent (20%) of such payments in trust pending an Order by the Court approving an interim or final fee application.

**Basis for Relief**

9. The Debtors selected the Firm to act as their accountants in these cases because the Firm has experience in serving as accountants in chapter 11 cases, the Firm has represented numerous chapter 11 debtors and has experience in preparing monthly operating reports and other reports required in the course of a chapter 11 case. The Firm also has experience in preparing exhibits of disclosure statements and testifying on chapter 11 bankruptcy issues.

10. The Debtors seek to retain the Firm, subject to the oversight of this Court, with respect to accounting matters and matters related thereto. Such retention is sought pursuant to section 327(a) of the Bankruptcy Code.

11. Under section 327(a) of the Bankruptcy Code, a debtor is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons,[2] to represent or assist the [debtor- in -possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a).

---

[2] Section 101(14) of the Bankruptcy Code defines the phrase "disinterested person" as:
 a person that—
   **(A)** is not a creditor, an equity security holder, or an insider;
   **(B)** is not and was not an investment banker for any outstanding security of the Chapter 11 Trustee;
   **(C)** has not been, within three years before the date of the filing of the petition, an investment banker for a security of the Chapter 11 Trustee, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Chapter 11 Trustee;

{00366955-1} 3

12. As required by Bankruptcy Rule 2014(a),[3] this Application and the Arsement Affidavit set forth: (a) the specific facts showing the necessity for the Firm's employment; (b) the reasons for the Debtors' selection of the Firm as their accountants in connection with their chapter 11 cases; (c) the professional services to be provided by the Firm; (d) the arrangement between the Debtors and the Firm with respect to compensation (as well as the reasonableness thereof); and (e) to the best of Debtors' knowledge, the extent of the Firm's connections, if any, to certain parties in interest in this matter.

13. Subject to the Court's approval of the Application, the Firm is willing to serve as the Debtors' accountants and to perform the services described herein.

## Services to be Provided

14. The Debtors request authorization to retain the Firm as their accountants in connection with the above-captioned chapter 11 cases. The Debtors anticipate that the Firm will render general accounting services to the Debtors as needed throughout the course of these chapter 11 cases.

---

**(D)** is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the Chapter 11 Trustee or of an investment banker specified in subparagraph (B) or (C) of this paragraph; and
**(E)** does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Chapter 11 Trustee or an investment banker specified in subparagraph (B) or (C) of this paragraph, or for any other reason;
11 U.S.C. §101(14).

[3] Bankruptcy Rule 2014(a) provides that an application seeking the employment of professional persons pursuant to section 327 of the Bankruptcy Code:
shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the Chapter 11 Trustee, creditors, any other party in interest, its respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the Chapter 11 Trustee, creditors, any other party in interest, its respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

15. The Engagement Letter attached hereto details more specifically the scope of the services to be performed by the Firm.

## Qualifications of Professionals

16. The Firm is familiar with and has experience in serving as accountants in chapter 11 cases. The Debtors have selected the Firm because of its experience in representing a large number of chapter 11 debtors in an efficient and professional manner.

## Disinterestedness of Professionals

17. To the best of the Debtors' knowledge and based upon the Arsement Affidavit, the Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

18. To the best of the Debtors' knowledge and based upon the Arsement Affidavit, the Firm does not hold or represent an interest adverse to the Debtors or their estates, in accordance with section 327 of the Bankruptcy Code.

19. Furthermore, to the best of the Debtors' knowledge, information and belief and based upon the Arsement Affidavit, (a) the Firm has no connection with the Debtors, creditors of the Debtors, the United States Trustee for the Western District of Louisiana (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or its respective attorneys or accountants; (b) the Firm is not an equity security holder or insider of the Debtors; (c) none of the Firm's partners is, or was within two (2) years of the Petition Date, a director, officer or employee of the Debtors; and (d) the Firm neither holds nor represents an interest adverse to the Debtors, their estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to,

connection with or interest in the Debtors, or for any other reason. The Firm did perform services for the Debtors pre-petition however is not a pre-petition creditor.

20. The Debtors submit that their employment of the Firm would be in their best interest and the best interests of their estates.

## Terms of Retention

21. Subject to the Court's approval of this Application, the Firm and the Chief Restructuring Officer have agreed to the hourly rates set forth in the Engagement Letter.

22. In addition, as indicated in the Engagement Letter, the Firm will charge the Debtors for direct out-of-pocket expenses.

23. The fee arrangement is consistent with fees charged to similarly situated clients.

24. All of the Firm's fees and expenses incurred will be subject to bankruptcy court approval.

## No Prior Request

25. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, Debtors respectfully request that this Court approve the retention and employment of Arsement, Redd & Morella, LLC, as accountants for the Debtors, *nunc pro tunc* as of the Petition Date, and for such other and further relief as may be just and equitable.

| | |
|---|---|
| April 10, 2019 | */s/ Douglas S. Draper* <br> Douglas S. Draper (La. Bar No. 5073) <br> Leslie A. Collins (La Bar No. 14891) <br> Greta M. Brouphy (La Bar No. 26216) <br> Heller, Draper, Patrick, Horn <br> & Manthey, L.L.C. <br> 650 Poydras Street, Suite 2500 <br> New Orleans, Louisiana 70130-6103 <br> Tel: (504) 299-3300/Fax: (504) 299-3399 <br> E-mail: ddraper@hellerdraper.com <br> ***Counsel for the Debtors*** |