# Exhibit 3

## Plan Sponsor Term Sheet

See attached.

# SUMMARY OF PROPOSED TERMS FOR A JOINT PLAN OF REORGANIZATION FOR MR. STEVEN, L.L.C., LADY EVE, L.L.C., LADY BRANDI L.L.C., LADY GLENDA LLC, MR. BLAKE LLC, MR. MASON, LLC, MR. RIDGE LLC, AND MR. ROW, LLC

This summary of terms and conditions outlines the proposed structure and terms of a proposed Joint Plan of Reorganization (the "Plan") to be filed by the Plan Sponsor and Debtors (each as defined hereinbelow) in the jointly-administered Chapter 11 bankruptcy cases of the Borrowers, pending as Case Number 18-05043 (the "Bankruptcy Case") before the United States Bankruptcy Court for the Western District of Louisiana, Lafayette Division (the "Bankruptcy Court").

## PLAN SPONSOR

SeaTran Marine, LLC and Steve Miguez, or any respective designee (collectively, the "Plan Sponsor").

## DEBTORS

Mr. Steven, L.L.C., Lady Eve, L.L.C., Lady Brandi L.L.C., Lady Glenda L.L.C., Mr. Blake LLC, Mr. Mason LLC, Mr. Ridge LLC, and Mr. Row LLC (collectively, the "Debtors").

## PARTIES

The Debtors and Plan Sponsor.

## PROPOSED PLAN TREATMENT OF CREDITORS AND EQUITY

The Plan shall contain the following terms:

1) Payment in full for allowed administrative claims on the later of either the Effective Date or the date such administrative claim is allowed;

2) Unless otherwise agreed by the Plan Sponsor and Lender, repayment of the DIP Loan over the same term and using the same amortization, and rate as is set forth below with respect to the proposed Plan treatment for the claim of SBN V FNBC LLC ("SBN"). No payment shall be due on repayment of the DIP loan during any period in which the Reorganized Debtors (as defined below) is required to make use of the Plan Reserve Account (as defined below) to make a payment to SBN.

3) Payment to the creditors of the Debtors under the Plan as follows:

   a) SBN: payment of the allowed secured claim over a seven (7) year term, utilizing a twenty (20) year amortization and an interest rate equal to the greater of (i) five percent (5%), or (ii) the *Till* rate selected by the Bankruptcy Court;

1

b)  Priority: payment in full on the later of (i) the Effective Date, or (ii) within thirty (30) days of the date on which such claims are allowed by final order of the Bankruptcy Court; and

c)  General Unsecured: payment in full over seven (7) years with equal amortization.

4)  The interests held by the members of the Debtors shall be retained.

## EXIT FUNDING COMMITMENT AND PLAN FUNDING

Pursuant to and in connection with a Plan of Reorganization (the "Plan") to be proposed by the Debtors and the Plan Sponsor incorporating the terms of this term sheet ("Term Sheet"), the Plan Sponsor shall provide an affirmative funding commitment for the funds needed by the Debtors to exit Chapter 11 ("Exit Funding Commitment") and effectuate the terms of the Plan for the payment of the creditors of the Debtors following confirmation of the Plan (the "Reorganized Debtors"). The Exit Funding Commitment shall be equal to an amount necessary to provide necessary funds to cover any shortfalls incurred by the Reorganized Debtors in connection with the proposed payments to be made by the Reorganized Debtors pursuant to the proposed Plan (the "Potential Plan Funding Shortfalls").

The Exit Funding Commitment shall be funded as follows: (A) on the effective date of the Plan (the "Effective Date"), the Plan Sponsor shall deposit $250,000.00 into an agreed-upon bank account (the "Plan Reserve Account") held in the name of the Debtors but subject to a control agreement in favor of the Plan Sponsor, (B) on each anniversary for five (5) years following the Effective Date, the Plan Sponsor shall deposit $200,000.00 into the Plan Reserve Account, and (C) such other and further deposits as may be required to cover any Potential Plan Funding Shortfalls in an amount not to exceed $100,000.00

Subject to the Reorganized Debtors provided not less than ten (10) days written notice to the Plan Sponsor (each, a "Shortfall Notice") stating that funds are needed to make a Plan payment to SBN, the Reorganized Debtor may withdraw from the Plan Reserve Account on or before the proposed Shortfall Withdrawal Date (as defined below) the amount necessary to make the required Plan payment to SBN. The amount drawn by the Reorganized Debtor shall be equal to the difference between the Plan Payment due SBN and the Capital Construction Funds (the "CCF Funds") drawn from the account at UBS Financial (the "CCF Account") held by Iberia Crewboat & Marine Services, LLC ("Iberia Crewboat") to make the principal payment to SBN. The Shortfall Notice shall include (i) financial information sufficient to demonstrate the inability of the Reorganized Debtors to fund the plan payment obligation to SBN, (ii) the amount drawn from the CCF Account (iii) detail regarding the exact amount and date of any imminent and necessary plan payments, (iv) the amount sought to be withdrawn from the Plan Reserve Account (the "Requested Shortfall Amount"), and (v) the proposed date (the "Shortfall Withdrawal Date") on which the Reorganized Debtors wish to withdraw the Requested Shortfall Amount from the Plan Reserve Account.

