UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-51277 |
| | § | |
| MR. STEVEN, L.L.C., et al[1] | § | CHAPTER 11 |
| | § | |
| Debtor. | § | JUDGE JOHN W. KOLWE |
| | § | |

**FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
BY HELLER, DRAPER, PATRICK, HORN & MANTHEY, LLC
AS COUNSEL FOR THE CHAPTER 11 DEBTORS**

HELLER, DRAPER, PATRICK, HORN & MANTHEY, LLC (the "Firm") hereby files its *Final Application for Compensation and Reimbursement of Expenses by Heller, Draper, Patrick, Horn & Manthey, LLC as Counsel for the Chapter 11 Debtors* (the "Application"). In support of the Application the Firm avers as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the above-styled bankruptcy case (the "Bankruptcy Case") and this Application is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 327(a), 328, 330 503(b)(4) and 507(a)(2) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

---

[1] Pursuant to this Court's December 21, 2018 Order, the Debtor's case has been procedurally consolidated and is being jointly administered with the following affiliated Debtors: Lady Eve, L.L.C. (18-51488), Lady Brandi, L.L.C. (18-51517), Lady Glenda, L.L.C. (18-51518), Mr. Blake, L.L.C. (18-51519), Mr. Mason, L.L.C. (18-51521), Mr. Ridge, L.L.C. (18-51522), and Mr. Row, L.L.C. (18-51523) (collectively, the "Debtors"). [ECF Doc. 109].

{00368942-1}

"Bankruptcy Rules") and Local Rule 2016-1 of the United States Bankruptcy Court for the Western District of Louisiana (the "Local Bankruptcy Rules").

## RELIEF REQUESTED

3. This Application is seeking approval of the professional services provided by the Firm to Mr. Steven, L.L.C., Lady Eve, L.L.C., Lady Brandi L.L.C., Lady Glenda LLC, Mr. Blake LLC, Mr. Mason LLC, Mr. Ridge LLC, and Mr. Row LLC, as debtors and debtors-in-possession (collectively, the "Debtors"), in the amount of $36,451.25 for 141.40 professional service hours during the period of April 1, 2019 through May 28, 2019 (the "Fee Period") and the reimbursement of out-of-pocket expenses in the amount of $7,928.62 incurred during the Fee Period. Further, this Application is seeking a final compensation allowance and allowed administrative expense pursuant to 11 U.S.C. § 503(b)(4) with a priority pursuant to 11 U.S.C. § 503(a)(2) (the "Firm Administrative Expense") in the amount of $184,721.93 representing: (a) $123,688.75 for 501.65 professional service hours and $16,653.01 in out-of-pocket expenses approved on interim bases by Order dated June 5, 2019 [R. Doc. 240]; and (b) $36,451.25 for 141.40 professional service hours and $7,928.92 in out-of-pocket expenses subject to this Court's approval of this Application.

## BACKGROUND FACTS

**Introduction**

4. On October 3, 2018 (the "Petition Date"), Mr. Steven, L.L.C. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On November 16, 2018, Lady Eve, L.L.C. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6. On November 21, 2018, Mr. Mason LLC, Mr. Ridge LLC, Mr. Row LLC, Mr. Blake LLC, Lady Glenda LLC, and Lady Brandi L.L.C. filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

7. The Debtors continue to operate their businesses and manage their properties as debtors in possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established.

8. A detailed discussion of the factual background and circumstances surrounding the Debtors' commencement of these chapter 11 cases can be found in the Debtors' *Motion for Order Under Fed. R. Bankruptcy Rule 1015(b) Directing Joint Administration of Chapter 11 Cases* ("Joint Administration Motion") [Dkt. #76] and is incorporated herein by reference. Each capitalized term used, but not otherwise defined herein, shall have the meaning ascribed thereto in the Joint Administration Motion.

