UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 18-51277 |
| MR. STEVEN, L.L.C., et al[1] | * | CHAPTER 11 |
|     DEBTOR | * | |

* * * * * * *

## MOTION FOR FINAL DECREE

**NOW INTO COURT**, through undersigned counsel, Mr. Steven, L.L.C., Lady Eve, L.L.C., Lady Brandi L.L.C., Lady Glenda LLC, Mr. Blake LLC, Mr. Mason LLC, Mr. Ridge LLC, and Mr. Row LLC, as debtors and debtors-in-possession (collectively, the "Reorganized Debtors" or the "Movants") who move this Court for a final decree closing these chapter 11 proceedings (the "Motion"). In support of this Motion, the Movants respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b). This venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The authority for the relief requested herein are sections 105(a), 350(a) and 1101(2) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] Pursuant to this Court's December 21, 2018 Order, the Debtor's case has been procedurally consolidated and is being jointly administered with the following affiliated Debtors: Lady Eve, L.L.C. (18-51488), Lady Brandi, L.L.C. (18-51517), Lady Glenda, L.L.C. (18-51518), Mr. Blake, L.L.C. (18-51519), Mr. Mason, L.L.C. (18-51521), Mr. Ridge, L.L.C. (18-51522), and Mr. Row, L.L.C. (18-51523) (collectively, the "Debtors"). [ECF Doc. 109].

Rules").

## Background

3. On October 3, 2018 (the "Petition Date"), Mr. Steven, L.L.C. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On November 16, 2018, Lady Eve, L.L.C. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On November 21, 2018, Mr. Mason LLC, Mr. Ridge LLC, Mr. Row LLC, Mr. Blake LLC, Lady Glenda LLC, and Lady Brandi L.L.C. filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6. No trustee was appointed, and no official committee was established in these cases.

7. On May 28, 2019, this Court entered the *Order Confirming Debtors' Joint Amended Chapter 11 Amended Plan of Reorganization of the Debtors* (the "Confirmation Order") [R. Doc. 235], as modified by the *Ex Parte Motion to Deem Plan Modifications to the Joint Chapter 11 Amended Plan of Reorganization of the Debtors as Immaterial Modifications* [R. Doc. 227] (the "Plan").

8. Pursuant to the terms of the Plan and subject to the occurrence of the conditions delineated in Article XI, the conditions to the effectiveness of the Plan have been satisfied or waived by May 31, 2019.

9. Pursuant to the terms of Article VI, as of the Effective Date, all property of the estate and equity has vested in Reorganized Debtors.

10. Pursuant to the terms Article VI of the Plan, Reorganized Debtors shall serve as the Disbursing Agents under the Plan to holders of allowed claims on the distribution dates as

defined in the Plan.

11. Pursuant to the terms of Article VI of the Plan, Reorganized Debtors are authorized and directed to pursue any objections any Claims

12. To be heard concurrently with this Motion is the *Final Application for Compensation and Reimbursement of Expenses by Heller, Draper, Patrick, Horn & Manthey, LLC as Counsel for the Chapter 11 Debtors* ("Final Application") [R. Doc. 242]. Otherwise, as of the filing of this Motion, there are no other pending matters on the docket or pending adversary proceedings.

## Relief Requested

13. Pursuant to this Motion, the Movants request that this Court enter a final decree closing the bankruptcy cases as fully administered pursuant to 11 U.S.C. § 350(a). See 11 U.S.C. § 350(a) and Fed. R. Bankr. Proc. 3022.

## Basis for Relief

14. Section 350(a) of the Bankruptcy Code provides that "after an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 provides that, "after an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed.R.Bankr.P. 3022.

15. According to the 1991 Advisory Committee Note to Bankruptcy Rule 3022, factors that the court should consider in determining whether an estate has been fully administered include: (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor

under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been fully resolved. *See* Fed. R. Bankr. P. 3022, Advisory Committee Notes (1991); and *In re JMP-Newcor International, Inc.*, 225 B.R. 462, 465 (N.D. Ill. 1998).

16. Section 1101(2) of the Bankruptcy Code defines "substantial consummation" as when the following has occurred: (a) transfer of property as proposed by the plan; (b) assumption by the debtor or the successor of the business or management of all the property under the plan; and (c) commencement of plan distributions. *See,* 11 U.S.C. 1101(2).

17. The Reorganized Debtors submit that granting the final decree is appropriate as: (i) the Confirmation Order is final; (ii) the Reorganized Debtors, acting as the disbursing agent has commenced payments pursuant to the terms of the Plan; (iii) the property of the estate has vested with Reorganized Debtors and Reorganized Debtors has assumed the businesses and management of the properties; and (iv) there are no motions, contested matters, or adversary proceedings pending except for the Final Application to be considered concurrently with this Moiton.

18. Reorganized Debtors shall file the final post-confirmation monthly report and shall pay to the United States Trustee any outstanding final quarterly fees due pursuant to 28 U.S.C. § 1930(a)(6), on or before August 20, 2019, the scheduled hearing date for this Motion.

19. Accordingly, the Movant that Reorganized Debtors have complied with the meaning of section 350(a) of the Bankruptcy Code, and requests that the Court enter a final decree.

**WHEREFORE,** the Movants respectfully requests that this Court enter a final decree closing this case and for all other general and equitable relief to which it may be entitled.

This 30th day of July 2019.

Respectfully submitted,

                                         */s/ Greta M. Brouphy*
                                         Douglas S. Draper (La. Bar No. 5073)
                                         Leslie A. Collins (La Bar No. 14891)
                                         Greta M. Brouphy (La Bar No. 26216)
                                         **Heller, Draper, Patrick, Horn**
                                         **& Manthey, L.L.C.**
                                         650 Poydras Street, Suite 2500
                                         New Orleans, Louisiana 70130-6103
                                         Tel: (504) 299-3300/Fax: (504) 299-3399
                                         E-mail: ddraper@hellerdraper.com

                                         ***Counsel for the Reorganized Debtors***