2

## INTERVENTION AND AGREEMENT BY IBERIA CREWBOAT
## TO UTILIZE THE CCF FUNDS

Iberia Crewboat hereby intervenes in and joins this Term Sheet for purposes of acknowledging and providing its consent and agreement to utilize the CCF Funds as contemplated herein in order to make the contemplated payments to SBN under the Plan. Iberia Crewboat specifically acknowledges and agrees that it shall utilize the entirety of the available CCF Funds to satisfy any plan-related principal payment obligations associated with the contemplated Plan and the Debtors' Bankruptcy Case, and that Iberia Crewboat shall afford priority use of the CCF Funds for such purpose. For the avoidance of doubt, the Debtors are cognizant that the CCF Funds can only be used to make principal payments to SBN under the guidelines and restrictions associated with the CCF Funds.

## INTERVENTION AND AGREEMENT BY STEVE MIGUEZ
## TO UTILIZE THE CCF FUNDS

In addition to his role as Plan Sponsor, Steve Miguez hereby intervenes in and joins this Term Sheet for purposes of acknowledging and providing his consent and agreement to utilize the CCF Funds as contemplated herein in order to make the contemplated payments to SBN under the Plan. Mr. Miguez specifically acknowledges and agrees that he shall utilize the entirety of the available CCF Funds to satisfy any plan-related principal payment obligations associated with the contemplated Plan and the Debtors' Bankruptcy Case, and Mr. Miguez shall afford priority use of the CCF Funds for such purpose. For the avoidance of doubt, the Debtors are cognizant that the CCF Funds can only be used to make principal payments to SBN under the guidelines and restrictions associated with the CCF Funds.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

For all other executory contracts and unexpired leases, the Plan Sponsor shall file a list of the executory contracts and leases it wishes to assume within thirty (30) days of the Debtors' disclosure statement being approved provided that the Debtors have furnished to the Plan Sponsor a list and copies of such executory contracts and leases. To the extent the Debtors have not furnished the Plan Sponsor a copy of an executory contract or lease, the Plan Sponsor shall have fifteen (15) days from the receipt of the executory contract or lease to determine whether it wishes to assume such executory contract or lease.

## CONFIRMATORY DUE DILIGENCE REQUIREMENTS
## AND CLOSING CONDITIONS

All internal approvals necessary for Plan Sponsor to convey this offer have been obtained. The offer is subject to the following:

1) The Debtors' shall file a joint plan with the Plan Sponsor (collectively, the "Plan Proponents") in accordance with this Term Sheet and containing provisions acceptable to the Plan Sponsor in its sole discretion;

3

2) The Debtors have confirmed a Plan containing terms, conditions and provisions in accordance with this Term Sheet as set forth in (1) above. The order confirming the Plan shall be in a form acceptable to the Plan Sponsor in its sole discretion;

3) There shall have been no material adverse change or effect that, individually or when taken together with all other changes or effects, is or could be likely to be materially adverse to the business assets, financial condition, operations, capitalization, or prospects of the Debtors between the execution of this Term Sheet by Plan Sponsor and the Effective Date of the Plan; and

4) The order confirming the Debtors' Plan shall be a final order and the conditions for the Effective Date have occurred.

## BANKRUPTCY COURT APPROVAL

The contemplated transaction and the Plan shall be subject to Bankruptcy Court approval, upon notice and hearing. This Term Sheet and the terms and conditions hereof shall be incorporated into a Plan accompanied by an approved Disclosure Statement and shall be subject to the Debtors' obtaining confirmation of their Plan, which Plan and the Confirmation Order as to same shall be subject to Plan Sponsor's approval in its commercially reasonable discretion.

## MISCELLANEOUS

The Debtors and Plan Sponsor shall each indemnify the other for any finder's or broker's fees for which such Party is responsible.

This Term Sheet may be signed in multiple counterparts which, when taken together, may constitute one document as a whole.

[SIGNATURE PAGE FOLLOWS]

4

**SeaTran Marine, LLC, Plan Sponsor**

By: *[signature]*
Title:

**Steve Miguez, Plan Sponsor**

*[signature]*

**ACKNOWLEDGED AND ACCEPTED:**

**Mr. Steven, L.L.C., Debtor**

By: *[signature]*
Title:

**Lady Eve, L.L.C., Debtor**

By: *[signature]*
Title:

**Lady Brandi L.L.C., Debtor**

By: *[signature]*
Title:

**Lady Glenda LLC, Debtor**

By: *[signature]*
Title:

**Mr. Blake LLC, Debtor**

By: *[signature]*
Title:

**Mr. Mason LLC, Debtor**

By: *[signature]*
Title:

**Mr. Ridge LLC, Debtor**

By: *[signature]*
Title:

**Mr. Row LLC, Debtor**

By: *[signature]*
Title:

**Iberia Crewboat & Marine Services, LLC, Intervenor**

By: *[signature]*
Title:

**Steve Miguez, Intervenor**

*[signature]*

5