9. On December 21, 2018, the Court entered an Order granting the Joint Administration Motion [R. Doc. 109].

**Employment and Compensation Awards of the Firm**

10. On November 30, 2018, the Firm filed its *Application for Order Authorizing Employment of Heller, Draper, Patrick, Horn & Manthey, L.L.C. as Counsel for Debtors Nunc Pro Tunc to the Petition Date* [Dkt. #78] (the "Employment Application"). Concurrently with the Application, the Firm also filed its *Affidavit of Douglas S. Draper* [R. Doc. 78-1].

11. On May 19, 2015, this Court entered the *Interim Order Authorizing the Retention of Heller, Draper, Patrick, Horn & Manthey, L.L.C. as Counsel for Debtors Nunc Pro Tunc to the Petition Date* [R. Doc. 148] ("Interim Order"). The Interim Order approved the Firm's retention as counsel and shall be entitled to allowance of compensation and reimbursement of expenses [R. Doc.

48].

12.  This is the Firm's second and final Application for compensation. By Order dated June 4, 2019 [R. Doc. 240], this Court approved the *First Interim Application for Compensation and Reimbursement of Expenses by Heller, Draper, Patrick, Horn & Manthey, LLC for the Period October 3, 2018 through March 31, 2019 as Counsel for the Chapter 11 Debtors* [R. Doc. 222] field by the Firm granting a first interim compensation award in the amount of $123,688.75 for 501.65 professional service hours provided to the Debtors and $16,653.01 for out-of-pocket expenses incurred during the period of October 3, 2018 to March 31, 2019.

## NATURE AND EXTENT OF LEGAL SERVICES PROVIDED

13.  The Firm has provided extensive legal services to the Debtor during the Fee Period. The Firm has attached to this Application as **Exhibit A**, its Fee Application Summary: Final Application of Heller, Draper, Patrick, Horn & Manthey, LLC. This Fee Application Summary includes the requirements as set forth in Local Rule 2016 and includes summary charts by project category detailing the amount of time spent by each professional and the hourly rate in each project category; as well as a summary sheet itemizing out-of-pocket expenses incurred during the Fee Period.

14.  The Firm attached to this Application as **Exhibit B**, its billing statements which reflect the record of the time-keeping entries generated by those Firm personnel who worked on this matter (the "Compensation Support Exhibit") during the Fee Period. These entries provide detailed descriptions of the Firm's services. The billing statements also include each individual Firm attorney, paraprofessional, or staff person who provided services during the Fee Period. Specifically, the statements identify the service provider as well as the following: (1) his or her individual billing rate, (2) the total number of hours expended by that person, and (3) the total fees incurred. The billing statements also include a description of the out-of-pocket expenses incurred

by the Firm.

15. The billing categories are as follows:

A. <u>Administration</u>:

This category includes the administrative functions required of the Applicant in its representation of the Debtors, including advising the Debtors on the continued operation and management of the businesses, and general administrative and miscellaneous tasks. This category includes: (i) the time spent by the professionals maintaining the docket and calendar of the proceeding, preparation, filing and service of pleadings, and scheduling hearings; (ii) the review and filing of the Debtors' monthly operating reports; and (iii) efforts ensuring compliance with the UST Region 5 Guidelines. The Firm rendered $4,172.50 in services in this category during the Fee Period representing 33.30 hours for a blended rate of $125.30.

B. <u>DIP Financing, Cash Collateral, and First Day Filings</u>:

This category includes the Firm's efforts with respect to financing, cash flow issues, negotiating post-petition financing arrangements, and issues required to file the voluntary petitions. This category includes: (i) preparation of the voluntary petitions, top twenty creditors, and matrix, (ii) preparation of necessary submissions and attendance at the initial debtor interviews; (iii) preparation for and attendance at the creditor meetings; and (iv) preparation of typical first day pleadings and appearance at necessary hearings. The Firm did not rendered services in this category during the Fee Period.

C. <u>Schedules and Statements of Financial Affairs</u>:

This category includes the Firm's ongoing efforts with respect to the preparation of the Debtors' required schedules and statements of financial affairs, including any amendments thereto. The Firm did not rendered services in this category during the Fee Period.

D.   Plan and Disclosure Statement:

This category includes the Firm's efforts relative to the preparation of a proposed plan and disclosure statement. The Firm prepared and filed a joint amended disclosure statement and plan of reorganization after negotiating the terms and provisions with the parties-in-interest and modifications as requested by the United States Trustee and attending the hearing on same. The Debtors' amended disclosure statement was approved by the Court. After negotiations and approval by this Court of immaterial modifications, on May 28, 2019 [R. Doc. 235] this Court docketed the Order confirming Debtors' Joint Chapter 11 Amended Plan of Reorganization of the Debtors. The Firm rendered $16,960.00 in services in this category during the Fee Period, representing 57.05 hours for a blended rate of $297.28.

E.   Client Communication:

This category includes the Firm's communications with the principals of the Debtors and the principals' attorneys regarding the status of the case, strategy, the administration of the proceedings, pending issues, and pending motions and claims asserted by parties-in-interest. The Firm rendered $2,257.50 in services in this category during the Fee Period, representing 6.90 hours for a blended rate of $327.17.

F.   Litigation:

This category includes the Firm's efforts relative to addressing and resolving issues and claims asserted against the Debtors by parties-in-interest. Specifically, the response to and resolution of the secured lender's motions for relief from the automatic stay to seize and sell certain identified vessels, including the preparation of responses, appearances at court hearings, and appeals of the judgment issued by the Court. The Firm did not rendered services in this category during the Fee Period.

{00368942-1}

6

18-51277 - #242  File 07/11/19  Enter 07/11/19 17:44:22  Main Document  Pg 6 of 13

G. Other:

This category includes the Firm's efforts relative to address and resoling issues regarding the sale of assets of the estate. Specifically, filing motions seeking authorization for the sales, completing asset purchase agreements and appearances in court. The Firm rendered $5,806.25 in services in this category during the Fee Period, representing 17.75 hours for a blended rate of $327.11.

H. Retention and Payment of Professionals:

the Firm's efforts with respect to issues employing estate professionals and accountants as well as approval of compensation awards. The Firm rendered $5,380.00 in services in this category during the Fee Period, representing 16.40 hours for a blended rate of $328.05.

I. Research:

This category would include research efforts conducted for discrete projects including issues regarding the motion to dismiss, waiver of section 362(e) and cases cited in parties-in-interest motions and oppositions. The Firm rendered $4,257.50 in services in this category during the Fee Period, representing 14.60 hours for a blended rate of $291.61.

J. Travel

This category includes travel time necessary of the Firm's professionals in their representations of the Debtors was billed at half the professional's hourly rate. The Firm incurred $1,870.50 in travel time during the Fee Period, representing 10 hours for a blended rate of $187.50.

**REQUEST FOR REIMBURSEMENT OF EXPENSES INCURRED**

16. Besides providing legal services to the Debtors, the Firm also incurred certain necessary out-of-pocket expenses during the Fee Period. Expenses for photocopying, service of pleadings, computerized research, filling fees, court reporter fees, travel expenses, postage,

couriers, freight charges, and miscellaneous business expenses were billed at actual cost. Photocopies in-house were billed at a rate of twenty cents per page ($0.25/page) and faxes at two dollars per fax ($2.00/fax). The Firm has made no request for general overhead expenses. All expenses were billed at the Firm's costs; no additional charges are added to third party services.

17. The Firm requests that the Court grant it reimbursement for $7,928.92 in reimbursable expenses incurred by the Firm during the Fee Period on behalf of the Debtors.

## STANDARDS RELEVANT TO AWARDING REASONABLE COMPENSATION AND REIMBURSEMENT OF EXPENSES

18. Section 330 of the Bankruptcy Code authorizes the Court to award the Firm reasonable compensation for its actual and necessary legal services rendered and reimbursement of actual and necessary expenses incurred in the rendering of those legal services as counsel to the Debtors, in this Bankruptcy Case.

19. This Application substantiates the total interim amount the Firm seeks for fees and expenses in accordance with this Court's fee-application standards. The factors that courts in this jurisdiction consider when making a discretionary award of reasonable attorneys' fees and reimbursable expenses were originally described in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* Factors"). The Fifth Circuit has applied the *Johnson* Factors to the determination of awards of attorneys' fees and expenses in bankruptcy cases. *In re First Colonial Corp. of Am.*, 544 F.2d 1291 (5th Cir. 1977), *cert. denied* 431 U.S. 904 (1977). Many of these *Johnson* Factors have now been codified at Bankruptcy Code § 330(a)(3). 11 U.S.C. § 330(a)(3).

20. The *Johnson* Factors are summarized as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services; (4) the preclusion of other employment by the attorneys due to acceptance of the

bankruptcy case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amounts involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[2] Based upon the services described in this Application, the Firm respectfully represents that it has fully satisfied the standards prescribed by the *Johnson* Factors.

**The Time and Labor Required**

21. The Firm's attorneys and paraprofessionals, in the performance of legal services, expended a total of 141.80 hours during the Fee Period for a total blended rate of $257.79. The identities of the attorneys and paraprofessionals who worked on this Bankruptcy Case during the Fee Period appear in the Compensation Support Exhibit and Summary. The Firm submits that the time and labor its attorneys, paraprofessionals, and staff persons have expended in this Bankruptcy Case is appropriate and reasonable and that this *Johnson* Factor supports the Firm's requested award.

**The Novelty and Difficulty of the Questions Presented**

22. During the Fee Period, the Firm was required to confront various legal and factual questions, including addressing the secured lender seeking to seize and sell the assets of the Debtors. In representing the Debtors, the Firm worked diligently to secure post-petition financing and negotiate with their secured lenders to confirm a joint plan of reorganization and approve the filed disclosure statement. These considerations all militate in favor of awarding the Firm the fees and expenses it has requested.

---

[2] The factors enunciated in *Johnson* have been adopted by four other courts of appeals. *See Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green*, 778 F.2d 890, 896 (1st Cir. 1985); *Harman v. Levin*, 772 F.2d 1151, 1152-53 (4th Cir. 1985); *Mann v. McCombs*, 751 F.2d 286, 287-88 (8th Cir. 1984); *Yermakov v. Fitzsimmons*, 718 F.2d 1465, 1471 (9th Cir. 1983).

{00368942-1}

**The Skill Required to Perform the Services.**

23. The Firm's attorneys and paraprofessionals possess the skills necessary to merit the award of the fees requested. The Firm strived to limit the number of attorneys who worked on this case and use the most appropriate attorney or staff person for any given task. For this reason, the compensation the Firm has requested for the services rendered by its attorneys and staff persons compares favorably to the compensation awarded in other bankruptcy cases of a similar size and complexity. This factor therefore supports the award the Firm has requested.

**Preclusion of Other Employment Due to Acceptance of the Case.**

24. The Firm has not declined any representation solely because it serves as counsel for the Debtors in this Bankruptcy Case.

**The Customary Fee**

25. The Firm has computed the amount of compensation it seeks in this Application according to its rates in effect at the time of engagement. The Firm has also maintained detailed time and disbursement records for all legal services for which it seeks compensation. The rates charged for the Firm's legal services in this Bankruptcy Case are equal to or less than the rates charged by other firms of similar size and reputation in UST Region 5.

**Whether the Fee is Fixed or Contingent.**

26. The Firm's fees for services rendered in this Bankruptcy Case are based on its regular hourly rates, subject in all respects to this Court's approval. These fees are not on a contingent basis except to the extent that all fees due to professionals for a debtor in a pending bankruptcy proceeding are contingent upon the success of the case and the availability of cash.

**Time Limitations Imposed by the Client or Other Circumstances.**

27. There were some time constraints during the Fee Period as the Debtors were subject to deadlines with regards to addressing the secured lenders' desire to seize collateral.

**The Amount Involved and the Results Obtained.**

28. The Compensation Support Exhibit summarizes the individual tasks that Firm personnel performed during the Fee Period as well as the amounts charged for those tasks. As counsel to the Debtors, the Firm provided a full range of legal services. Among other things, the Firm's legal services enabled the Debtor to retain necessary assets of the estate, secure post-petition financing, and comply with the UST Region 5 Operating Guidelines. Further, the Firm assisted the Debtors in negotiating and confirming a joint plan of reorganization. This award requested herein is commensurate with the tasks the Firm has performed and the results it has obtained. This *Johnson* Factor supports the fee award requested.

**The Experience, Reputation, and Ability of the Attorneys.**

29. The Firm's attorneys have significant experience in bankruptcy and other areas of the law, possess a high level of expertise, and have an excellent reputation in the business and legal communities. In particular, Douglas S. Draper, Leslie A. Collins and Greta M. Brouphy — the bankruptcy attorneys providing most of the services during the Fee Period—have appeared in bankruptcy cases throughout the United States and have provided services to secured creditors, unsecured creditors, creditors' committees, trustees, liquidation agents and debtors-in-possession. The quality of the Firm's services is consistently high. The substantial experience, reputation, and ability of the Firm's attorneys working on this Bankruptcy Case favor granting the Firm the fee award it seeks.

**The "Undesirability" of the Case.**

30. From the Firm's perspective, serving as counsel to the Debtors was neither especially desirable nor undesirable. For this reason, this *Johnson* Factor neither supports nor undermines granting the Firm its fee award in this Bankruptcy Case.

{00368942-1}

11

18-51277 - #242  File 07/11/19  Enter 07/11/19 17:44:22  Main Document  Pg 11 of 13

**The Nature and Length of the Professional Relationship with the Client.**

31. The Firm did not have a professional relationship with the Debtors prior to its engagement.

**Awards in Similar Cases.**

32. The Firm asserts that the professional fees incurred are comparable to awards granted in other bankruptcy cases in this UST Region 5 having a size and complexity similar to this Bankruptcy Case. The Firm has kept its fees and expenses in line with those of similar firms. The Firm's rates for legal services are comparable to the rates charged by other firms in the UST Region 5 jurisdiction, and its expenses match the prevailing rates for expense reimbursements sought by similar firms. In conclusion, the *Johnson* Factors favor granting the Firm the fee and expense award it seeks. The Firm therefore requests that this Court award the Firm compensation for the legal services it has performed and reimbursement for the expenses it has incurred during the Fee Period.

## CONCLUSION

33. The interim fee and expense award sought in this Application is justifiable and appropriate. This Application demonstrates that the Firm is entitled to this award. The Application and the Firm's request for payment meet all the criteria for granting an award of fees and expenses to the Firm set forth Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, and this Court's procedures. The Firm therefore requests that this Court approve $36,451.25 in fees and $7,928.92 in expenses for the Fee Period.

34. The Firm asserts that it is entitled to an order granting the Firm Administrative Expense as a final compensation allowance pursuant to 11 U.S.C. § 503(b)(4) with a priority pursuant to 11 U.S.C. § 507(a)(2) in the amount of $184,721.93, all as identified herein.

**WHEREFORE,** Heller, Draper, Patrick, Horn & Manthey, LLC as Counsel for the Debtors, respectfully requests that the Court enter an order: (i) approving this Application; (ii)

approving the interim request of $36,451.25 in fees and $7,928.92 in reimbursable out-of-pocket expense; (iii) directing the Debtors to pay the Firm for any interim award; (iv) granting the Firm Administrative Expense Claim pursuant to 11 U.S.C. § 503(b)(4) with a priority pursuant to 11 U.S.C. § 507(a)(2) in the amount of $184,721.93, and (v) granting the Firm such other and further relief to which it may be justly entitled.

July 11, 2019

/s/ Greta M. Brouphy
Douglas S. Draper (La. Bar No. 5073)
Greta M. Brouphy (La. Bar No. 26216)
Heller, Draper, Patrick, Horn
 & Manthey, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6103
Tel: (504) 299-3300/Fax: (504) 299-3399
E-mail: gbrouphy@hellerdraper.com
Counsel for the Debtors